**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In Re:

DON KARL JURAVIN,                                          Case No. 6:18-bk-06821-CCJ

    Debtor.                                                              Chapter 7

_____/

**DCS REAL ESTATE INVESTMENTS, LLC AND**
**BELLA COLLINA PROPERTY OWNER'S ASSOCIATION, INC.'S**
**JOINT MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The Creditors, DCS Real Estate Investments, LLC ("DCS") and Bella Collina Property Owner's Association, Inc. ("Bella Collina") (collectively, the "Creditors"), through the undersigned counsel and pursuant to 11 U.S.C. §362, Fed. R. Bankr. P. 4001, 9014, and Local Rule 4001-1, move for relief from the automatic stay to permit the Creditors to enforce the civil contempt order and temporary injunction, along with pursuing final judgment, against the debtor, Don Karl Juravin ("Debtor" or "Juravin"), in the pending lawsuit styled, *DCS Real Estate Investments, LLC, The Club at Bella Collina, LLC, and Randall Greene v. Don K. Juravin, a/k/a Don Adi Juravin*, Case No. 2017-CA-0667, in the Fifth Judicial Circuit Court in Lake County, Florida ("State Court Lawsuit"). In support of this motion, the Creditors state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 7, 2017 in the State Court Lawsuit, DCS and The Club at Bella Collina, LLC (the "Club") filed their Amended Complaint against the Debtor alleging causes of action for libel and tortious interference with business relationships. A true and correct copy of the Amended Complaint is attached as Exhibit "A." Randall Greene ("Mr. Greene"), the president of creditor Bella Collina, was later added as a plaintiff to the State Court Lawsuit. The purpose of the State

Court Lawsuit, among other things, was for the Creditors and their related entities to stop the Debtor from defaming and tortiously interfering with the Creditors' businesses, along with recovering damages as a result of the Debtor's actions.

On February 28, 2018, the state court entered an Injunction Order against the Debtor. A true and correct copy of the Injunction Order is attached as Exhibit "B." Paragraph 9 of the Injunction Order states in part:

> Therefore, Juravin, Juravin's officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this injunction are **ENJOINED** from maintaining or creating any content online, including but not limited to social media postings, that tag, electronically link, or associate the plaintiffs or "Bella Collina" with current or prospective customers, or include the terms "Mafia" or "Bullying' to describe the plaintiffs' business relationships.

After the Debtor's repeated failure to comply with the Injunction Order, the Court entered an order holding the Debtor in Civil Contempt. A true and correct copy of the Contempt Order is attached as Exhibit "C." The Contempt Order states in part:

> 4.  As a result of Juravin's actions and/or omissions, Juravin is in Civil Contempt of this Court.
>
> 5.  Juravin shall come into compliance with the Injunction Order on or before May 10, 2018 at 5:00 pm including, but not limited to, removing all content identified by the plaintiffs in Composite Exhibit "C" to the plaintiffs' Motion for Civil Contempt.
>
> 6.  Failure to comply with paragraph 5 above shall result in a $500.00 per day monetary sanction (the "Monetary Sanction") against Juravin, payable to the plaintiffs, for Juravin's failure to comply with this Court's Injunction Order. The Monetary Sanction shall end once Juravin fully complies with the Injunction Order.
>
> 7.  The plaintiffs are entitled to an award of their attorney fees and costs related to the plaintiffs' Motion for Civil Contempt and the hearing on the plaintiffs' Motion for Civil Contempt. The Court reserves jurisdiction as to the amount of attorney fees and costs awarded.

Unfortunately, the Debtor failed to comply with the Contempt Order and Injunction Order and the parties held a hearing on the plaintiffs' Motion to Enforce the Civil Contempt Order. A true and correct copy of the Motion to Enforce the Civil Contempt Order is attached as Exhibit "D." After the hearing but before Judge Singeltary entered an order, the Debtor filed for Chapter 7 Bankruptcy thereby staying all pending litigation, including the State Court Lawsuit, against the Debtor. [Doc. 1]. A true and correct copy of the Suggestions of Bankruptcy under Chapter 7 in the State Court Lawsuit is attached as Exhibit "E."

