IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

DCS REAL ESTATE INVESTMENTS, LLC,
a Florida limited liability company, THE CLUB
AT BELLA COLLINA, LLC, a Florida limited
liability company,

      Plaintiffs,

vs.                                  CASE NO.: 2017-CA-0667

DON K. JURAVIN, a/k/a
DON ADI JURAVIN, an individual,

      Defendant.
_____/

## TEMPORARY INJUNCTION

Before the Court is the plaintiffs', DCS Real Estate Investments, LLC ("DCS") and The Club at Bella Collina, LLC (the "Club") (together, the "plaintiffs"), Emergency Motion for Temporary Injunction against the defendant, "Don K. Juravin, a/k/a Don Adi Juravin" (the "defendant" or "Juravin"). Having reviewed the applicable filings, heard arguments from counsel, taken testimony from witnesses and examined the evidence, and being otherwise fully advised regarding the plaintiffs' Emergency Motion for Temporary Injunction, the Court **ORDERS**:

    1.    The plaintiffs' Emergency Motion for Temporary Injunction is **GRANTED in part.**

    2.    The plaintiffs' business models are sales based in nature and rely on, among other things, reputation, referrals, and business relationships with third parties. The plaintiffs' businesses are marketed online through various social media platforms including, but not limited to, Facebook, Instagram, and Twitter.

1

3. The evidence shows that Juravin, through social media and other online media, intentionally and unjustifiably targeted the plaintiffs and the plaintiffs' business relationships. More specifically, by using the linking functions of Facebook, hashtags "#", and "@" symbols, Juravin tags and/or links current and prospective business and individuals that do business with the plaintiffs to Juravin's posts. The evidence provided to the Court at this juncture indicates that Juravin's conduct likely constitutes tortious interference with the plaintiffs' existing and prospective business relationships.

4. The evidence demonstrates that as a result of Juravin's actions, the plaintiffs have established a likelihood of irreparable harm. Even if the plaintiffs prevail on the merits of the case, the plaintiffs have suffered and continue to suffer injuries to their businesses that cannot be adequately compensated. The Court finds that the defendant's conduct, which is directed at the plaintiffs' current and prospective business partners, is damaging in ways that are not easily repaired or calculated.

5. The plaintiffs have no adequate remedy at law because the damages to the plaintiffs' businesses exist but will prove difficult to calculate. For example, companies or individuals who choose not to do business with, or use the services and facilities of, the plaintiffs, may not be discovered or revealed. Private decisions to avoid associating with Bella Collina are the type of damage for which injunctive relief exists.

6. Although the plaintiffs may be able to prove some damages, conduct of the type described in the papers and the hearing tend to lead to incalculable damages. Put differently, the harm to the plaintiffs' current and prospective business relationships, as a result of Juravin's actions, are incalculable and thus the full measure of damages are "speculative and

unascertainable." *Zimmerman v. D.C.A. at Welleby, Inc.*, 505 So. 2d 1371, 1373 (Fla. 4th DCA 1987). The harm therefore is irreparable and the remedy at law inadequate. *Id.*

7. The evidence demonstrates that the plaintiffs have a substantial likelihood of success on the merits on their tortious interference cause of action against Juravin. The plaintiffs have demonstrated, for purposes of this order, the existence of current or prospective business relationships, Juravin's knowledge of those relationships, Juravin's intentional and unjustifiable interference with those relationships, and damage to the plaintiffs as a result of Juravin's interference. The plaintiffs' witnesses both testified that Juravin's actions have had a deleterious effect on the plaintiffs' relationships with companies the plaintiffs' do business with or are hoping to do business with—at least those businesses the plaintiffs know of. Additionally, the evidence showed that Juravin was "virtually" entering the business locations (i.e., social media) of the plaintiffs' business partners by way of social media links. This conduct is the virtual equivalent of entering the plaintiffs' business partners' physical places of business.

8. Furthermore, temporary injunctive relief promotes and protects the public interest because the plaintiffs are entitled to injunctive relief as a result of Juravin's tortious interference. This Court understands and respects the preeminence appropriately given to first amendment rights by the courts. Juravin's actions, however, constitute intentional interference with current and potential business relationships and the rights thus tortiously violated are entitled to protection by equitable intervention in the form of a temporary injunction. *Id.* at 1376; *see Chevaldina v. RKFL Mgmt, Inc.*, 133 So. 3d 1086, 1090 (Fla. 3d DCA 2014) (commenting on how injunctive relief is appropriate in limited situations where defamatory words are made in furtherance of the commission of another intentional tort). There is no injury to the public that outweighs the plaintiffs' right to injunctive relief. Moreover, the Court believes this order is

narrowly-tailored to address tortious interference while leaving untouched Juravin's right to communicate to the public at large. The plaintiffs retain the rights to seek damages for conduct they prove to constitute libel or slander, apart from tortious interference.

9. Therefore, Juravin, Juravin's officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this injunction are **ENJOINED** from maintaining or creating any content online, including but not limited to social media postings, that tag, electronically link, or associate the plaintiffs or "Bella Collina" with current or prospective customers, or include the terms "Mafia" or "Bullying" to describe the plaintiffs' businesses or relationships.

10. The plaintiffs shall post a bond of $5,000.00 pursuant to Rule 1.610, *Florida Rules of Civil Procedure*, an amount the Court deems adequate to compensate the defendant in the event the injunction is determined to have been wrongfully entered.

**IT IS FURTHER ORDERED AND ADJUDGED** that the above Temporary Injunction shall remain in effect until further order of this Court.

ORDERED in Chambers, at Lake County, Florida, this 28 day of February, 2018.

*[signature]*
The Honorable G. Richard Singeltary
Circuit Judge

**CERTIFICATE OF SERVICE**

I certify that on Feb 28, 2018, a copy of the foregoing was forwarded via electronic service to all counsel of record.

*[signature]*
Judicial Assistant / Attorney

4

SERVICE VIA E-PORTAL