UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: DON KARL JURIVAN

Case Number: 6:18-BK-06821-CCJ
Chapter 7

Debtor,

_____/

## MOTION FOR RELIEF FROM STAY FOR
## VIOLATION OF RESTRICTIVE COVENANTS

COMES NOW CREDITOR, BELLA COLLINA PROPERTY OWNER'S ASSOCIATION, INC., (hereinafter referred to as "Association"), by and through its undersigned attorneys and files this motion for relief from stay in the above-captioned cause, pursuant to 11 U.S.C. § 362(d), and as grounds therefore would state as follows:

## STATEMENT OF JURISDICTION

1.      The Debtor has filed this case under Chapter 7 of the Bankruptcy Code.

2.      This court has jurisdiction of the parties and the subject matter pursuant to the Bankruptcy Code, 11 U.S.C. Section 101 et seq., 28 U.S.C. Sections 1334 and 157(a), and the standing order of reference entered by the district court.

3.      The statutory predicates for the relief sought herein is section 105(a) of the Bankruptcy Code, as complemented by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## FACTS

4.      The Association is a Florida not-for-profit corporation and is the homeowners' association responsible for the operation and management, of the residential community now known as "Bella Collina."

5.      Debtor, DON K. JURAVIN, and non-debtor, Anna Juravin, are record owners and holders of fee simple title to real property located at 15118 Pendio Drive, Montverde, FL 34756 with the following legal description (hereinafter "Subject Property"):

Lot 270, Bella Collina, according to the plat thereof as recorded in Plat Book 51, Page 31 through 49, of the Public Records of Lake County, Florida.

6.      The Subject Property is burdened with the Second Amended and Restated Declaration of Covenants, Conditions and Restrictions for Bella Collina and Supplemental Declaration as recorded April 18, 2005, at Official Records Book 02810, Page 0722 - 951, Public Records of Lake County, Florida (referred to as "Governing Documents") and the Association is responsible for enforcing such covenants.

7.      The Governing Documents contain the following provisions:

A.      Article X, Section 1 of the Declaration:

Section 1.      ENFORCEMENT.   Failure of an Owner to comply with any limitations or restrictions in these CC&Rs or any of the Bella Collina Documents or with any rules and regulations promulgated by the Association shall be grounds for an action which may include, without limitation, an action to recover sums due for damages, injunctive relief, or any combination thereof.

B.      Article X, Section 2 of the Declaration:

Section 2.      NUISANCES. No obnoxious or offensive activity shall be carried on or about the Lots or in or about any Improvements, Homes, or on any portion of Bella Collina nor shall anything be done therein which may be or become an unreasonable annoyance or a nuisance to any Owner. No use or practice shall be allowed in or around the Homes which is a source of annoyance to Owners or occupants of Homes or which interferes with the peaceful possession or proper use of the Homes or the surrounding areas. . . .

C.      Article X, Section 3 of the Declaration:

Section 3.      PARKING AND VEHICULAR RESTRICTIONS. . . No Owner shall keep any vehicle on any Lot which is deemed a nuisance by the Board. . . .

    D.      Article X, Section 4 of the Declaration:

Section 4.     NO IMPROPER USE.  No improper, offensive, hazardous or unlawful use shall be made of any Home nor shall anything be done thereon tending to cause embarrassment, discomfort, annoyance or nuisance to any person using any portion of the Committed Property. . . .

    E.      Article X, Section 11 of the Declaration:

<u>Section 11.</u>    <u>SIGNS</u>. No sign, display, poster, or other advertising device of any kind may be displayed in public view from any portion of any building, vehicle or other Improvement in the Committed Property without the prior written consent of the Board. . . .

8.    The Debtor has violated the Governing Documents pre-petition:

    A.     by erecting a very large sign on their Lot without receiving the approval of the Association;

    B.     by wrapping a banner on their vehicle, without the approval of the Association;

    C.     by displaying signs that are obnoxious, offensive, embarrassing, and a nuisance to the Bella Collina community.

9.    On May 30, 2017, the Association filed its Complaint for Injunctive Relief for violations of the restrictive covenants and, on June 1, 2017, the Association filed its Emergency Motion for Temporary Injunction, with an affidavit of the Association's President supporting the injunction.

