UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                          Case No. 6:18-bk-06821-CCJ
                                                Chapter 7
Don Karl Juravin

    Debtor.
_____/

**CHAPTER 7 TRUSTEE'S MOTION FOR RELIEF FROM ORDER CONVERTING CASE FROM CHAPTER 7 TO CHAPTER 11 AND TO CONDITION TURNOVER OF PROPERTY ON PAYMENT OF ADMINISTRATIVE EXPENSES**

Dennis Kennedy, as Chapter 7 Trustee of the Estate of Don Karl Juravin, through counsel, moves for relief from the Court's Order Converting Case from Chapter 7 to Chapter 11 (the "Conversion Order") (Doc. No. 174) and to condition turnover of property on payment of administrative expenses, and in support, states:

**SUMMARY OF ARGUMENT**

This bankruptcy case has been pending since October 31, 2018, when the Debtor filed his voluntary petition under Chapter 7 which has now been converted to Chapter 11. While responsible for administering this estate, the Chapter 7 Trustee, Dennis Kennedy, has recovered funds totaling $148,956.77. The Trustee also negotiated and filed a motion to approve a sale of estate assets for $35,000, which motion was pending at the time of the conversion. The Debtor's conversion to Chapter 11 was filed nearly one year into this case, and right at the expiration of the deadline to object to that sale.

The Debtor is not a typical individual Debtor in this District. He lives in a home valued at $1,450,000.00, he owns multiple businesses, and he had a judgment entered against him in the amount of $24,246,000.00 in favor of the Federal Trade Commission ("FTC"). The FTC has filed

1

an adversary proceeding to except its debt from discharge. In light of the huge claim by the FTC it is unlikely the Debtor could ever confirm a plan of reorganization.

Furthermore, while the case was in Chapter 7, the Trustee engaged professionals, including his counsel, Winderweedle, Haines, Ward and Woodman, P.A. ("WHWW"), and a forensic accounting expert, Yip Associates, to assist him in analyzing the Debtor's financial affairs, seeking various discovery, recovering the assets which the Trustee has recovered to date, and obtaining financial data to assist the Trustee in pursuing additional assets. The information obtained to date reveals that the Debtor or his businesses have been involved in transactions utilizing over 47 separate accounts at various financial institutions over the six years prior to filing the petition. The Trustee, through his counsel, has issued subpoenas to 17 financial institutions, and to other professionals who have worked for the Debtor.

The Trustee, through his counsel, files this motion to request that this Court authorize the Trustee and his professionals to seek payment of their significant administrative claims in the case from the funds the Trustee has on hand, rather than requiring the turnover of those funds, and to otherwise place conditions on the Debtor's use of the funds to ensure that the valid administrative claims of the Trustee and his professionals are not diluted or eliminated during the Chapter 11 case.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On October 31, 2018, Don Karl Juravin (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Doc. No. 1.) The Debtor was initially represented by Denise Dell-Powell at Burr & Forman LLP.

2. On January 16, 2019, the Debtor filed amended schedules and an amended statement of financial affairs. (Doc. No. 17.)

2

3.  On his schedules, among other things, the Debtor listed 9 financial accounts and his 100% ownership interest in the following entities: Must Cure Obesity, Co.; Juravin, Incorporated; and Roca Labs Nutraceutical USA, Inc. The Debtor's unsecured creditors include the Internal Revenue Service, which is listed with a claim of $111,000.00 for "business debt" and the Federal Trade Commission (the "FTC"), which is listed with a claim of $25,246,000.00 for "business debt" due to a "pending lawsuit" and a "judgment against Debtor related to business activities." The Debtor's debts are primarily business debts.

4.  The FTC's judgment was entered by the Middle District of Florida against the Debtor and his related companies, Must Cure Obesity, Co., Juravin, Inc., Roca Labs Nutraceuticals USA, Inc., Roca Labs, Inc., among others, for their misleading and deceptive business practices. In connection with the FTC's lawsuit, the FTC investigated certain assets of the Debtor and his related companies, and the Middle District of Florida entered an order freezing some of those assets.

