UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Case No. 6:18-bk-6821-CCJ |
| | ) | |
| DON KARL JURAVIN, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE
## BEING HELD BY DENNIS D. KENNEDY, CHAPTER 7 TRUSTEE

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within thirty (30) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 and serve a copy on the movant's attorney, Aldo G. Bartolone, Jr., Esq., Bartolone Law, PLLC, 1030 N. Orange Avenue, Suite 300, Orlando, Florida 32801, and any other appropriate persons within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

The Debtor, DON KARL JURAVIN ("Juravin" or "Debtor"), by and through undersigned counsel, and pursuant to 11 U.S.C. §§ 348(e) and 542(a), hereby files this Motion for Turnover of Property of the Estate being held by Dennis D. Kennedy, Chapter 7 Trustee, and in support thereof further state as follows:

1

**Jurisdiction**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief requested in this Motion is 11 U.S.C. §§ 105, 348(e) and 542(a).

**Factual Background & Procedural Posture**

3.      The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 31, 2018 (the "Petition Date").

4.      On September 13, 2019, after realizing a significant increase in income, the Debtor filed a Motion to Convert Case to Chapter 11 (the "Conversion Motion") (Doc. No. 172).

5.      On September 16, 2019, the Court entered an Order and Notice Converting Case to Chapter 11 (the "Conversion Order") (Doc. No. 174), as well as an Order Authorizing Debtor-In-Possession to Operate Business (the "DIP Order") (Doc. No. 175).

6.      During the course of the Chapter 7 case, the Chapter 7 Trustee, Dennis D. Kennedy, recovered approximately $148,956.77, which is still in his possession.

7.      The funds recovered by the Chapter 7 Trustee are property of the bankruptcy estate.

8.      The Debtor and Debtor-In-Possession request the turnover of the funds being held by the Chapter 7 Trustee.

9.      No trustee has been appointed by the United States Trustee's Office pursuant to Section 1104 of the Bankruptcy Code.

**Argument**

**A.     Debtor Is Entitled to Turnover of Assets Recovered by Chapter 7 Trustee**

10.     Section 541(a) of the Bankruptcy Code provides that the bankruptcy estate "is comprised of all the following property, wherever located **and by whomever held**: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." (emphasis added).

11.     Section 348(e) of the Bankruptcy Code provides that "Conversion of a case under section 706 . . . of this title terminates the service of any trustee or examiner that is serving in the case before such conversion."

12.     Upon entry of the Conversion Order, the service of Dennis D. Kennedy as Chapter 7 Trustee was terminated.

13.     According to 11 U.S.C. § 1107(a), "a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter."

14.     The monies recovered by the Chapter 7 Trustee are necessary for the successful reorganization of the Debtor, and the Debtor is entitled to turnover of the funds being held by the Chapter 7 Trustee.

**B.     The Chapter 7 Trustee May Not Condition Turnover on Payment of Compensation of the Trustee**

15.     The Chapter 7 Trustee has filed a motion for relief from the Conversion Order, demanding that turnover of the recovered funds be condition upon payment of administrative expenses incurred during the Chapter 7 case.

16.     The plain language of 11 U.S.C. § 326(a) states that the chapter 7 trustee's compensation is contingent upon "all moneys disbursed or turnover over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

17.     The Chapter 7 Trustee is not entitled to compensation.

18.     During the Chapter 7 case, the Chapter 7 Trustee filed an application to employ the law firm of Winderweedle, Haines, Ward & Woodman P.A. ("WHWW") to serve as counsel to the trustee.

19.     If WHWW is entitled to any compensation as professionals, they are required by 11 U.S.C. § 330 to file an application for compensation, which is subject to review and objection by parties in interest.

20.     Even if it is determined that WHWW is entitled to an administrative claim in the Chapter 11 case, they will be treated under, and provided for, in the Chapter 11 Plan as the holders of an allowed administrative claim.

21.     However, there is no provision in the Bankruptcy Code that allows the potential holders of an allowed administrative claim to hold hostage property of the bankruptcy estate that is necessary for the successful reorganization of the debtor.

22.     In order to preserve the monies recovered by the Chapter 7 Trustee, counsel for the Debtor will hold the funds in its trust account pending confirmation of a chapter 11 plan.

WHEREFORE, the Debtor, Don Karl Juravin, respectfully requests this Honorable Court enter an Order: (a) requiring Dennis D. Kennedy, Chapter 7 Trustee, to turnover to the Debtor the money he is holding in the amount of $148,956.77; and (b) granting any such further relief that this Court deems just and proper under the circumstances.

## CERTIFICIATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF and in accordance with F.R.B.P. 7004, to all parties in interest on the attached Service List, this 15th day of October, 2019.

> _/s/ Aldo G. Bartolone, Jr._
> ALDO G. BARTOLONE, JR.
> Florida Bar No. 173134
> BARTOLONE LAW, PLLC
> 1030 N. Orange Ave., Suite 300
> Orlando, Florida 32801
> Telephone: 407-294-4440
> Facsimile: 407-287-5544
> E-mail: aldo@bartolonelaw.com
> Attorney for Debtor

## SERVICE LIST

Dennis D. Kennedy
Chapter 7 Trustee
P.O. Box 541848
Merritt Island, FL 32954
dan@ddkennedy.com
(via CM/ECF)

Bradley M. Saxton, Esq.
Winderweedle, Haines, Ward & Woodman
329 Park Avenue North
Second Floor
Winter Park, FL 32789
bsaxton@whww.com
(via CM/ECF)

Miriam G. Suarez, Esq.
Trial Attorney
Office of the United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
miriam.g.suarez@usdoj.gov
(via CM/ECF)

Don Karl Juravin
15118 Pendio Drive
Montverde, FL 34756