UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:                                    Case No. 6:18-bk-06821-KSJ

DON KARL JURAVIN,                         Chapter 11

　　　Debtor.

_____/

## AMENDED[1] MOTION OF BELLA COLLINA PROPERTY OWNER'S ASSOCIATION, INC. FOR EXTENSION OF TIME WITHIN WHICH TO FILE A COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE UNDER 11 U.S.C. §727 AND DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within **21 days** from the date set forth on the attached proof of service, plus an additional 3 days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorneys, Michael D. Crosbie, Esq. and William C. Matthews, Esq., Shutts & Bowen LLP, 300 S. Orange Avenue, Suite 1600, Orlando, FL 32801, and any other appropriate persons within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

[1] Amended only to correct Debtor's counsel's position regarding this motion.

Creditor, Bella Collina Property Owner's Association, Inc. ("Movant"), through the undersigned counsel, in accordance with Fed. R. Bankr. P. 4004(b) moves for the entry of an order granting further extension of time within which Movant may file a complaint objecting to the Debtor, Don Karl Juravin's ("Debtor"), discharge under 11 U.S.C. §727 and dischargeability of debt pursuant to 11 U.S.C. §523 and in support thereof, states:

1.      On October 31, 2018, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2.      In the Chapter 7 case, the initial § 341 meeting of creditors was held on December 4, 2018 and continued until January 15, 2019 to allow further examination of the Debtor and/or records of the Debtor. The continued § 341 meeting of creditors was held on January 15, 2019, continued again until February 12, 2019, continued again until March 12 2019, continued again until April 9, 2019, continued again until May 7, 2019, continued again until May 21, 2019, continued again until June 4, 2019, continued again until June 18, 2019, continued again until July 2, 2019, continued again until July 16, 2019, continued again until July 30, 2019, and was continued and scheduled for August 13, 2019 to allow further examination of the Debtor and/or records of the Debtor not yet produced by the Debtor.

3.      On September 16, 2019, the Court entered its Order Converting the Case from Chapter 7 to Chapter 11 ("Chapter 11 Case") [Doc. 174].

4.      In the Chapter 11 Case, the initial 341 meeting was held on October 21, 2019 and continued on December 9, 2019, when it was concluded.

5.      The current deadline for objecting to the Debtor's discharge and dischargeability of debts is February 28, 2020, pursuant to the order entered by the Court on February 4, 2020 [Doc. 262].

- 2 -

6.      In the Chapter 7 case, the Movant requested that the Debtor provide certain documents regarding his financial affairs prior to and after the filing of his Chapter 7 bankruptcy petition. These documents will aid the Movant in determining whether any of the circumstances set forth at 11 U.S.C. §§ 523 & 727 are present in this case.  To date, however, Debtor has not provided many of these documents.

7.      In the Chapter 11 case the Debtor refused to answer numerous questions at the 341 meeting by asserting that his spouse, Anna Juravin, has the information being sought. Movant served a subpoena on Anna Juravin in order to examine her on December 18, 2019 under Rule 2004, Bankruptcy Rules. On December 17, 2019, she filed an Emergency Motion for Protective Order [Doc. 220] requesting the examination be continued for sixty (60) days.

8.      On January 9, 2020, the Court was advised that Anna Juravin had agreed to appear for a Rule 2004 Examination on February 19, 2020.  The Court instructed an Order be submitted denying the Emergency Motion for Protective Order as moot and compelling her testimony on February 19, 2020. The proposed Order was submitted on January 16, 2020.

9.      However, the proposed Order was not entered and on February 6, 2020, Counsel appeared for the first time on behalf of Anna Juravin and filed a Motion to Quash Deposition Subpoena Duces Tecum and For Protective Order [Doc. 267].

10.     As such, a Notice of Cancellation of Rule 2004 Examination of Anna Juravin was served on February 18, 2020 [Doc. 273].

11.     Since that time counsel has endeavored to schedule the Rule 2004 Examination of Anna Juravin to no avail.

12.     The Court has scheduled a hearing on the Motion to Quash Deposition Subpoena Duces Tecum And For Protective Order for March 11, 2020.

13.    As such, Movant has been unable to conduct the 2004 examination. Her responses to questions posed at the 2004 examination could assist Movant in determining whether to file objections to Debtor's list of property claimed as exempt.

14.    Movant seeks a sixty (60) day extension of time within which Movant may file a complaint objecting to the Debtor's discharge under 11 U.S.C. §§ 523 & 727, through and including April 28, 2020, subject to further extensions for other causes.

