UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 6:18-bk-06821-KSJ
                                                          Chapter 7
Don Karl Juravin

    Debtor.
_____/

## CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF ASSETS SUBJECT TO OVERBID AND FOR APPROVAL OF OVERBID PROCEDURES

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional 3 days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Bradley M. Saxton, PO Box 880, Winter Park, FL 32790-0880, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

DENNIS D. KENNEDY, Chapter 7 Trustee for the Estate of Don Karl Juravin ("Trustee"), through counsel, and pursuant to 11 U.S.C. § 363(b), and Federal Rule of Bankruptcy Procedure 6004, hereby moves the Court for an Order authorizing the sale of the estate's interest in the property described below subject to overbid and for approval of overbid procedures, and in support thereof states as follows:

## I. Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

4. DON KARL JURAVIN ("Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on October 31, 2018.

5. Thereafter, Dennis D. Kennedy was appointed as Chapter 7 Trustee.

6. The Debtor listed certain assets on his petitions and schedules, as amended, which assets are now property of the Bankruptcy Estate.

7. The Trustee desires to sell certain of the Debtor's assets, as listed below, to the Wilmington Financial Services, LLC, a Delaware limited liability company ("Buyer"). Those assets include:

   a. The 2014 Jeep Wrangler, VIN 1C4BJWDG8EL230021;

   b. The 2018 Mercedes Benz GLS550W4, VIN 4JGDF7DE7JB003154 (the "Mercedes");

   c. Any and all of the Bankruptcy Estate's causes of action, excluding any causes of action arising under Chapter 5 of Title 11 of the United States Code and/or which were not ripe as of the date Debtor's assets became assets of the Bankruptcy Estate;

    d. Any and all of the Debtor's interest in Must Cure Obesity, Co.; Juravin, Inc.; Roca Labs Nutraceutical USA, Inc.; and First Global Health Corporation;

    e. Any and all of the Bankruptcy Estate's interest in websites, blogs, and social media accounts, together with any and all passwords necessary to control the web sites, blogs, and social media accounts;

(collectively, the "Assets").

### III. Relief Requested

**A.    Approval of Sale of Assets to Buyer Subject to Overbid.**

8. By this Motion, the Trustee seeks the entry of an Order approving the sale of the estate's interest in the Assets to the Buyer subject to overbid.

9. The estate holds title to the Assets by virtue of 11 U.S.C. § 541.

10. The Trustee seeks the Court's authority to sell the Assets pursuant to 11 U.S.C. § 363(b).

11. Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee, after notice and hearing, may use, sell, or lease property of the Debtors' estate other than in the ordinary course of business. 11 U.S.C. §363.

12. Pursuant to Local Rule 2002-4, this Motion may be made by negative notice procedure.

13. The proposed sale price of the Assets is $43,000.00 (the "Purchase Price"). A true and accurate copy of the Agreement for Sale is attached hereto as Exhibit "A" and incorporated by reference herein.

14. The Trustee intends to sell the Assets as is, where is, without any warranties of any kind whatsoever, and only the right and interest of the estate is being sold. The sale is subject

to all liens and encumbrances. The Trustee is aware of a lien or encumbrance on the Mercedes, and the Buyer has acknowledged the existence of the lien and agrees to pay off that lien in addition to paying the Purchase Price to the estate.

15. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

16. The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2nd Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citations omitted)); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

17. Upon information and belief, the Buyer does not have any relationship with the Debtor, the Trustee or any estate professionals. Therefore, the Trustee requests that the Buyer be afforded the protections of 11 U.S.C. § 363(m).

18. Because it appears to the Trustee that this transaction provides a benefit to all parties involved, the Trustee requests an Order approving this sale subject to overbid.

## B.  Establishment and Approval of Overbid Procedures.

19. The proposed sale described above is subject to competing bids provided they exceed the current Purchase Price. The Trustee will entertain such competing bids provided the bidder complies with the following proposed procedures, if such procedures are first approved by this Court.

20. The initial bid must be submitted (a) **in writing** and accompanied by a deposit of one hundred percent (100%) of the initial bid offer (the "Deposit"); (b) the initial bid must exceed the current Purchase Price by a minimum of $2,000.00; and (c) the bid and deposit check must be received by the Trustee at the address designated below no later than the close of business 21 days from the date set forth on the attached proof of service, plus an additional 3 days for service.

