ORDERED.

Dated:  September 02, 2020

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:      Case No. 6:18-bk-06821-KSJ
    Chapter 7
DON KARL JURAVIN

        Debtor.
_____/

**FINAL ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION
TO APPROVE SALE OF ASSETS SUBJECT TO
<u>OVERBID AND FOR APPROVAL OF OVERBID PROCEDURES</u>**

THIS CASE came on for hearing on August 17, 2020 at 9:30 a.m., on the Chapter 7 Trustee's Motion for Sale of Assets Subject to Overbid and for Approval of Overbid Procedures ("Motion") (Doc. No. 349), the Objection to Chapter 7 Trustee's Motion to Approve Sale of Assets Subject to Overbid and for Approval of Overbid Procedures (Doc. No. 356) filed by the Debtor, the Motion for Clarification and/or to Amend Order Granting Chapter 7 Trustee's Motion to Approve Sale of Assets Subject to Overbid and for Approval of Overbid Procedures (the "Clarification Motion") (Doc. No. 382), and the Buyer's Response to Debtor's Motion for Clarification and/or to Amend Order Granting Chapter 7 Trustee's Motion to Approve Sale of Assets and Memorandum of Law (Doc. No. 387).   This Court previously entered an Order

Granting Chapter 7 Trustee's Motion to Approve Sale of Assets Subject to Overbid and for Approval of Overbid Procedures on July 2, 2020, with respect to the approval of the bidding procedures (Doc. No. 377). No additional bids were received by the Trustee during the Bidding Period. After considering the Motion and the representation that the parties have agreed to remove First Global Health Corporation from the sale, and based upon arguments presented at the hearing with respect to the social media accounts, the Court finds that any and all interest of the Debtor in and to any of social media accounts are property of the estate pursuant to §541 of the Bankruptcy Code and the social media accounts are therefore transferrable from the estate and they have been sold by the Trustee to the purchaser, therefore it is

**ORDERED:**

1. The Clarification Motion (Doc. No. 382) is GRANTED in part, and DENIED in part, as follows:

    a. the Debtor's interest in First Global Health Corporation shall not be included in the sale of the Debtor's assets; and

    b. With regard to the social media accounts included in subparagraph 3. e. below Wilmington Financial Services, LLC ("Wilmington") shall permanently acquire all Debtor's right title and interest in the accounts and their content. However, Wilmington including any and all affiliates, agencies, principals, agents, officers, directors, attorneys and employees, both past and present, and all of the preceding persons, representatives, administrators, successors and assigns, d/b/a's, partners, owners, officers, directors, employees, and shareholders/equity interests (collectively the "Buyer") is/are prohibited from posting items to the accounts other than the following notice:

    NOTICE OF SALE AND SHUT DOWN

    Pursuant to the court's decision to approve the sale of Debtor's assets announced on August 17, 2020 in the UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION, In Re: Case No. 6:18-bk-06821-KSJ,

> Chapter 7, DON KARL JURAVIN, Debtor: Wilmington Financial Services, LLC has acquired all Debtor's right title and interest in this account and its content. This account is shut down.

    c. Buyer shall deactivate the accounts within 90 days after posting the notice of sale and shutdown.

2. The sale of the Property to Wilmington Financial Services, LLC is **APPROVED**.

3. The Chapter 7 Trustee, Dennis D. Kennedy, is authorized to execute a bill of sale to Wilmington Financial Services, LLC, a Delaware limited liability company, for the following Property:

    a. 2014 Jeep Wrangler, VIN # 1C4BJWDG8EL230021;

    b. 2018 Mercedes Benz GLS550W4, VIN # 4JGDF7DE7JB003154;

    c. Any and all of the Bankruptcy Estate's causes of action, excluding any causes of action arising under Chapter 5 of Title 11 of the United States Code and/or which were not ripe as of the date Debtor's assets became assets of the Bankruptcy Estate;

    d. Any and all of the Debtor's interest in Must Cure Obesity, Co.; Juravin, Inc.; and Roca Labs Nutraceutical USA, Inc.; and

    e. Any and all of the Bankruptcy Estate's interest in websites, blogs and social media accounts, together with any and all passwords necessary to control the web sites, blogs and social media accounts.

4. The Debtor, Don Karl Juravin, is ordered to provide any and all documents reasonably requested by the Trustee or Wilmington Financial Services, LLC with respect to the Property.

5. This Court shall retain jurisdiction to determine any disputes related to the interpretation of this Order.

Bradley M. Saxton is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.