**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In Re:

DON KARL JURAVIN,                                                   Case No. 6:18-bk-06821-KSJ

　　　　Debtor.                                                       Chapter 7
_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE**
**(OR ADVERSARY PROCEEDING)**

TO:   **WELLS FARGO BANK, N.A.**
　　　**c/o Corporation Service Company**
　　　**1201 Hays Street**
　　　**Tallahassee, FL 32301-2525**

☒ *Production:* You, or your representatives, must produce at the below specified address on the date and time indicated below, the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**SEE ATTACHED SHEDULE "A"**

| PLACE: **SHUTTS & BOWEN LLP**<br>**300 S. Orange Avenue, Suite 1600**<br>**Orlando, Florida 32801** | DATE AND TIME:<br>**no later than 5:00 p.m. on**<br>**October 30, 2020** |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Civ. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

ISSUING OFFICER SIGNATURE AND TITLE

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DATE: _____

William C. Matthews, Esq.
*Attorney for Bella Collina Property Owner's Association, Inc.*

ISSUING OFFICER'S NAME, ADDRSS AND PHONE NUMBER

| William C. Matthews, Esq.<br>Florida Bar No.: 0112079 | SHUTTS & BOWEN LLP<br>300 S. Orange Avenue, Suite 1600<br>Orlando, Florida 32801 | 407-835-6767<br>407-425-8316 (fax)<br>wmatthews@shutts.com |
|---|---|---|

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**William C. Matthews, Esq.**
**SHUTTS & BOWEN LLP**
**300 S. Orange Avenue, Suite 1600**
**Orlando, Florida 32801**

A true and correct copy of the foregoing document will be served or was served in the manner stated below: (*specify*):

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): On (*date*)  **10/ / 2020** , the following persons and/or entities were served by **Federal Express overnight mail service** as follows:

**WELLS FARGO BANK, N.A.**
**c/o Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/16/2020 | William C. Matthews | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

ORLDOCS 18124944 1

6:18-bk-06821-KSJ

# SCHEDULE "A"

## I.   INSTRUCTIONS AND DEFINITIONS OF TERMS

### A.   Instructions

Each paragraph below shall operate and be construed independently; and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs set forth below.

The party under subpoena should furnish any additional or supplemental documents subject to this Schedule "A" which are created or discovered after the original production of documents.

This Schedule "A" is intended to cover all documents in the possession of the person or entity under subpoena or subject to its custody or control, including information in the possession, custody or control of its attorneys, accountants, investigators, experts, employees, agents and any other persons employed on its behalf, and not merely such information as is known of its own personal knowledge.

Whenever appropriate, the singular form of a word should be interpreted in the plural.

### B.   Definitions

1.   "Document" or "Documents" are used in their broadest sense and include "documents," and "other tangible things," shall mean any medium upon or through which intelligence or information may be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any record, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, receipt, financial statement, accounting entry, diary, calendar, facsimile, e-mail, telex, telegram, cable, report, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, graph, index, list, tape, sound recording, photograph, microfilm, data sheet or data processing card, text, e-mail, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however reproduced, which is in your possession, custody or control (which shall be deemed to include, without limitation, matters within the possession or custody of your present or former agents or attorneys) or which was, but is no longer, in your possession, custody or control.

2.   "Communication", or any variant thereof, shall mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, face to face meetings, correspondence, conversations, representations, meetings, conferences, telephone conversations, e-mails, text messages, instant messaging through social

networks, interviews, dialogues, discussions, statements, interviews, consultations, agreements, negotiations and other understandings between or among two or more persons or entities.

3. "And" as well as "or" each mean "and/or" and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all documents which might otherwise be construed to be outside its scope. "All" shall be understood to include and encompass "any".

4. "Refers and relates to," "refers to" and "Relating to", as used herein mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, embodying, reflecting, mentioning, identifying, regarding, stating, responding to, relating to, citing, summarizing, analyzing or bearing any logical or factual connection to, or in any way pertinent to, the given subject matter.

5. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

6. The use of a verb in any tense shall be construed as the use of a verb in all other tenses, whenever necessary to bring within the scope of this subpoena all documents which might otherwise be construed to be outside its scope.

7. "You", "Your", "Wells Fargo Bank", or the "Bank" means the entity this subpoena is directed to and served upon, as well as anyone acting on its behalf, including but not limited to its directors, officers, members, employees, agents, assigns, predecessors, successors, affiliates, representatives, and, unless privileged, attorneys and accountants.

8. "Creditor" "BCPOA" or "Association" shall mean the Bella Collina Property Owner's Association, Inc., its current and former members, managers, officers, directors, agents, representatives and all other persons acting or purporting to act on behalf of Bella Collina Property Owner's Association, Inc.

9. "Debtor" shall mean Debtor, Don K. Juravin, a/k/a Don Adi Juravin and any of his agents, employees, representatives or related companies or entities.

10. "Don Juravin" or "Mr. Juravin" refers to the Debtor, Don K. Juravin, a/k/a Don Adi Juravin.

11. "Anna Juravin" or "Mrs. Juravin" refers to the spouse of Don Juravin, Anna Juravin, who resides at 15118 Pendio Dr., Montverde, FL 34756.

**II. DOCUMENTS REQUESTED**

1. Copies of financial statements including, but not limited to, account statements, checking account statements, savings account statements, and any account information showing deposits, transfers, or wires for accounts held by the Debtor, Don Juravin, at Wells Fargo Bank for the past (8) eight years.

2. Copies of financial statements including, but not limited to, account statements, checking account statements, savings account statements, and any account information showing deposits, transfers, or wires for accounts held by Anna Juravin, at Wells Fargo Bank for the past (8) eight years.

3. Within the past 5 years, all information related to any transfers into or out of Don Juravin's Wells Fargo Bank account(s) that relate to or come from accounts associated with any variation of "Don Juravin," "Roco Labs," "Must Cure Obesity," "Juravin, Inc.," "United Medical Group, Inc." or "Holy Land Ministries."

4. Within the past 5 years, all information related to any transfers into or out of Don Juravin's Wells Fargo Bank account(s) that come from foreign banks or accounts outside the United States including, but not limited to, accounts from Israel.

5. Within the past 5 years, all information related to any transfers into or out of Anna Juravin's Wells Fargo Bank account(s) that relate to or come from accounts associated with any variation of "Don Juravin," "Roco Labs," "Must Cure Obesity," "Juravin, Inc.," "United Medical Group, Inc." or "Holy Land Ministries."

6. Within the past 5 years, all information related to any transfers into or out of Anna Juravin's Wells Fargo Bank account(s) that come from foreign banks or accounts outside the United States including, but not limited to, accounts from Israel.

ORLDOCS 18124960 1