UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:                                                                                  Case No. 6:18-bk-06821-KSJ

DON KARL JURAVIN,                                                      Chapter 11

      Debtor.
_____/

**CREDITOR, BELLA COLLINA PROPERTY OWNER'S ASSOCIATION, INC.'S, RESPONSE IN OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR PROTECTIVE ORDEER AS TO NOTICE OF INTENT TO SERVE SUBPOENAS BY BELLA COLLINA PROPERTY OWNER'S ASSOCIATION, INC.**

Creditor, Bella Collina Property Owner's Association, Inc. ("Creditor" or "BCPOA"), through the undersigned counsel, responds in opposition to the Debtor's, Don Karl Juravin (the "Debtor"), Emergency Motion for Protective Order as to Notices of Intent to Serve Subpoenas by Bella Collina Property Owner's Association, Inc. ("Emergency Motion for Protective Order"), and in support states as follows:

**INTRODUCTION**

BCPOA is entitled to seek discovery from third parties related to Juravin's Chapter 7 case and Discharge Order to determine whether the discharge was obtained fraudulently under 11 U.S.C. § 727(d)(1)-(2), (e). Put differently, there does not have to be an adversary proceeding or contested matter pending before this Court for BCPOA or other creditors to seek discovery from third parties relating to the pending bankruptcy case. Furthermore, BCPOA is entitled to seek discovery in relation to its Cross Noticed 2004 Exam of Anna Juravin. [Doc. 219]. There is no rule or case, and the Debtor cites none, that prohibits this type of limited discovery from occurring.

Moreover, BCPOA's general basis for issuing the limited discovery to third parties to determine if the discharge was obtained fraudulently is a result of the Debtor's repeated misrepresentations to this Court, creditors, and interested parties. The Debtor's Emergency Motion for Protective Order also does not contain the required meet and confer certification under Middle District of Florida Local Rule 3.01(g) and is not emergent in nature.

## BACKGROUND

1. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 31, 2018. [Doc. 1].

2. BCPOA is a holder of a secured claim in the amount of $9,704.84 and general unsecured claim in the amount of $391,406.86. [Claim 6-2].

3. In the Chapter 7 case, the initial § 341 meeting of creditors was held on December 4, 2018 and continued until January 15, 2019 to allow further examination of the Debtor and/or records of the Debtor. The continued § 341 meeting of creditors was held on January 15, 2019, continued again until February 12, 2019, continued again until March 12 2019, continued again until April 9, 2019, continued again until May 7, 2019, continued again until May 21, 2019, continued again until June 4, 2019, continued again until June 18, 2019, continued again until July 2, 2019, continued again until July 16, 2019, continued again until July 30, 2019, and was continued and scheduled for August 13, 2019 to allow time for further examination of the Debtor and records production from the Debtor not yet produced by the Debtor.

4. On September 16, 2019, the Court entered an Order and Notice Converting the case to a Chapter 11 proceeding. [Doc. 174]. In the Chapter 11 Case, the initial 341 meeting was held on October 21, 2019 and continued to December 9, 2019.

5.   On March 13, 2020, the Court entered an Order Denying Confirmation of Debtor's Amended Chapter 11 Plan and Re-Converting the case to a Chapter 7 proceeding.

6.   After reconversion, the § 341 meeting of creditors was held on April 3, 2020 and continued until April 21, 2020. The continued § 341 meeting of creditors was held on May 7, 2020, continued again until May 21, 2020, continued again until June 4, 2020, continued again until July 1, 2020, continued again until July 22, 2020, continued again until August 19, 2020, continued again until August 26, 2020, continued again until September 22, 2020, and continued again until October 5, 2020.

7.   On June 26, 2020 an Order of Discharge was entered (the "Discharge Order"). [Doc. 369].

8.   On October 9, 2020, BCPOA filed a Motion for Joint Administration to consolidate this Chapter 7 case with a related case already before this Court regarding a Juravin related entity, Must Cure Obesity, Co. ("MCO"), Case No. 6:20-bk-01801-KSJ. [Doc. 399]. The continued Juravin § 341 meeting of the creditors will be scheduled pending the outcome of the Motion for Join Administration, set for hearing on November 17, 2020.

9.   On October 9, 2020, BCPOA filed Notices of Intent to Serve Subpoenas upon Fairwinds Credit Union, TD Bank, JPMorgan Chase, Mainstreet Community Bank, and Seacoast Bank, giving notice that subpoenas for document production would be served on those entities on or about October 13, 2020. [Docs. 400-404].

10.  On October 15, 2020, BCPOA filed Notices of Intent to Serve Subpoenas upon Truist Bank, Fifth Third bank, Wells Fargo Bank, and Bank of America, giving notice that subpoenas for document production would be served on those entities on or about October 16,

2020. [Docs. 406-409]. The Notices of Intent to Serve Subpoenas filed by BCPOA on October 9 and 15, 2020, shall be referred to collectively as the "Subpoena Notices."

11.  On October 19, 2020, the Debtor filed his Emergency Motion for Protective Order as to the Subpoena Notices. [Doc. 410].

