ORDERED.

Dated: November 20, 2020

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:  Case No. 6:18-bk-06821-KSJ
 Chapter 7
DON KARL JURAVIN

        Debtor.
_____/

**ORDER GRANTING REQUEST FOR PAYMENT OF
PROFESSIONAL FEES AND EXPENSES ON AN INTERIM BASIS**

THIS CASE came on for hearing on November 17, 2020 at 11:45 a.m., on the Trustee's Request for Payment of Professional Fees and Expenses on an Interim Basis (Doc. No. 405) ("Request"), the Objection to Request for Payment of Professional Fees and Expenses on an Interim Basis (Doc. 405) and Request for Prohibition of Use of any Cash Collateral (Doc. No. 413) (the "Objection") filed by Karan Arora and Natural Vitamins Laboratory Corporation (collectively, the "Creditor"), the Response to the Objection (Doc. No. 418) (the "Response") and the Supplement to the Response (Doc. No. 424) (the "Supplement"). After considering the Request, the Objection, the Response, and the Supplement, and the arguments of counsel, and being otherwise fully advised in the premises, it is

**ORDERED:**

1. The Request (Doc. No. 405) is **GRANTED**.

2. The Objection (Doc. No. 413) is overruled, but with the limited reservation of rights provided herein.

3. The Trustee is authorized to disburse the interim disbursements requested in the Application as follows:

    a. To Yip Associates in the amount of $24,032.25 for fees and $248.05 for costs for a total of $24,280.30; and

    b. To Winderweedle, Haines, Ward & Woodman, P.A. in the amount of $62,877.65 for fees and $3,099.24 for costs for a total amount of $65,976.89,

(the "Disbursed Funds").

4. The Creditor waives its right to assert a lien or any interest whatsoever on the Disbursed Funds. However, the Creditor reserves its right to assert a lien on other assets of the bankruptcy estate. In the event the Creditor is found to have a valid and enforceable lien on property of the estate, to the extent necessary, the Disbursed Funds shall first be deemed to be proceeds from assets upon which the Creditor did not, or does not, have a valid and enforceable lien. In the event a determination is later made that the Creditor has or had a valid and enforceable lien on any portion of the Disbursed Funds, such lien is forever waived and no longer enforceable.

5. The relief provided in this Order is without prejudice to the rights of other parties with respect to the lien, or any interest whatsoever, asserted by the Creditor on assets of the bankruptcy estate, other than the Disbursed Funds.

6. This interim award of fees and expenses is subject to disgorgement in the event that

there are insufficient funds to pay all administrative claims in this case and subject to final review and approval at the conclusion of the case.

      7.      This Court retains jurisdiction with respect to any additional fees and expenses incurred in this case.

Bradley M. Saxton, Esquire is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.