UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br><br>DON KARL JURAVIN,<br><br>　　Debtor.<br>_____/<br><br>DON KARL JURAVIN,<br>Case No. 6:18-bk-06821-KSJ<br><br><br>MUST CURE OBESITY, CO.<br>Case No. 6:20-bk-01801-KSJ<br><br>　　Applicable Debtors.<br>_____/ | Chapter 7<br><br>Case No. 6:18-bk-06821-KSJ<br><br>Case No. 6:20-bk-01801-KSJ<br><br>*Jointly Administered with*<br>Case No. 6:18-bk-06821-KSJ<br><br><br>**REQUEST FOR EXPEDITED CONSIDERATION** |

## TRUSTEE'S MOTON TO COMPEL

Dennis D. Kennedy, Chapter 7 Trustee (*Trustee*) for the Estate of Don Karl Juravin (Case No. 6:18-bk-06821-KSJ) and the Estate of Must Cure Obesity, Co. (Case No. 6:20-bk-01801-KSJ), moves this Court for an order compelling the Debtor, Don Karl Juravin (*Juravin*) to:   1) Attend the Continued Meeting of Creditors under Section 341(a) of the Bankruptcy Code (341 meeting) in his case, produce the previously requested documents specified herein, and file his Rule 1019 disclosures; 2) Obtain new counsel for MCO, attend the Must Cure Obesity, Co. (MCO) 341meeting for questioning as the designated representative of MCO, produce certain documents as specified herein, and file the Rule 1019 disclosures for MCO; and 3) Deliver the property sold

1

from Debtor's bankruptcy estate by the Trustee as described herein. The Trustee further requests an order awarding sanctions against Juravin and his counsel, Aldo Bartolone.

In support hereof, the Trustee states:

### SUMMARY

This Motion is filed as a result of the Juravin's failure to attend his latest 341 Meeting on February 15, 2021. The date and time were coordinated with Debtor and Mr. Bartolone, but only the latter appeared. Juravin did not— he was, "otherwise occupied." Mr. Bartolone admitted to being aware for some time that his client would not appear, but that fact was never communicated to the Trustee. The Debtor's failure to appear reflects his willful and wanton disregard for the bankruptcy process, including his obligations to the Trustee and this Court.

Throughout the duration of these cases, the Trustee has requested various documents from Juravin. While Juravin has complied with some requests, many documents remain outstanding despite the Trustee's repeated attempts to obtain their voluntary turnover. Juravin has also failed to file the disclosures required by Federal Rule of Bankruptcy Procedure 1019. Mr. Juravin's case was re-converted from Chapter 11 to Chapter 7 almost one (1) year ago, on March 16, 2020. The MCO case was converted from Chapter 11 to Chapter 7 nearly nine (9) months ago, on May 29, 2020. Juravin has also failed to deliver property sold by the Trustee, and has categorically stated that he has no obligation to participate in MCO's 341 Meeting because the company was sold.

Consequently, the Trustee now seeks an Order compelling Juravin's attendance at the 341 Meetings, the production of the outstanding documents infra, the filing of the Rule 1019 disclosures, to obtain new counsel for MCO, turnover of the property sold by the Trustee, and awarding sanctions against Juravin and his counsel.

### 341 MEETINGS: THE DEBTOR'S HISTORY OF AVOIDANCE AND DELAY

1. The Trustee has held numerous 341 Meetings attempting to obtain the most basic information from Juravin necessary to more the cases forward. Juravin's improper actions have prevented the Trustee from concluding these fundamental, essential inquiries.

**A.  The February 15, 2021 341 Meeting.**

2. Juravin failed to appear at his 341 Meeting scheduled for February 15, 2021, even though he and his counsel first selected that date and coordinated it with the Trustee. On January 21, 2021, after numerous emails, Juravin, through counsel, stated that he was available for the 341 Meeting on February 15, 2021. Email correspondence is attached hereto as **Exhibit A**, (the most relevant portions highlighted).

3. The Trustee then confirmed the February 15 date stating that Zoom instructions for the Meeting would be circulated in the next week or so. **Exhibit A**.

4. The Trustee filed Notice of the 341 Meeting via Zoom [Doc. No. 438], advising that parties wishing to attend should contact him for the Zoom instructions.

