UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DON KARL JURAVIN,

      Debtor.

_____/

DON KARL JURAVIN,
Case No. 6:18-bk-06821-KSJ
MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-KSJ

      Applicable Debtors.

_____/

Chapter 7

Case No. 6:18-bk-06821-KSJ

Case No. 6:20-bk-01801-KSJ

*Jointly Administered with*
Case No. 6:18-bk-06821-KSJ

## TRUSTEE'S MOTON TO COMPEL
## HAL HERSHKOWITZ AND HERSHKOWITZ & KUNITZER, P.A. TO COMPLY
## WITH RULE 2004 SUBPOENA FOR PRODUCTION OF DOCUMENTS

Dennis D. Kennedy, Chapter 7 Trustee (*Trustee*) for the Estate of Don Karl Juravin (Case No. 6:18-bk-06821-KSJ) and the Estate of Must Cure Obesity, Co. (Case No. 6:20-bk-01801-KSJ), moves this Court for an order compelling Hal Hershkowitz and Hershkowitz & Kunitzer, P.A. (cumulatively, CPA or Hershkowitz), to produce documents requested in the Subpoena for Rule 2004 Examination previously served on March 01, 2019, and in support the Trustee states:

1.      Just over two years ago, the Trustee gave notice of intent to serve a Rule 2004 subpoena on Hal E. Hershkowitz and his firm Hershkowitz & Kunitzer, P.A. [Doc. 57], accountant for Juravin and, inter alia, various Juravin Related Entities. The subpoena was served on March 1, 2019. The Debtor, Don K. Juravin, (Juravin), objected, moved to quash and for a protective

order [Doc. 72], and the Trustee Responded [Doc. 86].  The matter was heard on June 11, 2019 by

Judge Jackson, resulting in the entry of an Agreed Order [Doc 135 dated June 26, 2019].   The

Agreed Order is attached as **Exhibit 1**.

2.      <u>Hershkowitz was required to comply with the Agreed Order by July 24, 2019</u>, by

producing, "any and all documents and communications within their custody, possession, or

control relating to the Debtor's business or financial affairs, lawsuits, or money for the two (2)

year period prior to the petition date of October 31, 2018." This included, "all business entities in

which the Debtor was involved in any capacity whatsoever." [1]  **Exhibit 1** at decretal paragraph 2.

3.      Any claims of privilege were required to be submitted to the Trustee in a privilege

log that, "separately identifies each document for which privilege is asserted." [2] **Exhibit 1** at

decretal paragraph 3.

4.      On July 16, 2019, counsel for the Trustee sent Mr. Hershkowitz a certified letter

reminding him of his duty to turnover of the responsive documents.  The letter included courtesy

copies of the Subpoena and Agreed Order, and gave the accountant ***another* 28 days** to comply,

---

Full text of Agreed Order decretal paragraphs 2, 3:

[1]     2.      The Accountants shall provide the Trustee any and all documents
        and communications within their custody, possession, or control relating to
        the Debtor's business or financial affairs, lawsuits, or money for the two (2)
        year period prior to the petition date of October 31, 2018 (the
        "Documents"). This production includes Such production shall be made
        within 28 days of the date of this Order.

[2]     3.      If any Accountant claims that any Document otherwise responsive
        should be withheld from production due to a claim of privilege, the
        Accountant shall provide the Trustee with a privilege log which separately
        identifies each document for which privilege is asserted.

bringing the deadline to August 13, 2019.  The extended grace period came with a **warning** that failure to comply would result in enforcement actions taken. *See*: **Exhibit 2**, attached [letter only].

5.      On March 02, 2021, Mr. Ryan, as special counsel to the Trustee, called Mr. Hershkowitz to discuss his failure to comply with the ordered discovery.  A confirming email from counsel Ryan to Mr. Hershkowitz is attached as **Exhibit 3**[3].  Courtesy copies of the Subpoena and Agreed Order were again sent to the Hershkowitz.

6.      Mr. Hershkowitz's primary reason alleged for his noncompliance was that it involved a lot of work— work that he believes will go unpaid.  He described "piles" and "boxes" of documents, and many more records for Juravin and his various entities that are electronically stored on his own server and in cloud and drop box locations. Hershkowitz confirmed he is unwilling to immediately produce them based on his stated beliefs that: 1) Compliance is too time consuming due to the volume of the work involved, and 2) Mr. Juravin may sue him for turning over the information.  Hershkowitz further stated that he would talk with Juravin and get back to Mr. Ryan.

7.      Mr. Hershkowitz also disclosed that he prepared a number of reports for Juravin and MCO while under Chapter 11, but was not paid for the work.  He asked Mr. Ryan whether the Trustee wanted those reports, but did not agree to produce them.

8.      Mr. Hershkowitz's reasons for noncompliance are not well founded.  The issues were considered by this Court as reflected by the Agreed Order.  What's more, public records prove that Mr. Hershkowitz continued performing billable work for the Juravins well after he was required to comply with the Subpoena.

---

[3] Identification of typographical error added (*[sic]* ).

9.      Mr. Hershkowitz has been advised that the Trustee sold Juravin entities Must Cure Obesity Co., [MCO], Roca Labs Nutraceutical USA, Inc., and Juravin, Inc., eliminating the Juravin's standing to object to production of records belonging to those entities.  Accordingly, the CPA-client privilege for the Sold Entities now belongs to their new owner, Wilmington Financial Services, LLC, [Wilmington] and not Mr. Juravin.

10.     Mr. Hershkowitz has been advised that Wilmington has waived any and all objection to the production of the entities' information to the Trustee.

