ORDERED.

**Dated:  March 09, 2021**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DON KARL JURAVIN,

    Debtor.

_____/

DON KARL JURAVIN,
Case No. 6:18-bk-06821-KSJ

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-KSJ

    Applicable Debtors.

_____/

Chapter 7

Case No. 6:18-bk-06821-KSJ

Case No. 6:20-bk-01801-KSJ

*Jointly Administered with*
Case No. 6:18-bk-06821-KSJ

## ORDER GRANTING TRUSTEE'S MOTION [Doc. 442]
## TO COMPEL AND FOR SANCTIONS

THIS CASE came for consideration at remote video hearing on March 4, 2021, on the

Trustee's expedited Motion (Doc. 442) to compel the Debtor, DON KARL JURAVIN (Juravin),

personally and on behalf of debtor entity Must Cure Obesity, Co. (MCO) to: Comply with the

Trustee's requests for production of documents, file the disclosures required by Rule 1019, Federal

Rules of Bankruptcy Procedure, attend the examinations pursuant to 11 U.S.C. §341, turnover assets sold by the Trustee to Wilmington Financial Services, LLC pursuant to *Final Order, Granting Motion to Approve Sale of Assets Subject to Overbid and for Approval of Overbid Procedures* [Doc. 392] (Sold Assets), and for sanctions.  After considering the Motion, argument of counsel and being otherwise fully advised in the premises:

It is **ORDERED** that the Motion (Doc. 442) is GRANTED as follows:

1.      Mr. Juravin shall produce the following to the Trustee no later than 5:00 PM on March 19, 2021:

   a.  All personal tax returns for the years 2012, 2013, 2014 and 2015;

   b.  For any private business entity that Juravin owned in whole or in part as of October 31, 2018 (Related Companies), all tax returns for the years 2012 through 2018;[1]

   c.  All of Juravin's pay stubs for the six (6) year period ending October 31, 2018.

   d.  All information concerning any probate or trust estate in which Juravin was a party within the two years prior to October 31, 2018;

   e.  A copy of any marital settlement agreement, financial affidavit, consent divorce decree, and/or final judgment in a domestic relations case that Juravin entered into within the two years prior to October 31, 2018;

   f.  A copy of any closing statement from personal injury claims by Juravin within the two years prior to October 31, 2018;

   g.  All documents reflecting any income, monies, services, property, or items of value, whether taxable or not, received by Juravin or MCO within the two years prior to October 31, 2018;

---

[1] The Trustee confirms the receipt of MCO tax returns for 2017 and 2018; Juravin is therefore obligated to deliver MCO tax returns for years 2012, 2013, 2014, 2015 and 2016.

h.  All documents related to the purchase or sale by, or the value of, personal property of Juravin or MCO within the two years prior to the petition date, excluding information about Juravin vehicles;

i.  All documents related to any monies owed or monies loaned to or by Juravin, excluding the mortgage and note on the Pendio Drive home, and excluding the UCC financing statement to Karan Arora;

j.  Juravin's note with Andrew Hill;

k.  The list of items and amounts for which Juravin allegedly agreed to reimburse his wife, Anna Juravin.

l.  All documents relating to potential claims that Juravin or any of his Related Companies may have.

m.  All documents related to the interests of Juravin or MCO in any corporations, companies, joint ventures, partnerships, trusts or any other investment including but not limited to articles of incorporation, operating agreements, shareholder agreements, share or membership interest certificates, and trust agreements for the Related Companies;

n.  All documents related to the financial condition of Juravin or his Related Companies that were provided to any other person or entity during the six (6) years prior to October 31, 2018;

o.  Bank statements and credit card statements requested from Juravin but not previously produced. Alternatively, Juravin may execute the affidavit previously submitted to him attached to the instant motion as Exhibit G provided that it is notarized and sworn or declared under penalty of perjury.

2.  Mr. Juravin shall turnover all Sold Assets to the Trustee no later than 5:00 PM on March 19, 2021. This shall include all property owned by any entity that was sold, including but not limited to account names, passwords, and all information required to allow access to or control of all accounts in which documents, records or electronic communications of the Sold Entities are stored; account names, passwords and all information required to allow access to or control of all

blogs and social media accounts that were sold; copies of insurance policies for the two (2) vehicles that were sold; all furniture, fixtures or equipment belonging to the Sold Entities as of July 2, 2020.

3.      Juravin and MCO shall file or deliver their Rule 1019 reports no later than 5:00 PM on March 19, 2020.

4.      Juravin shall attend his 341examination in his chapter 7 case in person on March 24, 2021, at 9:30 am held in the George C. Young Federal Bldg., 400 W. Washington Street, 6th floor, Orlando, FL 32801. Notification designating the room in which the examination will be held will be sent prior to the examination.

5.      Juravin shall attend the 341examination in MCO's chapter 7 case in person on March 24, 2021, starting either immediately after the 341 examination in his case, or at 10:30 am, whichever is later.  The examination shall occur in the same location.

6.      The parties shall return before this Court on March 24, 2021, at 1:00 pm, George C. Young Federal Bldg., 400 W. Washington Street, 6th floor, Courtroom 6A, Orlando, FL 32801, to report on the status of Debtors' compliance with this Order.

7.      All persons entering the Courthouse are required to wear to wear an appropriate mask and to respect social distancing protocols intended to avoid the spread of the COVID virus.

8.      Creditors may remotely attend the 341 examinations and/or the 1:00 PM hearing by Zoom. Instructions will be provided.

9.      The Court has deferred its ruling on the Trustee's request for sanctions, but Mr. Juravin is cautioned that his willful failure to comply with this order could result in incarceration for civil contempt, an order requiring him to surrender his passport(s) and/or monetary sanctions.

Attorney James Ryan is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.