UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DON KARL JURAVIN,

    Debtor.

_____/

DON KARL JURAVIN,
Case No. 6:18-bk-06821-KSJ

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-KSJ

    Applicable Debtors.

_____/

Chapter 7

Case No. 6:18-bk-06821-KSJ

Case No. 6:20-bk-01801-KSJ

*Jointly Administered with*
Case No. 6:18-bk-06821-KSJ

**REQUEST FOR EXPEDITED CONSIDERATION AT HEARING SET FOR MARCH 24, 2021 AT 1:00 PM**

**TRUSTEE'S MOTON TO COMPEL DEBTOR COMPLIANCE
WITH ORDER [Doc. 449] AND FOR SANCTIONS**

Dennis D. Kennedy, Chapter 7 Trustee (*Trustee*) for the Estate of Don Karl Juravin (Case No. 6:18-bk-06821-KSJ) and the Estate of Must Cure Obesity, Co. (Case No. 6:20-bk-01801-KSJ), moves this Court for an order compelling the Debtor, Don Karl Juravin (*Juravin*) to comply with this Court's March 09, 2021 Order [Doc. 449[1]] Granting Trustee's Motion [Doc. 442] To Compel and For Sanctions. In support hereof, the Trustee states:

---

[1] https://ecf.flmb.uscourts.gov/doc1/046181938580

1.      This Court ordered Mr. Juravin to produce documents and property to the Trustee no later than 5:00 PM, March 19, 2021.

2.      Mr. Juravin produced files via Dropbox consisting of 237 jpg. images [in two folders titled *Websites* & *Websites 2*], many repetitive, that are nothing more than screen shots & web captures of content used by Juravin on his various websites and on social media platforms. He also produced the following pdf. files:

> 2012 Tax Return, Don Juravin
>
> 2013 Form 8949, Sales and Other Dispositions of Capital Assets, Parts 1 through 14 (this group of documents includes approximately 1,000 pages— 52 of which **are not** Form 8949 documents **and none of which** are a personal or business tax return)
>
> 2014 Schedule K-1, Roca Labs Nutraceutical (RLN)
> 2014 Tax Return, Don Juravin, Anna Juravin
> 2014 Tax Return, Must Cure Obesity (2)
> 2014 Tax Return, Must Cure Obesity
> 2014 Tax Return, Roca Labs (**mislabeled** – actually a second copy of the RLN Return)
> 2014 Schedule K-1, Must Cure Obesity
>
> 2015 Tax Return, Don Juravin, Anna Juravin
> 2015 Tax Return, Juravin Inc.
> 2015 Tax Return, Must Cure Obesity
> 2015 Tax Return, Roca Labs Nutraceutical
>
> 2016 Form 8879-A, Juravin, Inc.
> 2016 Form 8879-S, Must Cure Obesity Co.
>
> 2018 Form 8879-S Return for Juravin, Inc.
> 2018 Form 1120S Return Summary, Juravin, Inc.
> 2018 Form 8879-S Return for Must Cure Obesity (2)
> 2018 Form 8879-S Return for Must Cure Obesity (This one includes the MCO 2018 Tax Return).
> 2018 Schedule K-1, Juravin, Inc.
> 2018 Schedule K-1, Must Cure Obesity
>
> Ameritrade, Acct.# xxxxxx462, Don Juravin
>
> Ally Bank, checking acct xxxxxx9879, Don Juravin [2017]
> Chase Bank, Acct. #xxxxxxxxxx3115, Roca Labs Nutraceutical USA
> Chase Bank, Acct. xxxxxxxxxxxx7834, Don Juravin
> Mainstreet Community Bank Checking Account, Juravin Inc., 1.29.21
> Fifth Third Bank, Acct. xxxxxx4858, Don Juravin
> TD Bank, Acct. No. xxxxxx1107, Don Juravin
>
> Employment Agreement between Juravin, Inc. and Don Juravin, Jan. 6, 2016

Employment Agreement between Must Cure Obesity and Roca Labs Nutraceutical USA, Inc., Oct.1, 2017

Promissory Note, December 28, 2017, $180,000 Shay Zuckerman

Promissory Note, December 28, 2017, $172,000 Shay Zuckerman includes copy of notice of commencement Bella Collina home

Proof of Claim, Shay Zuckerman $172,000

Debtor's Release of Information to Trustee executed 3/19/2021 (authorizes release of documents previously given to the FTC)

Twitter and Facebook accounts for Don Karl Juravin, user names and passwords

3. The documents the Debtor was ordered to produce and his production deficiencies are as follows:

a. All personal tax returns for the years 2012, 2013, 2014 and 2015;

