**ORDERED.**

Dated: April 29, 2021

_Karen S. Jennemann_
United States Bankruptcy Judge

IN THE UNITEST STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

| | | |
|---|---|---|
| Don Karl Juravin, | ) | Case No. 6:18-bk-06821-KSJ |
| | ) | _Jointly Administered with_ |
| Debtor. | ) | Case No. 6:20-bk-01801-KSJ |
| | ) | Chapter 7 |
| | ) | |
| Don Karl Juravin, | ) | Case No. 6:18-bk-06821-KSJ |
| | ) | |
| Must Cure Obesity, Co. | ) | Case No. 6:20-bk-01801-KSJ |
| | ) | |
| Applicable Debtors. | ) | |

## ORDER GRANTING TRUSTEE'S MOTION UNDER SEAL FOR BREAK ORDER TO TAKE POSSESSION OF DEBTOR PROPERTY

On April 28, 2021, the Court heard argument on the Renewed and Supplemental Motion, filed under seal, for issuing a "Break Order" (the "Motion")[1], filed by Dennis D. Kennedy, Chapter 7 Trustee for the Estate of Don Karl Juravin[2] and the Estate of Must Cure Obesity, Co.[3], ("Trustee"). Having considered the Motion and the record, it

---

[1] Doc. No. 490.
[2] _In re Juravin_, Case No. 6:18-bk-06821-KSJ (Bankr. M.D. Fla. Oct. 2018).
[3] _In re Must Cure Obesity, Co._, Case No. 6:20-bk-01801-KSJ (Bankr. M.D. Fla. Jan. 31, 2020).

1

is

**ORDERED:**

1. Trustee's Motion (Doc. No. 490) is **PARTIALLY GRANTED**. A Break Order will issue directing the Trustee, under the protection of the U.S. Marshals Service for the Middle District of Florida, to obtain access and to retrieve property of the Debtor and of this bankruptcy estate.

2. The Court reserves ruling as to Trustee's request for a *Writ Ne Exeat*, ordering the Debtor and his wife, Anna Juravin, to surrender their passports, as the Debtor is incarcerated until May 15, 2021.[4] A further hearing on the Motion and this issue is scheduled for 4 p.m. on May 18, 2021.

3. The U.S. Marshals Service for the Middle District of Florida ("U.S. Marshal") is authorized to enter the property and make demand for entry into any building, structure, or enclosure at **15118 Pendio Drive, Montverde, FL 34756** (together, the "Premises") to enforce and compel compliance with this Court's orders[5] and to assist the Trustee in locating, retrieving, or photographing the following described Property (together, the "Property"):

    a. All business records (including passwords for electronically stored information) belonging to the ROCA Labs Entities and the Sold Entities[6], including without limitation ROCA Labs, Inc., ROCA Labs Nutraceutical USA, Inc., Juravin Inc.

    b. All electronic communication devices on the Premises containing information about the Debtor, the Debtor's business interests, or property of this bankruptcy estate.

---

[4] Debtor is incarcerated in the Lake County, Florida jail serving the remainder of his thirty-day sentence. *See*, DCS Real Estate Investments, LLC v. Juravin, case no. 2017 CA 000667 (Fla. 5th Jud. Cir. Ct., Lake County).
[5] Doc. No. 449; Doc. No. 463; Doc. No. 473.
[6] Doc. No. 349; Doc. No. 356.

2

    c. Debtor's wristwatch collection.

    d. Any additional items Trustee, in his sole discretion, reasonably believes to be part of the bankruptcy estate.

4. Trustee shall and his professionals, including a photographer and a data recovery expert, may accompany the U.S. Marshall to the Premises to enforce and compel compliance with this Break Order and to assist in identifying and removing the Property.

5. Trustee shall photograph the interior of the Debtor's home to allow him to compare the contents with the items identified at a prior announced inspection.

6. Trustee shall take possession of the Property and promptly file an inventory of removed items with the Court.

7. If the Trustee finds locked storage containers he reasonably believes part of this bankruptcy estate, he may remove such containers from the Premises until he can identify and inventory the contents.

8. If the U.S. Marshal cannot secure the voluntary delivery of the Property by knocking and announcing its presence and requesting permission, whether due to refusal, no response, or otherwise, then, the U.S. Marshal may use any force reasonably necessary to gain entrance to the Premises, including, without limitation, breaking or removing any lock, outer door, or other hindrance or impediment to entry of the Premises. The U.S. Marshal is also permitted to open, pick the lock, or remove any cabinet door, drawer, inner door, gate, barrier, or safe or lock box contained in or on the Premises.

9. The U.S. Marshal and Trustee shall be held harmless of any damages or

claims because of complying with this Break Order.

10. Debtor shall reimburse the U.S. Marshal and Trustee for all estimated professional costs incurred in securing the turnover of the Property.

11. The Clerk shall restrict public viewing of the Motion, this Break Order, and the record of any hearing only until after the Trustee obtains the Property and files his inventory.

### 

James Ryan, counsel for the Trustee, shall serve the Debtor with a copy of the Motion and this Order after the Trustee has taken possession of the Property and filed an inventory with the Court.