UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DON KARL JURAVIN,

    Debtor.

_____/

DON KARL JURAVIN,
Case No. 6:18-bk-06821-KSJ

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-KSJ

    Applicable Debtors.

_____/

Chapter 7

Case No. 6:18-bk-06821-KSJ

Case No. 6:20-bk-01801-KSJ

*Jointly Administered with*
Case No. 6:18-bk-06821-KSJ

**TIME SENSITIVE
REQUEST FOR
EXPEDITED CONSIDERATION**

**TRUSTEE'S EXPEDITED MOTON
TO SUPPLEMENT THE ESI ORDER [Doc. 526] AND FOR ORDER TO
SHOW CAUSE WHY DEBTOR SHOULD NOT BE HELD IN CONTEMPT**

Dennis D. Kennedy, Chapter 7 Trustee (*Trustee*) for the Estate of Don Karl Juravin (Case No. 6:18-bk-06821-KSJ) and the Estate of Must Cure Obesity, Co. (Case No. 6:20-bk-01801-KSJ), moves this Court for: 1) An order amending the Joint Agreed Order on ESI Retention and Recovery Process [Doc. 526] (*ESI Order*) so that the retained forensic analyst has complete and exclusive access to Debtor's, Don Karl Juravin (*Juravin*), Google and iCloud accounts (jointly, the *online accounts*), unfettered by Debtor's interference, for a limited scope of time; 2) Issuing an order to show cause why Debtor should not be held in contempt; and 4) Sanctions. In support hereof, the Trustee states:

    1.    The ESI Order [Doc. 526] was entered by this Court on June 16, 2021.

2.      Mr. Juravin is intentionally obstructing the forensic investigation governed by the ESI Order and is in willful noncompliance with it, as set forth with more particularity in the Declaration of forensic analyst Richard Gralnik given in support of this Motion, attached as **Exhibit 1** and incorporated herein by reference.  Mr. Gralnik is the V.P. of Forensic Investigations for Online Security, Inc. (*OSL*), the company employed by the Trustee an approved by the Court to perform the forensic examination.

3.      <u>Tens of Thousands of files deleted during the investigation</u>. Mr. Juravin has provided incomplete and/or inaccurate device and online account login information from the start of the forensic investigation, he <u>changed login information during the investigation</u> in order to OSL from accessing his data, and he <u>deleted "tens of thousands[1]" of ESI files</u> from from his Google Drive account.[2] The data from these deleted files cannot be recovered and preserved because a user has only 30 days from the day of deletion to do so.

4.      As shown in Mr. Gralnik's exhibited Declaration, Mr. Juravin used dilatory tactics so that OSL would not have complete access to the Google Drive until the 30 day period expired. Even after that Mr. Juravin provided only limited access for a short time.

5.      During the time OSL was able to access the Google online account, Mr. Gralnik requested the data from every Google product in the "G-Suite" of Google applications.  Mr. Gralnik explains, "It turned out that the account contains over 1 terabyte (TB) of data (approximately 1,000,000,000,000 bytes). Google generated 553 files, each 2 gigabytes (GB) in size (approximately 2,000,000,000 bytes) containing the data from the account."  Ex. **1** at ¶ 20.

---

[1] Exhibit **1**, Declaration of Gralnik at ¶ 18.

[2] The name of one of the deleted ESI records indicates that particular record pertained to a trust account.

Google does not offer any way to "download all."  These files include nearly 1 terabyte of data [1,000,000,000,000 bytes].  Further complicating the process is that the download is an all or nothing event.  If any one of the 553 files does not properly download, none of the data is accessible.  What's more, the download is only available for seven (7) days.  Ex. **1** at ¶ 20.

6.    <u>Narrowing the Google online account data search</u> – On or about 8/4/2021, Mr. Gralnik suggested reviewing a list of 55 Google products/applications [Google Chrome, Calendar, and Blogger for example] appearing on a Google Takeout log.  Takeout is a Google product allowing users to export data to a downloadable archive.  Trustee's counsel reviewed the list and was able to eliminate 12 [for example, Google Classroom and Fit].  This process was more efficient than the wholesale download described because it reduces the total volume of data, and each product can be downloaded separately resulting in smaller downloads without compromising the entirety if a problem arises with one product. Recovery becomes much easier.  *See*:  Ex. **1** at ¶ 22.

7.    Despite Debtor's deletion of ESI in the Google cloud account Online did obtain a partial list of the deleted files in the restricted activity log.  Further, despite Google's policy on direct recovery of deleted files after 30 days, it may be possible to for Google to recover log files for up to 180 days.  That is, the actual deleted files cannot be recovered, but a list of the files should be available.

