UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| DON KARL JURAVIN, | Case No. 6:18-bk-06821-LVV |
| Debtor. | Case No. 6:20-bk-01801-LVV |
| _____/ | *Jointly Administered with* Case No. 6:18-bk-06821-LVV |
| DON KARL JURAVIN, Case No. 6:18-bk-06821-LVV | |
| MUST CURE OBESITY, CO. Case No. 6:20-bk-01801-LVV | |
| Applicable Debtors. _____/ | |

**TRUSTEE'S NOTICE**
**OF CONTINUED REMOTE RULE 2004 EXAMINATION OF ANNA JURAVIN**
(*via Zoom, production and remote testimony, rescheduled from 1/25/2022 at witness's request*)

Dennis D. Kennedy, Chapter 7 Trustee (*Trustee*) for the Estate of Don Karl Juravin (Case No. 6:18-bk-06821-LVV) and the Estate of Must Cure Obesity, Co. (Case No. 6:20-bk-01801-LVV), by and through his undersigned counsel, pursuant to Fed. R. Bank. P. 2004, hereby gives notice that he will conduct the continuation of his examination of **ANNA JURAVIN** upon oral examination via **ZOOM**, on **Tuesday**, **February 22, 2022**, at **10:00 a.m**. (**login instructions to be provided separately via email**), before Esquire Deposition Solutions (court reporter), or some other officer duly authorized by law to take examinations, continuing from day to day until completion. The examination is being taken for the purpose of discovery and for use at any hearing or trial or for such other purpose as are permitted under the applicable rules.

The Examinee remains under the Notice of and Subpoena for Rule 2004 Examination, Doc. 482 dated 04/16/2021, served 04/29/2021.  *See,* **Exhibit 1** attached.

Dated:  February 4, 2022.              Respectfully submitted,

/s/*James D. Ryan*
James D. Ryan, Esq.
Florida Bar No. 0976751
Mobile: (561)889-1001
jdr@ryanlawgroup.net
lauren@ryanlawgroup.net
**Ryan Law Group, PLLC**
636 U.S. Highway One, Suite 110
North Palm Beach, FL 33408
Main: (561) 881-4447   Fax: (561) 881-4461
*Special Counsel to Dennis D. Kennedy, Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 4, 2022**, a true and correct copy of the foregoing Notice of Continued Remote Rule 2004 Examination – Anna Juravin has been served by CM/ECF and US mail as indicated:

**CM/ECF:**
- United States Trustee, George C. Young Federal Bldg, 400 W. Washington Street, Suite 1100, Orlando, FL 32801;
- Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954
- Bradley M. Saxton, Esq., Winderweedle, Haines, Ward & Woodman, P.A., 329 Park Avenue North, 2nd Floor, Winter Park, FL 32789;
- Aldo G. Bartolone, Jr., Esq., Bartolone Law, PLLC, 1030 North Orange Avenue, Suite 300, Orlando, FL 32801;
- Shawn M. Yesner, Esq., Yesner Law, P.L. Countryside Colonial Center, 2753 SR 580, Suite 106, Clearwater, FL 33761-3345;
- Henry Portner, Esq., 18851 NE 29th Ave Ste 700, Aventura, FL 33180-2845.

**US Mail:**
- Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756
- Anna Juravin, 15118 Pendio Drive, Montverde, FL 34756

/s/*James D. Ryan*
James D. Ryan, Esq.

**Trustee's Exhibit 1**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
### Middle District of Florida

In re  DON KARL JURAVIN          Case No. 6:18-bk-06821-KSJ

       Debtor

                                  Chapter 7

### SUBPOENA FOR RULE 2004 EXAMINATION

To: ANNA JURAVIN, 15118 Pendio Drive, Monteverde, FL 34756

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| **Remote (via video conference)** | **The examination will be at a subsequent date to be mutually agreed but not later than 20 days after the completion of the document production referenced below** |

The examination will be recorded by this method: court reporter (stenographic and/or video recording).

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **A list of items to be produced is attached hereto as EXHIBIT A. These items are to be produced for inspection and copying by the undersigned attorney, James D. Ryan, Esq., by Thursday, April 29, 2021.**

     To the extent the items can be produced by **mail or email**, they should be sent to: Ryan Law Group, PLLC, 636 US Highway One, Suite 110, North Palm Beach, FL 33408, jdr@ryanlawgroup.net; the **designated place of production if physical inspection and copying are required** is: Winderweedle, Haines Ward and Woodman, PA, 329 N. Park Ave., 2nd floor, Winter Park, FL 32790, [407-246-6566], unless other mutually agreed arrangements are made.

                                                                                       SEE ATTACHED **EXHIBIT A**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **April 16, 2021**

                 CLERK OF COURT

                                               OR

        _____         */s/ James D. Ryan*

          *Signature of Clerk or Deputy*             *Attorney's signature Clerk*

The name, address, email address, and telephone number of the attorney representing Dennis D. Kennedy, Trustee, who issues or requests this subpoena, are: James D. Ryan, Esq., Special Counsel to the Trustee, Ryan Law Group, PLLC, 636 US Highway One, Suite 110, North Palm Beach, FL 33408, jdr@ryanlawgroup.net  (561) 881-4447

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                            *Server's signature*

                                                            *Printed name and title*

                                                            *Server's address*

Additional information concerning attempted service, etc.:

Case 6:18-bk-06821-LVV   Doc 672   Filed 02/04/22   Page 5 of 8

Case 6:18-bk-06821-KSJ   Doc 482-1   Filed 04/16/21   Page 3 of 6
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3

### Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.

