UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:

DON KARL JURAVIN

    Debtor.
_____/

Case No. 6:18-bk-06821-LVV
Chapter 7

Jointly Administered with
Case No. 6:20-bk-01801-LVV

DON KARL JURAVIN,
Case No. 6:18-bk-06821-LVV

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-LVV

    Applicable Debtors.
_____/

## MOTION TO APPROVE SETTLEMENT
## PURSUANT TO RULE 9019, FED. R. BANKR. P.

(Settlement with that certain Defendant in Adv. Proc. No. 6:21-ap-00140-LVV,
Adv. Proc. No. 6:21-ap-00142-LVV, Adv. Proc. No. 6:22-ap-00013-LVV
and Adv. Proc. No. 6:22-ap-00019-LVV)

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Bradley M. Saxton, PO Box 880, Winter Park, FL 32790-0880, within 21 days from the date of the attached proof of service, plus an additional 3 days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice of hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

DENNIS D. KENNEDY ("Trustee"), as Chapter 7 Trustee of the Estate of Donald Karl Juravin, Case No. 6:20-bk-06821-LVV ("Juravin") and Chapter 7 Trustee of the Estate of Must Cure Obesity, Co., Case No. 6:20-bk-01801-LVV ("MCO"), through counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), moves this Court to approve a settlement agreement between the Trustee and PSR DEVELOPERS, LLLP ("PSR"), and states:

*Summary of Argument*

The Trustee seeks approval of a settlement agreement by and among the Trustee and PSR Developers, LLLP stemming from four (4) adversary proceedings in which claims were asserted against PSR: Two were filed in the of Juravin Bankruptcy Case (as defined below), Adversary Proceeding 6:21-ap-00140-LVV and Adversary Proceeding 6:21-ap-00142-LVV, and two were filed in the MCO Bankruptcy Case (as defined below), Adversary Proceeding 6:22-ap-00013-LVV and Adversary Proceeding 6:22-ap-00019-LVV. Pursuant to the settlement agreement, the Trustee is to receive a total of $200,000.00 to settle all four (4) adversary proceedings such that all claims against PSR will be dismissed. Given the settlement amount relative to the total possible recovery the Trustee could realize if he was successful in the adversary proceedings, the settlement agreement is fair and equitable and should be approved.

*Jurisdiction and Venue*

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue of this matter is appropriate with this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

*Factual and Procedural Background*

2. On or about October 31, 2018, Don Karl Juravin, filed a Chapter 7 bankruptcy case (the "Juravin Bankruptcy Case"), and the Trustee was duly appointed.

3. On or about January 31, 2020, Must Cure Obesity, Co. filed a Chapter 11 bankruptcy case, case number 6:20-bk-1801 (the "MCO Bankruptcy Case").

4. On May 29, 2020, the MCO Bankruptcy Case converted from Chapter 11 to Chapter 7, and the Trustee was then duly appointed in that case.

5. On or about October 4, 2021, the Trustee filed two adversary proceedings, Adversary Proceeding 6:21-ap-00140-LVV and Adversary Proceeding 6:21-ap-00142-LVV, in which claims were asserted against PSR related to the Juravin Bankruptcy Case.

6. On or about January 30, 2022, the Trustee filed two adversary proceedings, Adversary Proceeding 6:22-ap-00013-LVV and Adversary Proceeding 6:22-ap-00019-LVV, in which claims were asserted against PSR related to the MCO Bankruptcy Case. (Adversary Proceeding 6:21-ap-00140-LVV, Adversary Proceeding 6:21-ap-00142-LVV, Adversary Proceeding 6:22-ap-00013-LVV and Adversary Proceeding 6:22-ap-00019-LVV, are herein referred to the "Adversary Proceedings.")

7. PSR sold to Don Karl Juravin and Anna Juravin their home located at 15118 Pendio Drive, Montverde, Florida 34756 (the "Property"). PSR took back that certain Mortgage dated January 8, 2016, granted by Don Karl Juravin and Anna Juravin to PSR and recorded in Official Records Book 4727, Page 1044, of the Public Records of Lake County, Florida, as amended (the "Mortgage").

8. The Adversary Proceedings include claims for fraudulent transfers and for turnover in an amount in excess of $568,320.00, which funds were transferred from the Debtors and were received by PSR.

