# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

FILED

### APPEAL COVER SHEET

Date: 10/20/2022 @ 3:26 PM via: **email**

Clerk, U.S. Bankruptcy
Orlando Division

| Appellant | Appellee |
|---|---|
| Don K. Juravin | **Dennis Kennedy Trustee**<br>**PSR Developers LLLP** |
| Bankruptcy Case No.   6:18-bk-06821-LVV | Adversary Case No. _____ |
| Attorney: (Name, Address and Telephone Number) | Attorney: (Name, Address and Telephone Number) |
| Don Juravin /Pro Se/<br>15118 Pendio Dr.<br>Montverde, FL 34756<br>8138105100 | |

## NATURE OF PROCEEDING

Check appropriate item

■ Appeal pursuant to 28 USC §158
    Notice of Appeal filed: October 19, 2022
    Date of Order Appealed: October 5, 2022
    Title of Order Appealed: Order Granting Motion to Approve Settlement Pursuant to Rule 9019, Fed.R.Bankr.P.(Doc No 698)
    Debtor's County of Residence: Lake County

☐ Motion to Withdraw Reference
    Filed: _____ By: _____

☐ Interlocutory Appeal
    Title of Interlocutory Order or Decree: _____
    Date of Order or Decree: _____
    Brief Description of Matter Appealed: _____

☐ Motion for Leave to Appeal
    Date Filed: _____

☐ Other _____

☑ Designation in Appeal
Have arrangements been made with a Court Reporter for Transcript?    ☐ Yes    ☑ No
If not, do you intend to do so?    ☑ Yes    ☐ No    If ordered, on what date? _____

_____
Attorney/Appellant   /Pro Se/

Official Form 417A (12/18)

*UNITED STATES BANKRUPCY COURT*
*MIDDLE DISTRICT OF FLORIDA*
*ORLANDO DIVISION*
*IN RE DON KARL JURAVIN*                      *Case No. 6:18-bk-06821-LVV*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Don Karl Juravin

_____

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- ❏ Plaintiff
- ❏ Defendant
- ❏ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- ☑ Debtor
- ❏ Creditor
- ❏ Trustee
- ❏ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order Granting Motion to Approve Settlement Pursuant to Rule 9019, Fed.R.Bankr.P. Doc No.698

2. State the date on which the judgment, order, or decree was entered:  October 5, 2022

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:  Don Karl Juravin        Attorney:  Don Karl Juravin /Pro Se/
                                                Don@juravin.com

2. Party:  Dennis Kennedy          Attorney:  Service list attached
           James Ryan                          _____
           Bradley Saxton                      _____
           Lauren Reynolds                     _____
3. Party:  PSR DEVELLOPERS LLLP

Appellees service information attached

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts) n/a**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

         ❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

Date: 10/19/2022

/s/ Don Karl Juravin
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
Don Karl Juravin /Pro Se/_____
Don@Juravin.com
15118  Pendio  Dr._____
Montverde_____
FL,34756_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

*Trustee*
**Dennis D Kennedy**
P. O. Box 541848
Merritt Island, FL 32954
(321) 455-9744

represented by **Bradley M Saxton**
Winderweedle, Haines, Ward &
Woodman, PA
329 Park Avenue North, Second
Floor
Winter Park, FL 32789
(407) 423-4246
Fax : (407) 423-7014
Email: bsaxton@whww.com

**James D Ryan**
Ryan Law Group, PLLC
636 US Highway 1, Suite 110
North Palm Beach, FL 33408
561-881-4447
Fax : 561-881-4461
Email: jdr@ryanlawgroup.net

**Lauren M Reynolds**
Winderweedle Haines Ward and
Woodman PA
329 North Park Avenue
Winter Park, FL 32789
407-246-6566
Email: lreynolds@whww.com

*U.S. Trustee*
**United States Trustee - ORL7/13**
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801
407-648-6301

represented by **Miriam G Suarez**
Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street, Suite
1100
Orlando, FL 32801
(407) 648-6301, Ext. 126
Fax : (407) 648-6323
Email: Miriam.G.Suarez@usdoj.gov

**Charles R Sterbach**
Office of the United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
(407) 648-6301
Fax : (407) 648-6323
Email: Charles.R.Sterbach@usdoj.gov

**Scott E Bomkamp**
United States Trustee
400 W. Washington Street
Suite 1100
Orlando, FL 32801
407-648-6301 ext. 150
Email: scott.e.bomkamp@usdoj.gov

PSR Developers LLLP          represented by Michael S Provenzale
                                           Lowndes, Drosdick, Doster, Kantor &
                                           Reed, P.A.
                                           Post Office Box 2809
                                           Orlando, FL 32802
                                           Email: Michael.provenzale@lowndes-law.com

ORDERED.

**Dated: October 05, 2022**

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:

DON KARL JURAVIN

    Debtor.

_____/

DON KARL JURAVIN,
Case No. 6:18-bk-06821-LVV

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-LVV

    Applicable Debtors.

_____/

Case No. 6:18-bk-06821-LVV
Chapter 7

Jointly Administered with
Case No. 6:20-bk-01801-LVV

**ORDER GRANTING MOTION TO APPROVE
SETTLEMENT PURSUANT TO RULE 9019, FED. R. BANKR. P. (DOC NO. 698)**

THIS CASE came on for hearing on August 10, 2022, at 10:00 a.m. and September 15, 2022 at 10:00 a.m., on the Trustee's *Motion to Approve Settlement Pursuant to Rule 9019, Fed. R. Bankr. P.* ("Motion") (Doc. No. 698), the *Memorandum in Opposition to Motion to Approve Settlement with PSR Developers LLLP* filed by Don Karl Juravin and Anna Juravin (Doc. No. 700), the *Supplemental Memorandum in Opposition to Motion to Approve Settlement with PSR*

*Developers LLP* filed by Don Karl Juravin and Anna Juravin (Doc. No. 709), and the Trustee's

*Notice of Filing Addendum to Settlement Agreement Between Trustee and PSR Developers, LLLP*

(Doc. No. 720) (the "Addendum").

