UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re: | Case No. 6:18-bk-06821-LVV |
| DON KARL JURAVIN | Chapter 7 |
| Debtor. | Jointly Administered with<br>Case No. 6:20-bk-01801-LVV |
| _____ / | |
| DON KARL JURAVIN,<br>Case No. 6:18-bk-06821-KSJ | |
| MUST CURE OBESITY, CO.<br>Case No. 6:20-bk-01801-KSJ | |
| Applicable Debtors. | |
| _____ / | |

**RESPONSE TO DEBTOR'S MOTION TO UNSEAL DOCUMENTS, FOR CONTEMPT, TO COMPEL, AND FOR REMOVAL OF CHAPTER 7 TRUSTEE**

Dennis D. Kennedy, as Chapter 7 Trustee of the Estate of Don K. Juravin and Must Cure Obesity, Co. ("Trustee"), through counsel, responds in opposition to the Motion to Unseal Documents, for Contempt, to Compel, and for Removal of Chapter 7 Trustee (Doc. No. 776) ("Motion"), and states:

**Preliminary Statement**

Sixteen months after entry of the Break Order (Doc. No. 502), and immediately after he no longer has counsel, Debtor seeks to relitigate issues that have already been raised and disposed of by this Court (and the District Court). This Court already threatened the Debtor and his prior counsel with sanctions for raising these types of meritless and bad-faith arguments. Yet, the Debtor persists in making these ridiculous and absurd requests for removal of the Trustee and his counsel and to punish them for their purported conduct. The Debtor's request for such relief must be denied.

**A.    Debtor's Request for an Order Compelling Trustee to Provide Copy of Motion Under Seal.**

1. The Debtor first asks this Court to order the Trustee and/or his counsel to provide the Debtor with a copy of the Trustee's Renewed and Supplemental Motion Under Seal of an Order to Take Possession of Debtor Property (Doc. No. 490) ("Motion Under Seal").

2. In his Motion, the Debtor complains that the Trustee and his counsel failed to provide him with a copy of the Motion Under Seal. Shortly before he filed the Motion, Debtor contacted Trustee and his counsel making vague requests that the Trustee provide him with sealed documents. Because he specifically requested documents under seal, and Local Rule 5005-4(g) provides that only the Court can unseal documents, the Trustee advised that Debtor needed to file a motion if he wanted access to sealed documents.

3. The Debtor also seeks sanctions against the Trustee for purportedly failing to serve the Motion Under Seal on Debtor's counsel after execution of the Break Order. However, on May 6, 2021, the day after the Break Order was executed, the Trustee, through counsel, provided Mr. Bartolone (the Debtor's counsel at the time) with a copy of the Motion Under Seal via email, as reflected in **Exhibit A**. While he should have already obtained the Motion Under Seal from his prior attorney, or should be able to obtain it from Mr. Bartolone now, since it now seems through preparing this response that Debtor does not have a copy of the Motion Under Seal, and since it was sent to his counsel previously, the Trustee has sent him a copy of the Motion Under Seal.

**B.    Debtor's Request to Unseal Documents.**

4. The Debtor next asks this Court to unseal the Motion Under Seal as stated in the Break Order (Doc. No. 502). Local Rule 5005-4(g) states: "[T]he Court will consider, on a case-by-case basis, the papers filed under seal and shall determine who may have access to the sealed paper and related orders and if and when restriction on access should be terminated." Thus, Trustee

acted in compliance with the Local Rule by indicating to Debtor he needed to file a motion to the extent he was seeking sealed documents.

    C.    **Debtor's Request for Report Summarizing New Findings as a Result of Break Order.**

5.    The Debtor next requests the Court order the Trustee to file a report summarizing the "new findings" as a result of the Break Order "in comparison to the Debtor's previous filings." It is unclear what the Debtor is seeking by this request. However, to the extent he seeks to compel the Trustee to file or otherwise disclose anything he discovered, analyzed, or concluded as a result of the Break Order, that request must be denied for multiple reasons.

6.    First, the Debtor previously made a similar request to the Court in his Motion Seeking Updated Accounting from Trustee (Doc. Nos. 601, 603). At the November 9, 2021 hearing on that motion, the Debtor's counsel explained, he was seeking "to understand for the benefit of myself and my client and co-counsel and for the Court what they [the Trustee and counsel] have found so far." (Doc. No. 669, p. 2, ll: 20-22). That request was summarily denied by Judge Jennemann as an "absolutely ridiculous" request set forth in motions that are "specious," "not required under any aspect of the Bankruptcy Code, and smell of bad faith." (Doc. No. 669, p. 25, ll. 4-14; p. 26, ll. 1-10, p. 39, ll. 19-21).

