UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re:<br><br>DON KARL JURAVIN<br><br>    Debtor.<br>_____/ | Case No. 6:18-bk-06821-LVV<br>Chapter 7<br><br>Jointly Administered with<br>Case No. 6:20-bk-01801-LVV |

DON KARL JURAVIN,
Case No. 6:18-bk-06821-KSJ

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-KSJ

    Applicable Debtors.
_____/

**TRUSTEE'S RESPONSE IN OPPOSITION
TO DEBTOR'S MOTION TO RECONSIDER**

Dennis D. Kennedy, as Chapter 7 Trustee of the Estate of Don K. Juravin and Must Cure Obesity, Co. ("Trustee"), through counsel, files this response in opposition to the Debtor's Motion to Reconsider (Doc. No. 780) (the "Motion to Reconsider"), the Amended Objection to Proposed Settlement (Doc. No. 779), and Brief in Support of Debtor's Motion for Reconsideration (Doc. No. 781), and states:

**PROCEDURAL BACKGROUND**

1. On November 14, 2022, the Trustee filed a Motion to Approve Settlement with American Express Company (Doc. No. 741) (the "Settlement Motion").

2. On December 2, 2022, Debtor responded in opposition to the Settlement Motion (Doc. No. 754) (the "Objection"), setting forth various baseless grounds that he contended required denial of the Settlement Motion.

3. On December 14, 2022, the Court heard argument on the Settlement Motion, and granted it for three reasons: (1) the settlement agreement was fair and reasonable and is in the best interest of the estate; (2) the arguments raised by Debtor were meritless; and (3) any impact on Debtor personally is irrelevant. An Order Granting the Settlement Motion (Doc. No. 774) was entered on December 27, 2022, memorializing the Court's ruling at the hearing.

4. On December 30, 2022, the Debtor filed his Motion to Reconsider (Doc. No. 780) and Brief in Support of the Motion (Doc. No. 781) (collectively, the "Motion to Reconsider") and an Amended Objection to Proposed Settlement (Doc. No. 779), despite the fact that his original Objection had already been overruled. In the Motion to Reconsider and Amended Objection, the Debtor re-asserts the same arguments raised in his original Objection.

5. The Motion to Reconsider must be denied because it fails to set forth any newly discovered evidence or manifest errors of law or fact. Instead, it simply re-argues the very same arguments raised in the original Objection. The Debtor is not entitled to a second bite at the apple.

## **Memorandum of Law and Argument**

6. Reconsideration of an order under Federal Rule of Civil Procedure 59(e), made applicable through Federal Rule of Bankruptcy Procedure 9023, "is an extraordinary remedy to be employed sparingly." *Kapila v. Integra Bank (In re Pearlman)*, Nos. 6:07-bk-00761-KSJ, etc., 2011 Bankr. LEXIS 3065, at *6 (Bankr. M.D. Fla. July 28, 2011) (Jennemann, J.). A motion for reconsideration may only be granted if it is based upon newly-discovered evidence or manifest errors of law or fact. *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999).

7. A reconsideration motion should not be used by an unhappy litigant as an additional chance to change the judge's mind. *Kapila v. Integra Bank*, 2011 Bankr. LEXIS 3065, at *6. "[I]t

is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through – rightly or wrongly." *Id.* (internal quotations and alterations omitted).

8. Furthermore, a motion for reconsideration cannot be used to raise legal arguments which could and should have been made prior to entry of the order. *Sanderlin v. Seminole Tribe*, 243 F.3d 1282, 1292 (11th Cir. 2001). Denial of a motion for reconsideration is particularly appropriate when the litigant has not articulated any reason for its failure to raise the issue earlier in the litigation. *Id.*

9. The Debtor's Motion to Reconsider must be denied because it does not satisfy the requirements of Rule 59(e) and applicable case law. The Motion to Reconsider contains no newly discovered evidence, nor does it demonstrate that any manifest errors of law or fact occurred. Rather, the Debtor simply uses the Motion to Reconsider to re-argue the same issues he previously raised in his Objection. The Debtor is unhappy with the outcome of the Settlement Motion and now asks the Court to re-think its prior decision. This is not an appropriate use of a motion for reconsideration. Accordingly, the Debtor's Motion to Reconsider must be denied.

## CONCLUSION

For each of the reasons argued herein, the Court should deny the Debtor's Motion to Reconsider, and grant the Trustee any such further relief the Court deems just and proper.

Dated January 25, 2023.

/s/ *Lauren M. Reynolds*
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward**
  **& Woodman, P.A.**
Post Office Box 880

Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2023, a true copy of the foregoing has been sent via:

*CM/ECF to:*

United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL  32801
Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954

*US Mail to:*

Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756

/s/ *Lauren M. Reynolds*
Lauren M. Reynolds