```
                                                              FILED
IN THE UNITED STATES BANKRUPTCY COURT  Date: 02/09/2023    via: email
    FOR THE MIDDLE DISTRICT OF FLORIDA
              ORLANDO DIVISION              Clerk, U.S. Bankruptcy
                                               Orlando Division
```

IN RE:

DON KARL JURAVIN                          NO.  6:18-bk-06821-LVV

    Debtor                            Jointly Administered with
                                           Case No. 6:20-bk-01801-LVV

DON KARL JURAVIN,
Case No. 6:18-bk-06821-LVV
MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-LVV

Applicable Debtors.

### OBJECTION TO PROPOSED SETTLEMENT

Come now Don Karl Juravin and pursuant to Bankruptcy Rule 9019(a) to object to the proposed settlement of the Adversary Proceeding No.: 6:22-ap-00021-LVV between DENNIS D. KENNEDY, Chapter 7 Trustee, and Hal Hershkowitz and Hershkowitz & Kunitzer, P.A. In support of his objection, Don Karl Juravin would show as follows:

1) That he is a creditor of Must Cure Obesity, Co. ("MCO"), having filed a proof of claim that is reflected on the Court's Claims Register.

2) Debtor, Don Karl Juravin requests time to obtain counsel. Additional time is needed so that newly retained counsel can enter an appearance for MCO and file in opposition to the proposed settlement agreement between the Trustee and Hal Hershkowitz and possibly other filings. Don Karl Juravin was MCO's last known president, and MCO having been sold to Wilmington Financial, it appears that Wilmington Financial has no intention of acting as a de jure legal corporation as it has failed to register with the State, failed to file annual reports, and failed to name and appoint officers of the corporation. The Secretary of State of the State of Florida

administratively dissolved the MCO as of September 24, 2021. Please note that under Section 617.1421 of the Florida Corporation Statute, under subsection (4), a director, officer or agent of the Corporation purporting to act for the Corporation is personally responsible for such indebtedness in so acting for the corporation. Don Juravin has no intention of participating in a transaction as its former President and will not approve, condone or acquiesce to the proposed settlement

2) That in the Complaint filed by the Chapter 7 Trustee in this Adversary Proceeding repeatedly accuses Don Karl Juravin of fraud, beginning with Paragraph 11 of the Complaint. That allegation of fraud is repeated in the Motion to Approve Settlement. This acts to damage the character and credit of Don Karl Juravin; he has no choice but to object to a settlement that will memorialize that he has been accused of fraud. Approval of the settlement will mean that this Court has found the Debtor guilty of fraud without him having had any chance to rebut that accusation.

3) That Don Karl Juravin and Must Cure Obesity, Co., filed bankruptcy fifteen (15) months apart. Don Karl Juravin filed his case on October 31, 2018, disclosing MCO in his schedules. Must Cure Obesity, Co. filed its case on January 31, 2020. MCO was sold to Wilmington Financial on July 2, 2020. MCO's bankruptcy was converted from a Chapter 11 to a Chapter 7 on May 29, 2020. The 90 day preference presumption periods (as specified in 11 U.S. Code § 547) for the two cases are different.

5) That any payments made to Hal Hershkowitz were made in the ordinary course of business as he did accounting services for Must Cure Obesity Co. Also, the amount paid to Hal Hershkowitz as claimed by the Chapter 7 Trustee and as reflected in the proposed settlement agreement, was far less than the $32,000.00 proposed as settlement, and only a fraction of the money alleged to

have been transferred in the Trustee's Complaint. The proposed "settlement" in that amount suggests that some ulterior motive is in play, and the Court should not approve this amount. For what legitimate reason would a party agree to pay more than could be possibly proven? There is no legitimate reason. This $32,000 amount doesn't make sense under any set of circumstances; it is less than a third of what the Trustee claimed in his Complaint, and it is more than 3 times what the Debtor actually paid to Hal Hershkowitz in the ordinary course of business.

6) That the proposed settlement does not represent a reasonable compromise of the interests in the adversary proceeding. The amount is wildly out of proportion to what was ever actually paid to Hal Hershkowitz. This present proposed settlement violates the standard set for in the <u>Justice Oaks</u> case (898 F.2d 1544 (11th Cir. 1990). The adversary action notably was filed after the discharge of the Debtor on January 30, 2022. For whatever reason, it does not appear that Hal Hershkowitz has explored defending against the Trustee's claims in any meaningful way.

WHEREFORE, Don Karl Juravin asks that this Court reject the proposed settlement.



Don Karl Juravin

### Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon DENNIS D. KENNEDY, Chapter 7 Trustee, and upon Michael A. Tessitore via United States mail, postage prepaid, this 9th day of February, 2023 at the address listed below.

| Dennis D. Kennedy, Chapter 7 Trustee<br>P. O. Box 541848<br>Merritt Island, FL 32954 | |
|---|---|