UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:

DON KARL JURAVIN

      Debtor.

_____/

DON KARL JURAVIN,
Case No. 6:18-bk-06821-LVV

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-LVV

      Applicable Debtors.

_____/

Case No. 6:18-bk-06821-LVV
Chapter 7

*Jointly Administered with*
Case No. 6:20-bk-01801-LVV

**MOTION TO APPROVE SETTLEMENT**
**PURSUANT TO RULE 9019, FED. R. BANKR. P.**
(Settlement with April Goodwin and The Goodwin Firm, P.A.,
defendants in Adv. Proc. No. 6:21-ap-00145-LVV and 6:22-ap-00014-LVV)

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice of hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

DENNIS D. KENNEDY, as Chapter 7 Trustee of the Estate of Donald Karl Juravin, Case No. 6:20-bk-06821-LVV  and Chapter 7 Trustee of the Estate of Must Cure Obesity, Co., Case No. 6:20-bk-01801-LVV ("Trustee"), through counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), moves this Court to approve a settlement agreement between the Trustee and April Goodwin and The Goodwin Firm, P.A. (collectively, "Goodwin"), and states:

### *Summary of Argument*

The Trustee seeks approval of a settlement agreement between the Trustee and Goodwin stemming from two (2) adversary proceedings in which claims were asserted against Goodwin: One was filed in the Juravin Bankruptcy Case (as defined below), adversary proceeding no. 6:21-ap-00145-LVV and one was filed in the MCO Bankruptcy Case (as defined below), adversary proceeding no. 6:22-ap-00014-LVV. Pursuant to the settlement agreement, the Trustee is to receive a total of $26,000.00 over time, the Trustee may seek a court order compelling turnover of certain information, the adversary proceedings will be abated pending performance under the settlement agreement, and upon payment in full, the claims against Goodwin will be dismissed. Given the settlement amount relative to the time and expense of litigating the adversary proceedings, and the uncertainty of the outcome of the proceedings, the settlement agreement is fair and equitable and should be approved.

### *Jurisdiction and Venue*

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue of this matter is appropriate with this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### *Factual and Procedural Background*

2.      On or about October 31, 2018, Don Karl Juravin, filed a Chapter 7 bankruptcy case (the "Juravin Bankruptcy Case"), and the Trustee was duly appointed.

3.      On or about January 31, 2020, Must Cure Obesity, Co. filed a Chapter 11 bankruptcy case, case number 6:20-bk-1801 (the "MCO Bankruptcy Case").

4.      On May 29, 2020, the MCO Bankruptcy Case converted from Chapter 11 to Chapter 7, and the Trustee was then duly appointed in that case.

5.      On October 4, 2021, Dennis Kennedy, as Chapter 7 Trustee of the Estate of Don K. Juravin, filed a Complaint against Goodwin seeking to avoid and recover alleged preferential, fraudulent and post-petition transfers, totaling $60,000.00, pursuant to 11 U.S.C. §§ 544, 547, 548, 549, 550, and the Florida Statutes §§ 726.105-106, 108, initiating case number 6:21-ap-00145 (the "Juravin Adversary").

6.      On November 24, 2021, Goodwin filed an Answer to Complaint in the Juravin Adversary, in which Goodwin generally denied the allegations in the Complaint, denied liability, and raised certain defenses thereto.

7.      On January 30, 2022, Dennis Kennedy, as Chapter 7 Trustee of the Estate of Must Cure Obesity, Co., filed a Complaint against Goodwin seeking to avoid and recover alleged fraudulent and post-petition transfers, totaling $200,587.96, pursuant to 11 U.S.C. §§ 544, 548, 549, 550, and the Florida Statutes §§ 726.105-106, 108, initiating case number 6:22-ap-00014 (the "MCO Adversary", and together with the Juravin Adversary, the "Adversary Proceedings").

