ORDERED.

Dated: March 23, 2023

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| Don Karl Juravin, ) | Case No. 6:18-bk-06821-LVV |
| ) | *Jointly Administered with* |
| Debtor. ) | Case No. 6:20-bk-01801-LVV |
| ) | Chapter 7 |
| _____) | |
| ) | |
| Don Karl Juravin ) | |
| Case No. 6:18-bk-06821-LVV ) | |
| ) | |
| Must Cure Obesity, Co. ) | |
| Case No. 6:20-bk-01801-LVV ) | |
| ) | |
| Applicable Debtors. ) | |
| ) | |
| _____) | |

**ORDER GRANTING IN PART
MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES**

Full disclosure is mandatory in bankruptcy. Debtors, trustees, estate professionals and debtor's counsel all have a duty of full disclosure. This case involves a dispute of whether debtor's counsel had to disclose his fee arrangement with a discharged debtor along with the post-petition payments he received on behalf of the debtor and if so, whether the Court must order disgorgement of all fees received or may the Court issue some other appropriate sanction. The Court concludes

1

debtor's counsel had to disclose his fee arrangement with a discharged debtor along with all payments received on behalf of the debtor but that a sanction of $5,000 and not full disgorgement, is the appropriate remedy under the circumstances.

## Background

Don Juravin ("Debtor") filed a voluntary chapter 7 petition on October 31, 2018.[1] Dennis D. Kennedy is the appointed Chapter 7 Trustee ("Trustee" or "Kennedy"). Debtor filed the case with counsel.[2] Debtor's bankruptcy schedules disclosed assets valued over $1.7 million, including Debtor's ownership interests in several business entities of which he is an officer (collectively "Juravin Entities").[3] Debtor's liabilities exceeded $27 million, consisting primarily of a $25 million judgment in favor of the Federal Trade Commission ("FTC") based on the Debtor's deceptive trade practices,[4] and a $1.3 million mortgage on his home.[5] Debtor's spouse, Anna Juravin ("Anna"), did not join the bankruptcy filing.[6]

The Trustee retained counsel and other professionals to investigate the financial affairs of the Debtor and recover assets.[7] The FTC filed an adversary proceeding seeking a determination that the $25 million judgment was nondischargeable.[8] About six months after the bankruptcy filing, Debtor's counsel withdrew.[9] Shortly thereafter, Debtor retained Aldo G. Bartolone, Jr., of

---

[1] Doc. No. 1. On September 16, 2019, this case was converted to Chapter 11. Doc. No. 174. Debtor could not confirm a Plan of Reorganization and on March 16, 2020, the Court re-converted the case to Chapter 7. Doc. No. 323.
[2] Attorney Denise D. Dell-Powell with Burr & Forman LLP at the time filed the case on behalf of the Debtor. Burr & Forman LLP withdrew as counsel for the Debtor on April 22, 2019.
[3] Doc. Nos. 1, 17. Debtor disclosed that he was an owner and officer of Must Cure Obesity, Co., Juravin, Incorporated and Roca Labs Nutraceutical USA, Inc.
[4] *FTC v. Juravin*, Case. No: 6:19-ap-00030-KSJ, (Bankr. M.D. Fla. filed Feb. 1, 2019).
[5] Doc. Nos. 1, 17.
[6] Almost four years after the Debtor filed his bankruptcy case, Anna Juravin filed a voluntary chapter 13 petition on June 27, 2022. Case No. 6:22-bk-02258-LVV.
[7] Doc. No. 640.
[8] *FTC v. Juravin*, Case. No: 6:19-ap-00030-KSJ, (Bankr. M.D. Fla. filed Feb. 1, 2019). On October 27, 2020, my predecessor in this case, Honorable Karen S. Jennemann, found the $25 million judgment nondischargeable under 11 U.S.C. § 523(a)(2)(A). *See* Case No. 6:19-ap-00030-KSJ at Doc. No. 88.
[9] Burr & Forman LLP withdrew as counsel for the Debtor on April 22, 2019.

Bartolone Law, PLLC ("Bartolone") as bankruptcy counsel.[10] Except for the amounts owed to the FTC, on June 26, 2020, the Debtor received a discharge under 11 U.S.C. § 727.[11] The Trustee ultimately filed 20 adversary proceedings against the Debtor, Anna and other third parties seeking to recover transfers relating to the Debtor's bankruptcy or one of the Debtor's companies—Must Cure Obesity, Co. ("MCO"), which had also filed bankruptcy.[12]

