# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

In Re: Don Karl Juravin

DON KARL JURAVIN,

        Appellant,

v.                                      Case No:   5:22-cv-606-GAP

DENNIS KENNEDY and PSR
DEVELOPERS LLC,

        Appellees

## ORDER

This cause came on for consideration without oral argument on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant Don Karl Juravin appeals the Bankruptcy Court's approval of a settlement agreement between the Chapter 7 Trustee, Dennis Kennedy, and a third party, PSR Developers LLC.

### I.    Background

This appeal arises from the Bankruptcy Court's approval of a settlement agreement reached in connection with the Chapter 7 bankruptcy proceedings[1] for

---

[1] *See* 6:18-bk-06281-LVV (the "Bankruptcy Case").

Don Karl Juravin ("Appellant"). *See* Docs. 1, 11-2. On June 10, 2022, Dennis Kennedy ("Trustee"), the Chapter 7 Trustee, and PSR Developers LLC ("PSR"), the appellees in this case, reached a settlement resolving claims pursuant to the Bankruptcy Case. *See* Doc. 22 at 131-41. PSR is the holder of a mortgage secured by the Appellant's residence at 15118 Pendio Drive, Monteverde, Florida, 34756. Doc. 22 at 131. Beginning in 2021, the Trustee brought four separate adversary proceedings against PSR seeking to recover approximately $550,000 in allegedly fraudulent transfers made by the Appellant and his wife to pay down the mortgage on Appellant's home. *See* Docs. 11-6, 11-8, 11-10, 11-12. The Global Settlement Agreement and General Release of All Claims ("Settlement") requires PSR to return $200,000 to the estate in exchange for dismissal of all pending claims. Doc. 11-3, ¶¶ 4-6.

The Trustee filed a motion for approval of settlement pursuant to Bankruptcy Rule 9019 on June 13, 2022. *See* Doc. 11-3. Appellant filed a Memorandum in Opposition, objecting to the settlement agreement. Doc. 11-4, ¶ 2. After Appellant filed a Supplemental Memorandum in Opposition, Doc. 11-5 at 62, the Trustee filed an Addendum to Settlement Agreement ("Addendum"). Doc. 11-4; *see also id.* at 63. The Bankruptcy Court held a hearing on September 15, 2022, where it granted the 9019 Motion, ruling that the "Settlement Agreement constitutes a reasonable settlement and is in the best interest of the estate and all creditors." Doc. 11-3, ¶ 1-

- 2 -

3. Appellant filed a timely[2] notice of appeal which was docketed on October 20, 2022. Doc. 22 at 99; *see also* Doc. 11-5 at 64.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir.2003). However, under 28 U.S.C. § 158(1), District Courts have appellate jurisdiction over "final judgments, orders, and decrees…of bankruptcy judges entered in cases and proceedings…under section 157." *See also In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). In a bankruptcy proceeding, an order is final if it "resolves a particular adversary proceeding or controversy, rather than the entire bankruptcy litigation." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007) (internal quotations omitted). A bankruptcy court order approving a settlement agreement "does resolve the litigation and leaves nothing more for the bankruptcy court to do" and is therefore final and reviewable. *Berman v. Smith*, 510 B.R. 387, 391-92 (S.D. Fla. 2014); *see also In re Martin*, 490 F.3d at 1275.

Bankruptcy court orders approving settlement agreements "will not be disturbed except for an abuse of discretion." *Matter of Jackson Brewing Co.*, 624 F.2d

---

[2] The order memorializing the Bankruptcy Court's ruling, and from which Appellant now appeals, was published on October 5, 2022. *See* Doc. 11-2.

- 3 -

599, 602 (5th Cir. 1980)[3]. "A bankruptcy court does not abuse its discretion in approving a settlement agreement unless the agreement 'fall[s] below the lowest point in the range of reasonableness.' " *In re Land Resource, LLC*, 505 B.R. 571, 577 (M.D. Fla. 2014) (citing *In re Martin*, 490 F. 3d at 1275).

