UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| DON KARL JURAVIN, | Case No. 6:18-bk-06821-LVV |
| Debtor. | Case No. 6:20-bk-01801-LVV |
| _____/ | |
| DON KARL JURAVIN, | *Jointly Administered with* |
| Case No. 6:18-bk-06821-LVV | Case No. 6:18-bk-06821-LVV |
| MUST CURE OBESITY, CO. | |
| Case No. 6:20-bk-01801-LVV | |
| Applicable Debtors. | |
| _____/ | |

## SPECIAL COUNSEL'S SUPPLEMENTAL DECLARATION

James D. Ryan, as Special Counsel to Dennis D. Kennedy, Chapter 7 Trustee ("Trustee") for the ESTATE OF DON KARL JURAVIN and the ESTATE OF MUST CURE OBESITY, CO. ("MCO"), supplements the information disclosed in his *Declaration of Proposed Attorney Seeking Order Authorizing Employment* dated May 1, 2020 that was filed with the *Trustee's Application for Authority to Employ Ryan Law Group, PLLC as Special Counsel* filed May 4, 2020 (Doc. No. 346), and hereby DECLARES:

1.  On May 4, 2020, Trustee filed an application for authority to employ Ryan Law Group, PLLC and the undersigned, James D. Ryan, as Special Counsel; the undersigned's supporting Declaration was included in the Application (Doc. No. 346).

2. The Declaration disclosed the Firm's attorney-client relationships with DCS Real Estate Investments, LLC ("DCS"), Bella Collina Property Owner's Association, Inc. ("POA"), and Wilmington Financial Services, LLC.

3. Now, the undersigned and his firm, Ryan Law Group, have become more involved in a case involving the Debtor and in a recent case filed by Debtor and his wife. In all instances, Special Counsel's representation outside of the Bankruptcy Court of those with interests adverse to the Debtor remains aligned with the interests of the Trustee and the Creditors in this Court.

4. Defamation Action. In April 2017, DCS sued Don Juravin (also "Debtor") in tort for claims arising out of defamation and was represented by Shutts & Bowen LLP attorneys Michael Crosbie and William Matthews. See, *DCS Real Estate Investments, LLC v. Juravin*, Fifth Judicial Circuit Court in and for Lake County, Florida case no. 2017 CA 000667. The undersigned appeared as co-counsel for DCS in November 2017 in order to monitor the case for information relative to the Firm's other work for DCS.

5. At some point (late 2021/early 2022) Mr. Matthews left the Shutts firm; Ms. Emling appeared as additional counsel within the firm and as co-counsel with Mr. Crosbie. Then, in late 2022, Mr. Crosbie moved his practice to the Foley Lardner firm and remaining counsel of record.

6. By October 2022, Bella Collina Property Owner's Association, Inc. ("POA") and Randall Greene had been added as plaintiffs in the case and Mr. Crosbie moved to add Paul Simonson as an additional plaintiff and Anna Juravin as a co-defendant. The court granted the motion from the bench on October 3, 2022, but an order has not issued.

7. In late 2022, Mr. Crosbie experienced serious health issues and the undersigned became directly involved in the defamation action, which included representing nonparties Dwight

Schar and Spencer Schar relative to discovery sought by Mr. Juravin. Mr. Crosbie remains attorney of record in the case.

8. Mr. Juravin been represented by counsel throughout the defamation case and is currently represented by insurance defense counsel Andrew Labbe who entered his appearance on December 8, 2021. Nonetheless, on March 7, 2023, Mr. Juravin moved, *pro se*, for leave to file a "Permissive Counterclaim" against various individuals, including Dwight Schar; the Court denied the Motion by Order dated May 15, 2023.

9. Derivative Action. In September 2022, the Debtor and his wife Anna Juravin filed a state court action as derivative Plaintiffs on behalf of *and against* the POA. See, *Juravin, derivatively on behalf of Bella Collina Property Owner's Association Inc. v. Kelleher et al*, case no. 2022 CA 001730, Fifth Judicial Circuit Court in and for Lake County, Florida. Ryan Law Group was engaged to defend those claims and pursue judgments for attorney fees and costs when those issues become ripe. The undersigned and Ryan Law Group attorney Lauren Schindler entered appearances on December 19, 2022 on behalf of defendants Kelleher, Lebreux, and Spry, and on January 12, 2023 on behalf of defendant DCS Real Estate Investments, LLC ("DCS").

10. The derivative case was clearly filed as a chaos agent; it is frivolous on its face. A Motion to Dismiss Second Amended Complaint by DCS is pending and will be set for hearing if it is not dismissed within the statutory safe harbor period under Fla. Stat. §57.105. The Juravins' Second Amended Complaint (filed April 18, 2023) names the POA, POA property manager Artemis Lifestyles Services Inc., Artemis director David Burman, and DCS as defendants. All prior named defendants were either dropped or dismissed due to lack of service. The undersigned and Ms. Schindler continue representation of DCS. Service remains unperfected on the POA and Artemis defendants.

11.     Although the volume of work from the relationships previously disclosed has increased, the parties involved and the lack of conflicts resulting from the work has not changed; accordingly, the Trustee, co-counsel and the undersigned agree that this additional work does not interfere with the Special Counsel's work on behalf of the Trustee[1].

12.     The Debtor routinely relies on the existence of these disclosed relationships as a basis for claiming that the bankruptcy and adversary cases are improperly administered by the Trustee. Consequently, this information is provided in an abundance of caution so that the Court is fully informed of the circumstances.

Dated: May 25, 2023.           Respectfully submitted,

/s/ _____
JAMES D. RYAN, ESQ.
FLORIDA BAR NO. 0976751
JDR@RYANLAWGROUP.NET
LAUREN@RYANLAWGROUP.NET
**RYAN LAW GROUP, PLLC**
636 U.S. HIGHWAY ONE, SUITE 110
NORTH PALM BEACH, FL 33408
(561) 881-4447  FAX: (561) 881-4461
*SPECIAL COUNSEL TO DENNIS D. KENNEDY, TRUSTEE*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Supplemental Declaration was served on **May 25, 2023**: (1) via CM/ECF electronic service to those parties who receive CM/ECF in the ordinary course of business; and (2) by first class mail, postage prepaid, to Don Karl Juravin, 15118 Pendio Dr., Montverde, FL 34756.

/s/ *JAMES D. RYAN*
JAMES D. RYAN, ESQ.

---

[1] See, *In re Weilert*, Nos. 13-16155-B-7, MCW-1, 2016 Bankr. LEXIS 4235, at *1 (Bankr. E.D. Cal. Dec. 8, 2016), applying 11 U.S.C.S. § 327(c):

> [W]here the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand. Where attorneys are employed by both the Trustee and a creditor, there is no actual conflict of interest warranting disqualification unless (i) the interest of the trustee and the creditor are in fact directly conflicting or (ii) the creditor is actually afforded a preference that is denied other creditors.