# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

In Re: Don Karl Juravin

DON KARL JURAVIN,

        Appellant,

v.                                                       Case No: 5:23-cv-138-GAP

DENNIS D. KENNEDY,

        Appellee

---

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant Don Karl Juravin appeals the Bankruptcy Court's approval of a settlement agreement between Appellee and Chapter 7 Trustee, Dennis Kennedy, and a third party, American Express Company. With the parties' briefing complete (Docs. 9 & 13), the matter is ripe for disposition.

### I. Background

This appeal arises from the Bankruptcy Court's approval of a settlement agreement reached pursuant to the Chapter 7 bankruptcy proceedings for Don Karl Juravin ("Juravin") and a company that he is affiliated with, Must Cure

Obesity, Co. ("MCO").[1] *See* Doc. 9-1 at 1-34. In November of 2022, Dennis Kennedy, the Chapter 7 Trustee in both proceedings (the "Trustee"), and American Express Company[2] ("AMEX") reached a settlement resolving claims brought pursuant to Juravin and MCO's Bankruptcy Cases. *See id.* at 43-47.

In 2020, AMEX filed three proofs of claim in Juravin and MCO's Bankruptcy Cases in the amounts of $151,379.06 (Proof of Claim Number 1 in the MCO Bankruptcy Case), $151,129.06 (Proof of Claim Number 17 in the Juravin Bankruptcy Case), and $26,475.00 (Proof of Claim Number 18 in the Juravin Bankruptcy Case). *Id.* at 43. Thereafter, the Trustee brought two adversary proceedings against AMEX, seeking to recover approximately $215,000 and $3 million in allegedly preferential and fraudulent transfers made by Juravin and MCO. *Id.* at 1-34. The parties' Settlement Agreement requires AMEX to return $300,000 to the Trustee in exchange for dismissal of all pending claims. *Id.* at 43-47.

The Trustee filed a motion for approval of the settlement pursuant to Bankruptcy Rule 9019 on November 14, 2022. *See id.* at 35-48. Juravin filed an Objection to the Proposed Settlement ("Initial Objection") on December 2, 2022. *Id.* at 49-51. After Juravin filed his Initial Objection, he also filed a motion for

---

[1] *See* 6:18-bk-6821-LVV ("Juravin's Bankruptcy Case") and 6:20-bk-1801-LVV ("MCO's Bankruptcy Case").

[2] Technically, there are two third parties involved, American Express Company and American Express National Bank. *See, e.g.*, Doc. 9-1 at 43. For simplicity's sake, the Court refers only to American Express Company.

extension of time so that he could file a "better-substantiated objection." *Id.* at 52-53. However, the Bankruptcy Court denied the motion for extension of time and issued its Order Granting Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019 on December 27, 2022, over Juravin's Initial Objection. *Id.* at 54-57. In that Order, the Bankruptcy Court found that the "Settlement Agreement is fair and reasonable and is in the best interest of the estate," and it stated that the arguments raised by Juravin in his Initial Objection were meritless. *Id.* at 56. The Bankruptcy Court explained:

> It is questionable whether the Debtor has standing to raise these objections in the first place, as he has not demonstrated any financial interest in the outcome of the proposed settlement agreement. There is little to no possibility of a surplus in the estate after satisfying all claims. *In re Brutsche*, 500 B.R. 62, 72 (Bankr. D.N.M. 2013). Regardless, even if the Debtor has standing to object, the Debtor has not raised any argument regarding whether the Settlement Agreement is in the best interest of the estate. Any impact on him personally is irrelevant to the Court's analysis.

*Id.*

In flagrant disregard of the Bankruptcy Court's previous order, Juravin next filed an Amended Objection to the Proposed Settlement ("Amended Objection"), in addition to a Motion to Reconsider with a supporting brief. *Id.* at 58-72. The Bankruptcy Court then held a hearing on the Motion to Reconsider, after which it denied the Motion and overruled Juravin's Amended Objection for the reasons

stated on the record. *See* Docs. 9-1 at 74-75, 15-14. Juravin filed a timely[3] notice of appeal on February 13, 2023, which was docketed on March 1, 2023. Doc. 1.

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). However, under 28 U.S.C. § 158(1), district courts have appellate jurisdiction over "final judgments, orders, and decrees. . . of bankruptcy judges entered in cases and proceedings . . . under section 157." *Id.* In a bankruptcy proceeding, an order is final if it "resolves a particular adversary proceeding or controversy, rather than the entire bankruptcy litigation." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007) (citation and internal quotation marks omitted). A bankruptcy court order approving a settlement agreement "resolve[s] the litigation and leaves nothing more for the bankruptcy court to do"; therefore, such an order is final and reviewable. *Berman v. Smith*, 510 B.R. 387, 391–92 (S.D. Fla. 2014); *see also In re Martin*, 490 F.3d at 1275.

Bankruptcy court orders approving settlement agreements "will not be disturbed except for an abuse of discretion." *Matter of Jackson Brewing Co.*, 624 F.2d 599, 602–03 (5th Cir. 1980).[4] "A bankruptcy court does not abuse its discretion in

---

[3] The order memorializing the Bankruptcy Court's ruling, and from which Juravin now appeals, was published on February 3, 2023. *See* Doc. 9-1 at 74-75; *see also* Doc. 1.

[4] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

approving a settlement agreement unless the agreement 'fall[s] below the lowest point in the range of reasonableness.'" *In re Land Res., LLC*, 505 B.R. 571, 577 (M.D. Fla. 2014) (citing *In re Martin*, 490 F.3d at 1275).

### III. Analysis

As a threshold matter, the Trustee argues that Juravin lacks standing to bring this appeal from the Bankruptcy Court's 9019 Order approving the settlement with AMEX. Doc. 13 at 11, 13-16. All litigants seeking relief in federal courts must have standing under Article III of the Constitution, which requires an injury-in-fact, causation, and redressability. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

In addition, a litigant in bankruptcy court must satisfy the "person aggrieved doctrine," which "restricts standing more than Article III standing, as it allows a person to appeal only when they are directly and adversely affected pecuniarily by the order." *See In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d 1332, 1335 (11th Cir. 2002) (citations and internal quotation marks omitted). "[T]he person aggrieved doctrine limits standing to appeal a bankruptcy court order to those individuals who have a financial stake in the order being appealed." *Id.* (citations omitted). "A person has a financial stake in the order when that order diminishes their property, increases their burdens or impairs their rights." *Id.* (citations and internal quotation marks omitted). Further, to qualify as a person

- 5 -

aggrieved, "a party must both show a direct harm *and* hold an interest within the scope of the Bankruptcy Code." *In re Bay Circle Props., LLC*, 955 F.3d 874, 880 (11th Cir. 2020).

This is not the first time that the Court has dismissed one of Juravin's incessant appeals for lack of standing. Particularly, in *In re Juravin*, No. 5:22-cv-606-GAP (M.D. Fla. Apr. 17, 2023), he appealed a very similar 9019 Order and made nearly identical arguments in his briefing. *See* Doc. 29 in 5:22-cv-606-GAP. Notably (and tellingly), Juravin has failed to challenge the Trustee's argument that he does not have standing in this appeal.

Once again, Juravin does not satisfy the requirements of the "person aggrieved doctrine" because he has not shown that the Bankruptcy Court's approval of the settlement between the Trustee and AMEX has in any way diminished his property, increased his burdens, or impaired his rights. *See In re Westwood*, 293 F.3d at 1335. Because Juravin lacks standing, the Court does not reach the merits of his appeal.[5]

---

[5] Juravin's instant appeal constitutes another "abusive and frivolous filing" stemming from his underlying bankruptcy proceeding in 6:18-bk-06821-LVV. *In re: Vexatious Litigants in the Orlando Division*, 6:23-mc-03-RBD, at 1. Juravin is reminded that this Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others," *id.* (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)), and is "authorized to restrict access to vexatious and abusive litigants." *Id.* (quoting *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015)).

### IV. Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Bankruptcy Court's Order is **AFFIRMED**. The Clerk is hereby **ORDERED** to enter judgment for the Trustee.

Additionally, Juravin is **ORDERED** to show cause as to why sanctions should not be imposed pursuant to Federal Rule of Bankruptcy Procedure 8020 due to his filing of this frivolous appeal. Juravin shall file a written response within fourteen days of the date of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 19, 2023.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party