ORDERED.

Dated: October 05, 2023

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| Don Karl Juravin, | )   Case No. 6:18-bk-06821-LVV |
| | )   Chapter 7 |
| Debtor. | ) |
| | ) |

**ORDER OVERRULING DEBTOR'S OBJECTION TO
CLAIM NO. 6-2 OF BELLA COLLINA PROPERTY OWNERS ASSOCIATION, INC.**

THIS CASE came before the Court without a hearing on the Objection to Claim No. 6-2 of Bella Collina Property Owners Association Inc. ("Objection") (Doc. No. 892) filed by Debtor, Don Karl Juravin ("Debtor"), the Response to the Objection (Doc. No. 894) filed by Bella Collina Property Owners Association, Inc. ("Bella Collina") and Debtor's reply (Doc. No. 895). Having considered the pleadings and positions of interested parties, the Objection is overruled without prejudice.

The Court reconverted Debtor's bankruptcy case to chapter 7 on March 16, 2020.[1] Bella Collina filed its proof of claim, as amended, based on an assessment lien encumbering the Debtor's

---

[1] Doc. No. 323. On October 31, 2018, Debtor filed this case under chapter 7. Doc. No. 1. This case was converted to chapter 11 on September 16, 2019. Doc. No. 174. Debtor could not confirm a Plan of Reorganization and on March 16, 2020, the Court re-converted the case to Chapter 7.

1

home, sanctions order and related attorney fees and costs ("Claim").[2] The unsecured proofs of claim filed in Debtor's bankruptcy case exceed $27 million.[3] On June 26, 2020, Debtor was granted a discharge ("Discharge").[4] After entry of the Discharge, Bella Collina initiated an adversary proceeding against the Debtor seeking to revoke the Discharge under 11 U.S.C. §727(d)(1) and (2), which remains pending before the Court.[5] Debtor then filed the Objection requesting the Court disallow the Claim for various reasons.

A proof of claim is allowed unless a "party in interest" objects. 11 U.S.C. § 502(a). Generally, a chapter 7 debtor is not a "party in interest" for purposes of claim objections and therefore lacks standing to file such objections. *In re Martino*, No. 8:16-cv-2015-T-33, 2017 WL 1519797, *6 (M.D. Fla. Apr. 27, 2017) (citing *In re Costello*, 184 B.R. 166, 168 (Bankr. M.D. Fla. 1995)). This lack of standing is based on the notion that the debtor's rights are not affected by allowing the claim because once the claim is discharged, debtor has no legal obligation for the claim. *Id.* Exceptions, however, do exist. *Id*. "Courts have found a debtor to have standing where there will be a surplus after distribution providing the debtor with a pecuniary interest in the estate and when the debt at issue is one that may not be subject to discharge." *Martino,* 2017 WL 1519797 at *6 (internal citations and quotations omitted).

Here, Debtor lacks standing to file the Objection. The Claim is subject to the Discharge which has not been revoked. Unsecured claims filed in the case exceed $27 million and any surplus after distribution is unlikely. At this time, Debtor's rights are not affected by allowing the Claim and Debtor has no standing to object. Because the Court may revoke the Discharge upon

---

[2] Claim No. 6-2.
[3] *See* Claims Register.
[4] Doc. No. 369.
[5] *Bella Collina Property Owners Association Inc. v. Juravin*, No. 6:21-ap-00103-LVV (Bankr. M.D. Fla. filed June 25, 2021).

2

conclusion of Bella Collina's pending adversary proceeding, the Court overrules the Objection for lack of standing without prejudice.

Accordingly, it is **ORDERED**:

1. The Objection (Doc. No. 892) is **OVERRULED without prejudice**.

2. If the Discharge is revoked, this order does not prohibit Debtor from filing an objection to the Claim.

###

Attorney, James A. Timko, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.