UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

DON KARL JURAVIN,

      Debtor.

_____/

DON KARL JURAVIN,
Case No. 6:18-bk-06821-LVV

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-LVV

      Applicable Debtors.

_____/

Case No. 6:18-bk-06821-LVV
Chapter 7

Jointly Administered with
Case No. 6:20-bk-01801-LVV

## MOTION TO DECLARE DEBTOR A VEXATIOUS LITIGANT
## AND FOR *MARTIN-TRIGONA* INJUNCTION

      Dennis D. Kennedy, as Chapter 7 Trustee of the Estates of Don K. Juravin and Must

Cure Obesity, Co. ("Trustee"), through counsel, and pursuant to 28 U.S.C. § 1651, 11 U.S.C.

§ 105, and this Court's inherent authority, moves for this Court to declare the debtor, Don K.

Juravin ("Debtor") a vexatious litigant and to impose a *Martin-Trigona* injunction prohibiting

any further filings in connection with this bankruptcy case by the Debtor, or any party acting in

concert with him or at his behest, and states in support:

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Procedural Background*

      1.     On October 31, 2018, the Debtor filed a voluntary Chapter 7 bankruptcy case,

initiating case number 6:18-bk-6821 ("Juravin Bankruptcy Case"). The Trustee was appointed as

the Chapter 7 Trustee. Eventually, on the Debtor's motion, the Juravin Bankruptcy Case was

converted to Chapter 11 from Chapter 7. (Doc. No. 174)[1]. On March 16, 2020, after sustaining all objections to confirmation of the Debtor's proposed Chapter 11 plan and finding that the Debtor "is unable to articulate any reasonable way to succeed in [the] Chapter 11 case," the Court re-converted the case back to Chapter 7. (Doc. Nos. 317, 323). The Trustee was then duly elected as Chapter 7 Trustee.

2.      On January 31, 2020, Must Cure Obesity Co. ("MCO"), an entity owned and controlled by the Debtor, filed a voluntary Chapter 11 bankruptcy case, initiating case number 6:20-bk-1801 ("MCO Bankruptcy Case"). On May 29, 2020, the MCO Bankruptcy Case was converted from Chapter 11 to Chapter 7, and the Trustee was appointed as the Chapter 7 Trustee.

3.      On November 23, 2020, the Court ordered the Juravin Bankruptcy Case and MCO Bankruptcy Case to be jointly administered (Doc. No. 433).

4.      On November 28, 2023, the Court ordered the Juravin Bankruptcy Case and MCO Bankruptcy Case substantively consolidated. (Doc. No. 939).

## B. *The Debtor's Abusive and Frivolous Filings*

5.      The Juravin Bankruptcy Case and the MCO Bankruptcy Case have been plagued by the Debtor's numerous bad-faith filings – sometimes *pro se*, sometimes through counsel, sometimes through the guise of other parties, such as his wife, Anna Juravin ("Mrs. Juravin"), or certain friendly creditors, such as Natural Vitamins Laboratory Corp. or Shay Zuckerman – and his refusals to comply with procedural rules, discovery obligations, and Court Orders. He has been admonished by this Court for his bad-faith litigation conduct (both by former presiding Judge Jennemann and by presiding Judge Vaughan) and has been sanctioned by this Court for his refusal to stop advancing frivolous arguments.

---

[1] References to documents filed in the Debtor's main bankruptcy case, case number 6:18-bk-06821, are cited as "(Doc. No. X)."

6.      The Debtor has been repeatedly admonished by Judge Presnell of the United States District Court for the Middle District of Florida for abusive and frivolous appeals stemming from this bankruptcy case. The District Court recently sanctioned the Debtor, imposing a judgment against him of over $13,000.00, and also issued several additional Orders to Show Cause why the Debtor should not be sanctioned for filing frivolous appeals. In response, the Debtor further appealed to the Eleventh Circuit. The District Court directed the Trustee to move for sanctions, if appropriate, after the issuance of the Eleventh Circuit's mandate, which has not yet been issued.

7.      In addition, the Debtor's wife and her former attorney were sanctioned by the District Court for advancing frivolous arguments on appeal stemming from the Debtor's bankruptcy case.[2]

8.      The Debtor's abusive and frivolous filings have been pervasive in this case and its related appeals and adversary proceedings. Some of the Debtor's more egregious actions and filings are discussed in this Motion.

### C. *Admonishments and Sanctions by this Court*

9.      The Debtor's apparent tactic from the beginning of this case has been to obfuscate issues by refusing to comply with the Trustee's legitimate request for information, failing to attend 341 meetings, failing to comply with discovery obligations and obligations imposed upon him by the Bankruptcy Code, and generally attempting to thwart the Trustee's legitimate attempts to administer the bankruptcy estates. The Debtor's failures in this regard have been documented at

---

[2] The Debtor has also been sanctioned and was found in criminal contempt in at least two cases in the Fifth Circuit Court in and for Lake County, Florida. In *Juravin v. Kelleher*, 2022-CA-001730 (Fla. 5th Cir. Ct. 2022), the Debtor and his wife filed a sham derivative action on behalf of the Bella Collina Property Owner's Association. The court found the Juravins and their lawyer, April Goodwin, liable for fees as sanctions for bringing claims they knew were not supported by fact or law. In *DCS Real Estate Investments LLC v. Juravin*, 2017-CA-000667 (Fla. 5th Cir. Ct. 2017) (the "State Court Case"), the Debtor violated a temporary injunction and served 30 days in jail for contempt of Court in 2021 after the Fifth District Court of Appeal affirmed the trial court's imposition of that sanction. On June 2, 2023, the Debtor was sentenced to serve an additional 60 days in jail for acting in concert with Anna Juravin to commit additional violations of the same injunction. His appeal of that sanction is currently pending.

length in the Trustee's many motions to compel or for sanctions against the Debtor. (*See, e.g.,* Doc. Nos. 185, 442, 448, 459, 490, 546).

10.     These motions to compel the Debtor to comply with his discovery obligations eventually resulted in the entry of an Order Granting Trustee's Motion Under Seal for Break Order to Take Possession of Debtor Property ("Break Order"). (Doc. No. 502). After the entry of and valid execution of that Break Order, the Debtor engaged in a campaign of abusive filings in both the Bankruptcy Court and in the District Court in an effort to harass the Trustee and his counsel due to their execution of the Order.

11.     To that end, over five months after execution of the Break Order, on October 18, 2021, the Debtor filed a First Amended Motion to Remove Trustee and Disqualify Counsels [sic] for Trustee; For Protective Order Striking and Excluding Evidence Taken in Violation of Moving Parties' Constitutional and Common Law Rights and In Violation of Ethical Standards (Doc. No. 592) ("Motion to Remove Trustee"), which was summarily denied. (Doc. No. 611)[3]. At the hearing held on November 9, 2021, on that Motion to Remove the Trustee, Judge Jennemann issued a stern admonishment to the Debtor and his former counsel:

> **So to say that these motions smell of bad faith would be an understatement.** They were filed merely to stop the Trustee from continuing his efforts to investigate the Debtor's financial assets and to try to impose barriers to try to stop the Trustee in his tracks hoping to prevent the disclosure of the assets to be recovered and its fairly transparent and it is not credible.
>
> We will have no need for an evidentiary hearing, there is no discovery that is merited in this case, and to hear that there is extraordinary litigation filed elsewhere[4] only buttresses this Court's conclusion that Mr. Juravin is acting in a normal vexatious, litigious manner to stop his creditors from getting paid and he's

---

[3] Although titled Order Denying Motion for Protective Order, Doc. No. 611 is the Order which denied the Motion to Remove Trustee.

[4] The "extraordinary litigation filed elsewhere" is a reference to case number 5:21-cv-00514-GAP, which was filed by the Debtor, his wife, their minor children, and United Medical Group International Inc., against the Trustee and his counsel in the United States District Court for the Middle District of Florida based upon the execution of the Break Order. That lawsuit is discussed in more detail below.

finally met a creditor who's willing to pay and help the Trustee find any assets that would be available for distribution.

. . .

If these motions continue, Mr. Portner, **there will be sanctions assessed against the Debtor and you**. I am not going to permit this kind of side litigation, prevent the Debtor from – prevent the Trustee from expeditiously doing his job without all of these roadblocks of no substance. So file your motions carefully and cautiously to avoid that kind of further action. Mr. Juravin knows that this Court will enforce the Trustee's rights to pursue and find assets for liquidation and distribution, and you just can't file this frivolous kind of very personal and almost ridiculous pleadings and then expect to just walk away and keep on doing it. So this is just a polite warning to please stop. Please work with the Trustee. All you really do is have to stand down and see what happens next rather than continue to insert yourself in an attempt to stop the Trustee from doing his statutory duties and obligations.

(Doc. No. 669, p. 34, ll. 3-10; p. 35, ll. 4-21) (emphasis added).

12.    Despite this warning, the Debtor, at times aided by his wife, has not stopped advancing these and other bad-faith arguments. Mrs. Juravin appealed Judge Jennemann's Order Denying Motion to Remove Trustee to the District Court, initiating case number 6:21-cv-01922-GAP, which Order was affirmed (Doc. No. 680). Presumably, Mrs. Juravin initiated this appeal, rather than the Debtor, in an attempt to side-step Judge Jennemann's warning that the Debtor must cease his bad-faith litigation tactics or face sanctions.

13.    On October 19, 2021, the Debtor,[5] his wife and children, and Mrs. Juravin's company, United Medical Group International, Inc. ("UMGI"),[6] filed a separate Complaint against the Trustee, and each of his counsel, in the District Court (initiating case number 5:21-cv-00514-GAP), purporting to allege claims for violation of the Fourth Amendment of the United States Constitution, for violation of the Florida Constitution, and for conversion, and seeking damages

---

[5] After Judge Jennemann's warning to the Debtor at the November 9, 2011 hearing, that he may face sanctions for advancing absurd arguments, the Debtor paid lip service to Judge Jennemann's warning by filing a voluntary dismissal of himself as a plaintiff in the District Court Case, leaving his wife, children, and UMGI as the purported plaintiffs in that case.

[6] UMGI is another company that the Trustee maintains is one of the Debtor's many corporate alter egos.

of $10,000,000.00, and an order excluding any documents obtained through the Break Order from

being used in the bankruptcy cases. That Complaint was based entirely on allegations nearly

identical to those raised in the Motion to Remove Trustee and the subsequent appeal of the Order

denying that Motion (Doc. No. 611), allegations the Bankruptcy Court concluded were made in a

bad-faith attempt to disrupt the administration of the bankruptcy cases.

14.    The District Court dismissed the Complaint with prejudice, and like the Bankruptcy

Court's conclusion with respect to the Motion to Remove Trustee, also concluded that the lawsuit

was plainly filed to disrupt the bankruptcy proceedings:

> Notwithstanding the Bankruptcy Court's authorization, the nature of this lawsuit
> also requires dismissal. It is clear from the pleadings and the judicially noticed
> filings from the Bankruptcy Proceeding that Plaintiffs are not concerned with any
> wrongful retention of property. Rather, this lawsuit is aimed at interfering with the
> Trustee's ability to administer the bankruptcy and is exactly the type of action that
> *Barton* seeks to prevent. . . . Clearly this lawsuit is a bad faith attempt to disrupt the
> Bankruptcy Proceeding . . . .

(Dismissal Order, Doc. No. 34, case number 5:21-cv-00514-GAP). The dismissal order was

subsequently appealed to the Eleventh Circuit, initiating appeal number 22-11356, which appeal

remains pending.

15.    Despite the Bankruptcy Court's prior warning, and the District Court's statements

in its dismissal order, the Debtor has persisted in asking the Bankruptcy Court to punish the Trustee

and his counsel for purported – but absurd and baseless – wrongdoing.

16.    For example, on October 10, 2022, the Debtor, "not individually, but in his capacity

as Trustee for code2GOD non-profit" filed a "Motion Seeking Leave to File Suit Against Dennis

Kennedy in the U.S. District Court for the District of Florida or other Forum or Venue," alleging

for the first time over a year and a half after execution of the Break Order that the Trustee and

counsel removed items belonging to the Debtor's purported non-profit organization. (Doc. No.

728). The Bankruptcy Court denied this absurd and baseless motion without a hearing. (Doc. No. 737).

17.     On January 9, 2023, the Debtor filed yet another motion, titled Motion to Unseal Documents, for Contempt, to Compel, and for Removal of Chapter 7 Trustee (Doc. No. 776), in which the Debtor asked this Court to find the Trustee in contempt, to sanction the Trustee, and (yet again) to remove the Trustee and his counsel.

18.     The Court (now Judge Vaughan, who replaced Judge Jennemann as the presiding Bankruptcy Judge for this case) denied the Debtor's request for contempt, sanctions, and removal of the Trustee, and advised the Debtor both at the hearing on that motion and in the Order on Motion to Unseal Documents (Doc. No. 797), that the Debtor must cease requesting removal of the Trustee:

> Debtor is directed to cease requesting removal of the Trustee or Trustee's counsel for the reasons provided in the Motion. If the Debtor fails to comply with this paragraph, the Court may impose sanctions against the Debtor, including but not limited to, attorney's fees and costs.

(Doc. No. 797, ¶ 5).

19.     As further discussed below, the Debtor appealed the Order on Motion to Unseal Documents to the District Court, which affirmed, and he has now also appealed to the Eleventh Circuit.

20.     Still, the Debtor has not ceased his attacks on the Trustee and his counsel. Shortly after the admonishment by Judge Vaughan and entry of the Order on Motion to Unseal Documents, the Debtor filed an Emergency Motion for Stay (Doc. No. 835) in which he again sought the removal of the Trustee and his counsel, among other things, and a baseless "Complaint" for Declaratory Judgment (Doc. No. 833), asking the Court to find the Trustee and his counsel had failed to comply with certain Court orders or had otherwise engaged in wrongdoing.

21.     On April 13, 2023, the Court entered an Order denying the "Complaint" for Declaratory Judgment. (Doc. No. 864).

22.     On April 14, 2023, the Court entered an Order denying the Emergency Motion for Stay and imposing sanctions on the Debtor in the amount of $1,050.00 payable within 14-days of entry of the Order. (Doc. No. 865). To date, the Debtor has failed to pay that sanction award.[7]

23.     Instead, the Debtor continues to advance abusive and bad-faith arguments contending that the Trustee or his counsel have somehow engaged in wrongdoing. For example, on November 12, 2023, the Debtor filed a "Motion to Preserve Bankruptcy Estate," in which he asks the Court to "intervene" in what he characterizes as "a clear scheme to deplete the bankruptcy estate." (Doc. No. 923). This motion appears to have been filed simply because the Trustee's professionals sought an interim fee award from the bankruptcy estate after years of litigation, driven largely by the Debtor's litigation tactics and actions.

### D.   *The Frivolous Appeals*

24.      To date, the Debtor, either alone or acting through Mrs. Juravin, has initiated eight separate appeals to the United States District Court for the Middle District of Florida, and three appeals to the Eleventh Circuit Court of Appeals, all of which stem from his bankruptcy case. The Debtor and Mrs. Juravin have yet to prevail in any of these appeals. The appeals to the District Court are summarized below:

   a.   ***Don Karl Juravin v. Federal Trade Commission*, case number 6:20-cv-02117-PGB**. This was an appeal of a Final Judgment and Memorandum Opinion Finding Debt Not Dischargeable, in which the Bankruptcy Court found that the Federal

---

[7] The Debtor has recently made an attempt to pay what the Trustee presumes to be this sanction award, by sending the Trustee three separate checks, each in the amount of $100.  However, the payee on each check is blank and two of the checks are post-dated, with the "FOR" line of the check stating "Deposit Dec. 30" on one check and "Deposit Jan. 30" on the other.

Trade Commission's $25 million dollar judgment against the Debtor was not dischargeable. The appeal was ultimately dismissed due to the Debtor's failure to respond to an order to show cause based upon his failure to timely file his brief.

b. ***Anna Juravin v. Dennis D. Kennedy*, case number 6:21-cv-01921-GAP**. This was an appeal of an Order denying reconsideration of a discovery-related order (Doc. No. 612). Upon the Trustee's motion, the District Court dismissed this appeal for lack of subject matter jurisdiction, concluded that the appeal was filed in bad faith, and sanctioned Mrs. Juravin and her counsel, Henry Portner, jointly and severally, in the amount of $5,653.50. (Orders, Doc. Nos. 23, 35, case number 6:21-cv-01921-GAP). To date, neither Mrs. Juravin nor her counsel have paid this sanctions award.

c. ***Anna Juravin v. Dennis D. Kennedy*, case number 6:21-cv-01922-GAP**. This was the appeal by Mrs. Juravin of the Order (Doc. No. 611) which denied the Motion to Remove Trustee. (Doc. No. 592). The District Court affirmed. (Doc. Nos. 680-81).

d. ***Don Karl Juravin v. Dennis Kennedy, et al.*, case number 5:22-cv-00606-GAP**. This was an appeal of an Order approving a settlement agreement between the Trustee and PSR Developers, LLLP. (Doc. No. 726). The District Court affirmed. (Doc. No. 868). District Court Judge Presnell also noted, at footnote 5 of its Order, that the Debtor's appeal "constitutes another 'abusive and frivolous filing' stemming from his underlying bankruptcy proceeding." The Court then reminded the Debtor that the District Court has a responsibility to prevent litigants from unnecessarily usurping judicial resources and that the Court may restrict vexatious and abusive litigants' access to the courts.

On November 6, 2023, the District Court granted the Trustee's motion for sanctions against the Debtor, concluding that "[s]anctions are undoubtably appropriate in this case[,]" and that the appeal constituted another abusive and frivolous filing by the Debtor. The Court ordered the Debtor to pay the Trustee's attorneys' fees incurred in defending the appeal, and on December 6, 2023, entered a judgment against the Debtor and in favor of the Trustee in the amount of $13,130.00, for reasonable attorneys' fees incurred. (Doc. Nos. 34-35, case no. 5:22-cv-00606-GAP).

e. ***Don Karl Juravin v. Dennis D. Kennedy*, case number 5:23-cv-00138-GAP**. This was an appeal of an Order denying reconsideration of an order approving a settlement agreement between the Trustee and American Express Company. (Doc. No. 800). The District Court affirmed, noting that "[t]his is not the first time that the Court has dismissed one of Juravin's incessant appeals for lack of standing." (Doc. No. 899). The Court again noted, in footnote 5 of its Order, that "Juravin's instant appeal constitutes another 'abusive and frivolous filing' stemming from his underlying bankruptcy proceeding[.]" The Court yet again reminded the Debtor that it has a responsibility to prevent abuse of the judicial system and to restrict vexatious and abusive litigants' access to the courts.

The District Court, sua sponte, ordered the Debtor to show cause within 14 days of the Order why sanctions should not be imposed for his filing of this frivolous appeal. In response, the Debtor appealed to the Eleventh Circuit Court of Appeals, initiating case number 23-13243-E, which remains pending. In the District Court, Judge Presnell entered an order administratively closing the case in light of the

appeal, but ordering the Trustee to file a motion for sanctions, if sanctions remain appropriate, within 21-days after the issuance of the Eleventh Circuit's mandate.

f. ***Don Karl Juravin v. Dennis D. Kennedy*, case number 5:23-cv-00164-GAP**. This was an appeal of an Order Granting in Part and Denying in Part the Debtor's Motion to Unseal Documents, for Contempt, to Compel, and for Removal of Chapter 7 Trustee. (Doc. No. 797). The District Court affirmed and characterized this appeal as "yet another frivolous appeal," "meritless," "another 'abusive and frivolous filing' stemming from [the Debtor's] underlying bankruptcy proceeding . . . .", and again reminded the Debtor of its obligation to prevent abuse of the court system by "vexatious and abusive litigants." (Doc. No. 900). The Court also ordered the Debtor to show cause why he should not be sanctioned. In response, the Debtor again appealed to the Eleventh Circuit Court of Appeals, initiating case number 12-13246-E, which remains pending. In the District Court, Judge Presnell entered an order administratively closing the case in light of the appeal, but ordering the Trustee to file a motion for sanctions, if sanctions remain appropriate, within 21-days after the issuance of the Eleventh Circuit's mandate.

g. ***Don Karl Juravin v. Dennis D. Kennedy*, case number 5:23-cv-00166-GAP**. This was an appeal from an Order Granting Motion to Intervene and Order Granting Motion to Consolidate Cases in the *Bella Collina Property Owners Ass'n v. Juravin* adversary proceeding, case number 6:21-ap-00103 (the "Revocation of Discharge Case") (BCPOA Doc. Nos. 53-54)[8]. Upon the Trustee's motion, the District Court dismissed the appeal for lack of jurisdiction. (BCPOA Doc. No. 108). The District

---

[8] Documents filed in the Revocation of Discharge Case will be cited as "(BCPOA Doc. No. X)."

Court admonished the Debtor warning that "any further appeals that are unauthorized or frivolous may result in the imposition of sanctions against him."

h. ***Don Karl Juravin v. Bella Collina Property Owners Association, Inc., et al.*, case number 6:23-cv-02349-WWB**. On November 9, 2023, the Debtor filed a Notice of Appeal of the Bankruptcy Court's Order Abating Objections to Claims (Doc. No. 916). This is clearly another frivolous appeal of a non-final order over which the District Court lacks jurisdiction. The Bella Collina Property Owners Associations' motion to dismiss the appeal for lack of jurisdiction is currently pending.

25. As noted above, the Debtor has initiated two separate appeals to the Eleventh Circuit Court of Appeals, which remain pending to date, and Mrs. Juravin appealed the dismissal of her Complaint against the Trustee and his counsel to the Eleventh Circuit. Those appeals are:

a. ***Anna Juravin v. Dennis Kennedy, et al.*, Eleventh Circuit Case Number 22-11356.** This is an appeal of the Order dismissing with prejudice the Complaint against the Trustee and his counsel based upon their execution of the Break Order, as further discussed at paragraphs 13-14 above. This appeal is fully briefed in the Eleventh Circuit, but remains pending.

b. ***Don Juravin v. Dennis Kennedy*, Eleventh Circuit Case Number 12-13246, the Order to Unseal Appeal to Eleventh Circuit.** This appeal remains pending in its early stages. The Debtors' brief is now due on December 27, 2023. On November 7, 2023, the Eleventh Circuit issued a jurisdictional question to both parties.

c. ***Don Juravin v. Dennis Kennedy*, Eleventh Circuit Case Number 23-13243, the American Express Appeal to Eleventh Circuit.** This appeal remains pending in its early stages. The Debtor's brief is now due on December 27, 2023.

26.    Despite the District Court's numerous warnings and subsequent imposition of sanctions against the Debtor, it is clear from the Debtor's history of initiating frivolous appeals, his recent appeal of the Order Abating Objections to Claims (Doc. No. 916), and the Debtor's own recent statements,[9] he has no intention of ceasing his pattern of filing appeals as a bad-faith litigation tactic to distract the Trustee and counsel and delay the administration of the bankruptcy cases.

## E.  *The Debtor's Orchestration of Certain Friendly Creditors' Filing of Ballots, Objections, and False Proofs of Claim*

27.    In addition to his own, and his wife's bad-faith filings, the Debtor also orchestrated the filing of false proofs of claim by Natural Vitamins Laboratory Corp. ("NVLC"), a friendly "creditor." At the Debtor's urging, NVLC and its principal, Karan Arora ("Mr. Arora"), filed three separate proofs of claims: (i) Proof of Claim No. 7 in the Juravin Bankruptcy Case, asserting Mr. Arora was owed a total of $200,000.00 for goods sold; (ii) Amended Proof of Claim No. 15 in the Juravin Bankruptcy Case, asserting Mr. Arora was owed $500,001.00 on an alleged promissory note given by the Debtors ("POC 15"); and (iii) Proof of Claim No. 5 in the MCO Bankruptcy Case, asserting the same claim as asserted in POC 15. When questioned by Trustee's counsel at

---

[9] In email correspondence dated October 3, 2023, from Don Juravin to James Timko, Esq., counsel for Bella Collina Property Owners Association, the Debtor stated:

> I will be glad to inform the court about the history of each one [of the recent subpoenas issued by the Debtor] and how it implies [sic] in my case. In the event the court would not let me to [sic] properly defend myself, **I would have no choice but to appeal it again and again (since I already know that the judge that receives the first round of appeals is automatically denying them).**

(Omnibus Motion to Quash Subpoenas filed in the Revocation of Discharge Case, BCPOA Doc. No. 162, p. 15, after ¶ 8) (emphasis added).

his 2004 examinations, Mr. Arora had no explanation or support for the existence of the proofs of claims or their filing in the case. He later admitted he had no claims against the bankruptcy estates at all. Instead, he testified that the Debtor asserted he or MCO owed NVLC money.

28.     These false proofs of claims were subsequently withdrawn by NVLC (Doc. Nos. 529-30). Yet, prior to their withdrawal, the false proofs of claims served as the basis for NVLC and Mr. Arora to object to the Trustee's first interim fee application, as they contended NVLC had a lien on all assets of both debtors. (Doc. No. 413). In reality, NVLC had no lien, had no legitimate basis to object, and fabricated its proofs of claims, all of which was orchestrated by the Debtor.

29.     The Debtor engaged in similar conduct on behalf of another of his friendly "creditors," Shay Zuckerman ("Mr. Zuckerman"), the Debtor's long-time attorney based in Israel, by preparing and filing a proof of claim on Mr. Zuckerman's behalf. On January 2, 2020, Proof of Claim No. 12 was filed on behalf of Zuckerman & Co. in the amount of $172,000.00, based upon a purported promissory note given to Mr. Zuckerman by the Debtor. In addition, on June 18, 2020, a Motion for Extension of Time to File an Objection to Chapter 7 Trustee's Motion to Approve Sale of Assets (Doc. No. 353) was filed on behalf of Mr. Zuckerman, pro se.

30.     Over two years later, on March 3, 2022, Mr. Zuckerman filed his first document of record in the Bankruptcy Case through his counsel. (Doc. No. 676). When questioned at his deposition about the filing of the proof of claim, Mr. Zuckerman testified that he caused no documents to be presented to the Bankruptcy Court prior to retaining Mr. Hoffman as his counsel. (Deposition Transcript, Doc. No. 41, p. 22, ll. 18-22, case number 6:21-ap-00143-LVV). On May 9, 2022, Mr. Zuckerman filed a Notice of Withdrawal of Proof of Claim No. 12. (Doc. No. 690). The Debtor, once again, inappropriately orchestrated the filing of a false proof of claim on behalf of a party friendly to him.

## F.  *The Debtor's Recent Filings*

31.     While the Debtor's frivolous and abusive filings have been a fixture of his bankruptcy case and its related adversary proceedings, those filings have significantly increased as the case progresses towards the consolidated trial in the Revocation of Discharge Case. The Court has repeatedly issued orders denying the Debtor's recent filings without the necessity of a hearing or a response from the Trustee or other parties, demonstrating the complete absence of merit in these filings. In the Juravin Bankruptcy Case, for example, the Debtor recently filed the following:

a.  An Amended Objection to Claim No. 6-2 of Bella Collina Property Owners Association, Inc. (Doc. No. 902), and Objection to Claim Nos. 1 and 2 of Consumer Opinion Corp. (Doc. No. 905), which were abated (Doc. No. 916). The Debtor has, yet again, filed a Notice of Appeal.

b.  A Motion for Extension of Time to respond to the Motion for Substantive Consolidation (Doc. No. 917), which was summarily denied (Doc. No. 924).

c.  The "Motion to Preserve Bankruptcy Estate" (Doc. No. 923), discussed above, in which the Debtor asked the Court to "enter an Order to stop the intentional depletion of the bankruptcy estate," which the Debtor claims has occurred simply because the Trustee's counsel and accountants filed interim fee applications. That motion contains 256 pages of attachments consisting of other documents previously filed in the case.

d.  A Motion to Reveal Forensic Accounting (Doc. No. 945), in which the Debtor seeks an order requiring the Trustee to disclose work product information, which motion was summarily denied. (Doc. No. 949).

32.     He has also recently filed numerous documents in the Revocation of Discharge Case that are designed to harass or are meritless. For instance, the Debtor filed eight notices of taking deposition of various individuals associated with the Bella Collina Property Owners Association (the "POA"), which individuals have no knowledge relevant to the Revocation of Discharge Case. (BCPOA Doc. Nos. 153-60). Rather, the Debtor has been engaged in ongoing disputes and separate litigation with the POA for years, and these notices are designed to harass those individuals, including the Trustee's special counsel, James Ryan, who was included in one such notice of deposition. The Debtor also attempted to schedule the depositions of Paul Simonson and Dwight Schar during the same date and time his wife was already scheduled to be deposed in connection with the case. (BCPOA Doc Nos. 147, 155-56).

33.     He also filed an additional seven notices of intent to depose various individuals, the majority of whom have no relevant information relating to this case, such as, for example, attorneys Will Matthews, David Landis, and Michael Crosbie, each of whom previously represented the POA or other creditors in the case and have no involvement in the case other than as those creditors' former counsel.

34.     The Debtor then filed two separate motions seeking a continuance of the trial in the Revocation of Discharge Case. His first Motion for Continuance of Trial (BCPOA Doc. No. 173) claims he needs a continuance of trial because his daughter is a member of the Israeli military and he may need to travel to Israel. He then filed an Emergency Amended Motion for Continuance (BCPOA Doc. No. 198), again claiming that "it is possible that [he] will need to travel to Israel in the near future." Shortly afterwards, the Debtor filed an 11-page "Notice to the Court" (BCPOA Doc. No. 208), notifying the Court that he would not attend the October 25, 2023 hearing in person, complaining about his treatment by the Bankruptcy Court and the Trustee and his counsel, seeking

16

a continuance of trial and hearings so that he could ostensibly fly to Israel to support his daughter, who he claims is in the Israeli military, and to support Israel's war efforts against Hamas, and attaching a horrific photograph relating to the Hamas attack on Israel. The Court immediately entered an Order (BCPOA Doc. No. 209) in response to the Notice denying his request to appear by telephone, advising the Debtor that his failure to appear in person for the hearing may result in the issuance of sanctions, and striking and sealing the photograph attached to the Notice.

35.    He has also filed other motions that the Bankruptcy Court has summarily denied, such as, for example, the following:

    a. a Motion to Enforce Local Rule 7001-1 (BCPOA Doc. No. 161), which was denied (BCPOA Doc. No. 251);

    b. a Motion to Allow Recording of Deposition (BCPOA Doc. No. 224), which was denied without a hearing (BCPOA Doc. No. 230);

    c. a Motion for Sanctions (BCPOA Doc. No. 225), which was denied without a hearing (BCPOA Doc. No. 238);

    d. an Emergency Motion for Extension of Time to Object to Three Interim Applications for Compensation (BCPOA Doc. No. 235), which was denied without a hearing (BCPOA Doc. No. 244).

36.    On October 10, 2023, Mrs. Juravin filed a "Notice of Limited Availability" (BCPOA Doc. No. 172) purporting to advise the parties that she would only be available for her deposition from 9:30 a.m. to noon, due to a conflicting state-court hearing the same day. She attached the first page of a state-court Notice of Hearing in an effort to lend credibility to her statement, but conveniently omitted the certificate of service which demonstrated that the hearing

was set before she agreed to be deposed on that same date.  Later, she filed a Motion to Limit Hours of Deposition (BCPOA Doc. No. 175), which was denied as moot (BCPOA Doc. No. 228).

### G. *The Debtor's History of Litigation Outside of Bankruptcy Court*

37.     The Debtor has an extensive litigation history outside of his bankruptcy case as well. Specifically, the Debtor or his wife have initiated 11 separate appeals from Florida trial courts to the Fifth District Court of Appeal and three separate appeals to the Second District Court of Appeal. The Debtor or his wife may have been a plaintiff or defendant in these cases at the trial court level, but ultimately were appellants in the following appeals:

    a.  *Don Juravin v. DCS Real Estate Investments, LLC*, case no. 18-1026 (Fla. 5th DCA 2018).

    b.  *Don Juravin v. DCS Real Estate Investments, LLC*, case no. 19-3560 (Fla. 5th DCA 2019).

    c.  *Don Juravin v. DCS Real Estate Investments, LLC*, case no. 19-3689 (Fla. 5th DCA 2019).

    d.  *Don Juravin v. DCS Real Estate Investments, LLC*, case no. 21-0451 (Fla. 5th DCA 2021).

    e.  *Anna Juravin v. DCS Real Estate Investments, LLC*, case no. 21-1468 (Fla. 5th DCA 2021).

    f.  *Don Juravin v. DCS Real Estate Investments, LLC*, case no. 22-1058 (Fla. 5th DCA 2022).

    g.  *Don Juravin v. PSR Developers, LLLP*, case no. 22-2856 (Fla. 5th DCA 2022).

    h.  *Don Juravin v. DCS Real Estate Investments, LLC*, case no. 23-2152 (Fla. 5th DCA 2023).

    i.  *Don Juravin v. DCS Real Estate Investments, LLC*, case no. 23-3010 (Fla. 5th DCA 2023).

    j.  *Don Juravin v. PSR Developers, LLLP*, case no. 23-3262 (Fla. 5th DCA 2023).

    k.  *Don Juravin v. Global Cooling, LLC*, case no. 23-3632 (Fla. 5th DCA 2023).

l.   *Don Juravin v. The Solomon Law Group, P.A.*, case no. 16-3037 (Fla. 2d DCA 2016).

m.   *Don Juravin v. The Solomon Law Group, P.A.*, case no. 17-1533 (Fla. 2d DCA 2017).

n.   *Don Juravin v. Robert E. Todd*, case no. 18-429 (Fla. 2d DCA 2018).

38.   The Debtor or his wife have also filed at least 18 cases at the trial court level in state courts across the country, as listed below. They have been named as defendants in numerous lawsuits as well, but those are not listed in this motion.

a.   *Don Juravin v. DCS Real Estate Investments, LLC*, case no. 2017-CA-000667 (Fla. 5th Cir. Ct. 2017).

b.   *Anna Juravin v. DCS Real Estate Investments, LLC*, case no. 2017-CC-1748 (Fla. 5th Cir. Ct. 2017).

c.   *Don Juravin v. PSR Developers, LLLP*, case no. 2021-CA-000227 (Fla. 5th Cir. Ct. 2021).

d.   *Don Juravin v. Global Cooling, LLC*, case no. 2022-CA-961 (Fla. 5th Cir. Ct. 2021).

e.   *Don Juravin v. The Solomon Law Group, P.A.*, case no. 15-CA-005011 (Fla. 13th Cir. Ct. 2015).

f.   *Don Juravin v. The Solomon Law Group, P.A.*, case no. 12-CA-5327 (Fla. 13th Cir. Ct. 2012).

g.   *Don Juravin v. Robert Mafes*, case no. 2021-CA-11973 (Fla. 9th Cir. Ct. 2021).

h.   *Don Juravin v. Treichelle Johnson*, case no. 2018-CA-002412 (Fla. 9th Cir. Ct. 2018).

i.   *Anna Juravin v. Cocoanut Bayou Association Inc.*, case no. 2018-CA-005126 (Fla. 12th Cir. Ct. 2018).

j.   *Don Juravin v. Richard Arrighi*, case no. 2018-CA-001607 (Fla. 5th Cir. Ct 2018).

k.   *Don Juravin v. Bryan Orr*, case no. 2020-CA-001053 (Fla. 5th Cir. Ct. 2020).

l.   *Don Juravin v. Community Watch Solutions, LLC*, case no. 2017-CA-002178 (Fla. 5th Cir. Ct. 2017).

    m.  *Don Juravin v. Zachary Lake*, case no. 16-005879-CI (Fla. 6th Cir. Ct. 2016).

    n.  *Adi Juravin[10] v. Ted Zorabin*, case no. 12-CA-011661 (Fla. 13th Cir. Ct. 2012).

    o.  *Don Juravin v. Robert Todd*, case no. 12-CA-005327 (Fla. 13th Cir. Ct. 2012).

    p.  *Adi Juravin v. Jennifer Johnson*, case no. 1995-L-017378 (Ill. Cook Cty. Cir. Ct. 1995).

    q.  *Adi Juravin v. Henri Galel*, case no. 1994-L-012133 (Ill. Cook Cty. Cir. Ct. 1994).

    r.  *Adi Juravin v. Alvin Nall*, case no. 90-2-00063-4 (Wash. Spokane Cty. Sup. Ct. 1990).

39.    In addition, a simple pacer search for Don Juravin returns search results reflecting his involvement in some capacity in 35 cases in federal courts, including those pending in bankruptcy court, as reflected on **Exhibit A** attached hereto.

40.    As reflected by the number of cases or appeals initiated by the Debtor or his wife, the Debtor is or has been engaged in substantial litigation outside his bankruptcy case for years.

## *H.  Relief Requested*

41.    The Debtor's tactics drain the time and resources of the estate, and more importantly, the time and resources of the Court and its staff. By abusing the court system, the Debtor diverts time and resources that could be devoted to other parties that have legitimate business before the Court. The Debtor is not deterred by the repeated admonishments or monetary sanctions imposed by the Bankruptcy Court or the District Court. He is likewise not deterred by the jail sentences which have been repeatedly imposed by the State Court. The Court should therefore determine the Debtor to be a vexatious litigant and impose a *Martin-Trigona* injunction against the Debtor to curb his frivolous and abusive filings.

---

[10] Adi Juravin is one of the Debtor's several aliases.

## MEMORANDUM OF LAW

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). Indeed, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. In addition to the Bankruptcy Court's authority under 11 U.S.C. § 105, federal courts also have the power under the All Writs Act, 28 U.S.C. § 1651, to enjoin vexatious litigants from filing actions in both judicial and non-judicial forums. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002). The only restriction on that type of injunction is that a litigant cannot be completely foreclosed from all access to the courts. *Procup*, 792 F.2d at 1074; *See also In re: Vexatious Litigants in the Orlando Division*, 6:23-mc-00003-RBD (M.D. Fla. Jan. 18, 2023) (establishing process for the "uniform and efficient handling of filings by vexatious litigants" and "providing uniformity and structure to that *ad hoc* process and guidance to individual judges, litigants, counsel, and the Clerk of Court.").

To obtain a *Martin-Trigona* injunction, the traditional injunctions standards do not apply; rather, "it is sufficient to show a history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel." *In re Dicks*, 306 B.R. 700, 706-07 (Bankr. M.D. Fla. 2004) (citing *Martin–Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993)). Courts typically consider the following factors to determine whether an injunction is appropriate: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective, good faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an

unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Id.* Applying these factors to the circumstances of this case, it is clear that an injunction is warranted.

As detailed within this Motion, the Debtor's litigation history is plagued with vexatious, harassing, and duplicative lawsuits. The Debtor has repeatedly filed motions aimed at either removing the Trustee and his counsel or otherwise punishing them for absurd and baseless allegations of wrongdoings, which have repeatedly been rejected by this Court and the District Court. He has also engaged in duplicative litigation on this issue by simultaneously filing the Motion to Remove the Trustee in the Bankruptcy Court and pursing an appeal to the District Court on this issue, and filing the separate, but nearly identical Complaint against the Trustee and his counsel in the District Court and pursing an appeal of the dismissal of that Complaint to the Eleventh Circuit. Even when the Debtor claims he is not directly advancing these types of arguments, he continues to seek to punish the Trustee and his counsel based upon wholly unsupported theories of wrongdoing, as reflected in his recent Motion to Preserve the Bankruptcy Estate, wherein he baselessly contends these estate professionals are engaged in an "intentional scheme to deplete the bankruptcy estate."

The Debtor has also filed numerous other motions and papers in the case designed to delay and thwart the administration of the estate, to avoid his discovery obligations, and to harass parties with whom the Debtor is engaged in long-standing disputes and litigation. He likewise routinely uses the appellate process as a means to distract and delay by appealing orders that are plainly interlocutory or for which he lacks standing and by advancing nonsensical and frivolous arguments on appeal.

As both the Bankruptcy Court and District Court have already concluded, he has no objective, good faith expectation of prevailing on the myriad of motions and appeals he has filed. Rather, these motions and appeals are advanced with the intention of harassing the Trustee and his counsel, thwarting the legitimate administration of the estate, and delaying and distracting from any investigation into the Debtor's financial and business dealings or the prosecution of adversary proceedings against him and his related persons and entities.

The Debtor is not represented by counsel at this juncture. He has had four separate attorneys represent him on the record in this case. All of those lawyers have withdrawn from representing him, one of which after being sanctioned by the District Court and having his fees disgorged by the Bankruptcy Court. The Debtor's vexatious litigation has only increased since his former attorneys withdrew. The Debtor's pro se status is not a carte blanche to engage in harassing and vexatious litigation. *See In re Dicks*, 306 B.R. at 707 (enjoining debtor, her family members, or their agents or attorneys from filings that repeatedly challenged the validity of the judgment at issue, and explaining that while the court had been "extremely deferential" to the debtor's pro se status, that status was "not a license to engage in harassing and vexatious litigation that this record reflects may be endless in duration.").

The Debtor's litigation has caused needless expense to the estate, driving up attorneys' fees and costs, of which the Debtor now complains. There is no question that the Debtor's litigation tactics have posed an unnecessary burden on the Bankruptcy Court, the District Court, and their respective personnel.

Finally, other sanctions would likely be inadequate to protect the Court and other parties. An award of monetary sanctions is unlikely to result in a decrease in the improper filings in this Court and the District Court, because such monetary sanctions have already been imposed on the

Debtor, Mrs. Juravin, and her former counsel to no avail. Each of the monetary sanctions awards imposed upon these individuals remain unpaid to date.[11] Furthermore, the Fifth Judicial Circuit Court in and for Lake County, previously sentenced, and the Debtor served, 30 days in jail for contempt of Court in connection with the State Court Case. That jail sentence was not sufficient to deter the Debtor's bad-faith conduct either. Absent an injunction, it is clear that the Debtor will continue to engage in this vexatious and abusive litigation conduct.

WHEREFORE, Dennis D. Kennedy, as Chapter 7 Trustee of the Estates of Don K. Juravin and Must Cure Obesity, Co., respectfully requests the Court enjoin the Debtor, Don K. Juravin or any party acting in concert with him or at his behest, from any further filings; or, in the alternative, establish a protocol for the handling of further filings by the Debtor, or any party acting in concert with him or at his behest, consistent with *In re: Vexatious Litigants in the Orlando Division*, 6:23-mc-00003-RBD (M.D. Fla. Jan. 18, 2023); and for any other relief this Court deems just and proper.

Dated December 19, 2023.

/s/*Bradley M. Saxton*
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward**
 **& Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy, Trustee

---

[11] The Debtor has corresponded with Trustee's counsel that he intends to appeal the $13,130.00 sanction award recently entered by Judge Presnell. The Debtor has recently made an attempt to pay what the Trustee presumes to be the $1,050.00 sanction award by sending the Trustee three separate checks, each in the amount of $100. However, the payee on each check is blank and two of the checks are post-dated, with the "FOR" line of the check stating "Deposit Dec. 30" on one check and "Deposit Jan. 30" on the other.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on December 19, 2023, a true copy of the foregoing has been sent via:

***CM/ECF to:***

United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL  32801
Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954
All others who are registered to receive notice via CM/ECF.

***Email & U.S. Mail to:***

Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756, Don@Juravin.com.

/s/ *Bradley M. Saxton*
Bradley M. Saxton

# EXHIBIT A

An official website of the United States government. Here's how you know ✓

Log in to PACER Systems ➜

**PACER**
Case Locator

Party Search Results

**Search Criteria:** Party Search; Last Name: [Juravin]; First Name: [Don]
**Result Count:** 35 (1 page)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Juravin, Don (dft) | 2:2015cv08892 | Lake v. Roca Labs, Inc. et al | California Central District Court | 11/16/2015 | 11/19/2015 |
| Juravin, Don (dft) | 2:2015cv08898 | Zachary Lake v. Roca Labs, Inc., et al | California Central District Court | 11/16/2015 | 04/12/2016 |
| Juravin, Don (dft) | 8:2015cv02231 | Federal Trade Commission v. Roca Labs, Inc. et al | Florida Middle District Court | 09/24/2015 | 09/17/2018 |
| Juravin, Don Adi (dft) | 2:2015cv08898 | Zachary Lake v. Roca Labs, Inc., et al | California Central District Court | 11/16/2015 | 04/12/2016 |
| Juravin, Don Adi (db) | 6:2018bk06821 | Don Karl Juravin | Florida Middle Bankruptcy Court | 10/31/2018 | |
| Juravin, Don Adi (a) | 5:2022cv00606 | Juravin v. Kennedy et al | Florida Middle District Court | 11/22/2022 | 04/18/2023 |
| Juravin, Don Adi (a) | 5:2023cv00138 | Juravin v. Kennedy | Florida Middle District Court | 03/01/2023 | 11/06/2023 |
| Juravin, Don Adi (inre) | 5:2023cv00138 | Juravin v. Kennedy | Florida Middle District Court | 03/01/2023 | 11/06/2023 |
| Juravin, Don K. (dft) | 6:2022ap00020 | Kennedy, Trustee and Juravin | Florida Middle Bankruptcy Court | 01/30/2022 | |
| Juravin, Don Karl | 0:2023bk13243 | Don Juravin v. Dennis Kennedy | U.S. Court Of Appeals, Eleventh Circuit | 10/03/2023 | |
| Juravin, Don Karl | 0:2023bk13246 | Don Juravin v. Dennis Kennedy | U.S. Court Of Appeals, Eleventh Circuit | 10/03/2023 | |
| Juravin, Don Karl (dft) | 2:2015cv08898 | Zachary Lake v. Roca Labs, Inc., et al | California Central District Court | 11/16/2015 | 04/12/2016 |
| Juravin, Don Karl (dft1) | 6:2021ap00141 | Kennedy, Trustee and Juravin, Incorporated, an inactive Florida corpora | Florida Middle Bankruptcy Court | 10/04/2021 | |
| Juravin, Don Karl (db) | 6:2018bk06821 | Don Karl Juravin | Florida Middle Bankruptcy Court | 10/31/2018 | |
| Juravin, Don Karl (dft) | 6:2019ap00030 | Federal Trade Commission and Juravin | Florida Middle Bankruptcy Court | 02/01/2019 | 05/10/2021 |
| Juravin, Don Karl (dft) | 6:2021ap00103 | Bella Collina Property Owners Association Inc and Juravin | Florida Middle Bankruptcy Court | 06/25/2021 | |
| Juravin, Don Karl (intp) | 6:2021ap00139 | Kennedy, Trustee and American Express Company | Florida Middle Bankruptcy Court | 10/04/2021 | |
| Juravin, Don Karl (intp) | 6:2022bk02258 | Anna Juravin | Florida Middle Bankruptcy Court | 06/27/2022 | 07/06/2023 |
| Juravin, Don Karl (a) | 5:2023cv00164 | Juravin v. Kennedy | Florida Middle District Court | 03/08/2023 | 11/07/2023 |
| Juravin, Don Karl (inre) | 5:2023cv00164 | Juravin v. Kennedy | Florida Middle District Court | 03/08/2023 | 11/07/2023 |
| Juravin, Don Karl (a) | 5:2023cv00166 | Bella Collina Property Owners Association, Inc et al v. Juravin et al | Florida Middle District Court | 03/08/2023 | 05/04/2023 |
| Juravin, Don Karl (inre) | 5:2023cv00166 | Bella Collina Property Owners Association, Inc et al v. Juravin et al | Florida Middle District Court | 03/08/2023 | 05/04/2023 |
| Juravin, Don Karl (a) | 6:2020cv02117 | Juravin v. Federal Trade Commission | Florida Middle District Court | 11/17/2020 | 04/02/2021 |
| Juravin, Don Karl (inre) | 6:2020cv02117 | Juravin v. Federal Trade Commission | Florida Middle District Court | 11/17/2020 | 04/02/2021 |
| Juravin, Don Karl (pla) | 5:2021cv00514 | Juravin et al v. Kennedy et al | Florida Middle District Court | 10/19/2021 | 03/29/2022 |
| Juravin, Don Karl (inre) | 6:2021cv01921 | Juravin v. Kennedy | Florida Middle District Court | 11/15/2021 | 07/05/2022 |
| Juravin, Don Karl (inre) | 6:2021cv01922 | Juravin v. Kennedy | Florida Middle District Court | 11/15/2021 | 03/22/2022 |
| Juravin, Don Karl (a) | 5:2022cv00606 | Juravin v. Kennedy et al | Florida Middle District Court | 11/22/2022 | 04/18/2023 |
| Juravin, Don Karl (inre) | 5:2022cv00606 | Juravin v. Kennedy et al | Florida Middle District Court | 11/22/2022 | 04/18/2023 |
| Juravin, Don Karl (a) | 5:2023cv00138 | Juravin v. Kennedy | Florida Middle District Court | 03/01/2023 | 11/06/2023 |
| Juravin, Don Karl (inre) | 5:2023cv00138 | Juravin v. Kennedy | Florida Middle District Court | 03/01/2023 | 11/06/2023 |
| Juravin, Don Karl (inre) | 5:2023mc00007 | | Florida Middle District Court | 11/09/2023 | 12/11/2023 |
| Juravin, Don Karl (pla) | 5:2023mc00007 | | Florida Middle District Court | 11/09/2023 | 12/11/2023 |
| Juravin, Don Karl (a) | 6:2023cv02349 | Juravin v. Bella Collina Property Owners Assoc., Inc. et al | Florida Middle District Court | 12/07/2023 | |
| Juravin, Don Karl (inre) | 6:2023cv02349 | Juravin v. Bella Collina Property Owners Assoc., Inc. et al | Florida Middle District Court | 12/07/2023 | |