ORDERED.

Dated:  February 13, 2024

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re: | Case No. 6:18-bk-06821-LVV |
| | Chapter 7 |
| DON KARL JURAVIN | |
| | Jointly Administered with |
|     Debtor. | Case No. 6:20-bk-01801-LVV |
| _____/ | |

DON KARL JURAVIN,
Case No. 6:18-bk-06821-LVV

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-LVV

    Applicable Debtors.
_____/

**ORDER GRANTING MOTION TO DECLARE DEBTOR
A VEXATIOUS LITIGANT AND FOR *MARTIN-TRIGONA* INJUNCTION**

THIS CASE came before the Court at a hearing on January 16, 2024, at 2:00 p.m. ("Hearing"), to consider the Motion to Declare Debtor a Vexatious Litigant and for *Martin-Trigona* Injunction (Doc. No. 952) ("Motion") filed by Dennis D. Kennedy, as Chapter 7 Trustee of the Estates of Don Karl Juravin and Must Cure Obesity, Co. ("Trustee"). At the hearing, the Bella Collina Property Owners' Association ("BCPOA") joined in the relief requested by the Trustee and the Court having found that the BCPOA has also been subject to the Debtor's

vexatious litigation in connection with this bankruptcy case, granted the BCPOA's request. The Debtor, Don K. Juravin, filed a Response to Trustee's Motion to Declare Debtor a Vexatious Litigant and for *Martin-Trigona* Injunction (Doc. No. 982) (the "Response"), and attended the hearing in person, along with his wife, Anna Juravin. After considering the Motion, the Response, the arguments of counsel and the Debtor, and for the reasons stated in open Court, the Motion is granted.

      Debtor's repeated vexatious, bad-faith filings and conduct in this case and related adversary proceedings require a limited injunction. Debtor is dissatisfied with this Court's rulings which he has expressed in repeated filings and appeals. Since October 2022 (when his last attorney sought to withdraw),[1] Debtor has filed over 36 papers seeking affirmative relief in this bankruptcy case, over 28 papers in related adversary proceedings seeking affirmative relief or responding to discovery disputes due to his own discovery efforts.[2] Debtor likewise has filed four *pro se* appeals from orders of this Court. Debtor's complaints focus on the Trustee and his counsel, repeatedly arguing that they are conflicted and should be removed from his case because DCS Real Estate Investments, LLC ("DCS") has been advancing the Trustee's fees and costs.[3] Debtor contends the Trustee, his counsel, and DCS are on a quest to destroy the Debtor and his family. Debtor's complaints have been rejected time and time again, as reflected by the record in this case. Debtor continues to complain about the Trustee to this Court, to other courts, and now to other officials and The Florida Bar.[4] As to BCPOA, Debtor continues to assert frivolous claims and arguments such as his standing to object to the BCPOA's claims and an alleged conspiracy by the BCPOA,

---

[1] Debtor's last counsel, Mr. Portner, filed a motion to withdraw as counsel on November 10, 2022 (Doc. No. 740) which the Court granted on December 18, 2022 (Doc. No. 768).
[2] *See Bella Collina Property Owners Ass'n. Inc. v. Juravin*, 6:21-ap-00103 (Bankr. M.D. Fla. filed June 25, 2021); *Kennedy v. Juravin, Incorporated et.al.*, 6:21-ap-00141 (Bankr. M.D. Fla. filed Oct. 4, 2021).
[3] Doc. Nos. 592, 611, 776, 797, 835, 865.
[4] See Doc. No. 952.

the Trustee and the principals, agents and employees and affiliates to oppress the Debtor by seeking to have the Debtor's discharge revoked.[5]

The Court has previously admonished Debtor for his bad-faith litigation conduct and has sanctioned him for his refusal to stop advancing frivolous and inappropriate arguments and to stop seeking the removal or sanction of the Trustee or his attorneys.[6] The sanctions awarded the Trustee remain unpaid and have not deterred the Debtor from pursuing frivolous or inappropriate arguments. Debtor continues to engage in vexatious and harassing litigation and needlessly places a burden on the Court, its personnel, and the parties.

The Debtor is a vexatious litigant and a *Martin-Trigona* injunction is appropriate to protect against the Debtor's abuse of the Court system. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). Indeed, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. In addition to the Bankruptcy Court's authority under 11 U.S.C. § 105, federal courts also have the power under the All Writs Act, 28 U.S.C. § 1651, to enjoin vexatious litigants from filing actions in both judicial and non-judicial forums. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002).

To impose a *Martin-Trigona* injunction, the traditional injunction standards need not be met; rather, "it is sufficient to show a history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel." *In re Dicks*, 306 B.R. 700, 706-07 (Bankr. M.D. Fla. 2004). The only restriction on that type of injunction is that a litigant cannot be

---

[5] *See Bella Collina Property Owners Ass'n. Inc. v. Juravin*, 6:21-ap-00103, Doc. Nos. 50, 179, 233 (Bankr. M.D. Fla. filed June 25, 2021)
[6] Doc. Nos. 592, 611, 776, 797, 835, 865.

completely foreclosed from all access to the courts. *Procup*, 792 F.2d at 1074; *See also In re: Vexatious Litigants in the Orlando Division*, 6:23-mc-00003-RBD (M.D. Fla. Jan. 18, 2023) (establishing process for the "uniform and efficient handling of filings by vexatious litigants" and "providing uniformity and structure to that *ad hoc* process and guidance to individual judges, litigants, counsel, and the Clerk of Court."). Here, as reflected in the Motion, the record is replete with examples of the Debtor's vexatious and harassing litigation history and bad faith conduct.

Accordingly, it is:

**ORDERED:**

1. The Motion (Doc. No. 952) is **GRANTED.**

2. Unless the Court orders otherwise, the Debtor or any party acting in concert with him or at his request (the "Enjoined Parties") are hereby **ENJOINED** from filing any papers in this bankruptcy case without the signature of counsel admitted to practice in the Middle District of Florida except as specifically described in paragraphs 4 and 5 below. Any filings that do not comply with this paragraph may be stricken without further notice. If the Clerk receives a paper from the Enjoined Parties for filing in this bankruptcy case, the Clerk is directed to docket the paper and after review, the Court may enter an order striking the paper if it violates the injunction.

3. The Enjoined Parties are hereby further **ENJOINED** from filing or submitting any letters, pleadings, complaints, documents, submissions, or any other similar papers (collectively, "Letters or Pleadings") to any federal court, state court, government entity or agent, or in any other forum, contending that either the (i) Trustee, or his agents or affiliates, (ii) DCS or its principals, agents, employees, affiliates, or attorneys, or (iii) BCPOA, or its agents or attorneys, have engaged in wrongdoings asserted by Debtor in filings made in this bankruptcy case or related adversary proceedings. This injunction specifically prohibits the filing or submission of any Letters or

Pleadings to any federal court, state court, government entity, or any other forum relating to the alleged conflict of interest involving James D. Ryan, Esq. or the Ryan Law Firm, seeking the removal or another sanction against the Trustee or his agents or attorneys, or relating to the execution of, or circumstances surrounding, the Break Order.[7] If the Enjoined Parties want to file or transmit a paper subject to this paragraph, the Enjoined Party *must first* obtain an order from this Court allowing such filing or transmittal. Any failure to comply with this paragraph or this Order may subject the Enjoined Parties to additional sanctions, including but not limited to incarceration.

4. Notwithstanding the foregoing, the Enjoined Parties are permitted to file papers in the consolidated adversary proceedings pending as *Bella Collina Property Owners Association, Inc. v. Don K. Juravin*, case number 6:21-ap-00103-LVV, that relate to the trial, claims or Enjoined Parties' defenses currently scheduled for a 5-day trial beginning February 26, 2024.

5. Nothing in this order shall be construed to deny access, for appellate purposes, to the Enjoined Parties, including but not limited to the Debtor, his wife, their minor children, and any individual or entity acting on their behalf, to seek appellate review of this Order in the United States District Court and the United States Courts of Appeal, without prejudice to the Trustee or BCPOA to seek a similar injunction in such courts.

6. The clerk is directed to docket a copy of this order in *Bella Collina Property Owners Association, Inc. v. Don K. Juravin*, case number 6:21-ap-00103-LVV.

Bradley M. Saxton is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.

---

[7] Terms not defined herein are as defined in the Motion.