UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DON KARL JURAVIN,

    Debtor.
_____/

DON KARL JURAVIN,
Case No. 6:18-bk-06821-KSJ

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-KSJ

    Applicable Debtors.
_____/

Chapter 7

Case No. 6:18-bk-06821-LVV
Case No. 6:20-bk-01801-LVV

**Consolidated Case No.**
6:18-bk-06821-LVV

### TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S
### DAUBERT MOTION TO EXCLUDE TESTIMONY OF TRUSTEE'S EXPERT

    DENNIS D. KENNEDY, as CHAPTER 7 TRUSTEE for the Estates of Don Karl Juravin and Must Cure Obesity Co., by and through undersigned counsel, respond in opposition to Debtor's, DON KARL JURAVIN, Daubert Motion (Doc. No.1010) to exclude the testimony of Trustee's expert, Charles Balot of Online Security, stating:

    1.    The basis for Juravin's motion is that Mr. Balot's testimony should be excluded because it is irrelevant, unreliable, speculative, and not based on personal knowledge; and that Mr. Balot is unqualified to testify as an expert on the Juravin ESI due to alleged gaps in his knowledge and false assumptions. Doc 351 at p.2[1]. The motion includes the expert report, the

---

[1] Reference to the motion is by page number because Juravin's motion is not written in consecutively numbered paragraphs as required by Fed R. Civ. P. 7 (b)(2), 10(b).

inaccurate and incomplete transcription of Mr. Balot's deposition, and documents allegedly found online as to company's corporate status.

2.  Juravin's motion is unfounded, consisting of conclusory accusations unsupported by any real, relevant data. It is another of Juravin's countless attempts to eliminate clear evidence of his duplicitous behavior with ad hominem attacks and arguments about process.

3.  The fact is, Mr. Balot's company, Online Security, was approved by Juravin's then counsel, Mr. Bartolone, and by the Court in its June 16, 2021 *Joint Agreed Order on ESI Retention and Recovery Process* (ESI Order, main case Doc. No. 526).

4.  Mr. Juravin's problem is, in actuality, not with Mr. Balot per se— he simply does not like what Online Security and the Trustee discovered[2]. Any arguments he has with the findings made by and opinion of Online Security/Balot should be relegated to examination at trial.

5.  Mr. Balot's testimony is highly relevant based on his report and the history of his company's work in this case. Federal Rule of Evidence 702 sets out the standard for Mr. Balot's testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

---

[2] Judge Jennemann summed up Juravin's actions at a hearing in 2021, "What I take from the Debtor's response and the argument raised ... is that Mr. Juravin doesn't like what we're concluding and what the Trustee has found...." Transcript of Proceedings, November 9, 2021 at 32:17-20.

    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

  6. Rule 702, "stems from the *Daubert* and *Kumho Tire* cases in which the Supreme Court held that the trial judge is the gatekeeper, 'task[ed with]...ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.' *Daubert*, 509 U.S. at 597. Expert testimony should not be admitted unless '(1) the testimony is based on sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.' *Laspro Consultores LTDA. v. Alinia Corp. (In re Massa Falida Do Banco Cruzeiro Do Sul S.A.)*, Nos. 14-22974-BKC-LMI, 16-01315-LMI, 2020 Bankr. LEXIS 1253, at *5 (Bankr. S.D. Fla. May 12, 2020) citing *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). Footnotes to *Daubert* and *Kumho* case citations omitted.

  7. "[E]xpert testimony must relate to the issues at hand and aid in the resolution of the facts at issue." *In re Joy Recovery Technology Corp.*, 286 B.R. 54, 67 (Bankr. N.D. Ill. 2002).

  8. Debtor's arguments do not go to admissibility; rather they go to the weight and credibility of Mr. Balot's testimony. Under Rule 702, Mr. Balot qualifies as an expert. *Sec. Investor Prot. Corp. v. N. Am. Clearing, Inc.,* Adv. Proc. 6:08-ap-00145-KSJ, Adv. Proc. 6:10-ap-00151-KSJ; 2012 WL 1637573; 2012 Bankr. LEXIS 2041 *3-4; (Bankr. M.D. Fla., May. 8, 2012) (Judge Jennemann finding Trustee's expert qualified to testify on the matters for which his testimony was offered).

  9. Juravin cites Rule 602 for his allegation that Mr. Balot lacks personal knowledge to testify. An expert witness may, "rely on assistants to formulate an expert opinion." *Laspro*

*Consultores LTDA. v. Alinia Corp. (In re Massa Falida Do Banco Cruzeiro Do Sul S.A.)*, Nos. 14-22974-BKC-LMI, 16-01315-LMI, 2020 Bankr. LEXIS 1253, at *7 (Bankr. S.D. Fla. May 12, 2020) citing *Picard v. Merkin (In re Madoff)*, 581 B.R. 370, 381 (Bankr. S.D.N.Y. 2017) (citations omitted). Rule 602 applies to fact witnesses; it also works in conjunction with other rules of evidence but in this context, the applicable standard is under Rule 702.

10. Mr. Juravin failed to explore the basis of Mr. Balot's personal knowledge. Instead, he relies on an incorrect assumption about the work Mr. Balot performed and the extent of his knowledge of the underlying facts, such as the source of Online Security's copy of Juravin's Google Drive activity log.

11. Mr. Juravin will have the opportunity to examine Mr. Balot at trial to prove out his allegations of errors in Mr. Balot's data or conclusions. *Sec. Investor Prot. Corp. v. N. Am. Clearing, Inc.* at *6-7, and at footnote 13 citing *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 596, 113 S. Ct. 2786, 2798, 125 L. Ed. 2d 469 (1993) "[v]igorous cross-examination [is one] traditional and appropriate means of attacking shaky but admissible evidence."

12. Finally, one need not be an expert to see that this and countless other of Juravin's filings, particularly those filed over the past 30 days in anticipation of trial, are not drafted "*pro se*." Like *Unfrozen Caveman Lawyer*[3], Mr. Juravin falsely asserts that he is pro se and speaks English as a second language when it suits his purposes. Even with his excellent facility with English, it is clear these filings are ghost written and on that basis alone they should be stricken.

13. The Debtor's motion should be denied.

---

[3] *GlaxoSmithKline LLC v. Teva Pharm. USA, Inc.*, 313 F. Supp. 3d 582, 594 n.12 (D. Del. 2018) (referencing testimony in which the witness made an analogy to unfrozen caveman lawyer and noting, "*Saturday Night Live: Unfrozen Caveman Lawyer* (NBC television broadcast 1991-96)." See also, https://en.wikipedia.org/wiki/Unfrozen_Caveman_Lawyer.

Dated:  February 22, 2024.          Respectfully submitted,

                /S/*JAMES D. RYAN*
                JAMES D. RYAN, ESQ.
                FLORIDA BAR NO. 0976751
                MOBILE: (561)889-1001
                JDR@RYANLAWGROUP.NET
                LAUREN@RYANLAWGROUP.NET
                **RYAN LAW GROUP, PLLC**
                636 U.S. HIGHWAY ONE, SUITE 110
                NORTH PALM BEACH, FL 33408
                MAIN: (561) 881-4447   FAX: (561) 881-4461
                *SPECIAL COUNSEL TO DENNIS D. KENNEDY, TRUSTEE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 22, 2024**, a true and correct copy of the foregoing has been furnished by CM/ECF to all registered users, and by US mail and by email where indicated to: **Don K. Juravin**, don@juravin.com, 15118 Pendio Drive, Montverde, FL 34756.

                /S/*JAMES D. RYAN*
                JAMES D. RYAN, ESQ.