FILED
Date: 03/19/2024 @ 1:35 PM via: email
Clerk, U.S. Bankruptcy
Orlando Division

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DON KARL JURAVIN,

    Debtor.

_____/

Chapter 7
Case No. 6:18-bk-06821-LVV
Case No. 6:20-bk-01801-LVV
Jointly Administered with
Case No. 6:18-bk-06821-LVV

## DEBTOR'S MOTION FOR PERMISSION TO MOVE THE COURT TO DISMISS CHAPTER 7 CASE AND SET ASIDE OR REVOKE DISCHARGE

The Debtor in the above-captioned case, pro se, pursuant to 11 U.S.C. § 707, hereby moves the Court for leave to file a motion to dismiss his bankruptcy case for the following reasons:

**BACKGROUND:**

1. A voluntary petition under chapter 7 of the Bankruptcy Code was filed by the Debtors on October 31, 2018.

2. On February 13, 2024, the Court took a rare step and enjoined the Debtor from filing papers in this case. By doing so, the Court essentially shut the doors of the Courthouse to the Debtor unless he has counsel; the Court is well aware that the Debtor cannot afford counsel in this +5 years litigation, so the effect is to disallow him from filing anything. The Debtor is asking the Court's leave to file a motion to dismiss his case and to set aside his discharge (attached to this motion).

3. The Debtor has realized that filing a chapter 7 case was a mistake, made because he was unaware of how the Court would rule on the very large claim filed by the Federal Trade Commission. The Debtor also was unaware that the case would drag on for more than 5 years,

and that it would require him and his wife to represent themselves in complex litigation against well-funded and experienced lawyers.

4. The Debtor, evidently mistaken, filed the case believing that the Bankruptcy Code would provide him with relief from at least some of his debts. That has not proven to be the case. Nor will any creditor benefit from the case, as there will be no money distributed to creditors. In fact, the Debtor will have to deal with the (by far) largest creditor in the case regardless of his discharge, as that debt is not discharged.

WHEREFORE, the Debtor prays that the Court grant him leave to file a motion to dismiss the case and for such other relief as is needed to bring this about.

Dated: March 19, 2024                                                              Respectfully submitted,

/_____/
Don Karl Juravin, /Pro Se/
15118 Pendio Dr.
Bella Collina, FL 34756
don@juravin.com
8138105100

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2024, a true and correct copy of the foregoing has been furnished by electronic mail to all interested parties not limited to a list below:

James D. Ryan, Esq., jdr@ryanlawgroup.net;

Brad Saxton, Esq., saxton@whww.com;

/_____/
Don Karl Juravin, /Pro Se/
15118 Pendio Dr.
Bella Collina, FL 34756
don@juravin.com
8138105100

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DON KARL JURAVIN,

    Debtor.

_____/

Chapter 7
Case No. 6:18-bk-06821-LVV
Case No. 6:20-bk-01801-LVV
Jointly Administered with
Case No. 6:18-bk-06821-LVV

## DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE AND SET ASIDE OR REVOKE DISCHARGE

The Debtor in the above-captioned case, pro se, pursuant to 11 U.S.C. § 707, hereby moves to dismiss his bankruptcy case for the following reasons:

**BACKGROUND:**

1. A voluntary petition under chapter 7 of the Bankruptcy Code was filed by the Debtors on October 31, 2018.

2. By far the largest claim filed in the case was that filed by the Federal Trade Commission. The Court has ruled that debt to be non-dischargeable. There are other claims in the case which are likely not subject to discharge.

3. The Debtor has realized that filing a chapter 7 case was a mistake, made because he was unaware of how the Court would rule on the very large claim filed by the Federal Trade Commission. The Debtor also was unaware that the case would drag on for more than 5 years, and that it would require him and his wife to represent themselves in complex litigation against well-funded and experienced lawyers.

1

4. From the information that is available from the Court record, it appears that there will not be any money to be distributed to creditors.

5. The Debtor, evidently mistaken, filed the case believing that the Bankruptcy Code would provide him with relief from at least some of his debts. That has not proven to be the case. Nor will any creditor benefit from the case, as there will be no money distributed to creditors. In fact, the Debtor will have to deal with the (by far) largest creditor in the case regardless of his discharge, as that debt is not discharged.

6. The Court granted a discharge to the Debtor on June 26, 2020, which was nearly 4 years ago. That discharge is the subject of litigation with a creditor and the Chapter 7 Trustee, who seek to revoke it. There is little doubt that the Court wants to revoke the discharge.

7. The Court has entered non-final orders regarding the extensive administrative expenses incurred by the Chapter 7 Trustee. The Court has also approved settlements from other parties and disgorged fees from professionals hired by the Debtor. It is assumed that these funds are held by the Chapter 7 Trustee as no distributions have been made.

8. As expressed elsewhere in more detail, the Debtor does not believe that the Court can rule on any manner involving him or his wife in an unbiased and fair manner.

**ARGUMENT:**

The net result of the case is that the Debtor has not been afforded any relief, and that no creditors will receive any money. This being the case, who has benefitted from this entire exercise? Only the professionals hired by the Chapter 7 Trustee. Even their fees and expenses are unlikely to be fully covered in a distribution from the Trustee. Any such distribution would be years after the case was filed and years after the discharge was entered by the Court. With the largest debt (by far) exempted from discharge, the Debtor is likely further in debt now than he

was when the case was filed. If the purpose of the Bankruptcy Code is, as the United States Supreme Court has stated, "to afford relief to the honest but unfortunate debtor," that purpose has failed in this case. The Debtor cannot possibly receive a "fresh start."

With the Debtor receiving no relief, and with no creditor receiving money, this case has caused only injury. The multiple parties sued have been forced to expend money in settlements. The Debtor had his home searched as a direct consequence of this case, and he has seen his health compromised as a likely consequence of the case. The Debtor and his wife have been dragged into proceedings against well-funded and hostile parties without the ability to hire counsel for a defense.

There is no support in the law for the idea that a Chapter 7 case should exist only for the benefit of the Trustee and his hired professionals. Nearly every dollar in administrative expenses has served the purpose of keeping the Debtor from obtaining relief or just to expend resources. As such, if the Debtor is to not receive the relief sought in the form of a discharge, then the professionals who have worked so hard toward that end should not be paid as administrative expenses.

The Debtor's status should supersede the technical and administrative difficulties that might arise from "undoing" what has resulted from this case. Several parties have resisted the Debtor at every turn. Should these parties be allowed to benefit from the very process that they have opposed? In fact, only those parties benefit from the case. The nonsensical result is that only those parties who have resisted the Debtor's attempts to obtain relief will actually benefit if this is all left in place.

WHEREFORE, the Debtor prays that this bankruptcy case be dismissed without prejudice, and that the Court order all monies received by the Trustee be returned to the parties from which they were obtained, and that the Court order such other relief as is needed to bring this about.

Dated: March 19, 2024                                                                                          Respectfully submitted,

/ _____ /
Don Karl Juravin, /Pro Se/
15118 Pendio Dr.
Bella Collina, FL 34756
don@juravin.com
8138105100

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2024, a true and correct copy of the foregoing has been furnished by electronic mail to all interested parties not limited to a list below:

James D. Ryan, Esq., jdr@ryanlawgroup.net;

Brad Saxton, Esq., saxton@whww.com;

/ _____ /
Don Karl Juravin, /Pro Se/
15118 Pendio Dr.
Bella Collina, FL 34756
don@juravin.com
8138105100

4