UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:                                                                                                Case No. 6:18-bk-06821-LVV
                                                                                                  Chapter 7

DON KARL JURAVIN

                                                                                            *Jointly Administered with*
      Debtor.                                                                         Case No. 6:20-bk-01801-LVV
_____/

DON KARL JURAVIN,
Case No. 6:18-bk-06821-LVV

MUST CURE OBESITY, CO.
Case No. 6:20-bk-01801-LVV

    Applicable Debtors.
_____/

**MOTION TO APPROVE SETTLEMENT
PURSUANT TO RULE 9019, FED. R. BANKR. P.**
(Settlement with Shay Zuckerman, Zuckerman & Co. a/k/a Shay Zuckerman & Co. a/k/a Shay Zuckerman & Co. Law Firm, Noam Ben-Zvi, and Noam Ben-Zvi Law Firm, defendants in Adv. Proc. No. 6:21-ap-00143-LVV and 6:22-ap-00015-LVV)

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice of hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

DENNIS D. KENNEDY ("Trustee"), as Chapter 7 Trustee of the Estate of Don Karl Juravin, Case No. 6:18-bk-06821-LVV ("Juravin") and Chapter 7 Trustee of the Estate of Must Cure Obesity, Co., Case No. 6:20-bk-01801-LVV ("MCO"), through counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), moves this Court to approve a settlement agreement between the Trustee, Shay Zuckerman and Zuckerman & Co. a/k/a Shay Zuckerman & Co. a/k/a Shay Zuckerman & Co. Law Firm (collectively, "Zuckerman"), and Noam Ben-Zvi and Noam Ben-Zvi Law Firm (collectively, "Ben-Zvi"), and states:

## *Summary of Argument*

The Trustee seeks approval of a settlement agreement by and among the Trustee, Zuckerman and Ben-Zvi stemming from two (2) adversary proceedings filed in the Juravin Bankruptcy Case, adversary proceeding no. 6:21-ap-00143-LVV, and MCO Bankruptcy Case adversary proceeding no. 6:22-ap-00015-LVV (collectively, the "Adversary Proceedings"), in which claims were asserted against Zuckerman and Ben-Zvi. Pursuant to the settlement agreement, the Trustee is to receive a total of $85,000.00 in two payments, the Adversary Proceedings will be dismissed, Ben-Zvi shall withdraw all claims filed in the bankruptcy cases and each party releases the other, as set forth in the attached Settlement Agreement. Given the settlement amount relative to the time and expense of litigating the Adversary Proceedings, and the uncertainty of the outcome of the Adversary Proceedings, the settlement agreement is fair and equitable and should be approved.

## *Jurisdiction and Venue*

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue of this matter is appropriate with this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

*Factual and Procedural Background*

2. On or about October 31, 2018, Don Karl Juravin, filed a Chapter 7 bankruptcy case, case number 6:18-bk-06821 (the "Juravin Bankruptcy Case"), and the Trustee was duly appointed.

3. On or about January 31, 2020, Must Cure Obesity, Co. filed a Chapter 11 bankruptcy case, case number 6:20-bk-01801 (the "MCO Bankruptcy Case").

4. On May 29, 2020, the MCO Bankruptcy Case converted from Chapter 11 to Chapter 7, and the Trustee was then duly appointed in that case.

5. On October 4, 2021, in connection with the Juravin Bankruptcy Case, the Trustee filed his Complaint against Zuckerman and Ben-Zvi, initiating case number 6:21-ap-00143, seeking to avoid various recoverable transfers (the "Juravin Adversary").

6. On January 30, 2022, in connection with the MCO Bankruptcy Case, the Trustee filed his Complaint against Zuckerman and Ben-Zvi, initiating case number 6:22-ap-00015, seeking to recover various avoidable transfers (the "MCO Adversary").

7. On August 31, 2022, the Trustee filed an Amended Complaint in the Juravin Adversary against Zuckerman only, and in the MCO Adversary against Zuckerman and Ben-Zvi.

8. After the Court denied Zuckerman and Ben-Zvi's motions to dismiss the Amended Complaints, on May 9, 2023, Zuckerman filed an Answer and Affirmative Defenses to Amended Complaint in the Juravin Adversary, and Zuckerman and Ben-Zvi filed their Answers and Affirmative Defenses to Amended Complaint in the MCO Adversary, in which they generally denied the allegations in the Amended Complaint, denied liability, and raised certain defenses thereto.

9. On October 12, 2023, the Court entered an Order Granting Motion to Consolidate the Adversary Proceedings for the purposes of discovery and trial, and designated Case No. 6:21-ap-00143 as the lead case.

10. On October 20, 2023, the Court entered an agreed Case Management Order setting the case for trial on March 20, 2024.

11. On November 28, 2023, the Court entered an Order Granting Motion to Substantively Consolidate the bankruptcy estates in the Juravin Bankruptcy Case and the MCO Bankruptcy Case.

### *The Compromise*

12. On or about February 5, 2024, the Trustee, Zuckerman and Ben-Zvi participated in an all-day mediation. The mediation resulted in a settlement agreement which was finally executed by the parties effective as of March 22, 2024. A copy of the Settlement Agreement memorializing the compromise is attached hereto as **Exhibit A**.

13. The material terms of the compromise are as follows:[1]

   a. Zuckerman and Ben-Zvi agree to pay to the Trustee the sum of $85,000.00 (the "Settlement Amount") as follows: $42,500.00 shall be paid within 14 days of the execution of the Agreement and the balance shall be paid 60 days from the date of the execution of the Agreement.

   b. The Adversary Proceedings shall be dismissed after the entry of a final order approving the Settlement Agreement.

   c. Ben-Zvi shall withdraw all claims filed in the Bankruptcy Cases.

   d. Upon entry of an order approving the Settlement Agreement, Ben-Zvi may release and retain the Ben Zvi Trust Account Funds.

   e. Mutual general releases between Zuckerman and Ben-Zvi and the Trustee and Debtors' estates.

---

[1] The following is only a summary. To the extent of any inconsistency with the Settlement Agreement, the terms of the Settlement Agreement shall control.

*Legal Argument*

14.   By this Motion, the Trustee seeks Court approval of the Settlement Agreement pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which authorizes a Bankruptcy Court to approve a compromise or settlement. The approval or rejection of a compromise or settlement is left to the sound discretion of the bankruptcy court, which should approve the settlement only if it is fair and equitable and in the best interest of the estate. *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998) (Briskman, J.).

15.   Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Rule 9019(a). These factors include: (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it (which should also include the possibility that denial of the settlement will cause depletion of estate assets); and (d) the paramount interest of the creditors and a proper deference to their reasonable views. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied sub nom., Wallace v. Justice Oaks, II, Ltd.,* 498 U.S. 959 (1990); *In re Kay*, 223 B.R. at 820.

16.   The *Justice Oaks* factors weigh in favor of approval of the compromise. Absent settlement, the Trustee anticipates protracted, costly, and risky litigation in relation to the pending Adversary Proceedings. Accordingly, the Trustee submits that the compromise between him, Zuckerman and Ben-Zvi is in the best interest of the estate because it relieves the estate from the costs and expenses involved with any further litigation, in which the ultimate recovery is unknown.

17.   Accordingly, the Trustee submits that the settlement is within the best interest of the estate and seeks the entry of an order approving the Settlement Agreement.

WHEREFORE, the Trustee respectfully requests that this Court enter an order (i) approving Settlement Agreement absent objection; (ii) directing the parties to comply with the terms of the Settlement Agreement; (iii) reserving jurisdiction to enforce the terms and conditions of the Settlement Agreement and to otherwise resolve any disputes under or pertaining to the Settlement Agreement; and (iv) providing for such other and further relief as the Court deems just and proper if an objection is filed.

Dated April 11, 2024.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward & Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2024, a true copy of the foregoing has been sent via:

***CM/ECF to:***
United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801
Dennis D. Kennedy, Trustee, P. O. Box 541848, Merritt Island, FL 32954
All other parties who receive CM/ECF in the ordinary course of business

***Email to:***
Don Karl Juravin, don@juravin.com

***US Mail to:***
Don Karl Juravin, 15118 Pendio Drive, Montverde, FL 34756
Must Cure Obesity, Co., 5039 Central Ave., St. Petersburg, FL 33710
All Creditors and Parties in Interest who do not receive CM/ECF service listed on the mailing matrix attached to the original of this Motion

          */s/ Bradley M. Saxton*
          Bradley M. Saxton

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into effective March 22, 2024, by and between Dennis Kennedy, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Don K. Juravin ("Juravin") and the bankruptcy estate of Must Cure Obesity, Co. ("MCO"), and Shay Zuckerman ("Mr. Zuckerman") and Zuckerman & Co. a/k/a Shay Zuckerman & Co. a/k/a Shay Zuckerman & Co. Law Firm (the "Zuckerman Firm" and together with Mr. Zuckerman, "Zuckerman"), and Noam Ben-Zvi ("Mr. Ben-Zvi") and Noam Ben-Zvi Law Firm (the "Ben-Zvi Firm" and together with Mr. Ben-Zvi, "Ben-Zvi"; Zuckerman and Ben-Zvi, collectively, the "Defendants"). The Trustee and Defendants are also referred to below individually as a "Party" or collectively as the "Parties."

## WHEREAS:

A.  WHEREAS, on October 31, 2018, debtor Juravin filed his voluntary petition under Chapter 7 of Title 11 of the United States Code, initiating case number 6:18-bk-06821 (the "Juravin Bankruptcy Case") in the Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

B.  WHEREAS, on January 2, 2020, Zuckerman filed Claim No. 12 in the amount of $172,000.00 in the Juravin Bankruptcy Case (the "Zuckerman Claim").

C.  WHEREAS, on January 2, 2020, Ben-Zvi filed Claim Nos. 13 and 14, in the amount of $5,460.00 and $95,161.06, respectively, in the Juravin Bankruptcy Case (the "Ben-Zvi Claims").

D.  WHEREAS, on January 31, 2020, debtor MCO filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating case number 6:20-bk-1801, which was subsequently converted to a case under Chapter 7 (the "MCO Bankruptcy Case"; the Juravin Bankruptcy Case and the MCO Bankruptcy Case, collectively, the "Bankruptcy Cases").

E.  WHEREAS, the Trustee was duly appointed as the Chapter 7 Trustee in the Juravin Bankruptcy Case and the MCO Bankruptcy Case.

F.  WHEREAS, on October 4, 2021, in connection with the Juravin Bankruptcy Case, the Trustee filed his Complaint against the Defendants, initiating case number 6:21-ap-00143, seeking to avoid various recoverable transfers (the "Juravin Adversary").

G.  WHEREAS, on December 29, 2021, the Zuckerman Firm filed a Motion to Dismiss the Complaint in the Juravin Adversary, and Mr. Zuckerman and Ben-Zvi filed an Answer and Affirmative Defenses to the Complaint, in which they generally denied the allegations in the Complaint, denied liability, and raised certain defenses thereto.

H.  WHEREAS, on January 30, 2022, in connection with the MCO Bankruptcy Case, the Trustee filed his Complaint against the Defendants, initiating case number 6:22-ap-00015, seeking to recover various avoidable transfers (the "MCO Adversary").

1 of 5

Kennedy v. Zuckerman, et al.,
Case nos. 6:21-ap-00143 and 6:22-ap-00015
Settlement Agreement

I. WHEREAS, on March 21, 2022, the Defendants filed Motions to Dismiss the Complaint in the MCO Adversary.

J. WHEREAS, on May 9, 2022, Zuckerman filed a Notice of Withdrawal of the Zuckerman Claim.

K. WHEREAS, on August 11, 2022 and August 12, 2022, the Bankruptcy Court dismissed the Juravin Adversary against the Zuckerman Firm only, and the MCO Adversary against all Defendants, without prejudice, respectively.

L. WHEREAS, on August 31, 2022, the Trustee filed an Amended Complaint in the Juravin Adversary against Zuckerman, and in the MCO Adversary against the Zuckerman Firm and the Ben-Zvi Firm.

M. WHEREAS, on September 23, 2022, Zuckerman filed Motions to Dismiss the Amended Complaint in the Juravin Adversary, and the Zuckerman Firm and Ben-Zvi Firm filed Motions to Dismiss the Amended Complaint in the MCO Adversary.

N. WHEREAS, on April 3, 2023 and April 24, 2023, the Bankruptcy Court denied the Motions to Dismiss the Amended Complaint in the Juravin Adversary and MCO Adversary, respectively.

O. WHEREAS, on May 9, 2023, Zuckerman filed an Answer and Affirmative Defenses to Amended Complaint in the Juravin Adversary, and the Zuckerman Firm and Ben-Zvi Firm filed Answers and Affirmative Defenses to Amended Complaint in the MCO Adversary, in which they generally denied the allegations in the Amended Complaints, denied liability, and raised certain defenses thereto.

P. WHEREAS, on June 29, 2023, the Court entered an Order Granting Motion to Consolidate Adversary Proceeding Cases 6:21-ap-00143 and 6:22-ap-00015 (collectively, the "Adversary Proceedings") for the purposes of discovery only.

Q. WHEREAS, on October 12, 2023, the Court entered an Order Granting Motion to Consolidate the Adversary Proceedings for the purposes of discovery and trial, and designated Case No. 6:21-ap-00143 as the lead case.

R. WHEREAS, on October 20, 2023, the Court entered an agreed Case Management Order setting the case for trial on March 20, 2024.

S. WHEREAS, on November 28, 2023 the Court entered an Order Granting Motion to Substantively Consolidate the bankruptcy estates in the Juravin Bankruptcy Case and the MCO Bankruptcy Case.

T. WHEREAS, as of the date hereof Ben Zvi is holding have $2,693 in its trust account in connection with its prior representation of Juravin (the "Ben Zvi Trust Account Funds").

2

Kennedy v. Zuckerman, et al.,<br>
Case nos. 6:21-ap-00143 and 6:22-ap-00015<br>
Settlement Agreement

U.     WHEREAS, on February 5, 2024, the Parties participated in mediation.

V.     WHEREAS, the Trustee and Defendants, having formally and informally exchanged documents and information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions, are desirous of compromising and settling the Trustee's claims against Defendants in their entirety, in order to avoid the expenses and risks of litigation, on the following terms and conditions.

NOW THEREFORE, in consideration of the premises and mutual promises set forth below and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.     **Settlement Payment.** Zuckerman and Ben-Zvi agree to pay to the Chapter 7 Trustee by wire transfer payable to Winderweedle, Haines, Ward, and Woodman, P.A. Trust Account the total sum of $85,000.00 (the "Settlement Amount"). The Settlement Amount shall be paid as follows: $42,500 shall be paid within 14 days of the execution of this Agreement and the balance shall be paid 60 days from the date of the execution of this Agreement. The funds will be held in Trust by Trustee's counsel, Winderweedle, Haines, Ward and Woodman, P.A., until the entry of an order approving this settlement.

2.     **Declaration by Shay Zuckerman.** As a material party of this settlement, Zuckerman has agreed to provide a declaration in the form attached hereto as Exhibit A.

3.     **Court Approval of Settlement.** The Trustee shall file a motion to approve this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019, the form of which shall be agreed between the Parties. The Trustee shall hold any Settlement Payments received prior to such approval in trust pending the entry of an order approving the Agreement. In the event that the Court does not approve this Agreement, (i) the Trustee shall promptly return any Settlement Payments to Defendants, and (ii) this Agreement shall be null and void, with the Parties returning to their original respective positions with no rights waived.

4.     **Dismissal of Adversary Proceedings.** The Adversary Proceedings shall be dismissed after the entry of a final order which approves the Settlement Agreement.

5.     **Withdrawal of Ben-Zvi Claims.** Ben-Zvi shall withdraw all claims filed in the Bankruptcy Cases. He shall file a Notice of Withdrawal in the form attached hereto as **Exhibit A.**

6.     **Release of Funds in Trust Account.** The Trustee releases all claims to the Ben Zvi Trust Account Funds. Upon entry of an order approving this Settlement Agreement, Ben Zvi may release and retain the Ben Zvi Trust Account Funds.

7.     **The Trustee's Release.** Except for the obligations contained in this Agreement, and only after receipt of the entire Settlement Amount, the Trustee, in his capacity as Trustee of the Bankruptcy Estates of MCO and Juravin, releases and discharges Zuckerman and its respective officers, directors, agents, employees, and attorneys (collectively, the "Zuckerman Parties"), and

DocuSign Envelope ID: DF54E90A-AFBA-420A-813F-5E3A8FA146BE

Kennedy v. Zuckerman, et al.,
Case nos. 6:21-ap-00143 and 6:22-ap-00015
Settlement Agreement

Ben-Zvi, and its respective officers, directors, agents, employees, and attorneys (collectively, the "Ben-Zvi Parties") from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, arising from or relating to any claims asserted or that could have been asserted against the Zuckerman Parties and Ben-Zvi Parties by the Trustee related in any manner to the Debtors or the Bankruptcy Cases at any time prior to the execution of this Agreement, including, without limitation, any claims under Chapter 5 of the Bankruptcy Code or comparable state statutes.

8. **Defendants' Release.** Except for the obligations contained in this Agreement, and only after receipt of the entire Settlement Amount, Defendants release and discharge the Trustee and the Trustee's agents, employees, and attorneys, the MCO Bankruptcy Estate and the Juravin Bankruptcy Estate (collectively, the "Trustee Released Parties"), from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, (including without limitation, any proof of claim or administrative claim, that was or could have been or could be, filed or sought), whether known or unknown, suspected or unsuspected, arising from or relating to the Debtors, the Bankruptcy Cases, or the Trustee Released Parties at any time prior to the execution of this Agreement.

9. **Merger and Integration.** This document sets forth the entire agreement of the Parties and all prior and contemporaneous conversations, agreements, understandings, covenants, representations, and negotiations with respect to the subject matter hereof are merged herein and superseded hereby. No other agreements, covenants, representations, or warranties, express or implied, oral or written, have been made by any of the Parties with respect to the subject matter hereof.

10. **Counterparts.** This Agreement can be signed in facsimile, email, or PDF counterparts, each of which shall be considered as an original.

11. **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement.

12. **Governing Law.** This Agreement is made and entered into under the laws of the State of Florida and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws. The Parties hereto agree that this Agreement shall be governed by the laws of the State of Florida and Title 11 of the United States Code, and any litigation concerning this Agreement shall be held in the Bankruptcy Court.

13. **Attorney's Fees.** In the event of any litigation arising out of or relating to the interpretation or enforcement of the Parties' obligations under this Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs.

14. **No Presumption.** There shall be no drafting inference against either Party in connection with this Agreement.

4

Kennedy v. Zuckerman, et al.,
Case nos. 6:21-ap-00143 and 6:22-ap-00015
Settlement Agreement

15. **Review by Counsel.** By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

16. **Authority.** By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

17. **Miscellaneous.** The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement. This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval. This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, and assigns. The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.

[SIGNATURE PAGE TO FOLLOW]



5

Kennedy v. Zuckerman, et al.,<br>
Case nos. 6:21-ap-00143 and 6:22-ap-00015<br>
Settlement Agreement

## SIGNATURE PAGE

DENNIS KENNEDY,
CHAPTER 7 TRUSTEE FOR
DON K. JURAVIN AND MUST CURE
OBESITY, CO.

By: _[DocuSigned signature]_                    Dated: 3/29/2024

ZUCKERMAN & CO. A/K/A SHAY ZUCKERMAN & CO. A/K/A SHAY ZUCKERMAN & CO. LAW FIRM

By: _[signature]_                               Dated: 4.4.2024
Title: President

SHAY ZUCKERMAN

By: _[signature]_                               Dated: 4.4.24

NOAM BEN-ZVI LAW FIRM

By: _[signature]_                               Dated: 4.4.24
Title: Sole Proprietor

NOAM BEN-ZVI

By: _[signature]_                               Dated: 4.4.24

6

# EXHIBIT A
# to Settlement Agreement

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                Case No. 6:18-bk-06821-LVV

DON KARL JURAVIN,                                     Case No. 6:20-bk-1801-LVV
                                                      Jointly Administered

                     Debtor.          /               Chapter 7

## DECLARATION OF SHAY ZUCKERMAN UNDER 28 U.S.C. 1746

1. My name is Shay Zuckerman. The statements set forth in this Declaration are based on my personal knowledge.

2. Prior to the commencement of his bankruptcy case, I loaned Don Juravin ("Juravin") $172,000.

3. On June 28, 2018, Juravin made a loan payment of $150,000 and paid $30,050 in outstanding legal fees.

4. Neither I nor my law firm loaned Juravin or any of his entities $180,000 on December 28, 2017. I have no recollection of receiving a promissory note dated December 28, 2017 from Must Cure Obesity, Co. ("MCO")

5. Neither I nor my law firm were holding any funds in trust or otherwise for Juravin, MCO, or any entity owned or affiliated with Juravin on October 31, 2018.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

DocuSign Envelope ID: DF54E90A-AFBA-420A-813F-5E3A8FA146BE

6.     All my claims against Juravin have been waived. I will not assert any claims against Juravin, MCO and/or their respective bankruptcy estates. I filed a single proof of claim in Juravin's bankruptcy case and, after retaining bankruptcy counsel and further reviewing my books and records, withdrew the claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4.4.24

_____
Shay Zuckerman

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                              Case No. 6:18-bk-06821-LVV

DON KARL JURAVIN,                                   Case No. 6:20-bk-1801-LVV
                                                    Jointly Administered

                                                    Chapter 7
_____Debtor._____/

**NOAM BEN-ZVI'S NOTICE OF WITHDRAWAL OF PROOFS OF CLAIM**

Noam Ben-Zvi files this notice of the withdrawal of proofs of claim #13 and #14 filed on January 2, 2020.

                                      HOFFMAN, LARIN & AGNETTI., P.A.
                                      Counsel for Noam Ben-Zvi
909 North Miami Beach Blvd., Suite 201
North Miami, FL 33162
Tel:            (305) 653-5555
Fax:            (305) 940-0090
Email:          mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.: 41164