FILED
Date: 04/29/2024 @ 11:38 PM via email
Clerk, U.S. Bankruptcy
Orlando Division

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re: | Case No. 6:18-bk-06821-LVV |
| | Chapter 7 |
| DON KARL JURAVIN | Jointly Administered with |
| | Case No. 6:20-bk-01801-LVV |
| Debtor. | |
| _____/ | |
| DON KARL JURAVIN, | |
| Case No. 6:18-bk-06821-LVV | |
| MUST CURE OBESITY, CO. | |
| Case No. 6:20-bk-01801-LVV | |
| Applicable Debtors. | |
| _____/ | |

## **OBJECTION TO MOTION TO APPROVE SETTLEMENT ZUCKERMAN**

Comes now Don Karl Juravin, Pro Se, to object to the approval of this settlement as requested by counsel for the Chapter 7 Trustee. In support, I would show that:

BACKGROUND AND INTRODUCTION

1.      I am a creditor in the above captioned case, having filed Proof of Claim #7-1 in this case.

2.      Additionally, I am the Debtor in case no.6:18-bk-06821-LVV. There are claims in the case that were not subject to the discharge I received on June 26, 2020. I may be personally liable for those claims to the extent that the Chapter 7 Trustee cannot pay those claims in full from his efforts. I have a financial stake in the outcome of this case.

3. The Defendant, Shay Zuckerman ("Zuckerman"), has been both a personal friend of mine and my attorney for more than 20 years. It is only through my bankruptcy filing that he became a defendant in this case. When I filed Chapter 7 more than 5 years ago, I basically had one creditor, the FTC. Now, I have multiple creditors, as do many of my former business associates.

4. As Zuckerman is aware, I have done business for my entire career on the basis of a handshake. Ultimately, I will be responsible for reimbursing him for any amounts that he is required to pay. It is remarkable how my obligations and those of my business associates have only increased since I received a discharge in 2021.

4. The alleged claim made by the Chapter 7 Trustee is without basis in fact. Zuckerman is offering to pay to just make the case go away. The Chapter 7 Trustee is simply using his office to bully my prior business associates into settlements. An adjudication on the merits would be too costly for Zuckerman to see through. Unsurprisingly, the Chapter 7 Trustee began this campaign against my former business associates in late 2021, nearly three years after I filed my petition. None of the more than 20 adversary proceedings filed by the Trustee in my case were filed prior to October 4, 2021.

5. Approval of this settlement will stand as the Court's approval of the bullying tactics of the Chapter 7 Trustee. This proposed settlement and the motion asking for the Court's approval does show that it is possible for the Chapter 7 Trustee to propose a settlement without engaging in further smear tactics against me. This is a notable and welcome departure from earlier motions and settlements, so it does appear to be possible.

**CASE LAW DISCUSSION**

As the movant points out, Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Rule 9019(a). These factors include:

(a) *the probability of success in the litigation.* This is obviously difficult to analyze, though, in this case, nearly all of the amounts identified in the complaint appear to be subject to valid defenses.

(b) *difficulties, if any, to be encountered in the matter of collection.* This appears to be irrelevant since any such hypothetical difficulties will be present under the settlement agreement; there will be an ongoing obligation.

(c) *the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it (which should also include the possibility that denial of the settlement will cause depletion of estate assets).* The bankruptcy estate is already depleted. There would be some delay from the case proceeding, but the parties have already participated in discovery. In fact, the matter was set for trial. Also, the timeline of the proposed settlement is not immediate.

(d) *the paramount interest of the creditors and a proper deference to their reasonable views. In re Justice Oaks, II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990), cert. denied sub nom., Wallace v. Justice Oaks, II, Ltd., 498 U.S. 959 (1990); In re Kay, 223 B.R. at 820.* The bankruptcy estate is unlikely to distribute any funds to creditors beyond those with administrative claims (meaning the professionals hired by the Chapter 7 Trustee). The Court has allowed this absurdity to continue for several years in order for this to happen.

Of the transactions listed in the Trustee's Amended Complaint, only three of them were from within the same calendar year of my voluntary petition. Several of the alleged "fraudulent transfers" were from more than three years prior to my voluntary petition being filed; all but a handful predate the entry of the FTC's judgment against me. That would make the claims terribly difficult to prove. All of the transactions are also subject to affirmative defenses as they are all exchanges for new value and done in the ordinary course of business. The Defendants were

being paid legal fees. Also, many of the complained of transactions were completed more than 4 years before the Trustee filed suit. Florida's version of the Uniform Fraudulent Transfers Act ("FUFTA") has a one to four year statute of limitations. Many of these transactions are probably time-barred from recovery.

The Trustee's actions are clearly part of a "lawfare" campaign, one that probably did not originate in his office. The long list of adversary proceedings (of which these cases are a part) didn't originate until years after the petitions for both me and MCO were filed. These adversary proceedings against me and virtually everyone with whom I have done business over the years began in 2021. The Trustee's office was weaponized with the Court's approval every step of the way.

**SUMMARY**

This proposed settlement is yet another attempted reward for bad faith litigation on the part of the Chapter 7 Trustee for suing people that I once did business with. All 20+ cases have either been settled for "cost of defense" amounts or voluntarily dismissed by the Trustee. All of this effort has produced nothing for unsecured creditors. This latest installment should be disallowed. Approving it would be approval of tactics that are contrary to justice and antithetical to the intent of this system.

Dated: April 29, 2024                                      Respectfully submitted,

/ [signature] /
Don Karl Juravin, /Pro Se/
15118 Pendio Dr.
Bella Collina, FL 34756
don@juravin.com
8138105100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2024, a true and correct copy of the foregoing has been furnished by electronic mail to:

Brad Saxton, Esq., bsaxton@whww.com;

Michael Hoffman mshoffman@hlalaw.com

/
Don Karl Juravin, /Pro Se/