ORDERED.

Dated: December 10, 2024

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re )<br>)<br>Don Karl Juravin and )<br>Must Cure Obesity, Co. )<br>)<br>Debtors. )<br>)<br>) | Chapter 7<br><br>Case No. 6:18-bk-06821-LVV<br>Case No. 6:20-bk-01801-LVV<br>Substantively Consolidated Cases |

**ORDER DENYING MOTION TO SET
ASIDE INTERIM FEE ORDER AND REQUEST FOR RELIEF**

THESE CASES came on for consideration, without a hearing, of the Motion to Set Aside Interim Fee Order and Request for Relief (Doc. No. 1076) ("Motion to Reconsider") filed by Don Karl Juravin ("Juravin"). Juravin requests reconsideration of an order authorizing an interim payment to trustee's counsel in these cases and other relief respecting access to papers filed in these cases. For the reasons stated herein, the Motion to Reconsider is denied.

On October 25, 2024, Dennis D. Kennedy, Chapter 7 Trustee ("Trustee") filed a motion to authorize an interim payment of fees incurred by his counsel, Winderweedle, Haines, Ward & Woodman, P.A. and Ryan Law Group, PLLC ("Interim Fees Motion")[1]. The Interim Fees Motion

---
[1] Doc. No. 1070.

1

was filed by negative notice in accordance with Local Rule 2002-4 and provided parties with 21 days to file an objection to the relief requested plus an additional three days if served by U.S. Mail. Counsel for the Trustee served Juravin with the Interim Fees Motion on October 25, 2024 by *email and by U.S. Mail*. Nobody filed an objection within the time permitted or before entry of an order on the Interim Fees Motion.[2] On November 22, 2024, the Court entered an order granting the Interim Fees Motion.[3] Juravin filed the Motion to Reconsider on December 4, 2024.[4]

Reconsideration under Federal Rules of Civil Procedure 59(e) is only available upon discovery of newly available evidence or to correct manifest errors of law or fact.[5] *Hallucination Media, LLC v. The Ritz Ybor, LLC (In re Hallucination Media, LLC)*, No. 24-10194, 2024 WL 3898536 *7 (11th Cir. Aug. 22, 2024) citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). *See also In re Envirocon Int'l. Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998) ("Courts have recognized three grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear and manifest injustice."). A motion for reconsideration may not be used as an opportunity to reargue issues already decided, present new legal theories or provide another "bite at the apple" by allowing argument of issues and procedures that should have been raised before entry of an order. *In re Parker*, 378 B.R. 365, 371 (Bankr. M.D. Fla. 2007). As a result, Juravin must "demonstrate why the court should reexamine its prior decision, and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998)(internal quotations omitted).

---

[2] Parties served electronically had through and including November 15, 2024 (Friday) to file an objection. Parties served by U.S. Mail had through and including November 18, 2014 (Monday) to file an objection. Although Debtor was served electronically and by U.S. Mail, Debtor did not file an objection within either deadline.
[3] Doc. No. 1074.
[4] Doc. No. 1076.
[5] Federal Rules of Civil Procedure 59 is incorporated by Federal Rules of Bankruptcy Procedure 9023.

Alternatively, under Rule 60 of Federal Rules of Civil Procedure, a party may obtain relief from judgment or order for the following six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.[6]

Juravin has not presented a valid basis for reconsideration. Juravin asserts difficulties he *may* encounter receiving and filing papers by U.S. Mail as a *pro se* party and its associated costs, but he does not assert that these issues occurred with respect to the Interim Fees Motion. Juravin does not dispute that he was served with the Interim Fee Motion on October 25, 2024 by *email and by U.S. Mail*. Juravin provides no explanation why he could not timely respond to the Interim Fees Motion. Nor has Juravin provided any argument that would have defeated the Interim Fees Motion or demonstrate why this Court should reexamine its prior decision. Finally, to the extent the Motion to Reconsider requests relief other than reconsideration of the order authorizing an interim payment to trustee's counsel in these cases, such request must be made by separate motion for the Court to consider. *See* Local Rule 9013-1(motion filed with the Court must request only one form of relief). Accordingly, it is **ORDERED** that the Motion to Reconsider (Doc. No. 1076) is **DENIED**.

###

Attorney Brad Saxton will serve a copy of this order on interested non-CM/ECF users and file a proof of service within three (3) days of entry of this order.

---

[6] Federal Rules of Civil Procedure 60 is incorporated by Federal Rules of Bankruptcy Procedure 9024.