ORDERED.

Dated: January 29, 2025

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Don Karl Juravin and | ) | Case No. 6:18-bk-06821-LVV |
| Must Cure Obesity, Co. | ) | Case No. 6:20-bk-01801-LVV |
| | ) | Substantively Consolidated Cases |
| Debtors. | ) | |
| | ) | |

**ORDER ON NOTICES OF INTENT TO REQUEST REDACTION OF TRANSCRIPT**

THESE CASES came before the Court without a hearing on the Notices of Intent to Request Redaction of Transcript (Doc. Nos. 1085, 1086)(collectively "Notices") filed by debtor, Don Karl Juravin ("Juravin") and interested party, Anna Juravin ("Anna"). On January 16, 2025, the court reporter in these cases and related adversary proceedings filed an official transcript of a trial held on February 26, 2024 ("Transcript"). By the Notices, Juravin and Anna assert they intend to request redaction of the Transcript, and request a free digital PDF copy of the Transcript along with "adequate time" to review the Transcript and file a Statement of Personal Data Identifier Redaction Request ("Statement of Redaction Request"). Juravin and Anna requests to receive a free copy of the Transcript and be given "adequate time" to review the Transcript and file a Statement of Redaction Request are denied.

1

Requesting relief by notice is improper. A notice should not be used to request relief from the Court, and motions requesting relief from the Court are limited to one form of relief. Local Rule 9013-1 (a) states "A motion filed with the Court shall request only one form of relief unless the request seeks alternative forms of relief under the same provision of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure." Here, the Notices provide notice of an intent to request redaction of the Transcript and request two types of relief—a free digital PDF copy of the Transcript and sufficient time to review the Transcript and file a Statement of Redaction Request. Because Juravin and Anna request multiple forms of relief in the Notices, the relief requested in the Notices should be stricken and denied.

Procedural deficiencies aside, the Court denies Juravin and Anna's requests for a free digital PDF copy of the Transcript along with "sufficient time" to review the Transcript and file a Statement of Redaction Request. Local Rule 5077-1 and Judicial Conference Policy restricts the copying of a transcript for 90 days after delivery to the Clerk's office.[1] As a result, Juravin and Anna may not be provided with a free copy of the Transcript. Although they cannot receive a free copy of the Transcript, Juravin and Anna may view the Transcript at no charge in any of the Clerk's three divisional offices, located in Tampa, Orlando and Jacksonville, Florida. *See* Local Rule 5077-1.[2]

As for Juravin and Anna's requests for "sufficient time" to review the Transcript and file a Statement of Redaction Request, the Court finds that Juravin and Anna have not asserted cause to extend such deadline. Under Local Rule 5077-1(f), Juravin and Anna may file a Statement of

---

[1] *See* Local Rule 5077-1 and Guide to Judicial Policy, Vol. 6 § 510.25.10. https://www.uscourts.gov/administration-policies/judiciary-policies/court-reporting-guidance (last visited Jan. 28, 2025). The Judicial Conference is the national policymaking body for federal courts.

[2] The addresses of the Clerk's three divisional offices are: 801 N. Florida Avenue Suite 555 Tampa, Florida 33602; 400 W. Washington Street, Suite 5100 Orlando, FL 32801; and 300 North Hogan Street, Suite 3-150. Jacksonville, Florida 32202.

Redaction Request within 21 days of the date the Transcript was docketed. Juravin and Anna do not provide any reason to extend the 21-day deadline.

Accordingly, it is **ORDERED** that any relief requested by Juravin and Anna in the Notices (Doc. Nos. 1085, 1086) are **STRICKEN** and **DENIED.**

###

The Clerk is directed to serve a copy of this order.