Before and since the Bankruptcy petition was filed, the Debtor continues to violate the Injunction Order and Civil Contempt Order—directly harming the Creditors and related entities. The Creditors request the Court grant relief from the automatic stay so that the Creditors and their affiliates may protect their rights in the State Court Lawsuit that has been pending for over two years. The Debtor is abusing the instant bankruptcy proceedings as a shield to protect himself from his actions, already deemed unlawful in the State Court Lawsuit. Failure to hold the Debtor accountable for his unlawful actions directly harms the Creditors and the Creditors seek relief from this Court to remedy the harm.

## ARGUMENT AND MEMORANDUM OF LAW

### a. Legal Standard for Granting Relief from Stay Pursuant to 11 U.S.C. §362(d)(1)

Section 362(d)(1) of the Bankruptcy Code vests this Court with authority to grant relief from the automatic stay "for cause." The term "cause" is not defined in the Bankruptcy Code, and whether "cause" exists to lift the stay must be decided on a case-by-case basis, and in consideration of the totality of circumstances. *Murray Indus., Inc. v. Aristech Chem. Corp. (In re Murray Indus., Inc.)*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990); *In re Ocala Funding, LLC*, 2012 WL 3451727 (Bankr. M.D. Fla. 2012).

Allowing an action to proceed in another forum is also sufficient "cause" to lift the stay. *Murray Indus., Inc.*, 121 B.R. at 636. Indeed, courts frequently lift the stay for this purpose. *See, e.g.*, *id.*; *In re Makarewicz*, 121 B.R. 262, 265 (Bankr. S.D. Fla. 1990); *McClain v. Elliott (In re Elliott)*, 66 B.R. 466 (Bankr. S.D. Fla. 1986); *In re Mack*, 347 B.R. 911, 916 (Bankr. M.D. Fla. 2006); *In re Shores of Panama, Inc.*, 387 B.R. 864, 867 (Bankr. N.D. Fla. 2008).[1]

Whether to grant relief from the stay to allow litigation to continue in another forum is within the sound discretion of the bankruptcy Court. *Murray Indus., Inc.*, 121 B.R. at 636. In determining whether to lift the automatic stay to allow continuation of a pending action, bankruptcy courts examine a number of factors in order to "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *R.J. Groover*, 411 B.R. at 463-64. In applying this balancing test, courts have considered numerous factors, including:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

---

[1] This result comports with, and carries out, congressional intent. *See Makarewicz*, 121 B.R. at 264; *Mack*, 347 B.R. at 915. As Congress explained, allowing the continuation of a pending proceeding in a non-bankruptcy forum is often the most appropriate way to resolve a matter:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1997); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836, 5963, 6297.

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

*R.J. Groover,* 411 B.R. at 464, citing to *In re N.Y. Med. Group, P.C.,* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); *see also Sonnax Indus. Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990); *Goya Foods, Inc. v. Unanue–Casal (In re Unanue–Casal),* 159 B.R. 90, 96 (D.P.R. 1993) *aff'd,* 23 F.3d 395 (1st Cir. 1994); *In re Fowler,* 259 B.R. 856, 859 n. 1 (Bankr. E.D. Tex. 2001); *In re Curtis,* 40 B.R. 795, 799–800 (Bankr. D. Utah 1984); *In re Marvin Johnson's Auto Service, Inc.,* 192 B.R. 1008, 1014 (Bankr. N.D. Ala. 1996) (similar 10–factor test).

In weighing these factors, this Court does not need to specifically address each of the various factors – as all of the factors will not be relevant in every case – but instead only needs to consider those factors relevant to the particular case, and this Court does not need to assign them equal weight. *R.J. Groover,* 411 B.R. at 464, citing to *In re Sonnax Indus., Inc.,* 907 F.2d at 1286; *In re Bison Resources, Inc.,* 230 B.R. 611, 617–18 (Bankr. N.D. Okla. 1999); *Burger Boys, Inc. v. S. St. Seaport Ltd. P'ship. (In re Burger Boys),* 183 B.R. 682, 688 (S.D.N.Y. 1994); *In re Plumberex Specialty Prod., Inc.,* 311 B.R. at 559. Furthermore, the party opposing the stay relief (presumably the Debtor) has the ultimate burden of disproving the existence of "cause." 11 U.S.C. § 362(g)(2).

  b. Analysis of Relevant Factors

    i. **The Existing Automatic Stay is Harming the Creditors as the Debtor Continues to Violate the Existing Contempt Order and Temporary Injunction Order**

  The Debtor is taking advantage of the current automatic stay and continues to violate the existing Contempt Order and Temporary Injunction. As of the date of this motion, the Debtor still maintains online content in violation of the Injunction Order. Verified screen captures of the infringing content are attached to the Motion to Enforce the Civil Contempt Order and show the "Bella Collina Reviews" Facebook page as of May 18, 2018. More specifically, they show social media postings by the Debtor that tag, electronically link, and/or associate the plaintiffs or "Bella Collina" with the "mafia" or current and prospective customers—actions and content strictly prohibited by the Injunction Order.

  Moreover, the Debtor has created and/or maintained other online content in violation of the Injunction Order and Contempt Order. To date, the Debtor created and/or maintained online content in violation of the Injunction Order on 7 different websites, verified screen captures of which are attached as Composite Exhibit "E" to the Motion to Enforce the Civil Contempt Order.[2] The websites of Composite Exhibit "E" contain content that associate the Creditors or Bella Collina with the "mafia" and/or "bullying" in direct contravention of the Injunction and Contempt Orders. Regardless of ownership or access, the Debtor cannot create online content or press releases in violation of the Injunction Order, distribute such to third parties, and then claim

---

[2] The domain names for the 7 websites are: (1) https://www.scoop.it/t/bariatric-surgery-by-geoff-lord/p/4094695396/2018/02/26/don-karl-juravin-fights-bella-collina-gag-order-and-wins; (2) https://icaremedicare.co.uk/bariatrics/don-karl-juravin-fights-bella-collina-gag-order-and-wins.html/; (3) https://www.pinterest.com/paromsarkar123/ranjana/?sender=455004506011208328&invite_code=f5456838a28f46b0b4414950c0e1dfb0; (4) http://flcountry.com/don-karl-juravin-fights-bella-collina-gag-order-and-wins/; (5) https://www.acq5.com/post/don-karl-juravin-fights-bella-collina-gag-order-and-wins/; (6) https://www.pinterest.com/pin/760475087051906717/feedback/?invite_code=85ee69e4594f4e9599fab26cddcc2777&sender_id=455004506011208328; (7) https://www.google.com/search?q=Bella+Collina+Real+Estate&ie=utf-8&oe=utf-8&client=firefox-b-1-ab#lrd=0x88e785678b9a6a6d:0x3f651c806f813bf,1.

no responsibility for taking said content down or at least attempting to do so. The act of "creating" online content that violates the Injunction Order is the focus of the analysis and cannot be ignored by the Debtor or the Court. In short, the Creditors continue to be harmed by the Debtor's conduct and lifting the stay as to the State Court Lawsuit is the best way for the Creditors to seek the relief they are entitled to.

### ii. The State Court Lawsuit is Unrelated to the Bankruptcy Litigation and Will Not Interfere with the Bankruptcy Litigation

Lifting the automatic stay will not interfere with the bankruptcy litigation as there is little to no connection between the State Court Lawsuit and the current bankruptcy matter. The Debtor likely filed for Chapter 7 bankruptcy for, among other reasons, to protect his alleged exempt assets from certain judgments. The State Court Lawsuit primarily seeks injunctive relief against the Debtor for the Debtor's libelous and tortious acts against the Creditors and the Creditors' related entities / affiliates. The Creditors' claims for injunctive relief – which are not subject to discharge in the instant bankruptcy – still need to be resolved and accounted for. The resolution of the claims set forth in State Court Lawsuit will not interfere with the instant bankruptcy litigation and will be more appropriately resolved in the court that has extensive knowledge of the Debtor's actions. The Debtor should not be allowed to use the bankruptcy action as a way to avoid his obligations to comply with a Florida court's injunction and civil contempt order and thus the automatic stay should be lifted as to the State Court Lawsuit.

### iii. Lifting the Automatic Stay as to the State Court Lawsuit is in the Interest of Judicial Economy and the Expeditious and Economical Resolution of Litigation

The causes of action set forth in the State Court Lawsuit are state specific claims and should be adjudicated in the forum in which they were brought—the Lake County Circuit Court. That court is privy to the facts and circumstances surrounding the State Court Lawsuit. Judge

Singeltary has overseen two evidentiary hearings regarding the Debtor's actions and was about to issue a ruling as to the last evidentiary hearing before the bankruptcy was filed. It promotes judicial economy and expediency to have the court most privy to the facts of the State Court Lawsuit adjudicate said lawsuit instead of this Court, which has other pending lawsuits to resolve in addition the merits of the bankruptcy in general.

Furthermore, the Creditors would be harmed if they were forced to re-litigate the State Court Litigation, including the injunction and contempt issues, in this Court. The Creditors have devoted numerous resources in the State Court Lawsuit in an attempt to hold the Debtor accountable. Neither the Creditors, nor this Court, should be required to duplicate those efforts. In such circumstances, "cause" exists to lift the stay to permit the non-bankruptcy action to proceed. *See Thomson McKinnon Secs., Inc. v. Hunter (In re Hunter)*, 32 B.R. 140, 141-42 (Bankr. S.D. Fla. 1983) (lifting the stay to avoid potential duplication of effort and expense resulting from re-litigating issues subject to a pending action in the bankruptcy court); *Makarewicz*, 121 B.R. at 266 (lifting the stay where state court was the "most suitable forum for an adjudication" because it had reviewed the evidence and the issues were purely matters of state law); *Panama*, 387 B.R. at 867 (lifting the stay where the arbitration panel would likely resolve the parties' disputes more quickly than the court). By contrast, lifting the stay would not result in any hardship to the Debtor. Judicial economy and expediency weigh in favor of the stay being lifted as to the State Court Lawsuit so that the state court can pick up where it left off in presiding over the litigation.

> iv. **Litigation of the State Court Lawsuit in the Lake County Circuit Court Will Not Prejudice the Interests of Other Creditors or the Debtor**

Lifting the automatic stay and litigating the State Court Lawsuit in its original forum will not prejudice the other Creditors or the Debtor. As mentioned previously, the state court is well

versed in the facts of the State Court Lawsuit and the actions of the Debtor. The fact that the Creditors have, thus far, successfully prosecuted the State Court Lawsuit does not constitute the type of "prejudice" that would support the denial of stay relief. Any attempt by the Debtor to frustrate or delay the State Court Lawsuit, in and of itself, warrants a finding that cause exists to lift the stay in its own right. *See In re Mack*, 347 B.R. 911, 914-16 (Bankr. M.D. Fla. 2006) (finding that a debtor who, based upon the timing and circumstances of the filing, filed for bankruptcy to frustrate and delay litigation pending in another forum was not entitled to the benefits of the automatic stay).

Likewise, the other creditors of the estate would not be prejudiced if the stay was lifted to permit the Creditors to continue to prosecute the State Court Lawsuit. The relief being sought in the State Court Lawsuit will not impact the claims or treatment of claims of the Debtor. Furthermore, any non-injunctive claims brought by the Creditors that are reduced to a monetary judgment in the State Court Lawsuit would still be subject to treatment through the Debtor's reorganization, and thus any apportionment and liquidation of the Creditors' claims against the Debtor in the State Court Lawsuit, rather than in this Court, will actually benefit the estate and other creditors by reducing the incurrence of duplicative administrative expenses in the instant bankruptcy.

WHEREFORE, the Creditors, DCS Real Estate Investments, LLC and Bella Collina Property Owner's Association, Inc. respectfully request that the Court enter an Order (i) granting complete relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) to permit the Creditors to continue to prosecute the State Court Lawsuit in its original forum, through and including the entry of final judgment; (ii) waiving the 14-day stay imposed by Federal Rule of

Bankruptcy Procedure 4001(a)(3); and (iii) granting such other and further relief as the Court deems just and proper.

Dated: March 29, 2019

                Respectfully Submitted,

| | |
|---|---|
| */s/ David M. Landis* | */s/ William C. Matthews* |
| David M. Landis | MICHAEL D. CROSBIE, ESQ. |
| Florida Bar Number 193094 | Florida Bar No.: 72575 |
| Mateer & Harbert, P.A. | mcrosbie@shutts.com |
| 225 East Robinson Street, Suite 600 | WILLIAM C. MATTHEWS, ESQ. |
| Post Office Box 2854 | Florida Bar No.: 0112079 |
| Orlando, Florida 32802-2854 | wmatthews@shutts.com |
| Telephone: (407) 425-9044 | NICOLE L. BALLANTE, ESQ. |
| Facsimile: (407) 423-2016 | Florida Bar No.: 0125356 |
| dlandis@mateerharbert.com | nballante@shutts.com |
| *Attorney for Creditor, DCS Real Estate Investments, LLC* | SHUTTS & BOWEN LLP |
| | 300 S. Orange Avenue, Suite 1600 |
| | Orlando, Florida 32801 |
| | 407-423-3200 |
| | 407-425-8316 (fax) |
| | *Attorneys for Creditor, Bella Collina Property Owner's Association, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2019, i) a true copy of the foregoing was filed electronically via the Court's CM/ECF system which will serve all interested persons receiving electronic notice, including:

**United States Trustee** - ORL7/13
USTP.Region21.OR.ECF@usdoj.gov

**Trustee**
trustee@ddkennedy.com, dkennedy@iq7technology.com

**Denise D Dell-Powell** on behalf of Debtor Don Karl Juravin
ddpowell@burr.com, dmartini@burr.com;ccrumrine@burr.com

**David M Landis** on behalf of Creditor DCS Real Estate Investments, LLC
dlandis@mateerharbert.com, vbernal@mateerharbert.com

**William C Matthews** on behalf of Creditor Bella Collina Property Owner's Association, Inc.
wmatthews@shutts.com, rhicks@shutts.com; mcrosbie@shutts.com; nballante@shutts.com; tpelc@shutts.com

**Michael P Mora** on behalf of Plaintiff Federal Trade Commission
mmora@ftc.gov, jkohm@ftc.gov

**Marc J Randazza** on behalf of Creditor Consumer Opinion Corp.
mjr@randazza.com, ecf-6898@ecf.pacerpro.com;ecf@randazza.com

**Marc J Randazza** on behalf of Creditor Opinion Corp.
mjr@randazza.com, ecf-6898@ecf.pacerpro.com;ecf@randazza.com

**Bradley M Saxton** on behalf of Trustee Dennis D Kennedy
bsaxton@whww.com, scolgan@whww.com; scolgan@ecf.courtdrive.com; csmith@whww.com; csmith@ecf.courtdrive.com

**Robyn Marie Severs** on behalf of Creditor Bella Collina Property Owner's Association, Inc.
rsevers@beckerlawyers.com, cofoservicemail@beckerlawyers.com

and ii) a copy of same was served by depositing a copy in the U.S. Mail, postage pre-paid thereon, to be delivered to: **Don Karl Juravin**, 15118 Pendio Drive, Montverde, FL 34756.

*/s/ William C. Matthews*
WILLIAM C. MATTHEWS

ORLDOCS 16782473 2 41705.0009