10.    After a hearing on the matter, the Court issued its Amended Temporary Injunction, on June 29, 2017, requiring the owners, including the Debtor, to remove all signs from the Subject Property and from their automobile and to cease and desist erecting other signs on the Subject Property, on the Common Areas of Bella Collina, or on any automobile owned by them or parked in the Bella Collina Community. A copy of the Amended Temporary Injunction is attached hereto as Exhibit "A."

11.     As a condition of the Temporary Injunction, the trial court ordered the Association to post a bond in the amount of $20,000.00, which bond was posted, as indicated in the Association's Notice of Posting Bond Pursuant to Temporary Injunction, which is attached hereto as Exhibit "B." To this day, the bond remains in the possession of the Lake County Clerk of Court.

12.     On October 18, 2018, the trial court scheduled a Pre-Trial Conference in the matter, to set a trial date.

13.     On October 31, 2018, Debtor filed this bankruptcy.

## ARGUMENT

14.     Pursuant to Section 362(d) of the U.S. Bankruptcy Code, the Association requests relief from the automatic stay to allow the Association to gain compliance with its governing documents.

15.     It is inequitable for the Debtor to receive the benefits of the covenants and restrictions of the Association without being obligated to comply with the burdens of such covenants and restrictions.

16.     While the Debtor has complied with the trial court's Temporary Injunction, the Association's $20,000 remains in the registry of the trial court, until the case is closed.

17.     As it does not appear the bankruptcy will be resolved in the near future, allowing the state court action pending without resolution and with the Association's funds in the court's registry indefinitely, the Association continues to be harmed by the Debtor's actions.

18.     Section 362 of the Bankruptcy Code provides that a court shall grant relief from the stay for cause, which cause must be determined on a case-by-case basis.

19.    To determine if a party has shown cause to warrant relief, the court must balance the potential prejudice to the debtor and the debtor's estate against the potential hardship to the creditor if the stay is not lifted, *In re Paxson Elec. Co.*, 242 B.R. 67, 70 (M.D. Fla. 1999).

20.    The automatic stay should be lifted where it would be more appropriate to allow proceedings to continue in the state court when no prejudice to the bankruptcy estate will result. *In re Makarewicz*, 121 B.R. 262, 264 (S.D. Fla. 1990); *see also In re Peltz*, 55 B.R. 336, 338 (M.D. Fla. 1985).

21.    As the Association will only be attempting to enforce injunctive relief against Debtor to have Debtor comply with the Association's restrictive covenants, Debtor and the bankruptcy will not be prejudiced if the stay is lifted.

22.    On the other hand, though, the Association will be prejudiced as the Association will continue to suffer, irreparable harm.

23.    Debtor cannot reject the restrictions contained in the Association's Governing Documents as they are not executory contracts. *See In re Willets*, 262 B.R. 552, 555 (N. D. Fla. 2001).

24.    The Association has incurred attorneys' fees in the amount of $900.00 and costs in the amount of $176.00 to obtain this relief from stay.

WHEREFORE, Association requests that this Court:

A.     Grant relief from the automatic stay to allow the Association to complete its covenant enforcement action;

B.     Award attorney's fees and costs to the Association; and

C.     Order such other relief that is fair and just.

I HEREBY CERTIFY that the foregoing was either sent by automatic e-mail or regular mail pursuant to the Notice of Electronic Filing and was sent by U.S. Mail to: Debtor, Don Karl Juravin, 15118 Pendio Drive, Monteverde, FL 34756, Trustee, Dennis D. Kennedy, Post Office Box 541848,

Merritt Island, FL 32954, and U.S. Trustee, George C. Young Federal Building, 400 W. Washington Street, Suite 1100, Orlando, FL 32801, this May 17, 2019.

BECKER & POLIAKOFF, P.A.
Attorneys for Creditor
111 N. Orange Avenue
Suite 1400
Orlando, FL  32801
Telephone:  (407) 875-0955
Facsimile:  (407) 999-2209
rsevers@beckerlawyers.com

By: /s/ Robyn Marie Severs
　　　Robyn M. Severs, Esq.
　　　Florida Bar No. 0154504

ACTIVE: 12326064_1