5.  On or about November 4, 2018, Dennis Kennedy was appointed chapter 7 trustee (the "Trustee"). (Doc. No. 4.)

6.  On December 21, 2018, the Trustee moved to employ the undersigned counsel as attorney for the Trustee, and on January 2, 2019, the Court granted that motion. (Doc. Nos. 9 & 12.)

7.  The Trustee's counsel reviewed and analyzed filings in the FTC lawsuit, as many of the papers and court orders filed therein contained information about the assets of the Debtor and his related companies. The Trustee's counsel also had multiple phone conversations with counsel for the FTC regarding the extent of and results of the FTC's investigation into the Debtor's and his companies' financial affairs.

8.  The initial § 341 meeting of creditors was held on December 4, 2018. Due to the complex nature of the Debtor's financial affairs, certain disputes regarding the turnover of the Debtor's documents, and the Debtor's change of counsel, as further described herein, the § 341 meeting of creditors has been held and continued several times: on January 15, 2019; February 12, 2019; March 12, 2019; April 9, 2019; May 7, 2019; May 21, 2019; June 4, 2019; June 18, 2019; July 2, 2019; July 16, 2019; July 30, 2019; August 13, 2019; and August 27, 2019.

9.  Accordingly, at the time the Conversion Order was entered, the § 341 meeting of creditors had not yet been concluded.

10. In order to hold a meaningful § 341 meeting and to determine whether any basis existed to file a § 727 complaint objecting to discharge, the Trustee repeatedly requested that the Debtor provide certain documentation and records relating to the financial affairs of the Debtor and his companies over the past 6 years. Throughout this case, the Trustee and its counsel have repeatedly endeavored to obtain the requested records from the Debtor. As of the entry of the Conversion Order, the Debtor provided some, but not all, of those records.

11. At the continued § 341 meeting on February 12, 2019, the Trustee requested the Debtor provide a sworn statement that he had disclosed to the Trustee all financial accounts in which he and his companies had an interest in the 6 years prior to the petition date. The Debtor agreed to do so without objection. A proposed affidavit was provided to the Debtor on February 21, 2019. Since then, the Trustee and its counsel have repeatedly sought to obtain this affidavit from the Debtor to no avail.

12. As a result of the Debtor's failure to provide the requested records, the Trustee moved for an extension of the deadline to file a § 727 complaint objecting to the discharge on four separate occasions.

13. On January 17, 2019, the Trustee moved to employ the firm of Ewald Auctions, Inc., to conduct an appraisal of the Estate's tangible personal property located at the Debtor's residence, which motion was granted by the Court on January 18, 2019. (Doc. No. 19, 22.) The Trustee and its counsel then repeatedly sought to have an appraisal of the estate's property at the Debtor's residence. Finally, an inspection was conducted on or about June 10, 2019.

14. On February 15, 2019, the Trustee moved to employ the firm of Yip Associates as forensic accountants (the "Forensic Accountants") due to complex nature of the Debtor's financial affairs. (Doc. No. 50.) That motion was granted on February 21, 2019. (Doc. No. 53.)

15. The Forensic Accountants reviewed the bank statements for the Debtor and his businesses and prepared a comprehensive database including over 8,700 transactions. This database was used to assist the Trustee and his counsel in determining the flow of funds between the Debtor and his businesses and identify potential fraudulent transfers to third parties. Upon review of the Debtor's financial records, the Forensic Accountants discovered potential preference targets as well as significant funds being transferred overseas, including to bank accounts in Israel. Based on the findings of the Middle District in the FTC Judgment, and the identification of funds being transferred to unknown overseas accounts, the Forensic Accountants thoroughly reviewed the Debtor's bank and brokerage account activity. The Forensic Accounts also reviewed the personal credit card statements of the Debtor. The Debtor made approximately $2 million dollars in payments to Facebook, Google, Yahoo and Microsoft from these personal credit card accounts for advertising the Debtor's business weight loss "regimen". These payments were analyzed and ultimately quantified.

16. Based on the Forensic Accountants' analyses of certain financial documents, the Trustee has learned that the Debtor and his interrelated companies have used at least 47 separate

financial accounts over the past 6 years. The Trustee issued subpoenas to 17 financial institutions for the financial records of the Debtor and his companies. The Trustee received responses to most of those subpoenas, and the Forensic Accountants performed analyses of those financial records. Additionally, the Forensic Accountants and the Trustee's counsel have engaged in multiple phone conferences and an in-person meeting to discuss the complex nature of the Debtor's financial affairs and results of the Forensic Accountants' analysis.

17.    On February 21, 2019, the Trustee issued subpoenas for the production of documents pursuant to Federal Rule of Bankruptcy Procedure 2004 to three separate attorneys who represented the Debtor and his companies in the last 6 years. The Attorneys did not initially produce a single document in response to the Subpoenas, nor did they produce privilege logs. April Goodwin, Esq. served an objection to the Subpoena on March 18, 2019, and Andrew Hill, Esq. and Glenn Reid, Esq. did not respond to their respective subpoenas.

18.    On February 21, 2019, the Trustee also issued subpoenas (Doc. Nos. 57-58) for the production of documents pursuant to Federal Rule of Bankruptcy Procedure 2004 to two separate accounting firms (collectively the "Accountants"), believed to have performed work for the Debtor and his interrelated companies in the last 6 years.

19.    On March 12, 2019, the Debtor filed separate, written objections to the issuance of the subpoenas to the Accountants and attorneys. (Doc. Nos. 69 & 72.) As a result, the Trustee, through counsel, filed separate, detailed written responses on April 8, 2019 (the "Discovery Dispute"). (Doc. Nos. 85 & 86.)

20.    A hearing was scheduled on the Discovery Dispute on April 9, 2019. However, on April 8, 2019, Burr & Forman LLP moved to continue the hearing because, as of April 8, 2019, Debtor's counsel, Ms. Dell-Powell, was no longer associated with Burr & Forman LLP, and the

Debtor had not elected whether to have Burr & Forman continue the representation. As a result, the Trustee's counsel attended the hearing on the Discovery Dispute on April 9, 2019; however, that hearing was continued until April 16, 2019. On April 16, 2019, the Trustee's counsel again attended a hearing on the Discovery Dispute. That hearing was again continued, until June 11, 2019. Thus, on three separate occasions, the Trustee's counsel attended a hearing on the Discovery Dispute and was required to prepare to argue its position to the Court.

21. On June 1, 2019, the Debtor's current counsel, Mr. Bartolone, filed his notice of appearance. The Trustee and his counsel repeatedly communicated with Mr. Bartolone about obtaining the outstanding documents requested from the Debtor and the financial affidavit the Debtor previously agreed to provide, and scheduling the personal property inspection which had not be coordinated with Debtor and his prior counsel. As noted previously, the personal property inspection eventually occurred in mid-June. The Debtor took the position that Burr & Forman, LLP had possession of the requested documents and refused to turn those documents over. Even on the date the Conversion Order was entered, the Trustee still had not received all the requested documents from the Debtor, despite repeatedly attempting to obtain those documents.

22. After the inspection of the estate's personal property at the Debtor's residence in June 2019, the Trustee engaged in negotiations with both the Debtor and certain creditors and interested parties regarding the potential buy-back and sale of that property. Eventually, on or about August 21, 2019, the Trustee entered into an Agreement Regarding Sale of Property pursuant to which the Trustee sought to sell certain property of the estate for the sum of $35,000.00 to creditors of the estate.

23. On August 23, 2019, the Trustee filed his motion to seek Court approval of the Agreement Regarding Sale of Property. The next business day after filing the Motion, the Debtor,

though his counsel, offered $35,001.00 for the property which the Trustee was attempting to sell. Discussions were had regarding setting procedures for an auction to be conducted, so that both parties could bid on the assets.

24. The Trustee was also in discussions with counsel for certain creditors to be retained as special counsel to pursue avoidance actions and other potential claims for the benefit of the estate, on a contingency fee basis.

25. Then, on September 13, 2019, just prior to the deadline to object to the Sale, the Debtor filed an objection to the Motion to Approve Sale of Property and filed his Motion to Convert Case to Chapter 11. The Court immediately granted the Motion to Convert the Case to Chapter 11, and on September 16, 2019, the Conversion Order was entered.

26. Through its investigation, as of September 16, 2019, the Trustee has recovered a total of $148,956.77 for the estate (the "Assets of the Estate"). That amount breaks down as follows:

   a. Payment of $16,000.00 credit held by Mercedes Benz of Tampa for the benefit of the Debtor;

   b. Payment of $3,180.81 from TD Ameritrade account;

   c. Payment of $90,641.46 from separate TD Ameritrade account;

   d. Payment of $4,293.50 from Citibank, N.A. account;

   e. Payment of $27,409.00 from JPMorgan Chase as a result of cashier's check payable to Debtor and held by Glenn Reid, Esq.;

   f. Payment of $7,432.00 from TD Bank as a result of cashier's check payable to Debtor and held by Glenn Reid, Esq.

24. However, the bankruptcy estate has incurred substantial expenses in conducting its duties and investigating the financial affairs of the Debtor. The Trustee's commission on the funds on hand equals $10,697.84. Admittedly, the Trustee has not "disbursed" the funds, but he would

be entitled to compensation for his time on a quantum meruit basis. Additionally, WHWW has incurred fees and expenses of approximately $125,000.00, and Yip Associates has incurred fees and expenses of over $47,000.00. Both WHWW and Yip Associates will file fee applications asserting their claims under 503(b) and 507(a)(2).

25. The Trustee now moves this Court to reconsider the Conversion Order, to the extent that it converts this case from chapter 7 to chapter 11 without first providing for payment of the estate's administrative expenses to date, including the Trustee's fees, fees incurred by the Forensic Accountants, and fees incurred by the Trustee's counsel. Alternatively, the Trustee moves for an order conditioning return of the Assets of the Estate to the Debtor on payment of the estate's administrative fees.

## MEMORANDUM OF LAW

26. The case was converted from a case under Chapter 7 to a case under Chapter 11 by motion filed by the Debtor under 11 U.S.C. § 706(a). The Court, sua sponte, issued its Order Converting the Case. (Doc. No. 174.) However, the right to convert a case from Chapter 7 is not necessarily absolute. See *Maramma v. Citizens Bank*, 127 S. Ct. 1105 (2007). In fact, the Eleventh Circuit has held that a debtor's lack of good faith can constitute "cause" for dismissal of a Chapter 11 case, which would preclude conversion from a Chapter 7 case under § 706(d). *Daughtrey v. Rivera (In re Daughtrey)*, 896 F. 3d 1255 (11th Cir. 2018).

27. In this case, there could be a sufficient basis to deny conversion under the authority of *Maramma* and *Daughtrey*.[1] Additionally, if the Debtor fails to comply with the requirements of Chapter 11, this case could be subject to dismissal or re-conversion.

---

[1] Therefore, this motion could be alternatively considered a motion to reconsider the conversion order pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60.

9

28. Pursuant to § 348(e), conversion of the case terminates the services of Dennis Kennedy, the Trustee.

29. The Trustee should be entitled to seek compensation for his efforts under a quantum meruit basis for the time and hours he spent administering this case for nearly a year.

30. The professionals hired by the Trustee in this case, WHWW and Yip Associates, have incurred substantial time and expense in assisting the Trustee in recovering assets for the estate and investigating the financial affairs of the Debtor.

31. The fees and costs of the Trustee and his professionals should be entitled to administrative claims pursuant to § 503(b).

32. The Trustee has in his possession funds in the amount of $148,956.77.

33. The Trustee and his professionals intend to file applications for payment of the administrative expenses incurred. The amount in total is expected to exceed the $148,956.77.

34. If the Trustee was compelled to turnover the funds to the Debtor, under the circumstances there is no assurance that the Debtor will comply with the requirements of the Conversion Order and the other requirements of Chapter 11 such that the case will not be re-converted or dismissed. Moreover, there is no assurance that the funds will not be used during the Chapter 11 and dissipated, such that there would be insufficient funds to pay the existing known administrative claims of the Chapter 7 Trustee and WHWW and Yip Associates.

35. To the extent that the Conversion Order requires the Trustee to turn over the $148,956.77 he has on hand, the Trustee seeks relief from the Conversion Order pursuant to F. R. Civ. P. 60(b)(6), as "any other reason that justifies relief." The Trustee requests that the Court not require turnover of any funds until the Court makes a ruling on the administrative claims asserted by the Trustee, WHWW, and Yip Associates, and then condition the turnover of funds, if any,

upon interim payment of the administrative claims. To the extent the administrative claims exceed the amount of the funds, the Trustee and the professionals should have an allowed administrative claim for any balance that was not paid.

WHEREFORE, the Trustee respectfully requests that the Court grant this Motion, and enter an order which conditions the turnover of any funds from the Trustee upon payment of the administrative claims of Dennis Kennedy, the Chapter 7 Trustee, Winderweedle, Haines, Ward & Woodman, P.A., and Yip Associates, and for such other and further relief as is just and proper under the circumstances of this case.

Dated: September 30, 2019.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward
 & Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2019, a true copy of the foregoing has been sent via:

*Electronic Transmission to:*

United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801

Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954

Aldo G. Bartolone, Jr., Esq., Bartolone Law, PLLC, 1030 N. Orange Avenue, Suite 300, Orlando, FL 32814

*United States Mail to:*

Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756

All Creditors and Parties in Interest listed on the mailing matrix attached to the original of this Motion.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:18-bk-06821-CCJ<br>Middle District of Florida<br>Orlando<br>Mon Sep 30 18:28:00 EDT 2019 | Bella Collina Property Owner's Associat<br>c/o Becker & Poliakoff<br>100 Whetstone Place<br>Suite 302<br>Saint Augustine, FL 32086-5775 | DCS Real Estate Investments, LLC<br>636 U.S. Hwhy One<br>Suite 100<br>North Palm Beach, FL 33408-4611 |
| Robert H Ewald<br>Ewald Enterprises, Inc.<br>12472 Lake Underhill Road<br>Suite 312<br>Orlando, FL 32828-7144 | Don Karl Juravin<br>15118 Pendio Drive<br>Montverde, FL 34756-3606 | Dennis D. Kennedy<br>Post Office Box 541848<br>Merritt Island, FL 32954-1848 |
| Hal Levenberg<br>Yip Associates<br>One Biscayne Tower<br>2 S. Biscayne Boulevard, Suite 2690<br>Miami, FL 33131-1815 | Mercedes-Benz Financial Services USA LLC<br>c/o Ed Gezel<br>Bk Servicing, LLC<br>PO Box 131265<br>Roseville, MN 55113-0011 | Saxton<br>PO Box 880<br>Winter Park, FL 32790-0880 |
| Anna Juravin<br>15118 Pendio Drive<br>Montverde, FL 34756-3606 | Bella Collina Property Owner's Associat<br>c/o William C Matthews, Esq.<br>Shutts & Bowen LLP<br>300 S. Orange Avenue, Suite 1600<br>Orlando, FL 32801-3382 | Bella Collina Property Owners Assoc Inc.<br>c/o Aegis Community Mgmt Solutions, Inc.<br>8390 Championsgate Blvd., Suite 304<br>Championsgate, FL 33896-8313 |
| Ben-Zvi Law Firm<br>23 Bar-Cochva<br>Bnei-Brak, Israel | Carl H. Settlemyer, III, Esq.<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Mail Drop CC-10528<br>Washington, DC 20580-0001 | Citibank, N.A. -<br>701 East 60th Street North<br>Sioux Falls, SD 57104-0493 |
| Consumer Opinion Corp. -<br>c/o Randazza Legal Group<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117-3400 | DCS Real Estate Investments, LLC<br>c/o David M. Landis, Esq.<br>PO Box 2854<br>Orlando, FL 32802-2854 | Dr. Free<br>11 Walnut Street, #12350<br>Green Cove Springs, FL 32043 |
| (p)FEDERAL TRADE COMMISSION<br>ASSOCIATE DIRECTOR<br>DIVISION OF ENFORCEMENT<br>600 PENNSYLVANIA AVE NW MAIL DROP NJ-2122<br>WASHINGTON DC 20580-0001 | Florida Department of Revenue<br>Bankruptcy Unit<br>Post Office Box 6668<br>Tallahassee FL 32314-6668 | Internal Revenue Service<br>Centralized Insolvency Operation<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Julia Kalatusha<br>32 Borochov<br>Tel Aviv, Israel | Juvarin, Inc.<br>P. O. Box 560510<br>Montverde, FL 34756-0510 |
| Karan Arora -<br>12815 NW 45th Avenue<br>Opa Locka, FL 33054-5100 | Lake County Tax Collector<br>Attn: Bob McKee<br>Post Office Box 327<br>Tavares FL 32778-0327 | Mercedes-Benz Financial<br>P. O. Box 961<br>Roanoke, TX 76262-0961 |
| Mercedez-Benz Financial<br>PO Box 961<br>Roanoke, TX 76262-0961 | Must Cure Obesity Co.<br>15118 Pendio Drive<br>Montverde, FL 34756-3606 | Noam Ben Zvi<br>10/93 Rishon Lezion Street<br>Petachtiachba, Israel |

| | | |
|---|---|---|
| Opinion Corp. -<br>c/o Randazza Legal Group<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117-3400 | PSR Developers, LLLP -<br>3900 Centennial Drive<br>Suite C<br>Midland, MI 48642-5996 | Paul B. Spelman, Esq.<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Mail Drop CC-10528<br>Washington, DC 20580-0001 |
| Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | Shay Zuckerman<br>8 Babli Street<br>Tel Aviv, Israel | U.S. Securities and Exchange Commission<br>Office of Reorganization<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, GA 30326-1382 |
| United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | Zuckerman & Co.<br>c/o Shay Zuckerman<br>HaYarkon St. 113<br>Tel Aviv, Israel | David M Landis +<br>Mateer & Harbert PA<br>Post Office Box 2854<br>Orlando, FL 32802-2854 |
| Bradley M Saxton +<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue North, Second Floor<br>Winter Park, FL 32789-7421 | Robyn Marie Severs +<br>Becker & Poliakoff<br>111 N. Orange Avenue, Suite 1400<br>Orlando, FL 32801-2324 | Miriam G Suarez +<br>Office of the United States Trustee<br>George C. Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 |
| United States Trustee - ORL7/13 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Aldo G Bartolone Jr +<br>Bartolone Law, PLLC<br>1030 North Orange Avenue, Suite 300<br>Orlando, FL 32801-1004 | Lauren M Reynolds +<br>Winderweedle Haines Ward and Woodman PA<br>329 North Park Avenue<br>Winter Park, FL 32789-7421 |
| Marc J Randazza +<br>Randazza Legal Group<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117-3400 | William C Matthews +<br>Shutts & Bowen LLP<br>300 South Orange Avenue, Suite 1600<br>Orlando, FL 32801-3382 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Federal Trade Commission -
600 Pennsylvania Avenue NW
Mail Crop CC-10528
Washington, DC 20580

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Consumer Opinion Corp. | (u)Opinion Corp. | (d)Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |

| | | |
|---|---|---|
| (d)Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 | (d)Mercedes-Benz Financial<br>PO Box 961<br>Roanoke, TX 76262-0961 | (u)Cynthia C. Jackson +<br>Orlando |

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
-------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients    46
Bypassed recipients     7
Total                  53