15.    Counsel for the Debtor, Aldo G. Bartolone, Esq., counsel for the Debtor opposes the relief being sought by the Movant in this motion.

16.    This motion is being filed prior to the expiration of the time to object to the discharge in accordance with Fed. R. Bankr. P. 4004(b).

Wherefore, Creditor, Bella Collina Property Owner's Association, Inc., respectfully requests that the Court enter an order granting an extension of time within which Movant may file a complaint objecting to the Debtor's discharge under 11 U.S.C. §727 and the dischargeability of debt pursuant to 11 U.S.C. §523 up to and including April 28, 2020, and for any other relief the Court deems appropriate.

Dated: March 2, 2020.

Respectfully Submitted,

*/s/ William C. Matthews*
Michael D. Crosbie, Esq.
Florida Bar No.: 72575
mcrosbie@shutts.com
William C. Matthews, Esq.
Florida Bar No.: 0112079
wmatthews@shutts.com
SHUTTS & BOWEN LLP
300 S. Orange Avenue, Suite 1600
Orlando, Florida 32801
407-423-3200; 407-425-8316 (fax)
*Attorneys for Bella Collina Property*

*Owner's Association, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2020 **i)** a true copy of the foregoing was filed electronically via the Court's CM/ECF system which will serve all interested persons receiving electronic notice, including:

Aldo G Bartolone, Jr on behalf of Debtor Don Karl Juravin
aldo@bartolonelaw.com; aldo.bartolone@gmail.com; aldo@ecf.courtdrive.com;
erin@bartolonelaw.com

Christopher J Hamner on behalf of Creditor Zachary Lake chamner@hamnerlaw.com

David M Landis on behalf of Creditor DCS Real Estate Investments, LLC
dlandis@mateerharbert.com, akutchak@mateerharbert.com

William C Matthews on behalf of Creditor Bella Collina Property Owner's Association, Inc.
wmatthews@shutts.com, rhicks@shutts.com; mcrosbie@shutts.com; rsouza@shutts.com

Michael P Mora on behalf of Plaintiff Federal Trade Commission  mmora@ftc.gov

Kimberly L Nelson on behalf of Plaintiff Federal Trade Commission knelson@ftc.gov

Marc J Randazza on behalf of Creditor Consumer Opinion Corp.
mjr@randazza.com, ecf-6898@ecf.pacerpro.com; ecf@randazza.com

Marc J Randazza on behalf of Creditor Opinion Corp.
mjr@randazza.com, ecf-6898@ecf.pacerpro.com; ecf@randazza.com

Lauren M Reynolds on behalf of Trustee Dennis D Kennedy
lreynolds@whww.com, Lwillett@whww.com; LReynolds@ecf.courtdrive.com

Amber C Robinson on behalf of Debtor Don Karl Juravin
arobinson@arobinsonlawfirm.com

Amber C Robinson on behalf of Interested Party Anna Juravin
arobinson@arobinsonlawfirm.com

Bradley M Saxton on behalf of Accountant Yip Associates
bsaxton@whww.com, scolgan@whww.com; scolgan@ecf.courtdrive.com; csmith@whww.com;
csmith@ecf.courtdrive.com

Bradley M Saxton on behalf of Interested Party Dennis D. Kennedy
bsaxton@whww.com, scolgan@whww.com; scolgan@ecf.courtdrive.com; csmith@whww.com;
csmith@ecf.courtdrive.com

Bradley M Saxton on behalf of Trustee Dennis D Kennedy

bsaxton@whww.com, scolgan@whww.com; scolgan@ecf.courtdrive.com; csmith@whww.com; csmith@ecf.courtdrive.com

Robyn Marie Severs on behalf of Creditor Bella Collina Property Owner's Association, Inc. rsevers@beckerlawyers.com, cofoservicemail@beckerlawyers.com

Miriam G Suarez on behalf of U.S. Trustee United States Trustee - ORL7/13 Miriam.G.Suarez@usdoj.gov

United States Trustee - ORL7/13  USTP.Region21.OR.ECF@usdoj.gov


 and **ii)** a copy of same was served by depositing a copy in the U.S. Mail, postage pre-paid thereon, to be delivered to: **Don Karl Juravin**, 15118 Pendio Drive, Montverde, FL 34756.


*/s/ William C. Matthews*
WILLIAM C. MATTHEWS

ORLDOCS 17527733 1