21. The deposit check should be made payable to Dennis D. Kennedy, Trustee and reference the bankruptcy case number and number, i.e. Juravin 6:18-bk-06821-KSJ. The competing bid and deposit should be mailed to:

> Dennis D. Kennedy, Trustee
> Post Office Box 541848
> Merritt Island, Florida 32954

22. If a competing bid is received, a telephone auction will occur among the bidders on the earliest date the Trustee can arrange such auction. At the auction, any additional bids submitted must be in minimum increments of $2,000.00.

23. The Trustee will then sell the Assets to the bidder who, in the Trustee's business judgment, makes the highest and best bid (the "Winning Bidder"). The Trustee shall be authorized to sell the estate's interest in the Assets to the next highest and best bidder in the

event the Winning Bidder fails to perform ("Backup Bidder"). The Trustee reserves the right to reject any and all bids that, in his business judgment, are insufficient.

24. The Winning Bidder's Deposit shall be applied towards the total and final purchase price. The Winning Bidder must pay the full amount of the successful bid to the Trustee within ten (10) days from the completion of the auction.

25. To the extent the Winning Bidder is unable, unwilling, or otherwise fails to timely pay the full amount of the purchase price as set forth in paragraph 24, that bidder's entire Deposit shall become non-refundable and forfeited to the Trustee and, in the event of a Backup Bidder, the Trustee shall be authorized to proceed with a sale to the next highest and best bidder (i.e., the Backup Bidder).

26. To the extent a bidder is not the Winning Bidder that bidder's Deposit will be refunded by the Trustee; except that the Trustee shall retain the Deposit of any Backup Bidder until the sale to the Winning Bidder closes.

27. The sale will be completed on an "as-is" and "where is" basis, with no warranties, representations, recourse or contingencies of any kind whatsoever, and only the right and interest of the estate is being sold. The sale is subject to all liens and encumbrances, including without limitation, the lien held by Mercedes Benz Financial.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (i) authorizing the sale subject of the Assets as described above subject to overbid; (ii) affording the Buyer the protections of 11 U.S.C. §363(m); (iii) authorizing the sale of the subject Assets

...

pursuant to the sale procedures described herein in the event of an overbid; and (iv) granting the Trustee any other relief to which he may be entitled.

Dated: May 29, 2020.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward & Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2020, a true copy of the foregoing has been sent via:

***Electronic Transmission to:***
United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801
Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954
Aldo G. Bartolone, Jr., Esq., Bartolone Law, PLLC, 1030 N. Orange Avenue, Suite 300, Orlando, FL 32814

***United States Mail to:***
Mercedes-Benz Financial, P.O. Box 961, Roanoke, TX 76262-0961
Mercedes-Benz Financial Services, P.O. Box 5209, Carol Stream, IL 60197-5209
Mercedes-Benz Financial Services, Attn: 5209, 8430 West Bryn Mawr Ave. 3rd Fl., Chicago, IL 60631
Mercedes-Benz Financial Services USA LLC, P.O. Box 685, Roanoke, TX 76262
Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756

All Creditors and Parties in Interest listed on the mailing matrix attached to the original of this Motion.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire

```
Label Matrix for local noticing            Bella Collina Property Owner's Associat     DCS Real Estate Investments, LLC
113A-6                                     c/o Becker & Poliakoff                      636 U.S. Hwhy One
Case 6:18-bk-06821-KSJ                     100 Whetstone Place                         Suite 100
Middle District of Florida                 Suite 302                                   North Palm Beach, FL 33408-4611
Orlando                                    Saint Augustine, FL 32086-5775
Fri May 29 14:48:50 EDT 2020

Robert H Ewald                             (p)FEDERAL TRADE COMMISSION                 Pamela J Henley
Ewald Enterprises, Inc.                    ASSOCIATE DIRECTOR                          343 N. Fern Creek Avenue
12472 Lake Underhill Road                  DIVISION OF ENFORCEMENT                     Orlando, FL 32803-5439
Suite 312                                  600 PENNSYLVANIA AVE NW MAIL DROP NJ-2122
Orlando, FL 32828-7144                     WASHINGTON DC 20580-0001


Hal E. Hershkowitz                         Anna Juravin                                Don Karl Juravin
Hershkowitz & Kunitzer, P.A.               15118 Pendio Drive                          15118 Pendio Drive
5039 Central Avenue                        Montverde, FL 34756-3606                    Montverde, FL 34756-3606
St. Petersburg, FL 33710-8240



Dennis D. Kennedy                          Zachary Lake                                Hal Levenberg
Post Office Box 541848                     26565 West Agoura Road                      Yip Associates
Merritt Island, FL 32954-1848              Suite 200-197                               One Biscayne Tower
                                           Suite 200-197                               2 S. Biscayne Boulevard, Suite 2690
                                           Calabasas, CA 91302-1984                    Miami, FL 33131-1815


Mercedes-Benz Financial Services USA LLC   Yip Associates                              American Express National Bank
c/o Ed Gezel                               One Biscayne Tower                          c/o Becket and Lee LLP
Bk Servicing, LLC                          2 S. Biscayne Boulevard                     PO Box 3001
PO Box 131265                              Suite 2690                                  Malvern  PA 19355-0701
Roseville, MN 55113-0011                   Miami, FL 33131-1815


Anna Juravin                               Bella Collina Property Owner's Associat    Bella Collina Property Owners Assoc Inc.
Ralph Strzalkowski & Amber Robinson        c/o William C. Matthews, Esq.               c/o Aegis Community Mgmt Solutions, Inc.
695 Central Ave Ste. 264                   Shutts & Bowen LLP                          8390 Championsgate Blvd., Suite 304
St. Petersburg, FL 33701-3669              300 S. Orange Avenue, Suite 1600            Championsgate, FL 33896-8313
                                           Orlando, FL 32801-3382


Ben-Zvi Law Firm                           Carl H. Settlemyer, III, Esq.               Citibank, N.A.
23 Bar-Cochva                              Federal Trade Commission                    701 East 60th Street North
Bnei-Brak, Israel                          600 Pennsylvania Avenue NW                  Sioux Falls, SD 57104-0493
                                           Mail Drop CC-10528
                                           Washington, DC 20580-0001


Consumer Opinion Corp.                     DCS Real Estate Investments, LLC            Dr. Free
c/o Randazza Legal Group                   c/o David M. Landis, Esq.                   11 Walnut Street, #12350
2764 Lake Sahara Drive, Suite 109          PO Box 2854                                 Green Cove Springs, FL 32043
Las Vegas, NV 89117-3400                   Orlando, FL 32802-2854



FLORIDA RIGHTS LAW FIRM OBO ANNA JURAVIN   Florida Department of Revenue               Internal Revenue Service
695 CENTRAL AVE STE 264                    Bankruptcy Unit                             Centralized Insolvency Operation
ST PETE FL 33701                           Post Office Box 6668                        Post Office Box 7346
AROBINSON@AROBINSONLAWFIRM.COM             Tallahassee FL 32314-6668                   Philadelphia, PA 19101-7346
RS@LAWYERONWHEELS.ORG 33701-3669


Internal Revenue Service                   Julia Kalatusha                             Juvarin, Inc.
PO Box 7346                                32 Borochov                                 P. O. Box 560510
Philadelphia, PA  19101-7346               Tel Aviv, Israel                            Montverde, FL 34756-0510
```

| | | |
|---|---|---|
| Karan Arora<br>12815 NW 45th Avenue<br>Opa Locka, FL 33054-5100 | Lake County Tax Collector<br>Attn: Bob McKee<br>Post Office Box 327<br>Tavares FL 32778-0327 | Mercedes-Benz Financial<br>P. O. Box 961<br>Roanoke, TX 76262-0961 |
| Mercedes-Benz Financial Services USA LLC<br>c/o BK Servicing, LLC<br>PO Box 131265<br>Roseville, MN 55113-0011 | Mercedez-Benz Financial<br>PO Box 961<br>Roanoke, TX 76262-0961 | Must Cure Obesity Co.<br>15118 Pendio Drive<br>Montverde, FL 34756-3606 |
| Noam Ben Zvi<br>10/93 Rishon Lezion Street<br>Petachtiachba, Israel | Opinion Corp.<br>c/o Randazza Legal Group<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117-3400 | PSR Developers, LLLP<br>3900 Centennial Drive<br>Suite C<br>Midland, MI 48642-5996 |
| Paul B. Spelman, Esq.<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Mail Drop CC-10528<br>Washington, DC 20580-0001 | Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | Shay Zuckerman<br>8 Babli Street<br>Tel Aviv, Israel |
| U.S. Securities and Exchange Commission<br>Office of Reorganization<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, GA 30326-1382 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | Zachary Lake<br>c/o Hammer Law Offices, APLC<br>26565 West Agoura Road, Suite 200-197<br>Calabasas, CA 91302-1984 |
| Zuckerman & Co.<br>c/o Shay Zuckerman<br>HaYarkon St. 113<br>Tel Aviv, Israel | David M Landis +<br>Mateer & Harbert PA<br>Post Office Box 2854<br>Orlando, FL 32802-2854 | Bradley M Saxton +<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue North, Second Floor<br>Winter Park, FL 32789-7421 |
| Robyn Marie Severs +<br>Becker & Poliakoff<br>111 N. Orange Avenue, Suite 1400<br>Orlando, FL 32801-2324 | Miriam G Suarez +<br>Office of the United States Trustee<br>George C. Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | United States Trustee - ORL7/13 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 |
| Aldo G Bartolone Jr+<br>Bartolone Law, PLLC<br>1030 North Orange Avenue, Suite 300<br>Orlando, FL 32801-1004 | Michael P Mora +<br>Federal Trade Commission<br>600 Pennsylvania Avenue Northwest<br>Room 2122<br>Washington, DC 20580-0002 | Charles R Sterbach +<br>Office of the United States Trustee<br>400 W. Washington St., Ste 1100<br>Orlando, FL 32801-2440 |
| Amber C Robinson +<br>Robinson Law Office, PLLC<br>695 Central Avenue, Ste 1501<br>St. Petersburg, FL 33701-3669 | Marc J Randazza +<br>Randazza Legal Group<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117-3400 | William C Matthews +<br>Shutts & Bowen LLP<br>300 South Orange Avenue, Suite 1600<br>Orlando, FL 32801-3382 |
| Christopher J Hamner +<br>Hamner Law Offices APLC<br>26565 West Agoura Road<br>Calabasas, CA 91302-1984 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Federal Trade Commission
600 Pennsylvania Avenue NW
CC-9528
Washington, DC 20580

(d)Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Crop CC-10528
Washington, DC 20580

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Consumer Opinion Corp.

(u)Karen S. Jennemann
Orlando

(u)Opinion Corp.

(d)Anna Juravin
15118 Pendio Drive
Montverde, FL 34756-3606

(d)Bella Collina Property Owner's Associat
c/o William C Matthews, Esq.
Shutts & Bowen LLP
300 S. Orange Avenue, Suite 1600
Orlando, FL 32801-3382

(d)Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

(d)Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

(d)Mercedes-Benz Financial
PO Box 961
Roanoke, TX 76262-0961

(d)Dennis D Kennedy +
P. O. Box 541848
Merritt Island, FL 32954-1848

End of Label Matrix
Mailable recipients    58
Bypassed recipients     9
Total                  67

## AGREEMENT REGARDING SALE OF PROPERTY

This Purchase and Sale Agreement ("Agreement") is made as of this ___ day of _____ 2020, by and between Dennis D. Kennedy, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Don Karl Juravin ("Bankruptcy Estate") and Wilmington Financial Services, LLC, a Delaware limited liability company ("Buyer") (Trustee and Buyer, each a "Party" and collectively the "Parties").

## RECITALS

WHEREAS, on October 31, 2018, Don Karl Juravin (the "Debtor") commenced a voluntary case under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, assigned case number 6:18-bk-06821 (the "Bankruptcy Case");

WHEREAS, in the Bankruptcy Case, the Debtor listed certain assets on his petitions and schedules, as amended, which assets are now property of the Bankruptcy Estate;

WHEREAS, on or about August 21, 2019, Trustee and Buyer entered into that certain Agreement Regarding Sale of Property, which is attached as Exhibit A to the Chapter 7 Trustee's Motion to Approve Sale of Property [Doc. No. 167] (the "Original Agreement");

WHEREAS, pursuant to the Original Agreement, the Buyer agreed to purchase and the Trustee agreed to sell certain assets of the Debtor, as more fully specified therein;

WHEREAS, pursuant to the Original Agreement, the Buyer paid $70,711.54 to Trustee, which the Trustee is holding in escrow;

WHEREAS, on or about August 23, 2019, the Trustee filed its Chapter 7 Trustee's Motion to Approve Sale of Property [Doc. No 167], seeking the Bankruptcy Court's approval of the Original Agreement;

WHEREAS, on or about September 13, 2019, the Debtor filed a Motion to Convert Case to Chapter 11 [Doc. No. 172], in which the Debtor sought to convert the Bankruptcy Case from a case under Chapter 7 to Chapter 11 of the Bankruptcy Code, and an Objection to Chapter 7 Trustee's Motion to Approve Sale of Property [Doc. No. 173], in which the Debtor objected to the proposed sale due to his pending Motion to Convert Case to Chapter 11 [Doc. No. 172];

WHEREAS, on or about September 16, 2019, an Order Converting Case from Chapter 7 to Chapter 11 [Doc. No. 174] was entered by the Bankruptcy Court;

WHEREAS, from on or about September 16, 2019 to on or about March 16, 2020, the Bankruptcy Case proceeded until Chapter 11 of the Bankruptcy Code, until the entry of the Order Reconverting Case from Chapter 11 to Chapter 7 [Doc. No. 323];

WHEREAS, on or about March 16, 2020, the Trustee was re-appointed as chapter 7 trustee for the Bankruptcy Case pursuant to the Notice of Appointment of Trustee [Doc. No. 322];

WHEREAS, Trustee now desires to sell and Buyer now desires to purchase those certain Assets as defined below upon the terms and conditions set forth herein;

WHEREAS, a sale of an asset of the Bankruptcy Estate requires approval upon notice to creditors, the parties are executing this Agreement to memorialize their agreement regarding the terms of the sale, which will be reflected in the notice of sale filed with the Court;

NOW THEREFORE, in consideration of the mutual covenants and conditions contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Recitals. The foregoing recitals are incorporated into the body of this Agreement as if fully set forth herein.

2. Sale of Assets. Subject to the terms and conditions of this Agreement and approval of the Bankruptcy Court, the Trustee shall sell, assign, and transfer to Buyer, and Buyer shall purchase, all right, title, and interest of the Bankruptcy Estate in the Assets, as defined herein. The Assets shall include the following:
   a. The 2014 Jeep Wrangler, VIN 1C4BJWDG8EL230021;
   b. The 2018 Mercedes Benz GLS550W4, VIN 4JGDF7DE7JB003154 (the "Mercedes");
   c. Any and all of the Bankruptcy Estate's claims and/or causes of action, whether actually filed or not, excluding claims and causes of action arising under Chapter 5 of Title 11 of the United States Code and/or which were not ripe as of the date Debtor's assets became assets of the Bankruptcy Estate;
   d. Any and all of the Debtor's interest in Must Cure Obesity, Co.; Juravin, Inc.; Roca Labs Nutraceutical USA, Inc.; and First Global Health Corporation.
   e. Any and all of the Bankruptcy Estate's interest in websites, blogs, and social media accounts, together with any and all content thereon and passwords necessary to control the web sites, blogs, and social media accounts;

(collectively, the "Assets").

3. Purchase Price. Buyer shall purchase the Assets for the sum of FOURTY-THREE THOUSAND AND 00/100 DOLLARS ($43,000.00) ("Purchase Price"), subject to the conditions described herein. The Purchase Price shall be paid by wire transfer or check made payable to Dennis D. Kennedy, Chapter 7 Trustee and delivered to Dennis D. Kennedy, PO Box 541848, Merritt Island, Florida 32954. The Purchase Price shall be paid to the Trustee within three (3) days of execution of the Agreement, and the Trustee will hold the Purchase Price in escrow pending Bankruptcy Court approval of this Agreement.

4.  **Sale of the Mercedes.** Buyer expressly acknowledges that the transfer of title to the Mercedes is subject to a lien in favor of Mercedes-Benz Financial Services, estimated to be in the amount of $29,661.03 as of June 30, 2020 (the "MBFS Lien"). Buyer acknowledges and agrees to pay off the MBFS Lien.

5.  **Delivery of Assets to Buyer.** Within ten (10) days of approval of this Agreement by the Bankruptcy Court, Trustee shall deliver a bill of sale reflecting the sale of the Assets to Buyer. With respect to the vehicles, the Buyer shall pick the vehicles up from a location where the Debtor has the vehicles located. If the Debtor fails to provide access to the vehicles then Trustee shall take such action as is necessary to seek turnover of the vehicles.

6.  **No Representations or Warranties.** Buyer expressly acknowledges and agrees that the Assets are being sold by the Trustee as is, where is, without any representations or warranties of any kind whatsoever, and only the right and interest of the Bankruptcy Estate is being sold.

7.  **Default.** In the event that the Buyer fails to make payment as required under this Agreement, and if the default is not cured within ten (10) days of notice given via email from the Trustee (or his counsel) to Buyer's counsel, David Landis at DLandis@MateerHarbert.com, then the Buyer shall be in default under this Agreement and the Assets shall remain as property of the Bankruptcy Estate.

8.  **Bankruptcy Court Approval.** This Agreement is subject to and contingent upon approval of the United States Bankruptcy Court. The Trustee agrees to move for approval of the sale within five (5) business days from the execution of this Agreement. Should the Bankruptcy Court deny approval of this Agreement, this Agreement shall be null and void.

9.  **Execution in Counterparts.** This Agreement may be executed in one or more counterparts, each of which is deemed an original and all of which are deemed but one agreement. This Agreement may be signed by facsimile and/or e-mail scan and any such copy of a signature is, for all intents and purposes, deemed an original signature.

10. **Amendment; Extension; and Waiver.** This Agreement may not be amended except by an instrument in writing signed on behalf of each of the parties hereto.

11. **Binding Effect; Assignment.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective successors, assigns, heirs, executors, administrators, officers, directors, shareholders, employees, agents and legal representatives.

12. **Severability.** This Agreement is intended to be performed in accordance with, and only to the extent permitted by, all applicable laws. If any provision of this Agreement or the application thereto to any Person or circumstances shall, for any reason and to any extent, be valid or unenforceable, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law.

13. <u>Counterparts</u>. This Agreement may be executed by the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute one and the same instrument. Each counterpart may consist of a number of copies hereof each signed by less than all, but together signed by all of the parties hereto. A signature received via facsimile or email shall be considered the same as an original signature for purposes of execution of this Agreement.

14. <u>Headings</u>. The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement.

15. <u>Entire Agreement</u>. This Agreement supersedes all previous contracts and constitutes the entire agreement of whatsoever kind or nature existing between or among the parties representing the within subject matter and no party shall be entitled to benefits other than those specified herein. As between or among the parties, no oral statement or prior written material not specifically incorporated herein shall be of any force and effect. The parties specifically acknowledge that in entering into and executing this Agreement, the parties rely solely upon the representations and agreements contained in this Agreement and no others. All prior representations or agreements, whether written or verbal, not expressly incorporated herein are superseded hereby.

16. <u>Legal Counsel</u>. The Parties hereto do represent and warrant one to the other that each has been represented by counsel of their own choosing in connection with the negotiation and drafting hereof, that all Parties have participated in the drafting thereof, and that therefore this Agreement shall not be construed more or less favorably against either Party. Each Party further represents and warrants one to the other that he, she, or it has read and understands the terms hereof, and enters into such Agreement as his, her, or its own free and voluntary act.

17. <u>Drafting</u>. No provision of this Agreement shall be interpreted for or against either party hereto on the basis that such party was the draftsman of such provision, both parties having participated equally in the drafting hereof, and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement.

18. <u>Validity and Construction</u>. This Agreement and the validity, performance and enforcement hereof, shall be interpreted and construed in accordance with the laws of the State of Florida and the United States Bankruptcy Code.

19. <u>Prevailing Party/Attorneys' Fees</u>. In connection with this Agreement and performance thereunder, each party shall bear its own fees and costs. However, in the event it shall become necessary for any party to take action of any type whatsoever to enforce the terms of this Agreement, the prevailing party shall be entitled to recover all attorneys' fees, costs and expenses, including all out-of-pocket expenses that are not taxable as costs, incurred in connection with any such action, including any negotiations, mediations, litigation, or appeals.

IN WITNESS WHEREOF, this Agreement has been signed by each of the parties on the date first above written.

**BUYER:**

Wilmington Financial Services, LLC,
a Delaware limited liability company

By: _____ Authorize Representative
Print Name: Paul E Simonson
Title: Authorized Representative

**TRUSTEE:**

_____ Trustee
Dennis D. Kennedy, as Chapter 7
Trustee of the Bankruptcy Estate of
Don Karl Juravin    18-06821-KSJ