12.  On October 27, 2020, in the related adversary proceeding for exception of the Federal Trade Commission's ("FTC") debt from discharge under § 523, this Court entered a Final Judgment in favor of the FTC and against the Debtor finding the approximately $25 million dollar debt not dischargeable and making other factual findings. [Docs. 88-89 of A.P.[1]].

## ARGUMENT

### A. BCPOA is Entitled to Seek Discovery Related to the Underlying Chapter 7 Case, Discharge Order, and Noticed 2004 Exam of Anna Juravin, after Entry of the Discharge Order.

BCPOA, or any other creditor, is entitled to seek discovery related to Juravin's Chapter 7 case and Discharge Order from third parties after a Discharge Order has been entered. Put differently, there does not have to be an adversary proceeding or contested matter pending before this Court for BCPOA or other creditors to seek discovery from third parties relating to the underlying and pending bankruptcy case. Furthermore, BCPOA is entitled to seek discovery in relation to its Cross Notice of Anna Juravin's 2004 Video Examination. [Doc. 219].

Without citing any case law or applicable rules, Debtor argues that for BCPOA to take discovery "there would have to be some adversary proceeding or contested matter pending before the Court." [Doc. 410, ¶12]. This is incorrect. BCPOA suspects and is investigating whether the Debtor obtained his discharge through fraudulent means. BCPOA also is reviewing whether the Debtor acquired property that is property of the estate, or became entitled to acquire

---

[1] "A.P." shall refer to the related Adversary Proceeding between the FTC and the Debtor.

property that would be the property of the estate, and knowingly and fraudulently failed to report such. To assist in making this determination as to whether the Debtor used fraudulent means to obtain the Discharge Order as described above, BCPOA is entitled to seek the production of documents from third parties related to the underlying Chapter 7 case and Discharge Order.[2]

The basis and reason for determining whether the Debtor obtained the Discharge Order fraudulently is set forth 11 U.S.C. § 727(d)(1)-(2), (e). More specifically, a creditor, such as BCPOA, can request this Court to revoke the Discharge Order **one year after the entry of the Discharge Order** if:

> "(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee

Thus, because this Chapter 7 case is not closed, within one year post-discharge, and BCPOA suspects the Debtor obtained the Discharge Order fraudulently under § 727(d)(1)-(2), BCPOA is seeking limited discovery of documents from third parties to determine whether this suspicion is well founded.

### B. The Limited Discovery Sought Stems from the Debtor's Repeated Misrepresentations, and the Debtor Continues to Delay Simple Discovery Issues Through Non-Compliance and Motions for Protective Orders.

It is not surprising that the Debtor objected to or moved for a protective order to prevent or delay an interested party from obtaining relevant discovery because the Debtor and his wife

---

[2] Notably, BCPOA is not seeking the production of documents from the Debtor, which typically is the basis for a Motion to Quash or Motion for Protective Order under the Federal Rules of Civil Procedure. Furthermore, no subpoena recipient has filed any objection to, moved to quash, or moved for a protective order as to any subpoena. Rather, the Debtor, not the subpoena recipients, moves for an omnibus protective order against subpoenas issued to third parties.

have done so previously. Debtor and his wife, together, previously filed four (4) protective order motions in this matter already. [Docs. 51, 62, 69, 220]. This Court denied in part and granted in part Docs. 51, 62, and 69, and denied Doc. 220. Furthermore, this Court ordered the Debtor produce all documents and communications "relating to the Debtor's business or financial affairs, lawsuits, or money" for two years prior to the petition date, including all business entities in which the Debtor was involved in any capacity whatsoever. [Doc. 134, ¶2]. The Debtor failed to comply this Court order as not all documents and communications were produced. This Court ordered Anna Juravin to a Rule 2004 Examination Duces Tecum in response to her Emergency Motion for Protective Order. [Doc. 284, ¶ii]. Mrs. Juravin failed to comply with this Court order as her 2004 Exam has yet to be taken and she has yet to produce all documents responsive to the 2004 notices. In short, the Debtor and Debtor's interested parties have shown a pattern of delaying or objecting to relevant discovery requests despite receiving the benefits of a Chapter 7 bankruptcy discharge.

More troubling, the Debtor has a history of making fraudulent misrepresentations and obfuscating other parties' attempts at obtaining discoverable information. [Doc 295]. As described *supra*, there have been many § 341 meeting of the creditors in an attempt to obtain basic information from the Debtor. At said meetings, the Debtor has been evasive, untruthful, uncooperative, cantankerous, and inconsistent. Furthermore, it is BCPOA's position that the Debtor has failed to produce all requisite financial documents requested by creditors and the trustee, and essentially changes his story depending upon the question asked. The Debtor even requested a Hebrew translator mid-bankruptcy, despite numerous hearings, § 341 meeting of the creditors, previous testimony – all in fluent English – to delay and disrupt the proceedings even more.

This Court, and others, have found that the Debtor made affirmative misrepresentations with the intent to deceive in the past. [Doc. 88 of A.P., pg. 2]. This Court found that the Debtor's "testimony is not credible," his explanations for "false statements" are "unbelievable," he spread "lies and false statements" relating to his business, acted with an "intent to deceive," and "intentionally tricked customers" through "consistent and repeated misrepresentations." *Id.* at pgs. 2-9. The point being, a primary reason as to why the § 341 meetings of the creditors have dragged on and the Subpoena Notices at issue were filed is because of the Debtor's deceitful and disingenuous behavior. This is one of many basis BCPOA relies upon in its investigation and discovery requests to determine whether the Debtor obtained the Discharge Order fraudulently or truthfully disclosed all financial information and/or property to the estate. BCPOA, and other creditors, did not receive all financial information relating to the Debtor's businesses prior to the Discharge Order [Doc. 134, ¶2] and is within its rights to seek this information from third parties.

Lastly, the Debtor's Emergency Motion for Protective Order does not contain the required meet and confer certification under Middle District of Florida Local Rule 3.01(g) and is not emergent in nature. The Debtor's counsel did send an email to the undersigned *after* filing the Emergency Motion for Protective Order, but Local Rule 3.01(g) directs counsel to confer *prior* to filing a discovery motion such as this.

WHEREFORE, Bella Collina Property Owner's Association, Inc. respectfully requests this Court to deny the Debtor's Emergency Motion for Protective Order and grant any other relief it deems appropriate.

Dated: November 13, 2020.

Respectfully Submitted,

*/s/ William C. Matthews*
Michael D. Crosbie, Esq.
Florida Bar No.: 72575
mcrosbie@shutts.com
William C. Matthews, Esq.
Florida Bar No.: 0112079
wmatthews@shutts.com
SHUTTS & BOWEN LLP
300 S. Orange Avenue, Suite 1600
Orlando, Florida 32801
407-423-3200; 407-425-8316 (fax)
*Attorneys for Bella Collina Property Owner's Association, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2020 **i)** a true copy of the foregoing was filed electronically via the Court's CM/ECF system which will serve all interested persons receiving electronic notice, including:

Aldo G Bartolone, Jr on behalf of Debtor Don Karl Juravin
aldo@bartolonelaw.com; aldo.bartolone@gmail.com; aldo@ecf.courtdrive.com; erin@bartolonelaw.com

Christopher J Hamner on behalf of Creditor Zachary Lake chamner@hamnerlaw.com

David M Landis on behalf of Creditor DCS Real Estate Investments, LLC
dlandis@mateerharbert.com, akutchak@mateerharbert.com

William C Matthews on behalf of Creditor Bella Collina Property Owner's Association, Inc.
wmatthews@shutts.com, rhicks@shutts.com; mcrosbie@shutts.com; rsouza@shutts.com

Michael P Mora on behalf of Plaintiff Federal Trade Commission  mmora@ftc.gov

Kimberly L Nelson on behalf of Plaintiff Federal Trade Commission knelson@ftc.gov

Marc J Randazza on behalf of Creditor Consumer Opinion Corp.
mjr@randazza.com, ecf-6898@ecf.pacerpro.com; ecf@randazza.com

Marc J Randazza on behalf of Creditor Opinion Corp.
mjr@randazza.com, ecf-6898@ecf.pacerpro.com; ecf@randazza.com

Lauren M Reynolds on behalf of Trustee Dennis D Kennedy
lreynolds@whww.com, Lwillett@whww.com; LReynolds@ecf.courtdrive.com

Amber C Robinson on behalf of Debtor Don Karl Juravin
arobinson@arobinsonlawfirm.com

Amber C Robinson on behalf of Interested Party Anna Juravin
arobinson@arobinsonlawfirm.com

Bradley M Saxton on behalf of Accountant Yip Associates
bsaxton@whww.com, scolgan@whww.com; scolgan@ecf.courtdrive.com; csmith@whww.com; csmith@ecf.courtdrive.com

Bradley M Saxton on behalf of Interested Party Dennis D. Kennedy
bsaxton@whww.com, scolgan@whww.com; scolgan@ecf.courtdrive.com; csmith@whww.com; csmith@ecf.courtdrive.com

Bradley M Saxton on behalf of Trustee Dennis D Kennedy
bsaxton@whww.com, scolgan@whww.com; scolgan@ecf.courtdrive.com; csmith@whww.com; csmith@ecf.courtdrive.com

Robyn Marie Severs on behalf of Creditor Bella Collina Property Owner's Association, Inc.
rsevers@beckerlawyers.com, cofoservicemail@beckerlawyers.com

Miriam G Suarez on behalf of U.S. Trustee United States Trustee - ORL7/13
Miriam.G.Suarez@usdoj.gov

United States Trustee - ORL7/13  USTP.Region21.OR.ECF@usdoj.gov

and **ii)** a copy of same was served by depositing a copy in the U.S. Mail, postage pre-paid thereon, to be delivered to: **Don Karl Juravin**, 15118 Pendio Drive, Montverde, FL 34756.

*/s/ William C. Matthews*
WILLIAM C. MATTHEWS

ORLDOCS 18196684 1