5. On February 1, 2021, Juravin, through counsel Bartolone, requested a continuance of the 341 Meeting. Mr. Bartolone provided <u>no explanation</u> or rationale for the request, and gave <u>no indication</u> that Juravin would not or could not attend. *See*, email correspondence attached as **Exhibit B**, (the most relevant portions highlighted).

6. The Trustee denied the request because the 341 Meeting had already been noticed and the date was previously coordinated with Juravin and his counsel. **Exhibit B**.

7. On February 11, 2021, Mr. Bartolone contacted the Trustee requesting Zoom instructions for February 15th. This, naturally, signaled to the Trustee that Juravin would be

3

attending as planned. *See,* email correspondence attached as **Exhibit C**, (the most relevant portions highlighted).

8. On Monday, February 15, 2021, the 341 Meeting was held as scheduled. The Trustee traveled from Merritt Island to Orlando to meet with his special counsel, Jim Ryan, who traveled from South Florida so they could attend the Meeting together in person. Additional interested parties attending via counsel included Michael Mora for the Federal Trade Commission, David Landis for DCS Real Estate Investments, LLC, Will Matthews for Bella Collina Property Owner's Association, Inc., Catherine Molnar-Boncela for Karan Aurora, and Brad Saxton for the Trustee. A Hebrew interpreter was also standing by for Juravin.

9. Mr. Juravin failed to appear. Mr. Bartolone attended by Zoom and announced that his client would not be attending because he was, "otherwise occupied." <u>No other justification for the Juravin's failure to appear was provided</u>. Mr. Bartolone then admitted that since February 1, 2021, he was aware that his client would not be attending. Mr. Bartolone never conveyed this information to the Trustee.

10. The Declaration of Randall Greene is attached as **Exhibit D**, showing that Juravin was home at the time of the February 15, 2021 341 Meeting.

11. 11 U.S.C. § 343 and Federal Rule of Bankruptcy Procedure 4002 require a debtor to, "appear and submit to examination under oath," and cooperate with the trustee in, among other things, the administration of the estate. Juravin has failed to comply with his statutory duties. His failure to appear at the 341 Meeting reflects his flagrant disregard for the bankruptcy process and this Court.

12. Not only has Juravin boldly shirked his obligations, but by failing to appear (along with his counsel's failure to communicate that Juravin had no intention to appear), he and his counsel wasted the time and resources of the Trustee and his counsel. The harm caused is exacerbated by the Trustee's and his special counsel's travel to Orlando— not only to more-effectively confer but to more effectively avoid Juravin's frequent obfuscations, evasive responses, and requests for and intermittent use of a Hebrew translator.  These are among other antics in which Juravin engages, and which are designed to avoid giving any meaningful responses to the Trustee's and creditors' questions.

13. The Trustee's efforts were again wasted due to Juravin's failure to comply with his most basic obligations in the bankruptcy process and his counsel's facilitation of that inappropriate behavior.

**B.    Prior 341 Meetings.**

14. Don Juravin has a long history of attempting to frustrate and delay the Trustee's meaningful administration of the Estate.

15. The last time he gave testimony in a 341 Meeting in his case was May 7, 2020.  The Trustee has attempted to hold 341 Meetings since then.

<u>May 7, 2020</u>

16. During the May 7 Meeting, Juravin insisted on speaking through a Hebrew interpreter, allegedly because he does not understand English well enough to participate in the 341 Meeting.  Juravin's inability to fully participate in English is belied by his repeated interruptions and arguments with his interpreter. Juravin employed this tactic and his tried-and-true method of

5

using run-on, nonsensical, and nonresponsive answers to the Trustee's and creditors' legitimate questions.

17. The May 7, 2020 341 Meeting could not be concluded, and was continued to August 26, 2020.

<u>August 26, 2020 - Juravin and MCO Case Meetings</u>

18. The day before that rescheduled 341 Meeting, on August 25, 2020, Juravin, through counsel, filed a Motion to Continue claiming:

> The Debtor **will be traveling to Israel on August 26, 2020** for the Jewish high holidays and will return at the end of September.
>
> The Debtor requests that the Section 341 Meeting of Creditors be continued until at least October 1, 2020 to allow for his return from Israel.

Doc. No. 390, ¶¶ 7-8. Emphasis added.

19. Neither Juravin nor his counsel attended the August 26, 2020, 341 Meeting. The Trustee had no choice but to again continue the Meeting, resetting it to September 22, 2020.

20. The Trustee subsequently learned that the Debtor's representations to this Court and to the Trustee— that the Debtor would be traveling internationally from late August to October— were <u>demonstrably false</u>. *See,* **Exhibit D** Declaration of Randall Greene (the most relevant portions highlighted). Juravin remained in Florida during that entire period. **Exhibit D** at paragraphs 8-10 and supporting Exhibit 2.[1]

---

[1] The Debtor also tried to obstruct the 341 Meetings in the MCO bankruptcy case, in which he is the Company's corporate representative. *See*, paragraph 24, infra.

21. A 341 Meeting for the MCO Case was also scheduled for August 26, 2020. Amber Robinson, Esq., as counsel for MCO, appeared stating she was aware of the motion for continuance but did not have any additional information.

22. The Trustee repeated his request for documents and reports that MCO promised but failed to deliver. After explaining that Mr. Juravin was not being cooperative with her, Ms. Robinson stated her intention to withdraw from the MCO case. She moved to withdraw [Doc. No. 42] in the MCO case on August 26, 2020.

23. The Order granting withdrawal [Doc. No. 43] was entered September 18, 2020. MCO has not had an attorney of record since entry of the Order.

24. Since then, the Trustee has communicated to Mr. Juravin's personal attorney, Mr. Bartolone, that the Trustee considers Mr. Juravin to be the person with the most knowledge of the facts requiring inquiry in MCO's 341 Meeting and Trustee has tried to schedule both meetings to occur in tandem. Juravin refuses to attend based on MCO being sold to a third-party.

## OUTSTANDING TURN OVER DOCUMENTS

25. Mr. Juravin has likewise failed and refused to produce certain relevant documents to the Trustee, despite repeated requests for him to do so. In the Juravin case, because the IRS is a creditor, the Trustee requested six (6) years of personal and business tax returns and personal and business bank statements, among other things.

26. In February and March 2019, Trustee's counsel documented his requests to Juravin's prior counsel (Ms. Dell-Powell) with lists identifying items requested and those remaining outstanding. The correspondence is included as composite **Exhibit E**.

27. On June 19, 2019, Trustee's counsel sent a copy of that March 2019 correspondence with document list to Mr. Bartolone. *See*: **Exhibit F**, attached. The correspondence also shows that Trustee previously asked, and Juravin agreed to provide, an affidavit confirming Juravin's disclosure of all financial accounts in which he and his related companies had an interest during the six (6) years prior to the petition date. Trustee's counsel prepared an affidavit, asking that, "the Debtor review, amend, and supplement the affidavit as necessary and then execute and return to us." Juravin has failed to to do so. A copy of the proposed affidavit sent with the June 19 letter is attached as **Exhibit G**.

28. The outstanding documents requested to date include but are not limited to:

   a. Personal tax returns for 2012 - 2015.
   b. Any tax returns for Must Cure Obesity for 2012 – 2016 (received in MCO case only).
   c. Any tax returns for any of Juravin's other businesses.
   d. Any pay stubs.
   e. Information regarding any probate or trust estate in which Juravin had been a party within two years before the petition date.
   f. A copy of any marital settlement agreement, financial affidavit and divorce decree entered within 2 years prior to the date of petition.
   g. A closing statement of any personal injury claim within 2 years prior to the date of petition.
   h. Documents reflecting in any way receipt of income, monies, services, property, or any items of value, whether taxable or not.
   i. Documents related to the purchase, sale, or in any way reflecting the value of Debtor's personal property other than information about his vehicles.
   j. Documents related to any monies owed or loaned to or by Juravin other than his home mortgage and note; the note and UCC financing statement to Karan Arora;

     the note with Andrew Hill and the list of items for which Juravin allegedly agreed to reimburse his wife, Anna Juravin.

    k.  Documents relating to potential claims Juravin or his companies may have.

    l.  Documents related to Juravin's interest in any companies.

    m.  Documents relating to Juravin's or his companies' financial condition that have been provided to any other person or entity during the six (6) years prior to the petition date.

    n.  Bank statements and credit card statements requested but not previously produced (the statements requested are identified in the list included in **Exhibit E**; those that *were* produced are identified the proposed affidavit, **Exhibit G**.)

    29.    The MCO Case was filed under Chapter 11 but converted to Chapter 7 more than eleven months ago. Upon conversion the Trustee then requested tax returns for the two (2) years prior to petition, bank statements for six months prior to petition, any operating agreements and a copy of the reports required under Rule 1019.

    30.    Juravin, through MCO counsel Ms. Robinson, produced the tax returns and bank statements, but no operating agreements or reports required under Rule 1019 were produced.

    31.    During the June 30, 2020 MCO 341 meeting Ms. Robinson said the missing company documents and 1019 reports would be produced within a week. During the August 26, 2020 MCO 341 meeting me Ms. Robinson was asked the documents and reports had not been produced as promised and she said it was because Juravin had not kept his promise to her. She went on to say this was the reason she had decided to seek to withdraw as MCO's counsel. Her response supports a conclusion that an operating agreement and information sufficient to produce 1019 reports exist but have not been produced.

**FAILURE TO FILE RULE 1019 DOCUMENTS**

32. Mr. Juravin has failed to file the disclosures required by Federal Rule of Bankruptcy Procedure 1019 after his Chapter 11 case was reconverted to Chapter 7. Rule 1019 mandates that, if a Chapter 11 case is converted to Chapter 7, a debtor in possession shall, "file a schedule of unpaid debts incurred after the filing of the petition and before conversion of the case, including the name and address of each holder of a claim," within 14 days of conversion, and file a final report and account with the Trustee within 30 days of conversion. *Fed. R. Bankr. P.* 1019 5(A)(i), (ii).

33. The Debtor's case converted from Chapter 7 to Chapter 11 on September 16, 2019. The case was reconverted to Chapter 7 on March 13, 2020.

34. Accordingly, the Debtor was required to file the schedule of unpaid debts incurred while he proceeded under Chapter 11, **on or before March 27, 2020**. He was required to file his final report and account **on or before April 12, 2020**. Again, Trustee's requests to Juravin and MCO for these reports have been ignored.

**FAILURE TO TURN OVER SOLD ASSETS**

35. This Court entered a Final Order Granting Motion to Approve Sale of Assets Subject to Overbid and for Approval of Overbid Procedures [Doc. 392]; the Trustee then sold the assets identified in the Order, including two (2) vehicles, three (3) entities and all of Juravin's interests in his websites, blogs and social media accounts.

36. **Exhibit H** includes correspondence with Juravin's counsel attempting to facilitate delivery of the sold property to the purchaser. It also shows Juravin represented by omission that MCO did not have any computers and that the all of the sold entities' records consisted of a couple boxes of documents.

37. The Declaration of Randall Greene shows that a courier was sent to Mr. Bartolone's office on behalf of the purchaser, Wilmington Financial Services, LLC, (Wilmington) to pick up those "couple boxes" of documents, but received only one box, slightly larger than a shoe box, just over one-half full. **Exhibit D** at paragraph 19.

38. Juravin demanded that the vehicles be retitled before he would turn over possession. After Trustee cause the Mercedes lien to be paid so the title to both vehicles could be signed over, Juravin finally agreed deliver possession of the two (2) vehicles. However, before turning them over he caused, or allowed, them to be destroyed. Mr. Greene's Declaration shows that the repair estimates for the damage caused by Juravin exceeds $105,000.00. **Exhibit D** at paragraphs 15-16 and supporting Exhibits 3, 4.

39. Mr. Greene's Declaration also shows that Juravin has failed to turn over any of the social media accounts, websites or blogs that were sold. **Exhibit D** at paragraph 20.

40. The Trustee cannot say with certainty what documents each of the sold entities have. Nonetheless, it is clear that MCO *should have*, for example: Vendor agreements, customer/sales records, inventory records, ledgers, agreements with professionals (accountant, attorney), trademark registration records, a balance sheet, correspondence, employment/confidentiality agreements, insurance policy(ies), corporate formation and maintenance documents, records for the purchase / lease of warehouse space, office equipment, and tax returns. All such documents are the property of the sold entities and should have been turned over.

41. At the February 15, 2021 341 Meeting, Mr. Bartolone was asked about these items and noted that Juravin had delivered two (2) boxes of documents to his office, which were then consolidated into the one box received by Wilmington due to the small amounts in each.

42. Mr. Greene's Declaration shows that the box contains a list of customers that was turned over to the FTC, but there are no details about any transactions with any of those customers. A few bank statements and Juravin's homeowners' insurance policy were included, but none of the documents one would expect to find as set forth in paragraph 41 above were included for any of the entities. **Exhibit D** at paragraph 19.

43. Juravin's refusal to turn over the sold assets may be causing irreparable harm. For example, to the extent the vehicles are insured and the policy requires a timely notice of claim, Juravin's refusal to turn over the records of the sold entities could prevent recovery under such a policy.

## SANCTIONS AGAINST THE DEBTOR AND HIS COUNSEL

44. Finally, the Trustee requests an award of sanctions against the Debtor and his counsel for their unwarranted, flagrant abuse of the bankruptcy system, evidenced by: The Debtor's failure to attend the February 15, 2021 341 Meeting, false representations to the Court and Trustee of his inability to attend previous 341 Meetings, failure to timely produce documents to the Trustee, failure to file the documents required by *Fed. R. Bankr. P.* 1019, and Debtor's counsel role in enabling his client to flout his obligations. *Fed. R. Civ. P.* 37; *Fed. R. Bankr. P.* 9014; 28 U.S.C. § 1927; 11 U.S.C. § 105; *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304, 1310 (11th Cir. 2008) (Sanctions may be imposed under the Bankruptcy Court's inherent authority).

45. "A primary purpose of Rule 37 sanctions is to deter further abuse of discovery." *In re Bimini Island Air, Inc.*, 355 B.R. 358, 360 (Bankr. S.D. Fla. 2006) (citing *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538 (11th Cir. 1985). These sanctions are also imposed to prevent unfair prejudice and ensure the integrity of the discovery process. *See, U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 674 (M.D. Fla. 2008). If a court grants a motion to compel, it must direct the offending person to compensate the movant for, "reasonable expenses incurred in making the motion, including attorney's fees," except in certain limited circumstances, none of which apply here. Fed. R. Civ. P. 37(a)(5)(A). *See e.g., Poleon v. Lines,* 614-cv-2034-0RL-40TBS, 2016 WL 1030803, at *2 (M.D. Fla. Mar. 15, 2016); *Kingsbury v. Notter Sch. of Culinary Arts, LLC,* 614-cv-234-0RL-18TBS, 2014 WL 12625099, at *1 (M.D. Fla. July 7, 2014).

46. The Trustee therefore requests this Court to determine that he is entitled to an award of sanctions against the Debtor and his counsel, including without limitation, an award of the Trustee's reasonable expenses incurred in making this Motion, the time he and his counsel spent preparing for the February 15, 2021 341 Meeting and traveling to Orlando to conduct it, and the expense of obtaining a Hebrew interpreter. In the event the Court makes a determination of entitlement, the Trustee requests a subsequent hearing to determine the amount of those sanctions and to submit the appropriate documentation detailing those amounts.

## TIME REQUESTED FOR HEARING

47. The Trustee requests that this Motion be heard on an <u>expedited basis</u> and estimates approximately **30** minutes will be needed.

WHEREFORE, Dennis D. Kennedy, Chapter 7 Trustee, respectfully requests entry of an order as follows:

a. Granting this Motion;

b. Compelling the Debtor to Attend a 341 Meeting, via Zoom, to occur no more than 15 days after entry of the order;

c. Compelling the Debtor to produce each of the documents identified herein within five (5) days after entry of the order;

d. Compelling the Debtor to file the documents required by Rule 1019 within five (5) days after entry of the order;

e. Determining that the Trustee is entitled to an award of sanctions against the Debtor and his counsel, setting a subsequent hearing to determine the amount thereof; and

f. Awarding any other relief the Court deems just and proper.

Dated: February 24, 2021.

Respectfully submitted,

/s/*James D. Ryan*
**James D. Ryan, Esq.**
Florida Bar No. 0976751
jdr@ryanlawgroup.net
sue@ryanlawgroup.net
lauren@ryanlawgroup.net
**Ryan Law Group, PLLC**
636 U.S. Highway One, Suite 110
North Palm Beach, FL 33408
Main: (561) 881-4447   Fax: (561) 881-4461
*Special Counsel to Dennis D. Kennedy, Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 24, 2020, a true copy of the foregoing has been served via CM/ECF to: **Office of the United States Trustee**, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801; **Aldo G. Bartolone, Jr., Esq.**, Bartolone Law, PLLC, 1030 North Orange Avenue, Suite 300, Orlando, FL 32801

/s/*James D. Ryan*
James D. Ryan, Esq.

14