11.     As of the time of filing this motion Mr. Hershkowitz has not responded to the March 2, 2021 confirming email.

12.     The Trustee requires the Court's assistance in compelling Mr. Hershkowitz to produce:

A.  Any communications and documents relating to any agreement between Hershkowitz and the Debtor, and/or the Related Companies, for payment of any services rendered or to be rendered by Hershkowitz from September 1, 2012, through the present date.

B.  Any and all communications and documents relating to any work performed or to be performed, or services rendered or to be rendered, by Hershkowitz to or for the benefit of the Debtor or the Related Companies, including without limitation, billing statements, bills, invoices, and receipts for the two (2) year period prior to the petition date of October 31, 2018 through the present date.

C.  Any and all communications and documents to, from, by, among, or between Hershkowitz and the Debtor or the Related Companies for the two (2) year period prior to the petition date of October 31, 2018 through the present date.

D.  Any and all documents and communications to, from, by, among, or between Hershkowitz and any other person or entity referring, relating, or pertaining to the Debtor or the Related Companies for the two (2) year period prior to the petition date of October 31, 2018 through the present date.

E.  Any and all documents and communications prepared by Hershkowitz to, from, for, on behalf of, or for the benefit of the Debtor, or the Related Companies, including without limitation tax returns, for the two (2) year period prior to the petition date of October 31, 2018 through the present date.

F.   Hershkowitz's complete files relating to the Debtor or the Related Companies for the two (2) year period prior to the petition date of October 31, 2018 through the present date.

13.      Notice of hearing [03/24/2021 at 01:00 PM] accompanies this Motion.

WHEREFORE, Dennis D. Kennedy, Chapter 7 Trustee, respectfully requests that the Court enter an order requiring production of the items stated within five [5] days of entry of the order, that Mr. Hershkowitz appear for a Rule 2004 examination within 10 days after production of the materials, and any other relief necessary.

Dated: March 08, 2021.                    Respectfully submitted,

/s/ JAMES D. RYAN
**JAMES D. RYAN, ESQ.**
FLORIDA BAR NO. 0976751
JDR@RYANLAWGROUP.NET
SUE@RYANLAWGROUP.NET
LAUREN@RYANLAWGROUP.NET
**RYAN LAW GROUP, PLLC**
636 U.S. HIGHWAY ONE, SUITE 110
NORTH PALM BEACH, FL 33408
MAIN: (561) 881-4447  FAX: (561) 881-4461
*SPECIAL COUNSEL TO DENNIS D. KENNEDY, TRUSTEE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **March 08, 2021**, a true copy of the foregoing Motion to Compel has been served as indicated by CM/ECF or by U.S. Mail:

- **CM/ECF**
  - United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801
  - Aldo G. Bartolone, Jr., Esq., Bartolone Law, PLLC, 1030 North Orange Avenue, Suite 300, Orlando, FL 32801
  - All interested parties registered

- **U.S. Mail**
  Hal E. Herskowitz, Hershkowitz & Kunitzer, PA, 5039 Central Ave, St. Petersburg, FL 33710; *also by email to*:  Hal@hk-cpas.com

/s/ JAMES D. RYAN
JAMES D. RYAN, ESQ.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                            Chapter 7

DON KARL JURAVIN,                                 Case No. 6:18-bk-06821-KSJ

    Debtor.                                   Case No. 6:20-bk-01801-KSJ

_____/                        *Jointly Administered with*
                                                  Case No. 6:18-bk-06821-KSJ
DON KARL JURAVIN,
Case No. 6:18-bk-06821-KSJ
MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-KSJ

    Applicable Debtors.
_____/

## <u>NOTICE OF PRELIMINARY HEARING</u>

NOTICE IS GIVEN THAT:

    1.    A preliminary hearing in this case will be held on **Wednesday, March 24, 2021, at 01:00 p.m.** in Courtroom 6A, 6th Floor, George C. Young Courthouse, 400 W. Washington Street, Orlando, Florida 32801on the following matter:

    **Trustee's Moton To Compel Hal Hershkowitz and Hershkowitz & Kunitzer, P.A. to Comply with Rule 2004 Subpoena for Production of Documents**

    2.    The Court may continue this matter upon announcement made in open court without further notice.

    3.    Any party opposing the relief sought at this hearing must appear at the hearing or any objections or defenses may be deemed waived.

    4.    All persons entering the Courthouse are required to wear an appropriate mask and to respect social distancing protocols intended to avoid the spread of the COVID virus.

    5.    Those participants wishing to remotely attend this hearing may appear by Zoom. Instructions and procedures for video hearings will be provided.

Dated:  March 8, 2021.                    Respectfully submitted,

/s/*JAMES D. RYAN*
JAMES D. RYAN, ESQ.
FLORIDA BAR NO. 0976751
JDR@RYANLAWGROUP.NET
SUE@RYANLAWGROUP.NET
LAUREN@RYANLAWGROUP.NET
**RYAN LAW GROUP, PLLC**
636 U.S. HIGHWAY ONE, SUITE 110
NORTH PALM BEACH, FL 33408
MAIN: (561) 881-4447  FAX: (561) 881-4461
*SPECIAL COUNSEL TO DENNIS D. KENNEDY, TRUSTEE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **March 08, 2021**, a true copy of the foregoing Notice of Hearing has been served as indicated by CM/ECF or by U.S. Mail:

- **CM/ECF**
  - United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801
  - Aldo G. Bartolone, Jr., Esq., Bartolone Law, PLLC, 1030 North Orange Avenue, Suite 300, Orlando, FL 32801
  - All interested parties registered

- **U.S. Mail**
  Hal E. Herskowitz, Hershkowitz & Kunitzer, PA, 5039 Central Ave, St. Petersburg, FL 33710; *also by email to*:  Hal@hk-cpas.com

/s/*JAMES D. RYAN*
JAMES D. RYAN, ESQ.