   **No Personal tax return for 2013 has been produced**.

b. For any private business entity that Juravin owned in whole or in part as of October 31, 2018 (Related Companies), all tax returns for the years 2012 through 2018;

   **The following Tax Returns are missing as to each entity**:

   - ROCA Labs, Inc., 2012, 2013, 2014, 2015, 2016, 2017, 2018.
   - ROCA Labs Nutraceutical USA Inc., been2016, 2017, 2018 (Debtor reinstated this company in 2014).
   - Juravin Inc., 2013, 2014, 2016, 2017, 2018 (Debtor reinstated this company in 2013).
   - Must Cure Obesity Co., 2016 (Debtor reinstated this company in 2014).

c. All of Juravin's pay stubs for the six (6) year period ending October 31, 2018.

   **None produced and no explanation has been given**.

d. All information concerning any probate or trust estate in which Juravin was a party within the two years prior to October 31, 2018;

   **None produced and no explanation has given.**

e. A copy of any marital settlement agreement, financial affidavit, consent divorce decree, and/or final judgment in a domestic relations case that Juravin entered into within the two years prior to October 31, 2018;

   **None produced and no explanation has been given.**

f.  A copy of any closing statement from personal injury claims by Juravin within the two years prior to October 31, 2018;

>   **None produced and no explanation has been given.**

g.  All documents reflecting any income, monies, services, property, or items of value, whether taxable or not, received by Juravin or MCO within the two years prior to October 31, 2018;

>   **Although no documents are identified as responsive to this request, documents for four (4) of Juravin's personal bank accounts, one of Juravin's Ameritrade account, and various tax documents appear to be partially responsive. No explanation has been given**.

h.  All documents related to the purchase or sale by, or the value of, personal property of Juravin or MCO within the two years prior to the petition date, excluding information about Juravin vehicles;

>   **None produced and no explanation has been given**.

i.  All documents related to any monies owed or monies loaned to or by Juravin, excluding the mortgage and note on the Pendio Drive home, and excluding the UCC financing statement to Karan Arora;

>   **Debtor produced documents relative to the Shay Zuckerman Proof of Claim, but no documents supporting the Noam Ben-Zvi claim were produced**, and no explanation was given.

j.  Juravin's note with Andrew Hill;

>   **Not produced and no explanation has been given**.

k.  The list of items and amounts for which Juravin allegedly agreed to reimburse his wife, Anna Juravin.

>   **Not produced and no explanation has been given.**

l.  All documents relating to potential claims that Juravin or any of his Related Companies may have.

>   **Despite listing numerous potential claims in his schedule no documents were produced and no explanation has been given**.

m.  All documents related to the interests of Juravin or MCO in any corporations, companies, joint ventures, partnerships, trusts or any other investment including but not limited to articles of incorporation, operating agreements, shareholder

agreements, share or membership interest certificates, and trust agreements for the Related Companies;

**None produced and no explanation has been given.**

n. All documents related to the financial condition of Juravin or his Related Companies that were provided to any other person or entity during the six (6) years prior to October 31, 2018;

**Even though Juravin used his entities to acquire vehicles that were or are financed, no documents were produced and no explanation has been given.**

o. Bank statements and credit card statements requested from Juravin but not previously produced. Alternatively, Juravin may execute the affidavit previously submitted to him attached to the instant motion as Exhibit G provided that it is notarized and sworn or declared under penalty of perjury.

**Debtor has not produced any statement for the account that he previously acknowledged was opened in Ireland, and no explanation has been given; Debtor did produce documents from Ally Bank, Chase Bank, Fifth Third Bank, TD Bank and Ameritrade.**

4. Notably, mixed within the produced documents labeled, "2013 Form 8949," there are two [2] Form 6252 documents reflecting Debtor's substantial installment sales:

- "various trademarks" listed as sold for $ 15,000,000.00, dated January 1, 2013;

and

- "Gastric By-Pass Alternative Formula," dated January 7, 2012, **no** sale price listed

The "Gastric By-Pass Alternative Formula" sale price of $ 26,379,086.00 is not disclosed on that Form 6252. It is disclosed on a *separate* 6252 Form titled "Installment Sale History" dated July 15, 2015. On that date the Debtor documented that the balance due on that Installment Sale agreement was $20,638,525.00.

5. This Court ordered Mr. Juravin to turn over all remaining Sold Assets including:

> all property owned by any entity that was sold, including but not
> limited to account names, passwords, and all information required
> to allow access to or control of all accounts in which documents,

> records or electronic communications of the Sold Entities are stored; account names, passwords and all information required to allow access to or control of all blogs and social media accounts that were sold; copies of insurance policies for the two (2) vehicles that were sold; all furniture, fixtures or equipment belonging to the Sold Entities as of July 2, 2020.

(Doc. 449 at p.3, decretal paragraph 2).

6. It is clear the Sold Entities should have more in the way of business records that have not been produced and access to an account where such documents are stored because it is known that the Debtor's weight loss business entities continued to use the mark *Gastric By-Pass Alternative* and continued selling its *specially formulated weight loss products*, and because the Debtor clearly put significant value on these marks and formulations. The documents would include, for example, mark registrations and assignment documents, installment sale agreements, documents regarding the development and ownership of the proprietary formulation, articles of organization, operating/shareholder agreements, confidentiality agreements and communications.

7. Mr. Juravin also delivered a small amount of worthless junk, a photograph of which is attached as **Exhibit 1**. Each item is listed below:

1 Samsung computer screen

1 Samsung Chromebook laptop (appears to be broken)

2 older modems

2 computer speakers

Numerous non-matching power cords

Several cable cords (HDMI)

Numerous broken computer and phone head sets

1 broken older google phone

1 chrome cast puck (**box has roach smeared feces on it**)

1 T-Mobile LTE hotspot

1 Samsung hub

1 Cisco modem

2 clear plastic containers of powders

1 small box containing numerous carbon copies of checks from MCO, Juravin, Inc., Zero Calorie Labs dated from 2013 to 2015

A few check books for the referenced companies on what appear to be closed Bank of America accounts.

8.  Debtor's businesses have relied, and continue to rely, heavily if not exclusively on the internet for marketing and sales. The screen shots and web captures produced largely contain graphics. Accordingly, it is reasonable to infer that the sold entities likely owned and used Apple computing products, or if not Apple then similarly sophisticated computers and hardware. In other words, Debtor was not and is not doing business with an old, broken Samsung Chromebook, and his failure to deliver a single computer capable of doing such work without any explanation is disingenuous.

9.  <u>Social Media Accounts</u>: Debtor delivered the user names and passwords for the Twitter and Facebook accounts in his own name, Don K Juravin. As noted in paragraph 2 above, Juravin also produced screen shot and web capture images of content he used on his various websites and on various social media platforms. Debtor has not affirmatively confirmed that these are his only two (2) social media accounts, or that these are the only internet accounts controlled by the Sold Entities. Further, he has not disclosed the account names or passwords for the accounts/websites on which the produced images appear. After the Court's March 19, 2021 deadline for compliance passed, Juravin made new posts using accounts he controlled when he filed this case. Examples can be found online: https://www.facebook.com/Bella.collina.reviews/ .[2]

---

[2] About two weeks ago, March 8, 2021, in *DCS Real Estate Investments LLC, et al v. Juravin*, case no. 2017-CA-0667, (Fla. 5th Cir., Lake County), Mr. Juravin testified that he gave up control of his accounts during the time this case was pending. In the state case, DCS, The Club

10. <u>Insurance policies for the sold vehicles (Mercedes SUV & Jeep Wrangler)</u>: **None were delivered, and no explanation was given**.

11. Mr. Juravin, and Must Cure Obesity, Co. (MCO) by Mr. Juravin, were required to file or deliver their Rule 1019 reports to the Trustee no later than 5:00 PM, March 19, 2021 (Doc. 449 at p.4, decretal paragraph 3).  Mr. Juravin filed his 1019 report listing one account, Amex; **No report on behalf of MCO was filed or delivered and no explanation was given**.

12. Mr. Juravin was required to file the MCO 1019 report well before it was sold by the Trustee.  His argument that he is not required to do anything on behalf of MCO because it was sold is without merit.

13. <u>Sanctions Against the Debtor</u> – The Court previously reserved ruling on sanctions:

> The Court has deferred its ruling on the Trustee's request for sanctions, but Mr. Juravin is cautioned that his willful failure to comply with this order could result in incarceration for civil contempt, an order requiring him to surrender his passport(s) and/or monetary sanctions.

(Doc. 449 at p.4, decretal paragraph 9).

---

at Bella Collina, and Randall Greene are is suing Juravin for defamatory posts on his websites, blogs and social media accounts. He testified:

> JUDGE MOSLEY: Okay, but getting back to the question, you mentioned that -- you said that you had control, but you lost control. What do you mean by that?
> MR. JURAVIN: I transferred the sites long ago to my wife.
> JUDGE MOSLEY: When? When is long ago?
> MR. JURAVIN: A year-and-a-half ago, maybe.
> JUDGE MOSLEY: During this litigation?
> MR. JURAVIN: Yes.
> JUDGE MOSLEY: So before you had control – you had control of these sites during the litigation and you transferred it to your wife.
> MR. JURAVIN: Yeah…

March 8, 2021, hearing transcript at 42:2-15.

14. The Trustee renews his request to compel, for an award of sanctions against the Debtor and for all other relief the court deems proper for his willful failure to comply with the Court's orders, evidencing his unwarranted, flagrant abuse of the bankruptcy system. *Fed. R. Civ. P.* 37; *Fed. R. Bankr. P.* 9014; 28 U.S.C. § 1927; 11 U.S.C. § 105; *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304, 1310 (11th Cir. 2008) (Sanctions may be imposed under the Bankruptcy Court's inherent authority). "A primary purpose of Rule 37 sanctions is to deter further abuse of discovery." *In re Bimini Island Air, Inc.*, 355 B.R. 358, 360 (Bankr. S.D. Fla. 2006) (citing *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538 (11th Cir. 1985). These sanctions are also imposed to prevent unfair prejudice and ensure the integrity of the discovery process. *See, U & I Corp. v. Advanced Med. Design, Inc.,* 251 F.R.D. 667, 674 (M.D. Fla. 2008).

15. This Court gave the Debtor clear notice (doc. 449) that he could be found in civil contempt for his failure to give the Trustee access to specific information needed to administer these two bankruptcy estates and to turn over the remainder of the sold assets.

16. The Trustee's prior Motion to Compel (Doc. 442) also sought "reasonable expenses incurred in making the motion, including attorney's fees." Although substantive relief is the Trustee's primary goal, monetary sanctions are also appropriate under the exceptional circumstances now existing in these cases. Fed. R. Civ. P. 37(a)(5)(A). *See e.g., Poleon v. Lines,* 614-cv-2034-0RL-40TBS, 2016 WL 1030803, at *2 (M.D. Fla. Mar. 15, 2016); *Kingsbury v. Notter Sch. of Culinary Arts, LLC,* 614-cv-234-0RL-18TBS, 2014 WL 12625099, at *1 (M.D. Fla. July 7, 2014).

17. The Trustee therefore requests that this Court grant all relief the court deems just and proper and to determine that the Trustee is entitled to an award of sanctions against the Debtor, including without limitation an award of the Trustee's reasonable expenses incurred in making this

Motion and the previous Motion to Compel (Doc.442), the time he and his counsel spent preparing for and traveling to Orlando for the February 15, 2021 and the March 24, 2021 341 Meetings.

18.     **Hearing** - At the March 4, 2021 hearing on Trustee's Motion [Doc. 442] To Compel and For Sanctions and in the Order [Doc. 449] granting the Motion, the Court directed:

> The parties shall return before this Court on March 24, 2021, at 1:00 pm, George C. Young Federal Bldg., 400 W. Washington Street, 6th floor, Courtroom 6A, Orlando, FL 32801, to report on the status of Debtors' compliance with this Order.

(Doc. 449 at p.4, decretal paragraph 6).  Counsel for the Trustee has prepared this Motion as quickly as possible after taking inventory of the items produced and not produced by the Debtor, with the intent that this motion serves to report on the status of the Debtor's compliance and lack of the same.  Counsel requests that this Motion be heard at the hearing set for March 24, 2021, at 1:00 PM.

WHEREFORE, Dennis D. Kennedy, Chapter 7 Trustee, respectfully requests entry of an order a) Granting this Motion; b) Determining that the Trustee is entitled to an award of sanctions against the Debtor, setting a subsequent hearing to determine the amount thereof; and, c) Awarding any other relief the Court deems just and proper.

Dated: March 23, 2021.

Respectfully submitted,

/s/*James D. Ryan*
**James D. Ryan, Esq.**
Florida Bar No. 0976751
jdr@ryanlawgroup.net
sue@ryanlawgroup.net
lauren@ryanlawgroup.net
**Ryan Law Group, PLLC**
636 U.S. Highway One, Suite 110
North Palm Beach, FL 33408
Main: (561) 881-4447   Fax: (561) 881-4461
*Special Counsel to Dennis D. Kennedy, Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **March 23, 2021**, a true copy of the foregoing Motion has been served via CM/ECF to: **Office of the United States Trustee**, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801; **Aldo G. Bartolone, Jr., Esq.**, Bartolone Law, PLLC, 1030 North Orange Avenue, Suite 300, Orlando, FL 32801.

/s/*James D. Ryan*
James D. Ryan, Esq.