8.    To determine what Google Drive data was deleted by the Debtor over the last six (6) months, the Trustee must subpoena Google LLC, seeking the release of a complete list of Google Drive activities. Ex. **1** at ¶ 19.  The Notice of 2004 exam with subpoena for production of the entire retained content for all of the audit logs, including but not limited to the entire Drive activity log, for the <u>don@juravin.com</u> account:

9.    _Isn't there something you can do?_  As set out in his Declaration, Mr. Gralnik had direct communication with the Debtor for the explicit purpose of obtaining access.  The Debtor seized upon this as an opportunity to air his litigation grievances and, most importantly, he tried to solicit Mr. Gralnik.  Mr. Juravin attempted— obliquely but unmistakably— to solicit favor from Mr. Gralnik, suggesting "_from one Jew to another...isn't there something you can do...._"  Ex. **1** at ¶ 21. Mr. Gralnik describes his reaction to Mr. Juravin's solicitation, invoking Mr. Gralnik's faith, as being "_stunned._" _Id_.

10.    That Mr. Juravin engaged Mr. Gralnik in conversation beyond the simple communication of login information is inappropriate at best.  The only reason for the Debtor's direct contact with the forensic team was to facilitate access requiring two factor authentication.  All other Debtor communications are required to go through his lawyer.  Doc. 526 at ¶ 17.  That Mr. Juravin knowingly, willfully interfered with the analyst's investigation, and continues to do so by manipulating and withholding login information is contemptible.

11.    Control ceded to another.  Mr. Gralnik informed Mr. Juravin that his access to the Google Drive account using the don@juravin.com login I.D. was insufficient to request activity logs. Mr. Juravin claimed that _another person_ held that level of access and would have to enable it for Mr. Juravin, and by extension, Mr. Gralnik.  This level of permission is something set by the account holder, not by Google.  Trustee's counsel informed Debtor's counsel that the identity of this alleged other person must be disclosed, but no response has been made to date.

12.    Before entry of the ESI Order the court advised Mr. Bartolone that it needed him to be the liason and recipient of the passwords.  It also responded to the Debtor's comments about the seizure of items and the time involved in the forensic investigation process, "A lot of this was caused by the fact that we had to go to this length to get this information.  You could have shared

these passwords six months ago and given this information, but you chose not to do that.  So, the consequences are attributable solely to your actions Sir.  No one else." The Court also admonished the Debtor's attempt to dictate the forensic work, telling him this was not going to be something he gets to pick and choose on. Doc. 544, audio recording of 05/18/2021 hearing.

13.    At the 05/19/2021 hearing [Doc. 543 audio recording], the Court allowed the Debtor to keep his mobile phone because he cooperated with the password turnover to his lawyer the previous day.  The Court warned him that if he tried to use his phone to facilitate the transfer of anything out of these accounts, it would be a bankruptcy crime that the Court expected to be prosecuted.  The device(s) Mr. Juravin used to delete files and to change login information so that the OSL was locked out are unknown to the Trustee at this time, and may not ever be known.  But, the Court's warning was certainly not restricted to bankruptcy crimes facilitated solely by Mr. Juravin's mobile phone.

14.    The ESI Order requires the Debtor to provide access:

17.    If not done previously, the Debtor, through counsel, shall submit passwords or access codes to each of the Devices to the Forensic Examiner.

18.    The Debtor is further required, upon the request of the Forensic Examiner, to immediately provide any and all other passwords, access codes, or login information needed to access all accounts or services used for any purpose, such as data storage, e-mail, messaging, chat, document collaboration, file sharing, file access, voice/video conferencing, including but not limited to iCloud, Apple, Google, Yahoo, Microsoft products, MS Teams, Twitter, What'sApp, Signal, Reddit, AOL, Yahoo, Facebook, Instagram, YouTube, Slack, Zoom, and Skype.

19. If for some reason Debtor cannot provide his passwords, access codes, or login information to the Forensic Examiner, he shall cooperate

with the Trustee and provide any information needed by the Trustee to enable the retrieval of the ESI directly from the third-party provider.

20. Debtor shall preserve his personal phone and all information thereon and understands the Court may require him to deliver it to the Forensic Examiner at a later date. Accordingly, the Debtor may not take any action whatsoever to delete any information of any kind from his phone, including but is not limited to the following actions:

Doc. 526 ¶¶ 17-20.

15. <u>Sanctions Against the Debtor</u> - The Trustee requests an award of sanctions against the Debtor for his willful failure to comply with the ESI Order, evidencing his unwarranted, flagrant abuse of the bankruptcy system. *Fed. R. Civ. P.* 37; *Fed. R. Bankr. P.* 9014; 28 U.S.C. § 1927; 11 U.S.C. § 105; *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304, 1310 (11th Cir. 2008) (Sanctions may be imposed under the Bankruptcy Court's inherent authority). "A primary purpose of Rule 37 sanctions is to deter further abuse of discovery." *In re Bimini Island Air, Inc.*, 355 B.R. 358, 360 (Bankr. S.D. Fla. 2006) (citing *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538 (11th Cir. 1985). These sanctions are also imposed to prevent unfair prejudice and ensure the integrity of the discovery process. *See, U & I Corp. v. Advanced Med. Design, Inc.,* 251 F.R.D. 667, 674 (M.D. Fla. 2008). Rule 37(e), as incorporated by Fed. R. Bankr. P. 7037, "deals with spoliation of evidence stored in electronic or digital form, and the Court's inherent power, even when there is no discovery order in place or with respect to other types of evidence, to impose sanctions for spoliation." *Mosdos Chofetz Chaim Inc. v. Mosdos Chofetz Chaim Inc. (In re Mosdos Chofetz Chaim Inc.)*, 624 B.R. 576, 582 (Bankr. S.D.N.Y. 2021).

16. This Court is entitled to sanction Mr. Juravin in order to compensate the Trustee for, "reasonable expenses incurred in making the motion, including attorney's fees," except in

certain limited circumstances, none of which apply here.  Fed. R. Civ. P. 37(a)(5)(A).  *See e.g.,*
*Poleon v. Lines,* 614-cv-2034-0RL-40TBS, 2016 WL 1030803, at *2 (M.D. Fla. Mar. 15, 2016);
*Kingsbury v. Notter Sch. of Culinary Arts, LLC,* 614-cv-234-0RL-18TBS, 2014 WL 12625099, at *1
(M.D. Fla. July 7, 2014).

17.    The Trustee therefore requests this Court to determine that he is entitled to an award
of sanctions against the Debtor, including without limitation, an award of the Trustee's reasonable
expenses incurred in making this Motion and including reimbursement for the costs incurred by
the expert's, Online Security, additional work caused by Mr. Juravin and the work necessary for
preparing the Declaration in support of this Motion.

18.    Trustee requests a subsequent hearing to determine the amount of those sanctions
and to submit the appropriate documentation detailing those amounts if the Court makes a
determination of entitlement.

19.    <u>OSL's Exclusive Access to the Google and iCloud online accounts</u> - The Trustee
requests that this Court enter an order supplementing the ESI Order and requiring: 1) Mr. Juravin
to adjust all Google Drive and iCloud settings so that Online Security, Inc. and specifically
**Richard Gralnik** (<u>richard@onlinesecurity.com</u>) shall have unfettered access to every level of
the accounts without the need to ask for permission, <u>including</u> all levels of access allegedly ceded
to others; and 2)  Online Security, once total access is achieved, shall create login in access to the
online accounts so that only the only user able to access the accounts during the investigation is
Online Security; the purpose of giving Online Security exclusive access is to prevent Mr. Juravin
from further compromising the data; Mr. Gralnik anticipates the scope of time for this requested
access to be 10 business days, from the date he has access to the accounts and has received notice
from Google that the requested downloads are ready.  This is a conservative estimate of the time

needed to finish the work.  Accordingly, the Trustee requests that 14 business days, excluding court holidays, for the scope of exclusive access, which scope may be extended in five (5) business day increments without the need for a hearing on the written confirmation of necessity by Mr. Gralnik, then filed with the Court by the Trustee's counsel who will also notify Debtor's lawyer.

WHEREFORE, Dennis D. Kennedy, Chapter 7 Trustee, respectfully requests entry of an order as follows:

a. Granting this Motion;

b. Supplement the ESI Order so that Debtor is required to turn over full control of the accounts as set forth in this Motion and Ex. **1**;

c. Require Debtor to disclose the identity and associated email address that he claims had access to and control over the Google account as described in ¶ 11 above.

d. Determine that the Trustee is entitled to an award of sanctions against the Debtor, setting a subsequent hearing to determine the amount thereof; and

e. Awarding any other relief, the Court deems just and proper.

Dated: <u>August 17, 2021</u>.        Respectfully submitted,

/S/*JAMES D. RYAN*
**JAMES D. RYAN, ESQ.**
FLORIDA BAR NO. 0976751
JDR@RYANLAWGROUP.NET
LAUREN@RYANLAWGROUP.NET
**RYAN LAW GROUP, PLLC**
636 U.S. HIGHWAY ONE, SUITE 110
NORTH PALM BEACH, FL 33408
MAIN: (561) 881-4447  FAX: (561) 881-4461
*SPECIAL COUNSEL TO DENNIS D. KENNEDY, TRUSTEE*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on <u>August 17</u>, 2021, a true copy of the foregoing <u>time sensitive</u> <u>Motion</u> has been served via CM/ECF to:

**CM/ECF:**
- United States Trustee, George C. Young Federal Bldg, 400 W. Washington Street, Suite 1100, Orlando, FL 32801;
- Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954
- Bradley M. Saxton, Esq., Winderweedle, Haines, Ward & Woodman, P.A., 329 Park Avenue North, 2nd Floor, Winter Park, FL 32789;
- Aldo G. Bartolone, Jr., Esq., Bartolone Law, PLLC, 1030 North Orange Avenue, Suite 300, Orlando, FL 32801

**US Mail:**
- Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756

**Email copy:**
- Online Security, Inc. - Richard Gralnik richard@onlinesecurity.com and Charlie Balot balot@onlinesecurity.com

/S/*JAMES D. RYAN*

JAMES D. RYAN, ESQ.