   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

### DEFINITIONS

**Arora Entity** means any privately owned corporation, company, partnership, trust or business in which you and Karan Arora have worked, have been an officer or director or have held any direct or indirect legal or equitable ownership interest in from 2014 to date.

**Juravin Entity** means any privately owned corporation, company, partnership, trust or business which, to your knowledge, Don Karl Juravin (Juravin) is or was an officer or director or in which Juravin held any direct or indirect legal or equitable ownership interest in or which directly or indirectly employed Juravin.

**You and Your** mean Anna Juravin.

**Juravin** means Don Karl Juravin and/or any Juravin Entity.

**Karan Arora** means Karan Arora and/or any Arora Entity.

**Communication** means any transmission or transfer of information of any kind, orally, in writing, or in any other manner at any time or place, under any circumstances whatsoever, including electronically stored information.

**Or** shall include the disjunctive (or) and conjunctive (and) so as to create the more inclusive meaning.

**Relating, Showing, Pertaining or Reflecting** shall be construed in the broadest sense of each word, and shall be deemed to encompass any document or thing directly or indirectly describing, constituting, discussing, mentioning, commenting on, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

### DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED

1. Your birth certificate.
2. Your driver's license.
3. For any country of which you consider yourself a citizen, each document reflecting that citizenship.
4. Records showing your status as a resident alien for any country.
5. Your passport(s) or any equivalent document(s) allowing you to exit or enter the United States and its territories.
6. All confidentiality agreements to which you claim to be a party or by which you claim to be bound.
7. All employment agreements to which you claim to be a party.

8. Records of your arrest, criminal prosecution(s) and criminal conviction(s) for all misdemeanors and felonies.

9. A list of all civil actions in which you are currently a party or have been a party; for each action, include the case number, names of the parties, and the court having jurisdiction over the action.

10. A list of all civil actions in which you have been a party; for each action, include the case number, names of the parties, and the court having jurisdiction over the action.

11. Proof of each college or university degree conferred upon you.

12. From January 1, 2017 to date, a copy of each communication between Karan Arora and you.

13. From January 1, 2017 to date, a copy of each communication between Hal Herskowitz and you.

14. From January 1, 2017 to date, a copy of each communication between Hershkowitz and Kunitzer, P.A. staff/personnel and you.

15. From January 1, 2017 to date, a copy of each communication between Shay Zuckerman and you excluding communications pertaining to the work of Shay Zuckerman as your attorney.

16. From January 1, 2017 to date, a copy of each communication between Noam Ben Zvi or the Ben-Zvi Law Firm and you, excluding communications pertaining to the work of Noam Ben Zvi or the Ben-Zvi Law Firm as your attorney.

17. From January 1, 2017 to date, a copy of each communication with any person or entity regarding money delivered by Natural Vitamins Laboratory Corporation [NVLC] to you, and vice versa.

18. From January 1, 2017 to date, a copy of each communication with any person or entity regarding money delivered by Natural Vitamins Laboratory Corporation [NVLC] to United Medical Group International, Inc. [UMGI].

19. From January 1, 2017 to date, a copy of each communication with any person or entity regarding money delivered by UMGI to NVLC.

20. From January 1, 2017 to date, a copy of Juravin Incorporated books and records, including but not limited to:

    Corporate organizing and operating documents (e.g., Articles of Incorporation, Operating Agreement, Bylaws, Minutes, Resolutions); those indicating ownership or control of intellectual property; those indicating ownership or control of internet mail accounts, cloud accounts, all Google accounts, social media accounts; banking and financial records including checkbooks, registers, deposit and withdrawal records, bank statements, and payroll records.

21. From January 1, 2017 to date, a copy of UMGI books and records, including but not limited to:

    Corporate organizing and operating documents (e.g., Articles of Incorporation, Operating Agreement, Bylaws, Minutes, Resolutions); those indicating ownership

or control of intellectual property; those indicating ownership or control of internet mail accounts, cloud accounts, all Google accounts, social media accounts; banking and financial records including checkbooks, registers, deposit and withdrawal records, bank statements, and payroll records.

22. From January 1, 2017 to date, a copy of Globesity Foundation books and records, including but not limited to:

    Corporate organizing and operating documents (e.g., Articles of Incorporation, Operating Agreement, Bylaws, Minutes, Resolutions, local/state/federal applications for tax exempt status); those indicating ownership or control of intellectual property; those indicating ownership or control of internet mail accounts, cloud accounts, all Google accounts, social media accounts; banking and financial records including checkbooks, registers, deposit and withdrawal records, bank statements, and payroll records.

23. From January 1, 2017 to date, a copy of all records related to transfers of internet, social media, and web accounts from Don Juravin or any Juravin related entities to you and any entities with which you are affiliated.