9. PSR is a party to a foreclosure action against Don Karl Juravin and Anna Juravin concerning the Property and the Mortgage that is pending in Lake County, Florida, Circuit Court Case No. 2021 CA 000227 (the "Foreclosure").

### *The Compromise*

10. On or about June 7, 2022, the Trustee and PSR reached a resolution of the dispute between them related to the Adversary Proceedings. A copy of the Settlement Agreement memorializing the compromise is attached hereto as **Exhibit A**.

11. The material terms of the compromise are as follows:

    a. Within ten (10) days after the order of the bankruptcy court approving this settlement and either the lapse of the period of time permitted to appeal said order under Rule 8002, Federal Rules of Bankruptcy Procedure, or the final determination of any appeal thereof with said order remaining in full force and effect, PSR shall issue payment to Trustee in the amount of Two Hundred Thousand dollars and no cents ($200,000.00) (the "Settlement Funds") which Settlement Funds shall be treated as the unwinding of the allegedly fraudulent and improper payments made by or on behalf of the Debtor to PSR and therefore, upon the payment of the Settlement Funds, the then outstanding balance of the Mortgage shall be increased dollar-for-dollar as if said such funds had been disbursed by PSR as a protective advance under the Mortgage to protect the priority of PSR's Mortgage on the Property, which increased amount shall be enforced in the Foreclosure; and

    b. Within five (5) business days of the delivery of the Settlement Funds referenced above, the Trustee shall cause appropriate notices of voluntary dismissal with prejudice as to each of the settled claims with each party to bear their own attorney's fees and costs.

12. The Trustee's causes of action against any other defendants in the Adversary Proceedings are unaffected by the Settlement Agreement.

### **Legal Argument**

13. By this Motion, the Trustee seeks Court approval of the Settlement Agreement pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which authorizes a Bankruptcy Court to approve a compromise or settlement. The approval or rejection of a compromise or settlement is left to the sound discretion of the bankruptcy court, which should approve the settlement only if it is fair and equitable and in the best interest of the estate. *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998) (Briskman, J.).

14. Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Rule 9019(a). These factors include: (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it (which should also include the possibility that denial of the settlement will cause depletion of estate assets); and (d) the paramount interest of the creditors and a proper deference to their reasonable views. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied sub nom., Wallace v. Justice Oaks, II, Ltd.*, 498 U.S. 959 (1990); *In re Kay*, 223 B.R. at 820.

15. The *Justice Oaks* factors weigh in favor of approval of the compromise. Absent settlement, the Trustee anticipates protracted, costly, and risky litigation in relation to the pending Adversary Proceedings related to PRS. Accordingly, the Trustee submits that the compromise between him and PSR is in the best interest of the estate because it relieves the estate from the costs and expenses involved with any further litigation, and increases the funds available for creditors.

### *Best Interest of the Estate*

16. The Settlement Agreement between the Trustee and PSR is in the best interest of the estate because it relieves the estate from the uncertainties of litigation, and the additional costs and expenses involved with litigation, while maximizing the funds that flow to the estate.

17. Accordingly, the Trustee submits that the settlement is within the best interest of the estate and seeks the entry of an order approving the Settlement Agreement.

WHEREFORE, the Trustee respectfully requests that this Court enter an order (i) approving Settlement Agreement absent objection; (ii) directing the parties to comply with the


terms of the Settlement Agreement; (iii) reserving jurisdiction to enforce the terms and conditions of the Settlement Agreement and to otherwise resolve any disputes under or pertaining to the Settlement Agreement; and (iv) providing for such other and further relief as the Court deems just and proper if an objection is filed.

Dated June 13, 2022.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward
& Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2022, a true copy of the foregoing has been sent via:

***CM/ECF to:***

United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801
Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954
Aldo G. Bartolone, Jr., Esquire, Bartolone Law, PLLC, 1030 N. Orange Avenue, Suite 300, Orlando, FL 32814
Amber C. Robinson, Esquire, Robinson Law Office, PLLC, 695 Central Avenue, Suite 1501, St. Petersburg, FL 33701
Henry N. Portner, Esquire, Law Offices of Henry Portner, 6316 Vireo Court, Lake Worth, FL 33463

*US Mail to:*

Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756
Must Cure Obesity, Co., 5039 Central Ave., St. Petersburg, FL 33710
All Creditors and Parties in Interest listed on the mailing matrix attached to the original of this Motion

                                              */s/ Bradley M. Saxton*
                                              Bradley M. Saxton, Esquire

## GLOBAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims (hereinafter, the "Agreement") is made and entered into this 10 day of June, 2022 (the "Effective Date"), by and among the Plaintiff, DENNIS D. KENNEDY, AS CHAPTER 7 TRUSTEE ("Trustee" or "Plaintiff") OF THE ESTATE OF MUST CURE OBESITY, CO. ("MCO"), Case No.: 6:20 – bk – 01801 – LVV, and OF THE ESTATE OF DON KARL JURAVIN ("Juravin"), Case No.: 6:18 – bk – 06821 – LVV, and Defendant, PSR DEVELOPERS, LLLP ("PSR" or "Defendant"). The Settling Parties stipulate and agree to terms and conditions of this Agreement, as follows:

### RECITALS

**WHEREAS**, Trustee filed four (4) adversary proceedings in which claims were asserted against PSR: Two were filed in the of Juravin personal bankruptcy case, Adversary Proceeding 6:21-ap-00140-LVV and Adversary Proceeding 6:21-ap-00142-LVV, and two were filed in the MCO bankruptcy case, Adversary Proceeding 6:22-ap-00013-LVV and Adversary Proceeding 6:22-ap-00019-LVV. Cumulatively, Juravin and MCO shall be referred to as "Debtor", and;

**WHEREAS**, PSR sold Don Karl Juravin and Anna Juravin their home located at 15118 Pendio Drive, Montverde, Florida 34756 (the "Property"); and took back that certain Mortgage dated January 8, 2016, granted by Don Karl Juravin and Anna Juravin to PSR and recorded in Official Records Book 4727, Page 1044, Public Records of Lake County, Florida, as amended (the "Mortgage"), and;

**WHEREAS**, said adversary proceedings include claims for fraudulent transfers and for turnover in an amount in excess of $568,320.00 which funds were received by PSR to reduce the amount owed to PSR under the Mortgage, and;



WHEREAS, PSR is a party to a foreclosure action against the Juravins concerning the Property and the Mortgage that is pending in Lake County, Florida, Circuit Court Case No. 2021 CA 000227- (the "Foreclosure"); and

WHEREAS, the parties, subject to court approval, wish to enter into a global settlement agreement to resolve all claims, causes of action, counterclaims, suits and demands that might have been raised or that could have been raised by and between the settling parties, subject to the terms set forth herein; and;

WHEREAS, the settling parties now desire to settle all claims asserted against PSR, together with any and all other claims, causes of action, counterclaims, suits and demands that might have been raised or that could have been raised by and between the settling parties subject to the terms set forth herein, and;

WHEREAS, the settling parties do hereby acknowledge and agree that they are represented by counsel and have had the opportunity to review this Agreement with counsel, and;

WHEREAS, each of the settling parties acknowledges that the terms, conditions, and agreements contained in this Agreement, and the performance of obligations arising hereunder, are in their respective best interests and the best interests of the creditors.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration as hereinafter recited, the adequacy of which is hereby acknowledged, the settling parties, intending to be legally bound agree as follows:

1. **Recitals.** The foregoing recitals are true and correct and are incorporated by reference.

2. **Attorney's Fees and Costs.** The settling parties shall each pay and bear their own attorneys' fees and costs incurred and associated with the claims and this Agreement.

3.  **Denial of Liability**. Defendant does not admit any wrongdoing, fault, or liability of any nature by entering into this agreement and specifically denies any wrongdoing or fault. However, both Plaintiff and Defendant acknowledge that Defendant received payments from or on behalf of the Debtor which were applied to the then outstanding balance of the Mortgage, and but for those payments, the Mortgage balance would be higher.

4.  **Monetary Payment to Plaintiff**. As consideration for this Agreement, within ten (10) days after the order of the bankruptcy court approving this settlement and either the lapse of the period of time permitted to appeal said order under Rule 8002, Federal Rules of Bankruptcy Procedure, or the final determination of any appeal thereof with said order remaining in full force and effect, PSR shall issue payment to Trustee in the amount of Two Hundred Thousand ($200,000.00) dollars and no cents (the "Settlement Funds"), to amicably resolve Trustee's claims. The Plaintiff and Defendant agree that the payment of the Settlement Funds shall be treated as the unwinding of the allegedly fraudulent and improper payments made by or on behalf of the Debtor to PSR and therefore, upon the payment of the Settlement Funds, the then outstanding balance of the Mortgage shall be increased dollar-for-dollar as if said such funds had been disbursed by PSR as a protective advance under the Mortgage to protect the priority of PSR's Mortgage on the Property, which increased amount shall be enforced in the Foreclosure.

5.  **Dismissal of Pending Litigation**. Within five (5) business days of the delivery of the settlement funds referenced in paragraph (4), the Trustee shall cause appropriate notices of voluntary dismissal *with prejudice* as to each of the settled claims with each party to bear their own attorney's fees and costs.

6. **Mutual General Release of All Claims**. Following the Effective Date, the mutual general releases (the "Releases") set forth below shall be in full force and effect between the Settling Parties, and are as follows:

> The settling parties, including PSR, for itself, as well as its successors and assigns, beneficiaries, representatives, attorneys, agents, and/or any other individuals or entities related thereto and Dennis Kennedy as the Chapter 7 Trustee for the bankruptcy estates of Don Karl Juravin and of Must Cure Obesity, Co, as well as any creditors that could claim through him (collectively, the "Releasors") hereby mutually remise, release, covenant not to sue, acquit, satisfy and forever discharge each other, including any and all of its/their (to the extent applicable), employees, agents, officers, directors, shareholders, subsidiaries, successors, parent companies, predecessors, administrators, affiliates, affiliated corporations or entities and agents, successors in interest, assigns, attorneys, legal representatives, members, managers, including but not limited to former officers, former directors, former managers and management companies, and any other individuals and/or entities related thereto (collectively, the "Released Parties"), of and from any and all claims or causes of action, counterclaims, demands, debts, damages, loss of profits, costs, contract damages, tort claims or choses of action, damages, loss of income, damages to reputation, bad faith damages, exemplary damages, punitive damages, attorney's fees, costs, interest, suits, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, extents, executions, sums of money, actions, rights, obligations, liabilities, derivative shareholder suits or actions of any nature whatsoever, whether based on tort, contract, statute or other theory of recovery, in law or in equity, arising from and/or under any state or federal statute, common and administrative law or otherwise, of whatever kind or nature, known, unknown or unforeseeable, which any of the Released Parties herein now have, ever had, or may in the future have, against one another upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world up through the date of this Agreement, including, without limitation, the claims that were made or that could have been raised or asserted in the litigation, and any matters arising under and/or in connection with the litigation, except for the breach of the terms, conditions, and other obligations under this Agreement, including payment of the settlement funds referenced in ¶ 4 above.

7. **Enforcement of the Agreement**. This Agreement is the joint product of the settling parties and shall not be construed against any party as the drafter.

8. **Counterparts and Facsimile Signatures**. This Agreement may be executed in counterparts with each copy being deemed an original. A facsimile signature on this Agreement will be deemed to be equivalent to an original signature.

9. **Entire Agreement**. This Agreement contains the entire agreement between the settling parties, and all prior or contemporaneous negotiations or representations are merged into this Agreement. This Agreement may not be amended or modified except in a written document signed by the settling parties.

10. **Paragraph Headings**. Captions and paragraph headings in this Agreement are for convenience and reference only and do not define, describe, extend or limit the scope or intent of this Agreement or any provision herein.

11. **Authority to Execute Agreement**. The parties hereto warrant and agree that the persons executing this Agreement on behalf of each party are fully and duly authorized to carry out this function. Further, the parties agree and warrant that neither will challenge the effectiveness of this Agreement based upon any lack of authority by the above individuals to execute the Agreement for the respective parties.

/

*SIGNATURE PAGE TO FOLLOW*

/

/

/

IN WITNESS WHEREOF, each of the undersigned settling parties have hereunto set its hand and seal on the date set forth below their signature.

**PSR DEVELOPERS, LLLP**

By: _____  Date: 6/10/22

Print: Nicholas LeFevre

Its: Authorized Agent

**DENNIS D. KENNEDY**, as Chapter 7 Trustee of the Don Karl Juravin and Must Cure Obesity, Co. bankruptcy estates.

By: _____  Date: 6/10/22

Dennis D. Kennedy
Chapter 7 Trustee

```
Label Matrix for local noticing          American Express National Bank          Karan Arora
113A-6                                    c/o Becket and Lee LLP                  12815 NW 45th Avenue
Case 6:18-bk-06821-LVV                    PO Box 3001                             Opa Locka, FL 33054-5116
Middle District of Florida                Malvern, PA 19355-0701
Orlando
Mon Jun 13 11:14:59 EDT 2022

Bella Collina Property Owner's Associat   Naom Ben Zvi                            Ben-Zvi Law Firm
c/o Becker & Poliakoff                    23 Bar-Cochva                           23 Bar-Cochva
100 Whetstone Place                       Bnei-Brak Israel                        Bnei-Brak, Israel
Suite 302
Saint Augustine, FL 32086-5775

DCS Real Estate Investments, LLC          Robert H Ewald                          (p)FEDERAL TRADE COMMISSION
636 U.S. Hwhy One                         Ewald Enterprises, Inc.                 ASSOCIATE DIRECTOR
Suite 100                                 12472 Lake Underhill Road               DIVISION OF ENFORCEMENT
North Palm Beach, FL 33408-4611           Suite 312                               600 PENNSYLVANIA AVE NW MAIL DROP NJ-2122
                                          Orlando, FL 32828-7144                  WASHINGTON DC 20580-0001

April Goodwin                             Michael L. Gore                         Pamela J Henley
801 W. Bay Drive, Suite 705               PO Box 4956                             343 N. Fern Creek Avenue
Largo, FL 33770-3266                      Orlando, FL 32802-4956                  Orlando, FL 32803-5439

Hal E. Hershkowitz                        (p)ANNA JURAVIN                         Don Karl Juravin
Hershkowitz & Kunitzer, P.A.              15118 PENDIO DR                         15118 Pendio Drive
5039 Central Avenue                       MONTVERDE/BELLA COLLINA FL 34756-3606   Montverde, FL 34756-3606
St. Petersburg, FL 33710-8240

(p)DENNIS D  KENNEDY                      Zachary Lake                            Hal Levenberg
PO BOX 541848                             26565 West Agoura Road                  Yip Associates
MERRITT ISLAND FL 32954-1848              Suite 200-197                           One Biscayne Tower
                                          Suite 200-197                           2 S. Biscayne Boulevard, Suite 2690
                                          Calabasas, CA 91302-1984                Miami, FL 33131-1815

Mercedes-Benz Financial Services USA LLC  (c)NATURAL VITAMINS LABORATORY CORPORATION   PSR Developers LLLP
c/o Ed Gezel                              12845 NW 45TH AVE                       PO box 2809
Bk Servicing, LLC                         OPA LOCKA FL   33054-5119               Orlando, FL 32802-2809
PO Box 131265
Roseville, MN 55113-0011

James D Ryan, Esq.                        Wilmington Financial Services, LLC      Winderweedle, Haines, Ward & Woodman, P.A.
Ryan Law Group, PLLC                      c/o David M. Landis, Esq.               c/o Bradley M. Saxton
636 US Highway One                        Mateer & Harbert, P.A.                  PO Box 880
Suite 110                                 P O Box 2854                            Winter Park, FL 32790-0880
North Palm Beach, FL   33408-4611         Orlando, FL 32802-2854

Yip Associates                            Shay Zuckerman                          Zuckerman & Co.
One Biscayne Tower                        8 Bavli Street                          Ea Yarkon St 113
2 S. Biscayne Boulevard                   Tel Aviv, Israel                        Tel Aviv Israel
Suite 2690
Miami, FL 33131-1815

American Express                          Anna Juravin                            Bella Collina Property Owner's Associat
PO Box 981535                             Ralph Strzalkowski & Amber Robinson     c/o William C. Matthews, Esq.
El Paso TX 79998-1535                     695 Central Ave Ste. 264                Shutts & Bowen LLP
                                          St. Petersburg, FL 33701-3669           300 S. Orange Avenue, Suite 1600
                                                                                  Orlando, FL 32801-3382
```

Bella Collina Property Owners Assoc Inc.
c/o Aegis Community Mgmt Solutions, Inc.
8390 Championsgate Blvd., Suite 304
Championsgate, FL 33896-8313

Carl H. Settlemyer, III, Esq.
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Drop CC-10528
Washington, DC 20580-0001

Citibank, N.A. -
701 East 60th Street North
Sioux Falls, SD 57104-0432

Consumer Opinion Corp. -
c/o Randazza Legal Group
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117-3400

DCS Real Estate Investments, LLC
c/o David M. Landis, Esq.
PO Box 2854
Orlando, FL 32802-2854

Dennis D. Kennedy, Trustee of the Estate
of Don Karl Juravin
c/o Winderweedle, Haines, Ward & Woodman
PO Box 880
Winter park, FL 32790-0880

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Don Juravin
11518 Pendio Drive
Montverde, FL 34756

Dr. Free
11 Walnut Street, #12350
Green Cove Springs, FL 32043

EDATA (Adam Elisha)
433 N. Camden Drive
4th Floor
Beverly Hills CA 90210-4408

FLORIDA RIGHTS LAW FIRM OBO ANNA JURAVIN
695 CENTRAL AVE STE 264
ST PETE FL 33701
AROBINSON@AROBINSONLAWFIRM.COM
RS@LAWYERONWHEELS.ORG 33701-3669

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Internal Revenue Service -
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Julia Kalatusha
32 Borochov
Tel Aviv, Israel

Juvarin, Inc.
P. O. Box 560510
Montverde, FL 34756-0510

Karan Arora
c/o Michael A. Nardella, Esq.
Nardella & Nardella, PLLC
135 W. Central Blvd., Suite 300
Orlando, FL 32801-2435

Karan Aurora
5337 SW 183rd Ave
Miramar FL 33029-6310

Lake County Tax Collector
Attn:  Bob McKee
Post Office Box 327
Tavares FL 32778-0327

Mercedes-Benz Financial
P. O. Box 961
Roanoke, TX 76262-0961

Mercedes-Benz Financial Services
USA LLC c/o BK Servicing LLC
PO Box 131265
Roseville MN 55113-0011

Mercedes-Benz Financial Services USA LLC -
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Mercedez-Benz Financial
PO Box 961
Roanoke, TX 76262-0961

Must Cure Obesity Co.
15118 Pendio Drive
Montverde, FL 34756-3606

(c)NATURAL VITAMIN
12845 NW 45TH AVE
OPA LOCKA FL   33054-5119

Noam Ben Zvi -
10/93 Rishon Lezion Street
Petachtiachba, Israel

Office of the United States Trustee -
400 West Washington Street
Suite 1100
Orlando, FL 32801-2440

Opinion Corp. -
c/o Randazza Legal Group
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117-3400

PSR Developers, LLLP -
3900 Centennial Drive
Suite C
Midland, MI 48642-5996

Paul B. Spelman, Esq.
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Drop CC-10528
Washington, DC 20580-0001

| | | |
|---|---|---|
| Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | Shay Zuckerman<br>8 Babli Street<br>Tel Aviv, Israel | U.S. Securities and Exchange Commission<br>Office of Reorganization<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, GA 30326-1382 |
| United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | Zachary Lake -<br>c/o Hammer Law Offices, APLC<br>26565 West Agoura Road, Suite 200-197<br>Calabasas, CA 91302-1984 | Zuckerman & Co. -<br>c/o Shay Zuckerman<br>HaYarkon St. 113<br>Tel Aviv, Israel |
| David M Landis +<br>Mateer & Harbert PA<br>Post Office Box 2854<br>Orlando, FL 32802-2854 | Bradley M Saxton +<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue North, Second Floor<br>Winter Park, FL 32789-7421 | Robyn Marie Severs +<br>Becker & Poliakoff<br>111 N. Orange Avenue, Suite 1400<br>Orlando, FL 32801-2324 |
| Miriam G Suarez +<br>Office of the United States Trustee<br>George C. Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | United States Trustee - ORL7/13 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Aldo G Bartolone Jr +<br>Bartolone Law, PLLC<br>1030 North Orange Avenue, Suite 300<br>Orlando, FL 32801-1004 |
| Samantha L Dammer +<br>Bleakley Bavol Denman & Grace<br>15316 North Florida Avenue<br>Tampa, FL 33613-1257 | Michael P Mora +<br>Federal Trade Commission<br>600 Pennsylvania Avenue Northwest<br>Room 2122<br>Washington, DC 20580-0002 | Michael A Nardella +<br>Nardella & Nardella, PLLC<br>135 West Central Boulevard, Suite 300<br>Orlando, FL 32801-2435 |
| Justin R Clark +<br>Attorneys Justin Clark & Associates PLLC<br>500 Winderley Place, Suite 100<br>Maitland, FL 32751-7406 | Michael S Hoffman +<br>Hoffman, Larin & Agnetti<br>909 N. Miami Bch. Blvd., #201<br>North Miami Beach, FL 33162-3722 | Charles R Sterbach +<br>Office of the United States Trustee<br>400 W. Washington St., Ste 1100<br>Orlando, FL 32801-2440 |
| Scott E Bomkamp +<br>United States Trustee<br>400 W. Washington Street<br>Suite 1100<br>Orlando, FL 32801-2440 | Michael S Provenzale +<br>Lowndes Drosdick Doster Kantor & Reed PA<br>Post Office Box 2809<br>Orlando, FL 32802-2809 | Amber C Robinson +<br>Robinson Law Office, PLLC<br>695 Central Avenue, Ste 1501<br>St. Petersburg, FL 33701-3669 |
| Becket & Lee, LLP (SB) +<br>Post Office Box 3001<br>Malvern, FL 19355-0701 | Lauren M Reynolds +<br>Winderweedle Haines Ward and Woodman PA<br>329 North Park Avenue<br>Winter Park, FL 32789-7421 | Marc J Randazza +<br>Randazza Legal Group<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117-3400 |
| Lori V. Vaughan +<br>Orlando<br>, FL | Christopher J Hamner +<br>Hamner Law Offices APLC<br>26565 West Agoura Road<br>Calabasas, CA 91302-1984 | James D Ryan +<br>Ryan Law Group, PLLC<br>636 U.S. Highway One<br>Suite 110<br>North Palm Beach, FL 33408-4611 |
| Henry N Portner +<br>Law Offices of Henry Portner<br>6316 Vireo Court<br>Lake Worth, FL 33463-9340 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Federal Trade Commission
600 Pennsylvania Avenue NW
CC-9528
Washington, DC 20580

Anna Juravin
15118 Pendio Drive
Montverde, FL 34756

Dennis D. Kennedy
Post Office Box 541848
Merritt Island, FL 32954

(d)Anna Juravin
15118 Pendio Drive
Monteverde FL 34756

(d)Anna Juravin
15118 Pendio Drive
Montverde, FL 34756

(d)Anna Juravin
15118 Pendio Drive Bella
Collina Florida 34756

(d)FEDERAL TRADE COMMISSION
C/O MICHAEL P. MORA
600 PENNSYLVANIA AVENUE, N.W., CC-9528
WASHINGTON, D.C. 20580

(d)FTC
600 Pennsylvania Avenue NW
Washington DC 20580

(d)Federal Trade Commission -
600 Pennsylvania Avenue NW
Mail Crop CC-10528
Washington, DC 20580

(d)Dennis D Kennedy +
P. O. Box 541848
Merritt Island, FL 32954


Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Natural Vitamins Laboratory Corporation
12815 NW 45th Avenue
Opa Locka, FL 33054-5100

Natural Vitamin
12815 NW 45th Ave #4
Opa-locka, FL 33054


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Consumer Opinion Corp.

(u)Opinion Corp.

(u)Eran Taussig
Balter, Guth, Aloni & Co.
96 Yigal Alon St
Tel-Aviv 6789140, Is


(u)The Goodwin Group, P.A.

(u)United Medical Group International, Inc.

(d)American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

| | | |
|---|---|---|
| (d)American Express National Bank -<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | (d)Bella Collina Property Owner's Associat<br>c/o William C Matthews, Esq.<br>Shutts & Bowen LLP<br>300 S. Orange Avenue, Suite 1600<br>Orlando, FL 32801-3382 | (d)Ben-Zvi Law Firm<br>23 Bar-Cochva<br>Bnei-Brak, Israel |
| (d)Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | (d)Internal Revenue Service<br>PO Box 7346<br>Philadelphia PA 19101-7346 | (d)Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA  19101-7346 |
| (d)Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 | (d)Karan Arora -<br>12815 NW 45th Avenue<br>Opa Locka, FL 33054-5116 | (d)Karan Arora -<br>c/o Michael A. Nardella, Esq.<br>Nardella & Nardella, PLLC<br>135 W. Central Blvd., Suite 300<br>Orlando, FL 32801-2435 |
| (d)Mercedes-Benz Financial<br>PO Box 961<br>Roanoke, TX 76262-0961 | (u)Note: Entries with a '+' at the end of the name have an email address on file in CMECF<br>--------------------------------------------<br>Note: Entries with a '-' at the end of the name have filed a claim in this case | End of Label Matrix<br>Mailable recipients   87<br>Bypassed recipients   17<br>Total                 104 |