The Motion was served on all interested parties with the Local Rule 2002-4 negative notice

legend informing the parties of their opportunity to object within 21 days plus 3 additional days

for service by mail. The Addendum was served on all interested parties. Accordingly, all creditors

have been duly noticed of the Motion, the Addendum, and the Settlement Agreement.

After considering the papers filed by the parties and the arguments of counsel and being

otherwise fully advised in the premises, it is

**ORDERED:**

1.    The Motion (Doc. No. 698) is **GRANTED.**

2.    Based on the *Justice Oaks* factors and the Trustee's business judgment, the

Settlement Agreement, which is attached to the Motion as Exhibit A, as modified by the

Addendum (collectively, the "Settlement Agreement") is approved in its entirety.

3.    The Settlement Agreement constitutes a reasonable settlement and is in the best

interest of the estate and all creditors.

4.    The parties are directed to comply with the terms of the Settlement Agreement.

5.    The Court retains jurisdiction to enforce the terms of the Settlement Agreement and

to resolve any disputes pertaining to the Settlement Agreement.


Bradley M. Saxton is directed to serve a copy of this Order on interested parties who are non-
CM/ECF users and file a proof of service within 3 days of entry of the Order.

JS 44 (Rev. 04/21)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Don Karl Juravin

**DEFENDANTS**
Dennis Kennedy James Ryan Bradley Saxton Lauren Reynolds PSR DEVELOPERS LLLP

**(b)** County of Residence of First Listed Plaintiff **Lake**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Don Karl Juravin /Pro Se/
15118 Pendio Dr.,Montverede,FL, 34756

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- [x] 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Rule 9019 FED.R.BANK.P.
Brief description of cause:
Appeal on Order Granting Motion to Approve Settlement with PSR Developers LLLP

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Lori V. Vaughan    DOCKET NUMBER 6:18-bk-06821-LVV Doc. No.698

DATE
October 19, 2022
SIGNATURE OF ATTORNEY OF RECORD
Don K. Juravin

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| IN RE: DON KARL JURAVIN | Case No. 6:18-bk-08621-LVV |
| Debtor | |
| DON KARL JURAVIN | Case No. 6:18-bk-08621-LVV |
| MUST CURE OBESITY, CO. | Case No. 6:20-bk-01801-LVV |
| Applicable Debtors | |

## APPEAL ON ORDER FILED OCTOBER 6, 2022 GRANTING MOTION TO APPROVE SETTLEMENT

Don Karl Juravin by and way of Appeal of Order Filed October 6, 2022, in the above matter approving the terms of an Amended/Addendum Settlement Agreement with PSR appearing at Docket No. 726 says:

The original proposed settlement purports to settle the case by adding the settlement amount to the principal amount due under Debtor's residential home mortgage.   The Addendum seeks to refer the issue to state court, and if not resolved, then this court would retain jurisdiction.

However, the terms of the Order, while now referring to In Re Justice Oaks, states that the Settlement Agreement is premised upon  and satisfies the requirements of that case. Contrary thereto, In Re Justice Oaks would hold that there is no issue remaining to be resolved, and that the matter is not subject to further review by this Court. Thus, the Order which now refers to In Re Justice Oaks as being satisfied in wholly inconsistent with the terms of the Settlement Agreement.

The holding in the case of In Re Justice Oaks , Ltd. Chapter 11, Debtor. Bruce Wallis, Kate Wallis, United States Court of Appeals, Eleventh Circuit, Apr 25, 1990, 898 F.2d 1544 (11th Cir. 1990) would apply the doctrine of collateral estoppel to prevent in the first instance the issue being relitigated. The Amount of the Note cannot now be increased. Don Juravin has already been discharged in bankruptcy. The creditor, PSR had a full and fair opportunity to submit a Proof of Claim and examine the Debtor through a Rule 2004 Examination or otherwise. The Bar Date has long since past, as has the Federal Statute of Limitations in which to challenge the Chapter 7 proceeding itself. Current adversary cases are based upon alleged preferences paid by other creditors. The Debtor has not reaffirmed the original mortgage indebtedness that has been discharged.

Now PSR, in conjunction with the Trustee, are seeking to impose a post petition amendment to the debt, heretofore *fully discharged*, by the sum of Two Hundred Thousand Dollars. In Re Justice Oaks identifies the accepted concepts of issue preclusion and law of the case. The monetary claim under the Note was incorporated into the Schedules of the Debtor, Don Juravin, and he has been discharged from the debt. This new attempt to add and/or amend PSR's claim *post discharge* is contrary to the Order of relief and discharge heretofore granted. The Debtor's original case disposed of effectively the amount of and the current proposed agreement to pass along a previously discharged debt.

It is axiomatic that after an individual debtor receives a bankruptcy discharge, a creditor may not seek to recover the discharged debt. Under section 524(a)(2) of the Bankruptcy Code, a discharge injunction permanently enjoins creditors from trying to collect discharged debts and prohibits a creditor from collecting any debt where the debtor has been discharged of personal liability.

Yet that is what the proposed Agreement purports to do.    It should clearly not be allowed.    Compounding the issue, the Court in its most recent Order (DE 726) makes a finding that In Re Justice Oaks is consistent with the terms of the Settlement Agreement. Contrary thereto, it is in conflict with this appellate decision and for this reason alone the Order should be reconsidered..

Date:  October 19, 2022

Don Karl Juravin