7.    Second, the Debtor appears to be seeking the Trustee's work product, which is absolutely protected from disclosure. Pursuant to Federal Rule of Civil Procedure 26(b)(3), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Courts repeatedly decline to allow third parties to discover information from a Trustee regarding the nature or scope of the Trustee's investigations. *See, e.g., Osherow v. Vann (In re Hardwood P-G, Inc.)*, 403 B.R. 445, 470 (Bankr.

W.D. Tex. 2009) (discovery was not permissible when it was aimed to uncover what the estate's professionals were investigating as such information was work product and protected from disclosure); *In re Transbrasil S.A. Linhas Aereas*, No. 11-19484-BKC-AJC, 2014 Bankr. LEXIS 1891, at *2 (Bankr. S.D. Fla. Apr. 24, 2014) (permitting motions describing trustees' work product to remain under seal because the motions described "work product regarding the progress of the investigation and if unsealed at this time could compromise the efforts of the Trustee to recover the undisputed hundreds of millions of dollars in losses incurred by Transbrasil's creditors, including over three thousand unpaid former employees.").

8. "[W]ork performed by the Trustees and their retained professionals in their confidential investigation, work the Trustees and their retained professionals still intend to do to advance the confidential investigation, and suspicions harbored by the Trustees as a result of information obtained through the confidential investigation" is work product protected from disclosure. *In re Transbrasil S.A. Linhas Aereas*, 2014 Bankr. LEXIS 1891, at *2.

9. Again, as mentioned above, it is unclear what exactly the Debtor seeks through this request. It appears to be a re-hash of previous requests that were denied. But to the extent he seeks any analysis, documents, or information prepared by the Trustee, his counsel, or any other professional employed by the estate, such is unquestionably the Trustee's work product, to which the Debtor is not entitled.

**D.  Debtor's Request to Hold Chapter 7 Trustee in Contempt and Remove Him as Trustee.**

10. The Debtor next asks the Court hold the Trustee in contempt for some reason, but that request has absolutely no legitimate basis whatsoever. To the extent it is based on the alleged failure to provide him or his counsel with a copy of the Motion Under Seal to Debtor's prior

counsel, the Debtor is incorrect. As reflected in Exhibit A, the Motion was previously provided to Mr. Bartolone on May 6, 2021.

11. Next, the Debtor yet again requests the Trustee and his counsel be removed, citing a variety of absurd and absolutely meritless issues in connection with the execution of the Break Order as a façade to seek to remove the Trustee and his counsel. He again raises purported, but baseless, issues with Mr. Ryan's connections to DCS Real Estate Investments, which connections were fully disclosed to the Court previously when Mr. Ryan was sought to be retained as special counsel to the Trustee.

12. The Debtor has repeatedly raised these issues with the Court previously, and each time, his meritless motions have been denied in their entirety. Specifically, on October 18, 2021, the Debtor filed a Motion to Remove Trustee and Disqualify Counsels for Trustee (Doc. No. 592), which was summarily denied in the Order Denying Motion to Remove Trustee (Doc. No. 611). Judge Jennemann stated with regard to the Debtor's prior Motion to Remove Trustee:

> **So to say that these motions smell of bad faith would be an understatement.** They were filed merely to stop the Trustee from continuing his efforts to investigate the Debtor's financial assets and to try to impose barriers to try to stop the Trustee in his tracks hoping to prevent the disclosure of the assets to be recovered and its fairly transparent and it is not credible.
> . . .
> If these motions continue, Mr. Portner, **there will be sanctions assessed against the Debtor and you**. I am not going to permit this kind of side litigation, prevent the Debtor from – prevent the Trustee from expeditiously doing his job without all of these roadblocks of no substance. So file your motions carefully and cautiously to avoid that kind of further action. Mr. Juravin knows that this Court will enforce the Trustee's rights to pursue and find assets for liquidation and distribution, and you just can't file this frivolous kind of very personal and almost ridiculous pleadings and then expect to just walk away and keep on doing it. So this is just a polite warning to please stop. Please work with the Trustee. All you really do is have to stand down and see what happens next rather than continue to insert yourself in an attempt to stop the Trustee from doing his statutory duties and obligations.

(Doc. No. 669, p. 36, ll. 3-10; p. 37, ll 4-21) (emphasis added).

5

13. Unfortunately, though, the Debtor did not and has not stopped advancing these ridiculous positions. His wife appealed the Order Denying Motion to Remove Trustee to the District Court (initiating case number 6:21-cv-01922-GAP), which Order was affirmed by Judge Presnell (Doc. No. 680).[1] In addition, the Debtor and his wife filed a separate Complaint against the Trustee and his counsel in the District Court (initiating case number 5:21-cv-00514-GAP), which Complaint was dismissed by Judge Presnell with prejudice. The dismissal order was subsequently appealed to the Eleventh Circuit, as appeal number 22-11356, and is currently pending.

14. Despite the Court's prior warning, and despite the ongoing litigation of this issue, the Debtor persists in raising this meritless issue time and time again. These requests are absolutely baseless and must be denied.

WHEREFORE, the Trustee respectfully requests that the Debtor's Motion to Unseal Documents, for Contempt, to Compel, and for Removal of Chapter 7 Trustee be denied in its entirety, and for any other relief the Court deems just and proper.

/s/ *Lauren M. Reynolds*
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward**
  **& Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy, Trustee

---

[1] Around the same time, the Debtor's wife appealed an Order (Doc. No. 612) denying a Motion for Reconsideration of an Order Denying Protective Order and to Quash Recently Served Subpoenas (Doc. No. 589), which motion was filed by the Debtor. That appeal was case number 6:21-cv-01921-GAP. Judge Presnell affirmed the Order, invited the Trustee to seek sanctions due to Mrs. Juravin's frivolous appeal, and ultimately awarded sanctions to the Trustee and entered a judgment against Mrs. Juravin and her then-counsel, Henry Portner, jointly and severally.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 25, 2023, a true copy of the foregoing has been sent via:

***CM/ECF to:***

United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL  32801
Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954

***US Mail to:***

Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756

                                                      /s/ *Lauren M. Reynolds*
                                                      Lauren M. Reynolds

# EXHIBIT A

| | |
|---|---|
| **From:** | Lauren |
| **Sent:** | Thursday, May 6, 2021 4:13 PM |
| **To:** | aldo.bartolone@gmail.com; aldo@bartolonelaw.com |
| **Cc:** | Dennis Kennedy; bsaxton@whww.com |
| **Subject:** | SERVICE OF COURT DOCUMENTS, in re Juravin 6-18-bk-06821, 2 DOCS Attached: Break Order and Trustee's Renewed, Supplemental Motion Under Seal |
| **Attachments:** | Trustee RENEWED SUPPLEMENTAL MOTION UNDER SEAL sent to Bartolone 05-06-2021.pdf; BREAK ORDER sent to Bartolone 05-06-2021.pdf |

| | |
|---|---|
| TO | Aldo Bartolone, Esq. aldo.bartolone@gmail.com; aldo@bartolonelaw.com |
| CC | Trustee Kennedy, atty Saxton |
| ATTACHMENT(S) | 2 Documents – 04/29/2021 Break Order, Trustee's Renewed and Supplemental Motion Under Seal |
| SUBJ | SERVICE OF COURT DOCUMENTS |
| CASE | Fla. MD Bankr. joint case no. 6:18-bk-06821 In re Juravin, MCO |

Aldo,

As directed by the Court's Break Order, it and the Trustee's Renewed, Supplemental Motion Under Seal [doc. 490] are attached.

LAUREN J. SCHINDLER, ESQ.
LAUREN@RYANLAWGROUP.NET
RYAN LAW GROUP, PLLC
636 U.S. HIGHWAY ONE ➔ SUITE 110
NORTH PALM BEACH, FLORIDA ➔ 33408
MAIN (561) 881-4447 ➔ FAX (561) 881-4461
LAUREN'S MOBILE (561) 452-2256

Due to increased incidences of emailed wire instructions being intercepted by fraudsters, call our office to confirm the name, ABA no. & account no. when sending/receiving wire instructions. Thank you!
CONFIDENTIALITY NOTICE:
This e-mail is intended for the exclusive use of the person or persons to whom it is addressed. This email message may contain information that is privileged and/or confidential. If the reader of this message is not (1) the intended recipient or (2) the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. Do not disseminate this e-mail; please destroy the original e-mail and any copies. If you have received this in error, please immediately notify us by telephone at 561-881-4447 and destroy the original message. The Electronic Communications Privacy Act, [19 USC 2510-2521] applies to this e-mail. Unauthorized review or distribution is strictly prohibited.
---------------------------------------------
IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein.

Lauren Schindler

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | aldo.bartolone@gmail.com |
| **Sent:** | Thursday, May 6, 2021 4:13 PM |
| **Subject:** | Relayed: SERVICE OF COURT DOCUMENTS, in re Juravin 6-18-bk-06821, 2 DOCS Attached: Break Order and Trustee's Renewed, Supplemental Motion Under Seal |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

aldo.bartolone@gmail.com (aldo.bartolone@gmail.com)

Subject: SERVICE OF COURT DOCUMENTS, in re Juravin 6-18-bk-06821, 2 DOCS Attached: Break Order and Trustee's Renewed, Supplemental Motion Under Seal