8.      On March 1, 2022, Goodwin filed an Answer to Complaint in the MCO Adversary, in which Goodwin generally denied the allegations in the Complaint, denied liability, and raised certain defenses thereto.

9.     On August 17, 2022, the MCO Adversary was consolidated with and into the Juravin Adversary for the purposes of discovery and trial.

10.    On September 13, 2022, the Court entered an Agreed Case Management Order setting the case for trial on April 5-6, 2023.

### *The Compromise*

11.    On or about February 20, 2023, the Trustee and Goodwin reached a resolution of the dispute between them related to the Adversary Proceedings. A copy of the Settlement Agreement memorializing the compromise is attached hereto as **Exhibit A**.

12.    The material terms of the compromise are as follows:[1]

   a.  Goodwin agrees to pay to the Trustee the sum of Twenty-Six Thousand Dollars ($26,000.00) (the "Settlement Payment"). The Settlement Payment shall be made according to the following payment schedule: (i) $5,000.00 paid by April 1, 2023; and (ii) $1,000.00 per month due on the first day of each month, beginning on May 1, 2023 and continuing for 20 months thereafter (for a total of 21 monthly payments of $1,000.00).

   b.  In the event of a default, Goodwin shall have 10 days from date of the email notification from Trustee to cure the default. If the default is not timely cured, the Trustee shall be entitled to the immediate entry of a default final judgment against Goodwin in the amount of $234,048.39, less any payments made pursuant to the Settlement Agreement ("Default Final Judgment").

   c.  Goodwin represented and warranted that they are not now and have never held any money or other thing of value for Juravin, MCO, or any other entity affiliated with Juravin in order to avoid the payment of creditors. The Trustee relied upon this material representation and warranty in entering into this Agreement, and in the event this representation and warranty is discovered to be false, the Trustee is entitled to immediate entry of a Default Final Judgment, and to take any other action against Goodwin that is reasonable and necessary, including but not limited to seeking turnover of any such funds.

---

[1] The following is only a summary. To the extent of any inconsistency with the Settlement Agreement, the terms of the Settlement Agreement shall control.

    d.   The Trustee may seek a court order compelling the following:

        i.   turnover of all communications involving Juravin and/or MCO from January 1, 2014 to present, and other communications and documents related to Juravin, MCO, or their affiliated entities. Other than a blanket assertion that the communications are protected by attorney client privilege or work product privilege, Defendants agree to take no further action to contest the turnover of these communications and documents. Defendants agree to provide such documents and communications to the Trustee consistent with any Court order.

       ii.   Information regarding certain transfers, specifically,  (i) the account name, (ii) the financial institution, payment processor, or other source from which the transfer originated, (iii) at least the last four digits of each account or other sufficient information to identify that account, for each transfer received from Juravin, MCO, or any other entity affiliated with Juravin from January 1, 2015 to present. The Defendants agree to provide such information to the Trustee consistent with any Court order.

    e.   The parties will file a joint motion to abate the Adversary Proceedings and within 14 days of receipt and clearance of the final payment of the Settlement Amount, the Trustee shall dismiss the Adversary Proceedings with each party to bear its own fees and costs.

### *Legal Argument*

13.    By this Motion, the Trustee seeks Court approval of the Settlement Agreement pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which authorizes a Bankruptcy Court to approve a compromise or settlement. The approval or rejection of a compromise or settlement is left to the sound discretion of the bankruptcy court, which should approve the settlement only if it is fair and equitable and in the best interest of the estate. *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998) (Briskman, J.).

14.    Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Rule 9019(a). These factors include: (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily

attending it (which should also include the possibility that denial of the settlement will cause depletion of estate assets); and (d) the paramount interest of the creditors and a proper deference to their reasonable views. *In re Justice Oaks, II, Ltd*., 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied sub nom., Wallace v. Justice Oaks, II, Ltd.,* 498 U.S. 959 (1990); *In re Kay*, 223 B.R. at 820.

15.     The *Justice Oaks* factors weigh in favor of approval of the compromise. Absent settlement, the Trustee anticipates protracted, costly, and risky litigation in relation to the pending Adversary Proceedings related to Goodwin. The outcome of those proceedings is uncertain and the claims asserted against Goodwin for actual and constructive fraud are complex. Accordingly, the Trustee submits that the compromise between him and Goodwin is in the best interest of the estate because it relieves the estate from the costs and expenses involved with any further litigation, in which the ultimate recovery is unknown. Furthermore, Goodwin has asserted that any judgment obtained by the Trustee would be uncollectible, and provided certain information to support that assertion at mediation, under mediation privilege, upon which the Trustee relied when entering into the Settlement Agreement. The Settlement Agreement increases the funds available for distribution to creditors of the estate.

16.     Accordingly, the Trustee submits that the settlement is within the best interest of the estate and seeks the entry of an order approving the Settlement Agreement.

WHEREFORE, the Trustee respectfully requests that this Court enter an order (i) approving Settlement Agreement absent objection; (ii) directing the parties to comply with the terms of the Settlement Agreement; (iii) reserving jurisdiction to enforce the terms and conditions of the Settlement Agreement and to otherwise resolve any disputes under or pertaining to the

Settlement Agreement; and (iv) providing for such other and further relief as the Court deems just

and proper if an objection is filed.

Dated February 24, 2023.

*/s/ Lauren M. Reynolds*
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward
  & Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy,
Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2023, a true copy of the foregoing has been
sent via:

***CM/ECF to:***
United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100,
Orlando, FL 32801
Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954
All other parties who receive CM/ECF in the ordinary course of business

***Email to:***
Don Karl Juravin, don@juravin.com

***US Mail to:***
Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756
Must Cure Obesity, Co., 5039 Central Ave., St. Petersburg, FL 33710
All Creditors and Parties in Interest who do not receive CM/ECF service listed on the mailing
matrix attached to the original of this Motion

*/s/ Lauren M. Reynolds*
Lauren M. Reynolds

# EXHIBIT A

DocuSign Envelope ID: 32A1C5ED-E767-4EC5-A87D-5B95CD2DF5AB

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this 20th day of February, 2023, by and between Dennis Kennedy, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Don K. Juravin ("Juravin") and the bankruptcy estate of Must Cure Obesity, Co. ("MCO"), and The Goodwin Firm, P.A. and April Goodwin (collectively, "Defendants"). The Trustee and Defendants are also referred to below individually as a "Party" or collectively as the "Parties."

## WHEREAS:

A.      WHEREAS, on October 31, 2018, debtor Juravin filed his voluntary petition under Chapter 7 of Title 11 of the United States Code, initiating case number 6:18-bk-06821 (the "Juravin Bankruptcy Case") in the Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

B.      WHEREAS, on January 31, 2020, debtor MCO filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating case number 6:20-bk-1801, which was subsequently converted to a case under Chapter 7 (the "MCO Bankruptcy Case"; the Juravin Bankruptcy Case and the MCO Bankruptcy Case, collectively, the "Bankruptcy Cases").

C.      WHEREAS, the Trustee was duly appointed as the Chapter 7 Trustee in the Juravin Bankruptcy Case and the MCO Bankruptcy Case.

D.      WHEREAS, on October 4, 2021, the Trustee filed a Complaint against Defendants in the Juravin Bankruptcy Case seeking to avoid and recover alleged preferential and fraudulent transfers pursuant to 11 U.S.C. §§ 544, 547, 548, 550, and Florida Statutes §§ 726.105-106, 108, initiating case number 6:21-ap-00145 (the "Juravin Adversary"), in the amount of $60,000.00.

E.      WHEREAS, on November 24, 2021, Defendants filed an Answer to Complaint in the Juravin Adversary, in which Defendants generally denied the allegations in the Complaint, denied liability, and raised certain defenses thereto.

F.      WHEREAS, on August 4, 2022, Defendants filed an Answer to Complaint in the MCO Adversary, in which Defendants generally denied the allegations in the Complaint, denied liability, and raised certain defenses thereto.

G.      WHEREAS, on August 17, 2022, the Court entered an Order Granting Motion to Consolidate Adversary Proceeding Cases 6:21-AP-00145 and 6:22-AP-00014 for the purposes of discovery and trial.

H.      WHEREAS, on October 30, 2022, the Trustee filed a Complaint against Defendants in the MCO Bankruptcy Case seeking to avoid and recover alleged fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, 550, and Florida Statutes §§ 726.105-106, 108, initiating case number 6:22-ap-00014 (the "MCO Adversary"; and together with the Juravin Adversary, the "Adversary Proceedings"), in the amount of $200,587.96.

DocuSign Envelope ID: 32A1CEED-E767-4F05-A97B-5B9ECD2DF5AB

I.      WHEREAS, on September 13, 2022, the Court entered an Agreed Case Management Order setting the case for trial on April 5-6, 2023.

J.      WHEREAS, on February 20, 2023, the Parties participated in Court-ordered mediation.

K.      WHEREAS, Defendants represented and warranted that they are not now and have never held any money or other thing of value for Juravin, MCO, or any entity affiliated with Juravin in order to avoid the payment of creditors, which representation the Trustee has relied upon when entering into this Agreement, as further described in this Agreement.

L.      WHEREAS, Defendants have represented that they lack the ability to pay any judgment that may be obtained. Therefore, Defendants have provided certain financial information to the Trustee at mediation under mediation privilege, which the Trustee has reviewed and relied upon when entering into this Agreement, and agreeing to accept payments made over a 21-month period.

M.      WHEREAS,  the Trustee and Defendants, having formally and informally exchanged documents and information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions, are desirous of compromising and settling the Trustee's claims against Defendants in their entirety, in order to avoid the expenses and risks of litigation, on the following terms and conditions.

**NOW THEREFORE**, in consideration of the premises and mutual promises set forth below and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.      **Settlement Payment.**  Defendants agree to pay to the Chapter 7 Trustee by check to Winderweedle, Haines, Ward, and Woodman, P.A. Trust Account the total sum of Twenty-Six Thousand Dollars ($26,000.00) (the "Settlement Payment"). The Settlement Payment shall be made according to the following payment schedule:
   a. $5,000.00 paid by April 1, 2023; and
   b. $1,000.00 per month due on the first day of each month, beginning on May 1, 2023 and continuing for 20 months thereafter (for a total of 21 monthly payments of $1,000.00).

2.      **Default and Remedies upon Default.** Defendants shall be in default under this Agreement in the event that they fail to comply with any term in this Agreement, including but not limited to the following: (i) any portion of the Settlement Payment is not made in accordance with the payment schedule set forth above; (ii) the representation and warranty set forth in paragraph 3 below is discovered to be false; and (iii) the information is not provided to the Trustee as set forth in paragraph 4. In the event of any default, the Trustee shall provide notice via email to Samantha Dammer at SDammer@bbdglaw.com, and April Goodwin at april@goodwin-firm.com. Defendants shall have 10 days from the date of the email notification to cure any default. In the event the default is not timely cured, the Trustee shall be entitled to the immediate entry of a default final judgment against Defendants in the amount of $234,048.39, less any payments made pursuant to this Agreement, upon the filing of an Affidavit setting forth the default.

3.      **Defendants' Representation and Warranty.** Defendants represent and warrant that they are not now and have never held any money or other thing of value for Juravin, MCO, or any other entity affiliated with Juravin in order to avoid the payment of creditors. The Trustee has relied upon this material representation and warranty in entering into this Agreement. The Trustee would not have entered into the Agreement absent this representation and warranty. In the event the Trustee subsequently discovers that this representation and warranty is false, it shall be considered an event of default under this Agreement, and the Trustee shall be entitled to: (i) the entry of a default final judgment as set forth in paragraph 2; and (ii) the Trustee shall be entitled to take any other action against Defendants as is reasonable and necessary, including but not limited to, seeking turnover of such funds or otherwise filing the appropriate claims against Defendants.

4.      **Turnover of Information.** The Trustee may seek a court order compelling the following:

    a.   turnover of all communications involving Juravin and/or MCO from January 1, 2014 to present, and other communications and documents related to Juravin, MCO, or their affiliated entities. Other than a blanket assertion that the communications are protected by attorney client privilege or work product privilege, Defendants agree to take no further action to contest the turnover of these communications and documents. Defendants agree to provide such documents and communications to the Trustee consistent with any Court order.

    b.   Information regarding certain transfers, specifically, (i) the account name, (ii) the financial institution, payment processor, or other source from which the transfer originated, (iii) at least the last four digits of each account or other sufficient information to identify that account, for each transfer received from Juravin, MCO, or any other entity affiliated with Juravin from January 1, 2015 to present. The Defendants agree to provide such information to the Trustee consistent with any Court order.

5.      **Court Approval of Settlement.**  This Agreement is conditioned upon approval of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. The Trustee shall file a Motion pursuant to Rule 9019 within 5 business days of the Effective Date of this Agreement. From the Effective Date of this Agreement, the parties shall comply with the terms of this Agreement, unless and until (i) the Bankruptcy Court does not approve the Agreement; or (ii) entry of a stay pending appeal.

6.      **Abatement of Adversary Proceedings.** The Parties will file a joint motion to abate the Adversary Proceedings pending performance under this Agreement. The Adversary Proceedings shall be dismissed within 14 days of receipt and clearance of the final payment of the Settlement Amount.

7.      **No Admission of Liability.**  Nothing in this Agreement shall be construed as an admission of liability by any Party to the Agreement.

8.     **Merger and Integration.** This document sets forth the entire agreement of the Parties and all prior and contemporaneous conversations, agreements, understandings, covenants, representations, and negotiations with respect to the subject matter hereof are merged herein and superseded hereby. No other agreements, covenants, representations, or warranties, express or implied, oral or written, have been made by any of the Parties with respect to the subject matter hereof.

9.     **Counterparts.** This Agreement can be signed in facsimile or PDF counterparts, each of which shall be considered as an original.

10.     **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement.

11.     **Governing Law.** This Agreement is made and entered into under the laws of the State of Florida and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws. The Parties hereto agree that this Agreement shall be governed by the laws of the State of Florida and Title 11 of the United States Code, and any litigation concerning this Agreement shall be held in the Bankruptcy Court.

12.     **Attorney's Fees.** In the event of any litigation arising out of or relating to the interpretation or enforcement of the Parties' obligations under this Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs.

13.     **No Presumption.** There shall be no drafting inference against either Party in connection with this Agreement.

14.     **Review by Counsel.** By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

15.     **Authority.** By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

16.     **Miscellaneous.** The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement. This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval. This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, and assigns. The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.

**SIGNATURE PAGE**

**DENNIS KENNEDY,**
**CHAPTER 7 TRUSTEE FOR**
**DON K. JURAVIN AND MUST CURE**
**OBESITY, CO.**

Dated: 2/20/2023

**THE GOODWIN FIRM, P.A.**

By: _____     Dated: _____

Title: _____

**APRIL GOODWIN**

By: _____     Dated: _____

5

DocuSign Envelope ID: 32A1CEED-E767-4FC5-A97B-5B9ECD2DF5AB

**SIGNATURE PAGE**

**DENNIS KENNEDY,**
**CHAPTER 7 TRUSTEE FOR**
**DON K. JURAVIN AND MUST CURE**
**OBESITY, CO.**

_____            Dated: _____

**THE GOODWIN FIRM, P.A.**

By: _____            Dated: 2/20/2023
89544CE5173E4C3...
Title: President

**APRIL GOODWIN**

By: _____            Dated: 2/20/2023
89544CE5173E4C3...