In May 2021, Henry N. Portner ("Portner"), a Florida licensed attorney, responded to a Craigslist advertisement seeking an experienced litigator.[13] Portner met with the Debtor and Anna and agreed to represent the "Juravin family" and their entities.[14] The initial agreement did not include any bankruptcy representation; however, Portner would "coordinate the family interests" with Bartolone (Debtor's bankruptcy counsel) and others.[15] In return for these services, Portner agreed to fee of $6,000 a month which the parties ultimately reduced to $2,500 a month.[16] Because Portner provided the Juravin family with legal services for a monthly rate, he did not keep contemporaneous time records of the services performed.[17]

---

[10] Doc. No. 116. Bartolone filed a Notice of Appearance on behalf of the Debtor on June 1, 2019.
[11] Doc. No. 369.
[12] MCO filed a petition seeking relief under chapter 11 of the Bankruptcy Code on January 31, 2020. Case No. 6:20-bk-01801-LVV. The Court converted the MCO bankruptcy case to chapter 7 on May 29, 2020. The Debtor and MCO bankruptcy cases are now jointly administered. The adversary proceedings filed by the Trustee are: *Kennedy v. American Express Co.*, 6:21-ap-00139-LVV; *Kennedy v. PSR Developers, LLLP*, 6:21-ap-00140-LVV; *Kennedy v. Juravin, Inc.*, 6:21-ap-00141-LVV; *Kennedy v. Natural Vitamins Laboratory Corp.*, 6:21-ap-00142-LVV; *Kennedy v. Zuckerman*, 6:21-ap-00143-LVV; *Kennedy v. Roca Labs Nutraceutical USA, Inc.*, 6:21-ap-00144-LVV; *Kennedy v. Goodwin*, 6:21-ap-00145-LVV; *Kennedy v. American Express Company*, 6:22-ap-00009-LVV; *Kennedy v. Green by Phone, Inc.*, 6:22-ap-00010-LVV; *Kennedy v. Edata Financial Group, LLC*, 6:22-ap-00011-LVV; *Kennedy v. Ipayment Holdings, Inc.*, 6:22-ap-00012-LVV; *Kennedy v. PSR Developers, LLLP,* 6:22-ap-00013-LVV; *Kennedy v. Goodwin*, 6:22-ap-00014-LVV; *Kennedy v. Zuckerman*, 6:22-ap-00015-LVV; *Kennedy v. Juravin, Inc.*, 6:22-ap-00016-LVV; *Kennedy v. Jugaad Co.*, 6:22-ap-00017-LVV; *Kennedy v. USA Distributors Service, Inc.*, 6:22-ap-00018-LVV; *Kennedy v. Natural Vitamins Laboratory Corp.*, 6:22-ap-00019-LVV; *Kennedy v. Juravin*, 6:22-ap-00020-LVV; *Kennedy v. Hershkowitz*, 6:22-ap-00021-LVV.
[13] Doc. No. 689.
[14] Doc. No. 689.
[15] Doc. No. 689.
[16] Doc. Nos. 689, 697.
[17] Doc. No. 697.

On June 2, 2021, Portner filed papers on behalf of United Medical Group International, Inc. ("UMGI"), an entity allegedly owned by Anna, in the Debtor's bankruptcy case and later in related adversary proceedings.[18] Portner then proceeded to file papers and attend hearings on behalf Anna and the Juravin Entities in the Debtor's bankruptcy case and related adversary proceedings.[19] Although Bartolone still represented the Debtor, in September 2021, Portner began filing papers and attending hearings on behalf of the Debtor.[20]

At the Trustee's request and three months after appearing for the Debtor, Portner filed a Disclosure of Compensation ("Initial Disclosure").[21] Portner declared in the Initial Disclosure that after entry of the Debtor's discharge, he represented the Debtor, Anna, UMGI and Juravin, Inc. and "received no post petition compensation." Portner further stated "[a]ny compensation was paid after the Debtor's[sic] discharge in bankruptcy and was not from Don Juravin." The Trustee filed a motion requesting Portner disclose all payments received and their sources consistent with 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016 ("Motion to Compel").[22] Because the Debtor had already received a discharge, Portner responded that the Debtor was no longer a debtor in bankruptcy and as a result, the disclosure requirements of 11 U.S.C. § 329 and Rule 2016 did not apply.[23]

The Court, after hearing argument of counsel, entered an order granting the Motion to Compel (the "Compel Order").[24] The Compel Order directed Portner to file complete and thorough

---

[18] Doc. Nos. 513, 514, 689. On April 29, 2022, Portner filed an answer on behalf of UMGI in adversary proceedings 6:21-ap-00142- LVV at Doc. No. 40; 6:22-ap-00019-LVV at Doc. No. 20.
[19] Portner filed papers on behalf of MCO, Juravin, Inc. and Roca Labs Nutraceutical USA, Inc. in Debtor's bankruptcy case. Doc. No. 555. Portner filed an answer on behalf of Anna in adversary proceedings 6:21-ap-000141-LVV at Doc. No. 32; 6:22-ap-00016-LVV at Doc. No. 17; 6:22-ap-00019-LVV at Doc. No. 20; and 6:22-ap-00020-LVV at Doc. No. 16. Portner filed an answer on behalf of Juravin, Inc. in adversary proceedings 6:21-ap-000141-LVV at Doc. No. 32; and 6:22-ap-00016-LVV at Doc. No. 17.
[20] Doc. Nos. 564, 576.
[21] Doc. No. 661. Portner filed the Initial Disclosure on December 3, 2021.
[22] Doc. No. 666.
[23] Doc. No. 667.
[24] Doc. No. 686. The hearing occurred on April 12, 2022.

disclosures as required under 11 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), including the date, source and amount of payment received in connection with representing the Debtor, Anna, UMGI and Juravin, Inc. and a description of any agreements relating to his representation.

Portner filed a second Disclosure of Compensation, which he supplemented after the Trustee informed him of several deficiencies (collectively the "Second Disclosures").[25] The Second Disclosures indicated that from June 2021 through May 2022 Portner received payments totaling $25,500 via the Debtor's credit card, $24,500 via Anna's credit cards and $3,000 via UMGI's credit card (collectively the "Fees"). Portner stated that the Craigslist job listing initially provided the terms of representation, but he could no longer retrieve the listing.[26] Portner believed he devoted most of his time to non-bankruptcy matters for the "Juravin family" regarding the Debtor's home developer and community.[27] Portner asserted only 2/5 of his time related to bankruptcy matters and attempted, retroactively, to determine the amount of time spent on bankruptcy related matters by reviewing the filings in Debtor's case—estimating approximately 91 total hours representing the Debtor.[28] Debtor believed Portner spent about 10% of his time on bankruptcy related matters.[29]

After the Second Disclosures, the Trustee filed a motion for disgorgement of attorney's fees requesting Portner fully disclose and disgorge to the bankruptcy estate *all* attorney's fees paid to him by the Debtor or any related persons or entities, including Anna and UMGI ("Motion to Disgorge").[30] Portner again responded that the disclosures were not required due to the Debtor's discharge, but nevertheless he had complied with the Compel Order and §329(a) of the Bankruptcy

---

[25] Doc. No. 689, 697.
[26] Doc. No. 697 at 2.
[27] Doc. No. 697 at 2.
[28] Doc. No. 689 at 2; Doc. No. 715 at 19.
[29] Doc. No. 716.
[30] Doc. No. 702.

Code.[31] After hearing argument of counsel on the Motion to Disgorge, the Court took the matter under advisement.[32] Shortly thereafter, Portner sought to withdraw as counsel for the Debtor, Anna, UMGI and the Juravin Entities which the Court granted, subject to retaining jurisdiction on the Motion to Disgorge.[33]

## Legal Standard

Section 329(a) of the Bankruptcy Code requires debtor's counsel disclose any compensation paid or to be paid for services rendered in connection with a bankruptcy case. 11 U.S.C. § 329(a). Debtor's counsel must file the statement required by § 329 within 14 days after the order for relief and file a supplemental statement within 14 days after any payment or agreement not previously disclosed. Fed. R. Bankr. P. 2016(b). "Both § 329 and Rule 2016(b) impose a mandatory and continuing obligation on debtor attorneys to disclose their fees." *In re Becker*, 469 B.R. 121, 124 (Bankr. M.D. Fla. 2012). This mandatory disclosure provides bankruptcy courts with oversight of debtor attorneys which is important because "payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny." *In re Whaley*, 282 B.R. 38, 41 (Bankr. M.D. Fla. 2002) quoting H.R. Rep. No. 95-595, at 329 (1977). "Voluntary compliance with the disclosure obligation is essential to maintain the efficacy of our bankruptcy system." *Whaley*, 282 B.R. at 41.

Here, Portner did not voluntarily or timely disclose his compensation for services rendered in the Debtor's bankruptcy case. Portner filed the Initial Disclosure months after representing the

---

[31] Doc. No. 713, 714, 715.
[32] The hearing occurred on September 15, 2022.
[33] Doc. No. 740, 768. Bartolone also requested to withdraw as Debtor's counsel, which the Court granted. See Doc. No. 739, 759. Currently, Debtor is not represented by counsel.

Debtor and only at the Trustee's request. The Initial Disclosure asserted Portner received no compensation from the Debtor and indicated Portner had no obligation to report such compensation after discharge. The Initial Disclosure did not describe the fee arrangement with the Debtor. In sum, the Initial Disclosure provided no disclosure as required under § 329 and Rule 2016(b).

Only after the Court entered the Compel Order did Portner file the Second Disclosures. Although confusing, the Second Disclosures provided information that contradicted the Initial Disclosure. Portner disclosed he had a monthly fee agreement with the Debtor and his family since May 2021, had received funds on behalf of the Debtor and had received funds via the Debtor's credit card—all facts the Court (and Trustee) would not have known but for the Compel Order. At no time did Portner voluntarily or timely disclose his fee agreement or compensation received by or on behalf of the Debtor in this case or the related adversary proceedings as required by § 329 and Rule 2016(b).

Portner's argument that § 329 does not require disclosure of legal services or funds received after the Debtor's discharge has no merit. Portner provided no relevant legal authority to support his position. Section 329 and Rule 2016(b) impose a duty for Debtor's counsel to disclose all payments, transfers or agreements made by or on behalf of the debtor at *anytime,* either before or after the case is filed. *See In re Whitcomb*, 479 B.R. 133, 142 (Bankr. M.D. Fla. 2012); *In re Whaley*, 282 B.R. 41 (Bankr. M.D. Fla. 2002). The entry of a discharge does not absolve debtor's counsel from complying with § 329 and Rule 2016(b). A person does not cease being a "debtor" when a discharge is entered. Under § 101(13), the term "debtor" means "person…concerning which a case under this title has been commenced." 11 U.S.C. § 101(13). Section 524—Effect of Discharge—likewise does not deem a person no longer a debtor upon discharge. *See* 11 U.S.C. §

524. Nor does Portner's eventual disclosure purge his violation of § 329 and Rule 2016(b). *Whaley*, 282 B.R. at 42 ("The intentional failure to timely disclose fees received cannot later be cured by filing a statement of compensation, particularly after a party in interest, such as the trustee in this case, objects.").

When counsel fails to timely or properly disclose fees or payment arrangements, courts may order disgorgement or impose appropriate sanctions. *In re Alfieri*, 468 B.R. 414, 418 (Bankr. M.D. Fla. 2011); *Whaley*, 282 B.R. at 41. *See also In re Howard Avenue Station, L.L.C.*, 568 B.R. 146 (Bankr. M.D. Fla. 2017)(adopting a case by case approach for sanctioning attorneys for disclosure violations). Here, the Court finds it appropriate to sanction Portner. Although the Trustee seeks disgorgement of *all* fees paid to Portner, relying primarily on *In re Stewart*, 970 F.3d 1255 (10th Cir. 2020), the Court declines to order full disgorgement. *Stewart* is not controlling on this Court and the circumstances in this case do not support full disgorgement.

Portner represented non-debtors—Anna and UMGI—in this case. Attorneys representing non-debtors are not subject to the requirements of § 329 and Rule 2016(b). 11 U.S.C. § 329; Fed. R. Bankr. P. 2016(b). Nobody disputes Portner received some portion of the Fees for representing Anna and UMGI or for his services unconnected to the Debtor's bankruptcy case. Based upon the evidence presented, however, the Court cannot accurately allocate the Fees. Portner's estimates or allocations, which occurred well after performing the services, are unreliable. Except for full disgorgement, the Trustee presented no evidence of allocation. Simply put, the Court cannot determine what portion of the Fees are subject to disgorgement for Portner having represented the Debtor in connection with this case. Additionally, the evidence did not demonstrate that any of the Fees—paid more than three years after the bankruptcy filing via credit cards—would have been

property of the estate. *See* 11 U.S.C. § 329(b). So, even if the Court could allocate the Fees, the Trustee did not demonstrate that the estate should receive any ordered disgorgement.

Nevertheless, Portner did not comply with § 329 and Rule 2016(b) and should be sanctioned. The Court is cognizant that the Trustee and his counsel incurred time and expenses entreating Portner to comply with § 329 and prosecuting the Motion to Disgorge. The estate should not be penalized for Portner's failure to comply. As a result, the Court imposes sanctions totaling $5,000 against Portner for failing to comply with § 329 and Rule 2016(b) pursuant to 11 U.S.C. § 105 which shall be payable to the bankruptcy estate. Accordingly, it is

**ORDERED:**

1. The Motion to Disgorge (Doc. No. 702) is **GRANTED IN PART**.

2. Within 14 days of the entry of this order, Henry Portner is directed to pay Dennis Kennedy, Trustee of the bankruptcy estate of Don Karl Juravin, the sum of $5,000 as sanctions for failing to comply with 11 U.S.C § 329 and Rule 2016(b) in this case pursuant to 11 U.S.C. § 105.

3. The Court reserves jurisdiction to enforce this order as may be appropriate.

###

Attorney Brad Saxton will serve a copy of this order on interested non-CM/ECF users and file a proof of service within three (3) days of entry of this order.