### III. Analysis

As a threshold matter, the Trustee argues that Appellant lacks standing to bring this appeal from the Bankruptcy Court's 9019 Order approving the settlement with PSE. Doc. 21 at 10. All litigants seeking relief in federal courts must have standing under Article III of the Constitution, which requires an injury-in-fact, causation, and redressability. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

In addition, a litigant in bankruptcy court must satisfy the "person aggrieved doctrine," which "restricts standing more than Article III standing, as it allows a person to appeal only when they are directly and adversely affected pecuniarily by the order." *See In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d 1332, 1335 (11th Cir. 2002) (citations and internal quotations omitted). "[T]he person aggrieved doctrine limits standing to appeal a bankruptcy court order to those individuals who have a financial stake in the order being appealed." *Id.* (citations omitted). "A person has a

---

[3] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

financial stake in the order when that order diminishes their property, increases their burdens or impairs their rights." *Id.* (citations and internal quotations omitted). Further, to qualify as a person aggrieved, "a party must both show a direct harm and hold an interest within the scope of the Bankruptcy Code." *In re Bay Circle Props., LLC*, 955 F.3d 874, 880 (11th Cir. 2020).

Appellant does not contest that he lacks standing to bring the instant appeal: "If PSR…wants to pay money to the Chapter 7 Trustee, it doesn't impact the Debtor/Appellant's financial life; that much is true." Doc. 26 at 2. Accordingly, Appellant does not satisfy the requirements of the "person aggrieved doctrine" because he has not shown that the Bankruptcy Court's approval of the settlement between the Trustee and PSR has in any way diminished his property, increased his burdens or impaired his rights. *See In re Westwood*, 293 F.3d at 1335. On the contrary, he has plainly admitted that it does *not* impact his financial interests. Doc. 26 at 2.

In opposition to the Trustee's argument that he lacks standing, Appellant makes numerous vague, unsubstantiated contentions regarding the alleged ulterior motives of the Trustee, that he *may* suffer injury in a number of non-financial contexts, and that his due process rights have been violated. *See* Doc. 26 at 1-6. These incoherent arguments, which lack both factual and legal support, are unavailing. The Court acknowledges that Appellant may have filed a proof of claim as a creditor in a related MCO Bankruptcy case, however, he does not frame his arguments on

appeal as a creditor and, absent a complete record[4] showing any such status, the Court does not consider it further. *See* Doc. 21 at n. 4. Moreover, regarding his allegations of due process violations, Appellant's objections to the 9019 Order were—by his own admission—duly considered by the Bankruptcy Court, even though he may well have lacked standing at that stage of the proceedings as well. *See* Doc. 26 at 9 ("In this case, Juravin's objections to the 9019 Motion and Settlement Agreement were heard by the Bankruptcy Court, but the Court ultimately rejected his objections and approved the settlement."). Disagreement with a court's ruling does not constitute a due process violation.

Because Appellant lacks standing, this Court proceeds no further into the merits of his appeal[5].

---

[4] The Court notes, as it did above, that the record on appeal is insufficient to adequately review the Bankruptcy Court's order below. "[T]he burden is on the appellant to ensure the record on appeal is complete." *Selman v. Cobb Cty. Sch. Dist.*, 449 F.3d 1320, 1333 (11th Cir. 2006). Here, Appellant challenges the Bankruptcy Court's approval of the settlement agreement between the Trustee and PSR, however has failed to transmit either his written Objections or the hearing transcripts from the proceedings below. *See, e.g.*, Docs. 11, 12; *see also* Doc. 19 at 2. Because Appellant lacks standing, however, the Court need not linger on the appeal's procedural infirmities.

[5] Appellant's instant appeal constitutes another "abusive and frivolous filing" stemming from his underlying bankruptcy proceeding in 6:18-bk-06821-LVV. *In re: Vexatious Litigants in the Orlando Division*, 6:23-mc-03-RBD, at 1. Appellant is reminded that this Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others," *id.* (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)), and is "authorized to restrict access to vexatious and abusive litigants." *Id.* (quoting *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015)).

### IV. Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Bankruptcy Court's Order is **AFFIRMED**. The Clerk is hereby **ORDERED** to enter judgment for Appellee and thereafter close the case.

**DONE** and **ORDERED** in Orlando, Florida on April 17, 2023.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties